NOAH ZINNER (SBN 247581)
nzinner@heraca.org
MEGUMI TSUTSUI (SBN 299294)
mtsutsui@heraca.org
HOUSING & ECONOMIC RIGHTS
ADVOCATES
1814 Franklin Street, Suite 1040
Oakland, CA 94612
Tel.: (510) 271-8443
Fax: (510) 868-4521

EILEEN M. CONNOR (SBN 248856)
econnor@law.harvard.edu
TOBY R. MERRILL (*Pro Hac Vice*)
tmerrill@law.harvard.edu
JOSHUA D. ROVENGER (*Pro Hac Vice*)
jrovenger@law.harvard.edu
LEGAL SERVICES CENTER OF
HARVARD LAW SCHOOL
122 Boylston Street
Jamaica Plain, MA 02130
Tel.: (617) 390-3003
Fax: (617) 522-0715

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MARTIN CALVILLO MANRIQUEZ, JAMAL CORNELIUS, RTHWAN DOBASHI, and JENNIFER CRAIG on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>ELISABETH DEVOS, in her official capacity as Secretary of the United States | Case Number: C 17-cv-07210-SK<br><br>**PLAINTIFFS' MOTION TO FILE A FIRST AMENDED COMPLAINT** |

| | |
|---|---|
| Department of Education, | ) |
| | ) |
| And | ) |
| | ) |
| THE UNITED STATES DEPARTMENT OF EDUCATION, | ) ) ) |
| | ) |
| *Defendants.* | ) |
| | ) |
| | ) |
| | ) |

Pursuant to Fed. R. Civ. P. 15(a)(2), and Civil L.R. 7-11, Plaintiffs respectfully request leave to file a First Amended Complaint. In support of this motion, Plaintiffs state as follows:

By way of background, Plaintiffs are individuals who borrowed Direct federal student loans to attend programs at schools operated by Corinthian Colleges, Inc. After a lengthy investigation into Corinthian, the Department of Education ("Department") concluded that various cohorts of individuals were entitled to full discharge of their student loans. Having made that determination, the Department adopted a rule to streamline the process to grant relief, which it then consistently employed until January 20, 2017. Plaintiffs therefore brought suit alleging that the Department has illegally and unjustifiably abandoned this rule.

Named Plaintiffs filed this putative class action on December 20, 2017. ECF No. 1. On March 5, 2018, Defendants filed a motion requesting additional time to respond to Plaintiffs' complaint. ECF No. 25. On March 8, 2018, the Court granted Defendants' motion and extended their responsive deadline until May 23, 2018. ECF No. 29. An initial Case Management Conference is scheduled for March 19, 2018.

Plaintiffs sought Defendants consent for leave to file an Amended Complaint, Rule 15(a)(2), and Defendants informed Plaintiffs that "we do not have enough information regarding your proposed amendments to the complaint to take a position." *See* Decl. of Joshua D. Rovenger ¶¶ 3-6.

Rule 15(a)(2) informs that "court[s] should freely give leave [to amend] when justice so requires." In this circuit, courts consider five factors to determine if leave should be given, including: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *In re Western States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013). Here, the factors favor permitting an amendment.

*First*, Plaintiffs are amending the complaint for two reasons: to add an additional named Plaintiff to the case and to add three additional claims to the complaint. These three claims arise under the Administrative Procedure Act, ("APA"), 5 U.S.C. § 706, and focus on the Department's adoption of a new procedure to decide proposed class members' borrower defense claims. Plaintiffs have only recently learned that the Department is applying this new procedure to class members and have moved expeditiously to file this Amended Complaint. As Plaintiffs' exhibits and arguments in its Motion for a Preliminary Injunction show (also to be filed today), Plaintiffs have a good faith basis to believe that the Department's new procedure is unlawful and they have wasted no time in bringing that information to the Court.

*Second*, Defendants will not be prejudiced by an amendment. Defendants have not yet filed a responsive pleading in this case, and the Court recently granted Defendants' motion to extend its responsive deadline until May 23, 2019. The Defendants will have over two months to review and respond to three additional claims. That is far longer than most litigants have to respond to an initial complaint, *see* Fed. R. Civ. P. 12(a)(1) (providing a defendant with 21 days to respond to a complaint), and about the same length that the U.S. typically has to respond to an initial complaint, *see* Rule 12(a)(2) (providing the U.S. with 60 days to respond).

*Finally*, as established in Plaintiffs' Motion for a Preliminary Injunction, Plaintiffs believe that they are likely to succeed on the three new claims. For the reasons provided in that forthcoming motion, Plaintiffs contend that the amendment of this complaint would not be futile. And, Plaintiffs note that they have not previously amended their complaint. Given the liberal standards of Rule 15(a), the Court should provide Plaintiffs with the opportunity to do so.

Therefore, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion to File a First Amended Complaint.

Respectfully submitted,

Dated: March 17, 2018

/s/ Joshua Rovenger
Joshua Rovenger

Noah Zinner
Megumi Tsutsui
HOUSING & ECONOMIC RIGHTS ADVOCATES
PO Box 29435
Oakland, CA 94604
Tel.: (510) 271-8443
Fax: (510) 280-2448

Eileen M. Connor
Toby R. Merrill
Joshua D. Rovenger
LEGAL SERVICES CENTER OF HARVARD LAW SCHOOL
122 Boylston Street
Jamaica Plain, MA 02130
Tel.: (617) 390-3003
Fax: (617) 522-0715

*Attorneys for Plaintiffs*