CHAD A. READLER
Acting Assistant Attorney General

ALEX G. TSE
Acting United States Attorney

MARCIA BERMAN
Assistant Branch Director

KAREN S. BLOOM
Senior Counsel
R. CHARLIE MERRITT
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
P.O. Box 883
Washington, D.C. 20044
Telephone: (202) 616-8098
Facsimile: (202) 616-8460
E-mail: robert.c.merritt@usdoj.gov

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARTIN CALVILLO MANRIQUEZ, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ELISABETH DEVOS, in her official capacity as Secretary of Education, and the UNITED STATES DEPARTMENT OF EDUCATION <br><br> Defendants. | No. 17-7210 <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO FILE A FIRST AMENDED COMPLAINT** |

On December 20, 2017, the Department of Education (the "Department") announced that it had approved more than 12,000 "borrower defense to repayment" claims, which sought a discharge of federal student debt incurred to attend programs of Corinthian Colleges, Inc. ("Corinthian").[1]  In the same announcement, the Department unveiled an "improved discharge process," providing a tiered system of relief to compensate successful borrower defense claimants "based on damages incurred."  The Department stated that remaining pending borrower defense claims by former Corinthian students "will be adjudicated systematically under the newly announced discharge process," and that borrowers will be notified on a rolling basis.  Also on December 20th, Plaintiffs filed the operative complaint in this action, which challenged the Department's alleged failure to grant any borrower defense to repayment claims since January 20, 2017.

On a Saturday almost three months later (March 17, 2018), two days before the scheduled case management conference, Plaintiffs moved to amend their complaint.  ECF No. 32.  They seek to add a named plaintiff and add three counts, essentially challenging the relief methodology announced on December 20, 2017.  Also on March 17th, Plaintiffs filed a Motion for a Preliminary Injunction.  ECF No. 35

Today, Defendants filed an Opposition to Plaintiffs' Motion for a Preliminary Injunction ("PI Opposition"), which explains why none of Plaintiffs' claims in the proposed amended complaint are likely to succeed.  *See* ECF No. 40.  Although courts should "freely give leave [to amend a pleading] when justice so requires," Fed. R. Civ. P. 15(a)(2), they should deny leave where the amendment would be futile or was the result of undue delay.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Valley Health Sys.*, 697 Fed. Appx. 522, 523 (9th Cir. 2017) ("A motion to amend should be denied if it is clear the amended pleading would not … state a claim").

---

[1] *See* U.S. Department of Education, Improved Borrower Defense Discharge Process Press Release ("December Press Release") (December 20, 2017), https://www.ed.gov/news/press-releases/improved-borrower-defense-discharge-process-will-aid-defrauded-borrowers-protect-taxpayers.

OPPOSITION TO PLAINTIFFS' MOTION TO FILE AMENDED COMPLAINT
*Manriquez v. DOE,* 17-cv-7210
-1-

| | |
|---|---|
| 1 | Here, for the same reasons set forth in Defendants' PI Opposition, the Court should find that Plaintiffs' claims are futile and should deny their motion to file a first amended complaint. *See Harrison v. Am. Home Mortgage Servicing, Inc.*, No. 11-cv-5116 DSF (CWx), 2011 WL 13220732, at *2 (C.D. Cal. Oct. 26, 2011) ("after reviewing Defendants' submissions in opposition to Plaintiff's request for a preliminary injunction, the Court finds it would be futile to allow Plaintiff leave to amend these alleged violations"). While the standards for futility and likelihood of success are not identical, *see Sunearth, Inc. v. Sun Earth Solar Power Co. Ltd.*, No. 11-cv-4991 CW, 2012 WL 2326001, at *3 (N.D. Cal. June 19, 2012) ("that the defense is not likely to succeed on its merits does not necessarily mean that it is futile to allege"), courts have sometimes treated them similarly, and have denied motions to amend after finding that a plaintiff had not sufficiently demonstrated a likelihood of success to warrant a preliminary injunction. *See, e.g.*, *Trumble v. Reineke*, No. 1:14-cv-00256-BLW, 2016 WL 1050255, at *2 (D. Id. March 16, 2016) ("in the Court's earlier Order denying [plaintiff's] motion for a preliminary injunction, the Court explained that [plaintiff] was not likely to prevail on the merits of his claim … Nothing has changed, and [plaintiff] has presented the Court with nothing more to support such claims. Accordingly, his amendment would be futile, and the Court will deny the motion to amend"); *Villagrana v. Recontrust Co.*, *N.A.*, No. 3:11-cv-00652-ECR-WGC, 2012 WL 1890236, at *7 (D. Nev. May 22, 2012) (denying preliminary injunction for same reasons it denied motion to amend). |

Such treatment is warranted here, where Plaintiffs filed their motion for a preliminary injunction contemporaneously with their motion for leave to amend and seek preliminary relief with respect to their new proposed claims, and Defendants have shown, in their PI Opposition, why those claims are not likely to succeed and therefore that amendment would be futile. Accordingly, Defendants' respectfully request that the Court deny Plaintiffs' motion to file an amended complaint.

Dated: April 12, 2018                                     Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

*/s/ R. Charlie Merritt*
KAREN S. BLOOM
Senior Counsel
R. CHARLIE MERRITT
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. NW
Washington, DC 20530
(202) 616-8098
robert.c.merritt@usdoj.gov

*Counsel for Defendants*