# EXHIBIT C

CHAD A. READLER
Acting Assistant Attorney General

ALEX G. TSE
Acting United States Attorney

MARCIA BERMAN
Assistant Branch Director

KAREN S. BLOOM
Senior Counsel
R. CHARLIE MERRITT
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
P.O. Box 883
Washington, D.C. 20044
Telephone: (202) 514-4964
Facsimile: (202) 616-8460
E-mail: karen.s.bloom@usdoj.gov

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN CALVILLO MANRIQUEZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ELISABETH DEVOS, in her official capacity as Secretary of Education, and the UNITED STATES DEPARTMENT OF EDUCATION <br><br> Defendants. | No. 17-7210 <br><br> **DECLARATION OF JULIAN SCHMOKE IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

I, Julian Schmoke, hereby declare under the penalty of perjury as follows:

1. I am over the age of 18 and competent to testify to the matters herein.

2. I am employed by the United States Department of Education ("Department") as Chief Enforcement Officer at the Department's office of Federal Student Aid ("FSA"). I have been in my current role since 2017.

3. I certify that I am duly authorized, am qualified, and have been given authority by the Department to make the statements contained in this Declaration regarding the Department's development of the relief methodology described in the December 15, 2017 memorandum and the borrower defense claim review and determination process. The statements contained herein are based on my personal knowledge as an employee of the Department, and my review of the pertinent records.

4. As of April 1, 2018, over 147,000 borrower defense claims have been filed with the Department since 2015. Over 99,000 of these claims are still pending.

5. The majority of the borrower defense claims filed with the Department have alleged claims related to the Department's job placement rate findings for Heald College[1] and certain Everest and WyoTech schools (the "CCI JPR claims").[2]

6. As of April 1, 2018, there are currently over 48,000 claims pending for students who attended CCI.

7. As of April 1, 2018, over 9,000 borrower defense claims have been approved and assigned relief since December 2017.

---

[1] The Department's findings as to Heald College are available at https://studentaid.ed.gov/sa/sites/default/files/heald-findings.pdf.

[2] The Department's findings as to certain Everest or WyoTech schools are available at https://studentaid.ed.gov/sa/sites/default/files/ev-wy-findings.pdf.

Decl. of Julian Schmoke in support of Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction
Case No. 3:17-cv-07210-SK

2

8. I was involved in discussions and decisions relating to the relief methodology after I joined the Department as Chief Enforcement Officer.

9. The relief methodology set forth in the December 15, 2017 memorandum provides Department employees reviewing CCI JPR claims and certain other CCI claims with a reasoned, straightforward, and manageable way by which to determine relief for approved borrower defense claims.

10. This process allows for the expeditious review and approval of such borrower defense claims. For example, presently, for CCI JPR claims and certain other CCI claims, once a borrower has been determined to have a defense to repayment under applicable State law based upon the Department's findings, it averages less than an hour per claim to apply the relief methodology and determine the amount of relief to be provided to an applicant.

11. The Borrower Defense Unit ("BDU") of the Enforcement Office within the office of Federal Student Aid ("FSA") does not currently have a conceptual framework or principles that would guide Department employees in making individualized determinations of relief for borrower defense claims in a logical and consistent manner that would be fair to borrower defense claimants.

12. The provision of individualized determinations of relief for CCI JPR claims and certain other claims would be administratively burdensome for the Department, because it would require the development of a general framework for relief determinations, the hiring and training of personnel, and likely changes to the Department's systems and processes.

13. It is unknown how long the development such a framework or guiding principles would take.

Decl. of Julian Schmoke in support of Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction
Case No. 3:17-cv-07210-SK

3

14. The BDU also does not presently have the personnel with the training or experience to make individualized determinations of relief, which may involve analyses of individuals' tax or income data and financial information as to other economic costs.

15. Given the volume of pending borrower defense claims, it is unknown how many such personnel the Department would have to hire and train to allow for such determinations.

16. The BDU also does not presently collect information outside of what is requested on the borrower defense application forms. To request and analyze such information would add an unknown amount of time to the Department's processing of borrower defense claims.

17. Aside from the factors discussed above, there would also likely need to be other adjustments and changes to the Department's systems and processes to accommodate the receipt of information and approval of borrower defense claims. Such adjustments and changes would also likely add more time to the Department's processing of borrower defense claims.

18. Given the volume of claims before the Department and the changes that would be required as described above, it is likely that a change in the Department's relief determinations to incorporate individual-specific information would not only necessitate a pause in the Department's processing of CCI JPR claims and certain other CCI-related claims for an unknown period of time, but would also significantly increase the amount of time required to review and process such borrower defense claims.

19. The relief methodology employs decisions that were designed to compensate for the understanding that the Department is not applying personalized relief based on the borrower's precise earnings. It was reasoned during the development of the relief methodology that, in contrast, an individualized approach would most likely lower the total amount of the payout to borrowers, because such decisions and presumptions would not be applicable.

Decl. of Julian Schmoke in support of Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction
Case No. 3:17-cv-07210-SK

4

I declare under penalty of perjury, pursuant to the provisions of 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed on this 12th day of April, 2018.

*Julian Schmoke*
Julian Schmoke
Chief Enforcement Officer
Office of Federal Student Aid
United States Department of Education

Decl. of Julian Schmoke in support of Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction
Case No. 3:17-cv-07210-SK