# EXHIBIT D

CHAD A. READLER
Acting Assistant Attorney General

ALEX G. TSE
Acting United States Attorney

MARCIA BERMAN
Assistant Branch Director

KAREN S. BLOOM
Senior Counsel
R. CHARLIE MERRITT
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
P.O. Box 883
Washington, D.C. 20044
Telephone: (202) 514-4964
Facsimile: (202) 616-8460
E-mail: karen.s.bloom@usdoj.gov

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN CALVILLO MANRIQUEZ, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ELISABETH DEVOS, in her official capacity as Secretary of Education, and the UNITED STATES DEPARTMENT OF EDUCATION <br><br> Defendants. | No. 17-7210 <br><br> **DECLARATION OF FRANK D. CURRAN IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

I, Frank D. Curran, hereby declare under the penalty of perjury as follows:

1. I am over the age of 18 and competent to testify to the matters herein.

2. I am employed by the United States Department of Education ("Department") as a Senior Advisor at the Department's office of Federal Student Aid ("FSA"). I have been in my current role since 2004. I have worked at the Department for over 13 years. Prior to being a Senior Advisor, I was a manager at a federal student loan servicing vendor.

3. I certify that I am duly authorized, am qualified, and have been given authority by the Department to make the statements contained in this Declaration regarding the Department's business processes as to the receipt of borrower defense claim applications and the process of notifying borrowers of borrower defense decisions once made, including the Department's engagement of servicers to implement Federal student loan account changes in relation to the borrower defense decisions. The statements contained herein are based on my personal knowledge as an employee of the Department, and my review of the pertinent records.

4. Based upon my knowledge of the Department's operational processes and electronic system for generating borrower defense notices, I estimate that it would cost approximately $1.1 million to modify the Department's existing templates and document intake processes to incorporate a request for, and receipt of, fields that would need to be individualized by applicant. Specifically, this estimate refers to the situation where a decision on approval, but not federal student loan discharge or refund of loan payment amounts, has been made, and further information (such income information) is needed to effectuate the loan discharge or refund. In this instance, there would need to be modifications of existing decision notifications sent to borrowers to request additional information, such as income information, to allow the Department to determine the proper discharge and/or refund amount. Such modifications would

Decl. of Frank D. Curran in support of Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction
Case No. 3:17-cv-07210-SK

2

include, but are not limited to, modifying the borrower defense decision notice template to incorporate requests for individual borrowers' income information.

5.      The $1.1 million cost estimate referenced in Paragraph 4, to incorporate a request for additional information from borrowers within borrower defense notices, includes costs associated with identifying the borrowers who would receive the requests for additional information, modifying notices to include the request for additional information, receiving the incoming information and determining if the information received provides the requested information and storing the information for additional review.  This estimate does not include any estimate of the monetary cost to review the information received in relation to the claim decision or determine the amount approved for discharge.

6.      Similarly, I estimate it would take approximately two to four months to add the additional steps referenced in Paragraph 5 to request more information.  This time period includes modifying processes to determine who should receive the requests, modifying current notices to include the request for additional info, and putting processes in place to receive and store the incoming information for others to review.  This time estimate does not include any estimate of the time that it may take a Department employee to review the information received in relation to the claim decision or determine the amount approved for discharge.

7.      Based upon my knowledge of the terms of the related servicing contracts the Department has, in my estimation it would cost the Department approximately $500,000 to make changes to its processes to pause, or stop, issuing partial discharges and to modify any previously discharged loan that was only partially discharged so that the borrower now receives a full discharge.  This amount includes creating instructions to be followed to apply the full amount discharge in place of the partial discharge, identifying the population of impacted borrowers and

Decl. of Frank D. Curran in support of Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction
Case No. 3:17-cv-07210-SK

3

the current servicer of the loans, notifying the borrower of the modification, and instructing the servicer of the loan to apply the full discharge. This does not include any estimate of the cost related to changes to review the claim in order to make a decision, to determine the amount approved for discharge, or the amounts of the discharges.

8. Based upon my knowledge of the Department's operations for the processing of borrower defense claims once decided, with the Department's current level of resources, I estimate it would take approximately three to five months to pause, or stop, its processes for issuing partial discharges and to modify any previously discharged loan that was only partially discharged so that the borrower now receives a full discharge.  This time period includes creating instructions to be followed to apply the full amount discharge in place of the partial discharge, identifying the population and the current servicer, notifying the borrower of the modification, instructing the servicer of the loan to apply the full discharge, and application of the full discharges to the borrower accounts, reporting of discharges, and initiating of refunds if appropriate.

9. It is unknown how many borrowers would respond to a request for additional information.  However, where we've requested borrowers to follow up by consolidating their loans into Direct Consolidation Loans pursuant to pre-determinations that Federal Family and Education Loan Program and Perkins Loan Program borrowers are eligible for full student loan discharges on the basis of borrower defense, only 59% of such borrowers have taken the additional steps required to obtain the loan discharges.

10. As of the date of this declaration, 8,809 borrower defense claimants have been approved for partial discharges of their Federal student loans.  Not all of these approved discharges have completed processing, but for those that have been completed, the total amount of the partial

Decl. of Frank D. Curran in support of Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction
Case No. 3:17-cv-07210-SK

4

discharges and associated loan payments that have been refunded to borrowers is approximately $13.4 million.

11. If relief in the form of full discharges of all related Federal student loans were to be provided to claimants to who have been approved for partial loan discharges, the total amount of the relief would be approximately $70.3 million.

I declare under penalty of perjury, pursuant to the provisions of 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed on this 12th day of April, 2018.

*[signature]*
Frank D. Curran
Senior Advisor
Office of Federal Student Aid
United States Department of Education