NOAH ZINNER (SBN 247581)
nzinner@heraca.org
MEGUMI TSUTSUI (SBN 299294)
mtsutsui@heraca.org
HOUSING & ECONOMIC RIGHTS
ADVOCATES
1814 Franklin Street, Suite 1040
Oakland, CA 94612
Tel.: (510) 271-8443
Fax: (510) 868-4521

EILEEN M. CONNOR (SBN 248856)
econnor@law.harvard.edu
TOBY R. MERRILL (*Pro Hac Vice*)
tmerrill@law.harvard.edu
JOSHUA D. ROVENGER (*Pro Hac Vice*)
jrovenger@law.harvard.edu
LEGAL SERVICES CENTER OF
HARVARD LAW SCHOOL
122 Boylston Street
Jamaica Plain, MA 02130
Tel.: (617) 390-3003
Fax: (617) 522-0715

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN CALVILLO MANRIQUEZ, JAMAL CORNELIUS, RTHWAN DOBASHI, and JENNIFER CRAIG on behalf of themselves and all others similarly situated, <br><br> *Plaintiffs*, <br><br> v. <br><br> ELISABETH DEVOS, in her official capacity as Secretary of the United States Department of Education, <br><br> And | Case Number: C 17-cv-07210-SK <br><br> **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION OR, IN THE ALTERNATIVE, LIMITED CLASS DISCOVERY** <br><br> Date: June 4, 2018 <br> Time: 9:30 a.m. <br> Ctrm: Courtroom A, 15th Floor <br> Judge: Sallie Kim <br><br> Date Filed: April 19, 2018 |

i

THE UNITED STATES DEPARTMENT OF
EDUCATION,

   *Defendants.*

NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION     Case No. 17-cv-07210-SK
OR, IN THE ALTERNATIVE, LIMITED CLASS DISCOVERY

## <u>TABLE OF CONTENTS</u>

NOTICE OF MOTION ..................................................................................................... 1

RELIEF REQUESTED (CIVIL L.R. 7-2(B)(3)) ........................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ................................................ 2

I.     INTRODUCTION ................................................................................ 2

II.    BACKGROUND .................................................................................. 4

III.   THE DEPARTMENT DEFINED THE CONTOURS OF THE CLASS THAT THE
       COURT SHOULD NOW CERTIFY ................................................... 9

   A.   The Putative Class Satisfies the Requirements of Fed. R. Civ. P. 23(a). ................... 10

      i.    *According to the Department, the proposed class consists of at least 110,000
            borrowers and is therefore sufficiently numerous.* ........................................ 10

      ii.   *The Department must apply the Corinthian Job Placement Rate Rule to all
            members of the proposed class* ...................................................................... 11

      iii.  *Named Plaintiffs, like the putative class members, seek to force the Department to
            comply with the law and thus Named Plaintiffs are typical of the proposed class.* ....... 14

      iv.   *The Named Plaintiffs and Proposed Class Counsel will underscore the
            egregiousness of the Department's actions and can adequately represent the class.* ... 15

   B.   The Putative Class Satisfies Fed. R. Civ. P. 23(b). ..................................................... 17

IV.    IN THE ALTERNATIVE, THE COURT SHOULD STAY A DECISION ON THIS
       MOTION PENDING LIMITED CLASS DISCOVERY ................................................. 18

V.     CONCLUSION .......................................................................................... 20

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Breeden v. Benchmark Lending Gp., Inc.*,
229 F.R.D. 623 (N.D. Cal. 2005) .................................................................... 15

*Brower v. Evans*,
257 F.3d 1058 (9th Cir. 2001) ...................................................................... 12

*Castro v. ABM Industries, Inc.*,
No. 17-cv-3026-YGR, 2018 WL 574905 (N.D. Cal. Jan. 26, 2018) ....................... 15

*Dalton v. Lee Public., Inc.*
270 F.R.D. 555 (S.D. Cal. 2010) ................................................................... 15

*Doninger v. Pac. Nw. Bell, Inc.*,
564 F.2d 1304 (9th Cir. 1977) ...................................................................... 18

*Ensco Offshore Co. v. Salazar*,
781 F. Supp. 2d 332 (E.D. La. 2011) ............................................................. 12

*Garcia v. Johnson*,
No. 14-cv-01775-YGR, 2014 WL 6657591 (N.D. Cal. Nov. 21, 2014) .................. 17

*Hanon v. Dataproducts Corp.*,
976 F.2d 497 (9th Cir. 1992) ........................................................................ 13

*Hart v. Colvin*,
310 F.R.D. 427 (N.D. Cal. 2015).................................................................... 16

*In re Yahoo Mail Litig.*,
308 F.R.D. 577 (N.D. Cal. 2015)..................................................................... 10

*Just Film, Inc v. Buono*,
847 F.3d 1108 (9th Cir. 2017) ...................................................................... 13

*Manolete v. Bolger*,
767 F.2d 1416 (9th Cir. 1985) ...................................................................... 18

NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION          Case No. 17-cv-07210-SK
OR, IN THE ALTERNATIVE, LIMITED CLASS DISCOVERY

*Noll v. eBay, Inc.*,
  309 F.R.D. 593 (N.D. Cal. 2015) .................................................................... 10

*Parsons v. Ryan*,
  754 F.3d 657 (9th Cir. 2014) .................................................................. 11,13

*Regents of Univ. of Cal. v. DHS*,
  279 F. Supp. 3d 1011 (N.D. Cal. 2018) .................................................... 11

*Rodriguez v. Hayes*,
  591 F.3d 1105 (9th Cir. 2010) .................................................................... 16

*Saravia v. Sessions*,
  280 F. Supp. 3d 1168 (N.D. Cal. 2017). ..................................................... 2

*Se. Alaska Conservation Council, Inc. v. Watson*,
  697 F.2d 1305 (9th Cir. 1983) ................................................................... 12

*Staton v. Boeing*,
  327 F.3d 938 (9th Cir. 2003) ..................................................................... 15

*Torres v. Mercer Canyons Inc.*,
  835 F.3d 1125 (9th Cir. 2016) ................................................................... 13

*Vietnam Veterans of Am. v. CIA*,
  811 F.3d 1068 (9th Cir. 2015)……………………………… ............................. 12

*Vinole v. Countrywide Home Loans, Inc.*,
  571 F.3d 935 (9th Cir. 2009). .................................................................... 18

*Wal-Mart Stores, Inc. v. Dukes*,
  564 U.S. 338 (2011) ................................................................................... 11

*White v. E-Loan, Inc.*,
  No. C 05-02080 SI, 2006 WL 2411420 (N.D. Cal. Aug. 18, 2006) ........... 10

**Rules**

Fed. R. Civ. P. 23 ........................................................................... *passim*

NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION          Case No. 17-cv-07210-SK
OR, IN THE ALTERNATIVE, LIMITED CLASS DISCOVERY

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## NOTICE OF MOTION

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT on June 4, 2018, at 9:30 a.m.[1] at the U.S. District Courthouse, 450 Golden Gate Avenue, Courtroom A, 15th Floor, San Francisco, CA 94102, before the Honorable Sallie Kim, Plaintiffs[2] will, and hereby do move the Court pursuant to Fed. R. Civ. P. 23 for an order certifying a class of "all individuals who borrowed a Direct Loan to finance the cost of a program who are covered by the Department's Corinthian Job Placement Rate Rule, who have applied, or will apply for a borrower defense, and who have not been granted the relief provided for by the Rule."  In the alternative, Plaintiffs request authority to conduct limited discovery in support of class certification. Plaintiffs' motion is based on this submission, the accompanying declarations and exhibits, the pleadings and other documents on file in this case, and any argument presented to the Court.

## RELIEF REQUESTED (CIVIL L.R. 7-2(B)(3))

Plaintiffs request that this Court issue an order pursuant to Fed. R. Civ. P. 23 certifying a class of "all individuals who borrowed a Direct Loan to finance the cost of a program who are covered by the Department's Corinthian Job Placement Rate Rule, who have applied, or will apply

---

[1] Plaintiffs notice this date pursuant to the Court's directive at the Case Management Conference on March 19, 2018, but respectfully request a hearing on this motion before June 4, 2018.
[2] Undersigned counsel is evaluating whether to file a Motion to Withdraw as Counsel for Plaintiff Martin Calvillo-Manriquez.  To the extent "Named Plaintiffs" or "Plaintiffs" is used in this motion, it refers solely to Jamal Cornelius, Rthwan Dobashi, and Jennifer Craig.

NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION                Case No. 17-cv-07210-SK
OR, IN THE ALTERNATIVE, LIMITED CLASS DISCOVERY

1  for a borrower defense, and who have not been granted the relief provided for by the Rule."

2  Plaintiffs also request that the Court appoint Jamal Cornelius, Rthwan Dobashi, and Jennifer Craig

3  as class representatives, and that it issue an order appointing the undersigned class counsel.  In the

4  alternative, Plaintiffs ask the Court to permit limited discovery in support of class certification.

5        As indicated in Plaintiffs' Motion for a Preliminary Injunction, ECF No. 35, Plaintiffs seek

6  preliminary relief on behalf of the entire proposed class and therefore have requested provisional

7  certification pending resolution of this motion.  *See Saravia v. Sessions*, 280 F. Supp. 3d 1168,

8  1201-04 (N.D. Cal. 2017).

9

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Named Plaintiffs seek certification of a class that the Department of Education ("Department") itself defined.  Members of the putative class borrowed federal student loans to finance career training programs at schools operated by Corinthian Colleges, Inc. ("Corinthian"). In recognition of Corinthian's illegal conduct and falsification of job placement data, the Department concluded that putative class members were entitled to have their federal student loans discharged upon the submission of a simple form (the "Corinthian Job Placement Rate Rule"). The Department identified these borrowers, reached out to them, and solicited their personal information.  Then, the Department callously changed course, opting instead to use illegally co-opted data and an irrational and unconstitutional formula to force class members to pay a portion of their invalid loans ("Average Earnings Rule").

The question in this case — whether the Department must apply the Corinthian Job Placement Rate Rule to members of the class, or whether it can instead retroactively apply the

NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION                              Case No. 17-cv-07210-SK
OR, IN THE ALTERNATIVE, LIMITED CLASS DISCOVERY

Average Earnings Rule — should be resolved on a class-wide basis.  The requirements of Fed. R. Civ. 23(a) are satisfied: by the Department's own estimates, tens of thousands of borrowers are covered by the Corinthian Job Placement Rate Rule but have not yet (and can no longer) receive treatment under that Rule; members of the proposed class share common questions, including whether the Department may arbitrarily abandon the Corinthian Job Placement Rate Rule under the Administrative Procedure Act; Named Plaintiffs, like the putative class members, borrowed Direct Loans from the government, are entitled to discharge under the Department's abandoned Rule, and are being denied that relief; and, Named Plaintiffs and class counsel will vigorously challenge the Department's campaign of illegal conduct.

The proposed class also satisfies the requirements of Fed. R. Civ. P. 23(b).  Putative class members all seek the exact same remedy: an order and declaration that the Department must apply the Corinthian Job Placement Rate Rule to the class.  A class action will further ensure that the Department does not employ competing and inconsistent standards and that putative members are not prejudiced by proceedings they are not party to.

Certification of this specific class is particularly fitting since class members are identifiable (and were so identified by the Department) by reference to facts — timeframe, location, and program of attendance — specified in the enactment of the rule that the class now seeks to enforce. Named Plaintiffs therefore ask this Court to certify a class of "all individuals who borrowed a Direct Loan to finance the cost of a program who are covered by the Department's Corinthian Job Placement Rate Rule, who have applied, or will apply for a borrower defense, and who have not been granted the relief provided for by the Rule."  In the alternative, Plaintiffs request authority to conduct limited discovery in support of class certification.  And, as requested in Plaintiffs' Motion

NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION            Case No. 17-cv-07210-SK
OR, IN THE ALTERNATIVE, LIMITED CLASS DISCOVERY

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

for a Preliminary Injunction, Plaintiffs seek provisional certification of the class for purposes of that motion. ECF No. 35. Corinthian's fraudulent behavior caused plaintiffs to borrow significant debt to attend sham programs. The Department's actions have exacerbated Plaintiffs' harms. Class treatment is the only way to reign in the Department's unlawful and malicious actions.

## II.    BACKGROUND

Plaintiffs have recently provided the Court with an extensive overview of the various statutory and regulatory frameworks governing this case and the facts underpinning this dispute. ECF No. 35 at 4-24. To avoid repetition, Plaintiffs briefly summarize the relevant facts.

Corinthian was a large for-profit college chain that cheated students and wasted taxpayer money. It operated schools across the country and online under the brands Everest, Heald, and WyoTech, and primarily offered certificate and associate degree programs that purported to provide training in a variety of vocations. In January 2013, the Department (along with other state and federal agencies) investigated Corinthian's reported and advertised job placement rates. The Department found that Corinthian published falsely inflated job placement rates for 947 separate programs at its Heald College location. *See* Decl. of Joshua D. Rovenger ("Rovenger"), Dep't of Educ., *U.S. Dep't of Educ. Fines Corinthian Colleges $30 million for Misrepresentation*, (Apr. 14, 2015) (Ex. 1) ("$30 million PR").[3]

After Corinthian abruptly closed in April 2015, individuals who borrowed federal student loans to finance a Corinthian program began to assert their right to loan cancellation under the Borrower Defense Regulations and the terms of their loan notes. In response, the Department adopted the Corinthian Job Placement Rate Rule to provide fast-track relief to some borrowers.

---

[3] All exhibits cited herein are attached to the Rovenger Declaration, unless otherwise noted.

NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION                    Case No. 17-cv-07210-SK
OR, IN THE ALTERNATIVE, LIMITED CLASS DISCOVERY

The heart of this Rule was that all Corinthian borrowers who were in a "findings cohort" (*i.e.*, attended a specific program during an enumerated period of time as determined by the Department, ECF 33-1; Exs. A-B ("findings")), and who were exposed to the false job placement rates, were entitled under California law to a full discharge of their student loans and to the return of any money the Department collected.  In order to obtain this relief, individuals in a cohort merely had to submit a simple attestation form that was created by the Department, published in the federal register, and placed on the Department's website.  ECF 33-1; Exs A-D ("findings" and "attestation forms").[4]

This Rule covers approximately 800 Heald programs between 2010-2014, and the Department estimated that the rule would provide relief to approximately 50,000 borrowers.  U.S. Dep't of Educ., *Third Report of the Special Master for Borrower Defense to the Under Secretary* (Mar. 25, 2016) (Ex. 2) ("Third SM Report").  The Rule also covers approximately 800 Everest and WyoTech programs in over 20 states, and the Department estimated that the rule would provide relief to at least 85,000 borrowers from those programs.  U.S. Dep't of Educ., *Department of Education and Attorney General Kamala Harris Announce Findings from Investigation of WyoTech and Everest Programs*, (Nov. 17, 2015) (Ex. 3) ("WyoTech and Everest PR").

Recognizing the extensive number of borrowers entitled to discharge under the Rule, the Department reached out to approximately 50,000 individuals who attended Heald and who may have been included in a findings cohort, and thus members of the proposed class.  (Ex. 2) ("Third SM Report").  Between 2015 and 2016, the Department also sent over 280,000 letters to former

---

[4] The Department created two tracks to process borrower defense applications: the fast-track attestation form for proposed class members, and a universal borrower defense application for all other applicants.

NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION                    Case No. 17-cv-07210-SK
OR, IN THE ALTERNATIVE, LIMITED CLASS DISCOVERY

WyoTech and Everest students who may have been members of a cohort, and thus also part of the proposed class. U.S. Dep't of Educ., *Fourth Report of the Special Master for Borrower Defense to the Under Secretary* (June 29, 2016) (Ex. 4) ("Fourth SM Report"). In addition to its own efforts, the Department coordinated with state attorneys general from 42 states and the District of Columbia to inform more than 100,000 former Corinthian students of their eligibility for discharge. *Id.;* ECF No. 46-1 at 3-4 (states describing coordination with Department of Education). The Department provided the states with program-level data identifying the individuals who were covered under the Corinthian Job Placement Rate Rule. *Id.* at 3. The states' outreach continued into 2017.

Between the Rule's inception in 2015 and January 20, 2017, the Department consistently applied the Rule to approximately 25,000 individuals. *See* (Ex. 4) ("Fourth SM Report"); U.S. Dep't of Educ., *American Career Institute Borrowers to Receive Automatic Group Relief for Federal Student Loans* (Jan. 13, 2017) (Ex. 5) ("ACI PR"); U.S. Dep't of Educ., Fed. Student Aid Enforcement Office, *Report on Borrower Defense* (Oct. 28, 2016) (Ex. 6) ("BD Report"); U.S. Dep't of Educ., Office of Inspector Gen., *Federal Student Aid's Borrower Defense to Repayment Loan Discharge Process* (Dec. 8, 2017) (Ex. 7) ("IG Report"). The Department repeatedly documented and referenced this Rule in public pronouncements. (Ex. 7) ("IG Report"). And, the Department did not deny any claim once a borrower established that she was a member of a findings cohort. (Ex. 4) ("Fourth SM Report"); (Ex. 5) ("ACI PR"); (Ex. 6) ("BD Report"); (Ex. 7) ("IG Report"). Approximately 60% of all Corinthian borrowers who submitted a borrower defense form were attestation eligible. (Ex. 6) ("BD Report").

NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION
OR, IN THE ALTERNATIVE, LIMITED CLASS DISCOVERY                    Case No. 17-cv-07210-SK

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

However, since January 20, 2017, the Department has refused to approve any attestation submissions under the Corinthian Job Placement Rate Rule.  (Ex. 7) ("IG Report"); Offices of Sens. Elizabeth Warren and Richard J. Durbin, *Insult to Injury: How the DeVos Department of Education is Failing Defrauded Students*, (Nov. 2017) (Ex. 8) ("Warren-Durbin Report").  As of that date, there were 16,000 claims that the Department had administratively approved pursuant to the Rule, but that had not yet gone through the mechanical discharge process.  (Ex. 7) ("IG Report").  As of July 7, 2017, the Department had received, but neither approved nor processed, over 45,000 borrower defense claims from former Corinthian students.  James F. Manning, *Letter to Senator Richard J. Durbin* (July 7, 2017) (Ex. 9) ("Letter to Sen. Durbin").  By November 2017, the Department had received but not processed 87,000 borrower defense claims.  *See id;* (Ex. 8) ("Warren-Durbin Report").

After repeatedly noting throughout 2017 that it was abandoning the Corinthian Job Placement Rate Rule, *see, e.g., id.* at 3, the Department announced its replacement on December 20, 2017: the Average Earnings Rule.  U.S. Dep't of Educ., *Improved Borrower Defense Discharge Process Will Aid Defrauded Borrowers, Protect Taxpayers* (Dec. 20, 2017) (Ex. 10) ("Improved Process PR").  Under this new rule, the Department obtains Social Security Administration (SSA) data through an agreement designed to protect the public from predatory institutions.  It utilizes this information to compare the "average earnings" of unknown borrowers with the "average earnings" of an unknown subset of borrowers at some undefined "peer" schools with a "passing gainful employment (GE) program."  *Id.*; *see also Amended Information Exchange Agreement Between the Department of Education and The Social Security Administration for Aggregate                    Earnings                    Data*,                    *available                    at*

NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION                    Case No. 17-cv-07210-SK
OR, IN THE ALTERNATIVE, LIMITED CLASS DISCOVERY

https://www.warren.senate.gov/imo/media/doc/ED%20Agreements1.pdf (Ex. 11);  Jennifer Craig
Partial Denial Email, ECF No. 35-1, Ex. 1 ("Craig Partial Denial").  It then denies an applicant a
full loan discharge if her "earnings are at 50 percent or more of their GE program peers."  (Ex. 10)
("Improved Process PR").  Notably, the Department does not ask applicants for their own income
information or otherwise inform applicants that income would be relevant to the borrower defense
determination.  *See* ECF No. 33, Exs. C-D; U.S. Dep't of Educ., *Application for Borrower Defense
to Loan Repayment*, available at: https://perma.cc/3ZET-X3YL.  The Department has recently
applied this Rule to at least 8,809 members of the class and has signaled that it intends to apply it
into the future.  *Id.*; *see also* Decl. of Jennifer Craig in Support of Motion for Preliminary
Injunction, ECF No. 35-1 ("Craig PI Decl") ¶ 23; Decl. of Alina Farajian in Support of Motion for
Preliminary Injunction, ECF No. 35-4 ("Farajian PI Decl") ¶ 35; ECF No. 42, Ex. B at 31-61 &
Ex. D at 5.

The Department's illegal abandonment of the Corinthian Job Placement Rate Rule, and its
adoption of the Average Earnings Rule, is causing ongoing and substantial harm to putative class
members.  Class members have spent their time, money, and eligibility for federal student aid on
sham programs and must defer or forgo further education.  Decl. of Rthwan Dobashi in Support
of Motion for Preliminary Injunction, ECF No. 35-3 ("Dobashi PI Decl.") ¶¶ 13 & 23; Farajian PI
Decl. ¶¶ 12-17 & 26-29;  Craig PI Decl. ¶ 33; 34 C.F.R. 668.32(g).  They are unable to qualify for
loans and have damaged credit.  (Ex. 8) ("Warren-Durbin Report").  They live on limited incomes
and cannot absorb the financial shock of the Department's actions.  Craig PI Decl. ¶¶ 28-33;
Farajian PI Decl. ¶¶ 39-40; Decl. of Jamal Cornelius in Support of Motion for Preliminary

NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION
OR, IN THE ALTERNATIVE, LIMITED CLASS DISCOVERY                    Case No. 17-cv-07210-SK

Injunction ("Cornelius PI Decl") ¶¶ 12-13 & 22.   Corinthian's behavior caused putative class members substantial harm.   The Department's deceitful conduct compounds it.

On December 20, 2017 — approximately 21 months after Mr. Dobashi submitted his attestation form — the Named Plaintiffs filed this suit on behalf of a class of similarly situated borrowers.   ECF No. 1.[5]   Plaintiffs requested leave to file an Amended Complaint on March 17, 2018.   ECF Nos. 32-33.   In an effort to stop the Department from causing Plaintiffs irreparable harm, Plaintiffs also filed a Motion for a Preliminary Injunction.   ECF No. 35.   A hearing is scheduled on Plaintiffs' motions on April 30, 2018.

Ultimately, Plaintiffs seek class-wide injunctive and declaratory relief: (1) declaring that the Department's abandonment of the Corinthian Job Placement Rate Rule is unlawful, and (2) finding that the retroactive application of the Average Earnings Rule is illegal.

## III.   THE DEPARTMENT DEFINED THE CONTOURS OF THE CLASS THAT THE COURT SHOULD NOW CERTIFY.

The proposed class satisfies Fed. R. Civ. P. 23(a).   By the Department's own estimates, the class consists of approximately 110,000 individuals; class members assert common legal claims and theories in their effort to stop the Department's unlawful conduct; Named Plaintiffs are typical of the borrowers; and, Named Plaintiffs and putative Class Counsel can adequately prosecute the case against the Department.   Because class members all seek the same injunctive and declaratory relief, the proposed class also comports with Rule 23(b).

---

[5] On January 3, 2018, the Court administratively related the case to *People of the State of California v. Dep't of Educ., et.al.*, No. 17-cv-07106-SK.   ECF No. 10.   A similar case is also pending in the District for the District of Columbia.   *See Massachusetts, et. al. v. Dep't of Educ., et. al.,* No. 17-2679.

NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION                    Case No. 17-cv-07210-SK
OR, IN THE ALTERNATIVE, LIMITED CLASS DISCOVERY

A.  **The Putative Class Satisfies the Requirements of Fed. R. Civ. P. 23(a).**

Rule 23(a) establishes four prerequisites for class certification: numerosity, commonality, typicality, and adequacy.  *See* Fed. R. Civ. P. 23(a).  The putative class satisfies each of these elements.

i.     *According to the Department, the proposed class consists of at least 110,000 borrowers and is therefore sufficiently numerous.*

Under Rule 23(a), the proposed class must first be "so numerous that joinder of all members is impracticable[.]"  Fed. R. Civ. P. 23 (a)(1).  "Impracticability" does not mean "impossibility," and "where the number of class members exceeds forty, and particularly where class members number in excess of one hundred, the numerosity requirement will generally be found to be met."  *Noll v. eBay, Inc.*, 309 F.R.D. 593, 602 (N.D. Cal. 2015) (internal citations and quotations omitted).

Based solely on the Department's own public estimates, the proposed class meets the numerosity requirement.  In its outreach campaign in 2015-2017, the Department concluded that there were at least 50,000 former Heald College students attestation eligible and thus members of the proposed class.   (Ex. 2) ("Third SM Report").   Similarly, the Department estimated that approximately (and, at a minimum) 85,000 Everest and WyoTech students were members of the proposed class.  (Ex. 3) ("Everest and WyoTech PR").   Even discounting the nearly 25,000 attestations that the Department processed under the Corinthian Job Placement Rate Rule before January 20, 2017, the Department's own calculations imply that there are at least 110,000 class members, placing it well above the minimal numerosity threshold.  *See In re Yahoo Mail Litig.*, 308 F.R.D. 577, 589-90 (N.D. Cal. 2015) (finding numerosity where Plaintiffs reasonably estimated the size of the class because, among other reasons, "[i]n determining whether numerosity is satisfied, the Court may consider reasonable inferences drawn from the facts before it") (citation

NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION                                    Case No. 17-cv-07210-SK
OR, IN THE ALTERNATIVE, LIMITED CLASS DISCOVERY

omitted); *White v. E-Loan, Inc.*, No. C 05-02080 SI, 2006 WL 2411420 at *2 (N.D. Cal. Aug. 18, 2006) (concluding that a proposed class of "100,000 members . . . easily satisfies the numerosity requirement").[6]

ii.     *The Department must apply the Corinthian Job Placement Rate Rule to all members of the proposed class*

Class certification is warranted where, as here, there are "questions of law or fact common to the class[.]" Fed. R. Civ. P. 23(a)(2).  The Court must determine whether the "plaintiffs' claims depend upon common questions of law or fact that are answerable in one stroke." *Parsons v. Ryan*, 754 F.3d 657, 684 (9th Cir. 2014).  In other words, certification is appropriate where the "truth or falsity will resolve an issue that is central to the validity of each one of the claims . . ." *Id. at 681* (*quoting Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)).  "[F]or purposes of Rule 23(a)(2) even a single common question will do." *Dukes*, 564 U.S. at 359  (internal quotation marks and citation omitted).

The proposed class is narrowly crafted to fit the Department's determination for application of the Corinthian Job Placement Rate Rule.  Accordingly, class members share common questions of law under the APA: what is the scope of the Corinthian Job Placement Rate Rule and must the Department apply the Rule to their claims to loan cancellation under borrower defense?  The answer to those questions "will resolve . . . issue[s] that [are] central to the validity of each one of

---

[6] The Department's Opposition to Plaintiffs' Motion for a Preliminary Injunction further supports a numerosity finding.  Specifically, it shows that there were 68,836 borrower defense claims submitted by CCI students as of July 31, 2017, ECF No. 42-2 ¶ 17, and that the Department has partially denied applications from 8,809 putative class members, ECF No. 42-4 at ¶ 10.  These numbers alone satisfy the standard.

NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION                    Case No. 17-cv-07210-SK
OR, IN THE ALTERNATIVE, LIMITED CLASS DISCOVERY

the [class member's] claims[.]"  *Stockwell v. City & Cty. of S.F.*, 749 F.3d 1107, 1112 (9th Cir. 2014) (*quoting Dukes*, 564 U.S. at 350).

Those issues underpin all seven APA claims asserted in the proposed operative complaint; every class member asserts each count under an identical theory.  For example, all class members allege that the Department's abandonment of the Corinthian Job Placement Rate Rule was unlawful and that they are entitled to the relief provided for by that Rule.  Their claims all turn on whether the Department failed to provide any rational explanation for the abandonment.  *See Regents of Univ. of Cal. v. U.S. Dep't of Homeland Security*, 279 F. Supp. 3d 1011, 1045 (N.D. Cal. 2018) (explaining that when a Department's change is abrupt, and "terminates a program on which so many people rely, the APA requires a more detailed justification.") (internal quotation marks and citation omitted).  The conclusion that the Department failed to support its abandonment with any plausible rationale is "central to the validity" of the class member's abandonment claim under count one of the proposed amended complaint.  *See* ECF No. 33 at 48 (count one under 5 U.S.C. § 706(2)).

Similarly, all class members allege that the Department is unlawfully withholding and delaying application of the Corinthian Job Placement Rate Rule since it has now failed to apply the Rule for over 14 months.  *Id.* at 50-51 (claims under 5 U.S.C. § 706(1)).  Indeed, the Department's admitted failure to process any claim under the Rule for over 14 months violates the APA.  *See* (Ex. 7) ("IG Report"); *Viet. Veterans of Am. v. CIA*, 811 F.3d 1068, 1075 (9th Cir. 2015) (finding an unlawful withholding of relief under the APA where there was "a specific, unequivocal command placed on the agency") (internal quotations marks and citation omitted); *Brower v. Evans*, 257 F.3d 1058, 1068 (9th Cir. 2001) (highlighting the case-specific factors that courts

NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION
OR, IN THE ALTERNATIVE, LIMITED CLASS DISCOVERY

Case No. 17-cv-07210-SK

evaluate to determine whether agency delay is unreasonable as a matter of law); *Ensco Offshore Co. v. Salazar*, 781 F. Supp. 2d 332, 337-40 (E.D. La. 2011) (finding a delay of four to nine months unreasonable where permits were generally processed in two weeks' time).  And, the Department's refusal to grant relief renders the submission of additional attestation forms futile.  *Cf. Se. Alaska. Conservation Council, Inc. v. Watson*, 697 F.2d 1305, 1309 (9th Cir. 1983) (setting forth the general rule that administrative remedies need not be sought where such pursuit would be "a futile gesture.")  This delay is ongoing and affects all class members.

Finally, all class members assert that the Department cannot apply the Average Earnings Rule to members of the class since it is illegal in (at least) four different ways.  Class members commonly allege that the Department has engaged in impermissible retroactive rulemaking in violation of the APA, that it has violated the Privacy Act, that it has infringed on class members' due process rights, and that the new rule is arbitrary and capricious.  ECF No. 35 at 28-42.  A court order prohibiting the Department from applying this new formula on the basis of any (or all) of these reasons would resolve an issue central to the validity of class members' claims under counts two, five, six, and seven of the proposed amended complaint.  *See* ECF No. 33 at 49-50, 52-55.[7]

Ultimately, all class claims are tethered to the exact same set of issues.  The commonality requirement is accordingly met.

---

[7] The Department's Opposition to Plaintiffs' Motion for Preliminary Injunction further supports this since it shows that the Department has already applied the formula to all of the various findings cohorts and, accordingly, all class members' claims will be processed under the Average Earnings Rule.  *See* ECF No. 42 at 49; ECF No. 42-2 at 16-17 & 31-60.

NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION                                      Case No. 17-cv-07210-SK
OR, IN THE ALTERNATIVE, LIMITED CLASS DISCOVERY

iii.    *Named Plaintiffs, like the putative class members, seek to force the Department to comply with the law and thus Named Plaintiffs are typical of the proposed class.*

Rule 23(a) also requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class[.]"  Fed. R. Civ. P. 23(a)(3).  The standard ensures that a representative's interests "aligns with the interests of the class."  *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted).  "[T]he requirement is permissive, such that representative claims are typical if they are reasonably coextensive with those of absent class members; they need not be substantially identical."  *Just Film, Inc v. Buono*, 847 F.3d 1108, 1116 (9th Cir. 2017) (*citing Parsons,* 754 F.3d at 685 (internal quotation marks and further citation omitted).  "Measures of typicality include 'whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'"  *Buono*, 847 F.3d at 1116 (*citing Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1141 (9th Cir. 2016) (further citation omitted).

All of these markers of typicality exist.  As highlighted above, the Named Plaintiffs' legal arguments, claims, and interests mirror those of the putative class.  Named Plaintiffs, like the rest of the class, all borrowed Direct Loans to finance enrollment in a career-training program at a Corinthian-operated school.  Decl. of Jamal Cornelius in Support of Motion for Class Certification ("Cornelius Decl. Class Cert.") ¶ 4; Decl. of Jennifer Craig in Support of Motion for Class Certification ("Craig Decl. Class Cert.") ¶ 4; Decl. of Rthwan Dobashi in Support of Motion for Class Certification ("Dobashi Decl. Class Cert.") ¶ 4.  Named Plaintiffs, like the rest of the class, are all intended beneficiaries of the Department's Corinthian Job Placement Rate Rule.  Cornelius Decl. Class Cert. ¶ 5; Craig Decl. Class Cert. ¶ 5; Dobashi Decl. Class Cert. ¶ 5.  Named Plaintiffs,

NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION                     Case No. 17-cv-07210-SK
OR, IN THE ALTERNATIVE, LIMITED CLASS DISCOVERY

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

like the rest of the class, were identified for outreach as a member of a findings cohort.  Cornelius Decl. Class Cert. ¶ 5; Dobashi Decl. Class. Cert. ¶ 5; Craig PI Decl. ¶21; ECF No. 46-1 at 3-4. Named Plaintiffs, like the rest of the class, have all been injured by the Department's refusal to provide the relief required under the Corinthian Job Placement Rate Rule.  Cornelius Decl. Class Cert. ¶¶ 8-10; Craig Decl. Class Cert. ¶¶ 6-8; Dobashi Decl. Class Cert. ¶¶ 7-9.  And, Named Plaintiffs, like the rest of the class, all seek the exact same remedy to redress their harm.  Cornelius Decl. Class Cert. ¶ 10; Craig Decl. Class Cert. ¶ 8; Dobashi Decl. Class Cert. ¶ 9.

Each Named Plaintiff, and indeed every member of the proposed class, has had their own experience with Corinthian, and is harmed in a specific way by the Department's subsequent illegal conduct.  But, they all seek, on a class wide basis, to enforce uniform results: application of the Corinthian Job Placement Rate Rule.  Under these circumstances, Named Plaintiffs have established that their claims are typical.

iv.    ***The Named Plaintiffs and Proposed Class Counsel will underscore the egregiousness of the Department's actions and can adequately represent the class.***

Rule 23(a) finally requires that "the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  The requirement focuses on "(1) [whether] the representative plaintiffs and their counsel have any conflicts of interest with other class members, and (2) [if] the representative plaintiffs and their counsel [will] prosecute the action vigorously on behalf of the class."  *Castro v. ABM Industries, Inc.*, No. 17-cv-3026-YGR, 2018 WL 574905, at *9 (N.D. Cal. Jan. 26, 2018) (*citing Staton v. Boeing*, 327 F.3d 938, 957 (9th Cir. 2003)).   "[A]ny conflicts must be serious and irreconcilable in order to defeat certification." *Dalton v. Lee Publi'ns., Inc.* 270 F.R.D. 555, 560 (S.D. Cal. 2010) (*citing Breeden v. Benchmark Lending Gp., Inc.*, 229 F.R.D. 623, 629 (N.D. Cal. 2005) (further citation omitted).

NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION                    Case No. 17-cv-07210-SK
OR, IN THE ALTERNATIVE, LIMITED CLASS DISCOVERY

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Named Plaintiffs are adequate representatives of the class.  First, for the reasons described above, their interests coincide with the interests of the class.  They have all suffered the same injury (denial of the required relief under the Corinthian Job Placement Rate Rule) and are all seeking the same remedy.  Cornelius Decl. Class Cert. ¶ 11; Craig Decl. Class Cert ¶ 8; Dobashi Decl. Class Cert. ¶ 9.  Indeed, Named Plaintiffs are not aware of any potential conflicts of interest. Cornelius Decl. Class Cert. ¶ 12; Craig Decl. Class Cert. ¶ 9; Dobashi Decl. Class Cert ¶ 10. Second, Named Plaintiffs have retained competent and experienced counsel to litigate the case for them, implying that they are able and willing to prosecute the action on behalf of the class.  *See Castro*, 2018 WL 574905, at \*9.  Finally, the class representatives intend and desire to vigorously prosecute this matter on behalf of the class.  Cornelius Decl. Class Cert. ¶ 12-13; Craig Decl. Class Cert. ¶¶ 10-11; Dobashi Decl. Class Cert. ¶¶ 11-12.

Proposed class counsel are also qualified under Rule 23(a) and Rule 23(g).  Fed. R. Civ. P. 23(g) (setting forth the various standards for the appointment of class counsel).  Undersigned counsel are attorneys at Housing and Economic Rights Advocates and the Harvard Legal Service Center's Project on Predatory Student Lending.  Rovenger Decl. ¶¶ 2-4; Decl. of Noah Zinner ("Zinner") ¶¶ 1-2.  These organizations have represented and/or advised hundreds of former Corinthian students regarding the borrower defense process.  Rovenger Decl. ¶¶ 3; Zinner Decl. ¶ 3. Counsel have knowledge of, and familiarity with, the relevant laws and regulations concerning federal student loans and borrower defense.  Rovenger Decl. ¶ 5; Zinner Decl. ¶¶ 4-5.  Counsel also has experience representing Rule 23 classes of student loan borrowers, and Rule 23 classes more generally.  Rovenger Decl ¶ 4; Zinner Decl. ¶¶ 5.  Counsel is not aware of any conflicts with members of the proposed class.  Rovenger Decl. ¶ 6; Zinner Decl. ¶ 6.

NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION                    Case No. 17-cv-07210-SK
OR, IN THE ALTERNATIVE, LIMITED CLASS DISCOVERY

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Ultimately, the proposed class satisfies the requirements of Rule 23(a) and class treatment is appropriate.

**B. The Putative Class Satisfies Fed. R. Civ. P. 23(b).**

In addition to satisfying Rule 23(a), the proposed class fits squarely into the requirements of Rule 23(b)(2). Rule 23(b)(2) is satisfied where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Notably, "it is sufficient to meet the requirements of Rule 23(b)(2) that class members complain of a pattern or practice that is generally applicable to the class as a whole." *Rodriguez v. Hayes*, 591 F.3d 1105, 1125 (9th Cir. 2010) (internal quotation marks and citation omitted); *Hart v. Colvin*, 310 F.R.D. 427, 439 (N.D. Cal. 2015) (certifying a Rule 23(b)(2) class that sought a declaration that the agency action in question was unlawful).

Here, the Department's irrational and unlawful actions apply to the entire class such that final class-wide injunctive and declaratory relief is necessary. The Department's unprincipled, unexplained, and secret decision to discard the Corinthian Job Placement Rate Rule, and its attempt to retroactively apply a different standard, harms the entire class since all proposed members are intended beneficiaries of the Rule. Equitable relief declaring that the Department impermissibly abandoned the Rule in favor of one that is illegal, unconstitutional, and arbitrary and capricious, and that the Department must apply its initial Rule to the class, would benefit *all* class members.

Equitable relief related to the Department's unlawful withholding and delay of processing claims will also apply to the entire class. Such an order would require the Department to swiftly process the attestation forms in its possession. It would also ensure that other class members could submit their forms without futility. *See Garcia v. Johnson*, No. 14-cv-01775-YGR, 2014 WL

Page **17** of **20**

6657591, at *15 (N.D. Cal. Nov. 21, 2014) (certifying a Rule 23(b)(2) class challenging the unlawfully withheld or unreasonably delayed application of a Rule).  Such an injunction and declaration, too, would satisfy the Rule 23(b)(2) requirement.[8]

In sum, the proposed class satisfies the requirements for class certification.  It is defined narrowly and within the Department's precise parameters to obtain relief under the Corinthian Job Placement Rate Rule.  A class action is simply the superior means by which to decide this case.

## IV.   IN THE ALTERNATIVE, THE COURT SHOULD STAY A DECISION ON THIS MOTION PENDING LIMITED CLASS DISCOVERY

Trial courts maintain discretion to permit discovery prior to class certification.  *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009).  The Plaintiff carries the burden to show "that discovery is likely to produce substantiation of the class allegations," *Manolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985).  But, "the better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether

---

[8]   The class also falls into Rule 23(b)(1).  That sub-section is met where "prosecuting separate actions by or against individual class members would create a risk of . . .inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class."  Fed. R. Civ. P. 23(b)(1)(A).  It is alternatively satisfied where "adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests."  Rule 23(b)(1)(B).

Absent class treatment, Defendants could be subject to various and inconsistent court decisions that could require the Department to apply incompatible standards towards members of the class.  And, even absent other court orders, class treatment is the only way to guarantee that the Department applies a consistent standard to all similarly-situated individuals.  Similarly, because the court's decision will determine whether the Department impermissibly abandoned the Corinthian Job Placement Rate Rule, its decision will substantially impact all members of the class.  Putative members can only protect their interests through class certification.

NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION                    Case No. 17-cv-07210-SK
OR, IN THE ALTERNATIVE, LIMITED CLASS DISCOVERY

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

a class action was maintainable." *Vinole*, 571 F.3d at 942 (*citing Doninger v. Pac. Nw. Bell, Inc.,* 564 F.2d 1304, 1313 (9th Cir. 1977).

Named Plaintiffs maintain that the Court can grant class certification based on the Department's public documents and statements. The various affidavits Named Plaintiffs have filed further support class treatment. Nonetheless, if the Court had concerns about the factual basis for any of the class certification requirements, Named Plaintiffs would request that the Court hold its decision on class certification pending limited class discovery.

For example, for numerosity purposes, Named Plaintiffs would want to engage in limited discovery to determine:

- The precise number of applicants who utilized the attestation form;
- Information regarding the Department's calculations of eligible borrowers; and
- The precise number of borrowers that the Department has reached out to regarding their right to relief.

For typicality and commonality purposes, Named Plaintiffs would request information related to:

- The Department's processing of the borrower defense applications;
- Documents reflecting the Department's decision to abandon the Rule;
- Information showing the Department's adoption and implementation of the Average Earnings Rule; and
- The status of the applications for those class members who have submitted an attestation form.

Thus, if the Court were not prepared to grant class certification based on the submitted evidence (the majority of which comes from Defendants' public pronouncements), Named Plaintiffs would request the opportunity to engage in limited discovery in support of class certification.

NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION
OR, IN THE ALTERNATIVE, LIMITED CLASS DISCOVERY

Case No. 17-cv-07210-SK

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## V.     CONCLUSION

The Department properly concluded that the roughly 110,000 putative class members were victims of predatory recruitment practices and entitled to full discharge of their student loans.  The Department has arbitrarily and capriciously abandoned that decision in favor of an illegal and unconstitutional one, thereby harming every putative member.  The Court must now certify the proposed class to ensure that all student borrowers are able to obtain the relief that the Department has unlawfully and callously denied them.

Dated: April 19, 2018                                    Respectfully submitted,


                                                         */s Joshua Rovenger*


                                                         Noah Zinner
                                                         Megumi Tsutsui
                                                         HOUSING & ECONOMIC RIGHTS
                                                         ADVOCATES
                                                         PO Box 29435
                                                         Oakland, CA 94604
                                                         Tel.: (510) 271-8443
                                                         Fax: (510) 280-2448

                                                         Eileen M. Connor
                                                         Toby R. Merrill
                                                         Joshua D. Rovenger
                                                         LEGAL SERVICES CENTER OF
                                                         HARVARD LAW SCHOOL
                                                         122 Boylston Street
                                                         Jamaica Plain, MA 02130
                                                         Tel.: (617) 390-3003
                                                         Fax: (617) 522-0715


                                                         *Attorneys for Plaintiffs*


Page **20** of **20**