NOAH ZINNER (SBN 247581)
nzinner@heraca.org
MEGUMI TSUTSUI (SBN 299294)
mtsutsui@heraca.org
HOUSING & ECONOMIC RIGHTS
ADVOCATES
1814 Franklin Street, Suite 1040
Oakland, CA 94612
Tel.: (510) 271-8443
Fax: (510) 868-4521

EILEEN M. CONNOR (SBN 248856)
econnor@law.harvard.edu
TOBY R. MERRILL (Pro Hac Vice)
tmerrill@law.harvard.edu
JOSHUA D. ROVENGER (Pro Hac Vice)
jrovenger@law.harvard.edu
LEGAL SERVICES CENTER OF
HARVARD LAW SCHOOL
122 Boylston Street
Jamaica Plain, MA 02130
Tel.: (617) 390-3003
Fax: (617) 522-0715

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN CALVILLO MANRIQUEZ, JAMAL CORNELIUS, RTHWAN DOBASHI, and JENNIFER CRAIG on behalf of themselves and all others similarly situated,<br><br>   *Plaintiffs*,<br><br>  v.<br><br>ELISABETH DEVOS, in her official capacity as Secretary of the United States Department of Education,<br><br>And<br><br>THE UNITED STATES DEPARTMENT OF EDUCATION, | Case No.: 17-7210<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>(Class Action)<br>(Administrative Procedure Act Case) |

Defendants.

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF

### PRELMINARY STATEMENT

1.     Named Plaintiffs Martin Calvillo Manriquez, Jamal Cornelius, Rthwan Dobashi, and Jennifer Craig borrowed federal student loans in order to attend career training programs at schools operated by Corinthian Colleges, Inc. ("Corinthian" or "CCI").  They were misled and mistreated by Corinthian, which held itself out as offering quality vocational training programs that consistently placed graduates in desired jobs.  In reality, Corinthian's schools were a sham, propped up by a series of lies. Its marketing campaigns targeted people who were in urgent need of employment.  Like so many of their classmates, Named Plaintiffs incurred substantial debt to attend a Corinthian program that wasted their time and provided no value.

2.     Each of the Named Plaintiffs has submitted an application for loan discharge to the Defendants, Elisabeth DeVos, Secretary of the United States Department of Education, and the Department of Education.  In recognition of substantial evidence of Corinthian's illegal conduct and falsification of job placement rate data it widely published, the Department determined that Named Plaintiffs and others who borrowed money for specific Corinthian programs during specified time periods are entitled to have their federal student loans discharged.  The Department created a short, simple attestation form for students to use to apply for and receive a discharge. It then broadly publicized this rule and engaged in extensive efforts to notify the borrowers of the availability of relief.

3.     Prior to January 20, 2017, the Department granted full loan discharges to nearly 25,000 Corinthian borrowers pursuant to this process.  However, since that date the Department has refused to process the applications of borrowers who are eligible for loan relief under this policy.  In so doing, it has abandoned an established rule, and left over 110,000 former Corinthian borrowers who have applied for loan discharge in limbo.  The Department does not have the discretion to take these actions in light of its well-publicized prior determination that Named Plaintiffs, and tens of thousands of other individuals victimized by the predatory Corinthian Colleges, are entitled to loan discharge upon submission of a simple attestation form.

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF

4.      On December 20, 2017, the Department confirmed that it had abandoned the prior rule, and announced that it had adopted an "improved" rule.  Now, rather than providing relief to Named Plaintiffs pursuant to a clear and unambiguous process, the Department instead subjects them, and others in their position, to a murky, convoluted, unfair, and irrational process designed to minimize relief.  This "improved" rule makes Named Plaintiffs' legal right to loan cancellation turn on a secret calculation of which they have no notice and no ability to contest or validate. This new rule upsets Plaintiffs' settled expectations, constitutes impermissible retroactive rulemaking, and denies Plaintiffs the rational and fair determination of their claims required by the Administrative Procedure Act and due process norms.

5.      Moreover, the Department has prolonged and compounded the harm suffered by Named Plaintiffs and others by engaging in a fundamentally illegal experiment for no legitimate reason. In order to seemingly reduce the amount of loan cancellation owed to Named Plaintiffs and other Corinthian borrowers, the Department has used information collected from those borrowers to calculate "average earnings" of some unspecified group of former Corinthian students. If an individual is part of an unspecified group of borrowers whose "average earnings" (at yet another unspecified point or points in time) are "at 50 percent or more of" those of a second, unspecified group of (unspecified) "peers," that individual will be denied full cancellation and will be forced to repay unaffordable and invalid loans.

6.      The Department's use of "average earnings" to decide individual benefits is incompatible with due process and the Administrative Procedure Act. Additionally, the Department has violated and will continue to violate due process and the Privacy Act by collecting, without authorization and in violation of explicit statutory prohibitions, income data from the Social Security Administration ("SSA") in order to effectuate this ill-conceived scheme. Perversely, the Department has gathered this information from SSA pursuant to an information sharing agreement entered into for the purpose of protecting the public at large, and Named Plaintiffs specifically, from predatory instutitons like Corinthian.

4

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF

7.      Named Plaintiffs bring this lawsuit under the Administrative Procedure Act on behalf of themselves and all other individuals who took out federal Direct Loans to finance a Corinthian College program that the Department has already found unlawful, who have applied or will apply for loan discharge on that basis, and who have not obtained the relief due under the Department's prior rule.  They ask the Court to declare that the Department's delay in processing their claims is unreasonable and that the Department has unlawfully withheld the benefits of its rule. They further ask the Court to mandate that the Department continue to implement its prior rule with respect to the class, and declare that the Department may not retroactively apply its new rule to Named Plaintiffs and other members of the proposed class.  Finally, they ask that the Court enjoin the Department's application of its new rule because it violates the law, the constitution, and is arbitrary and capricious. In short, they ask this Court to require the Department to make good on its word.

## JURISDICTION AND VENUE

8.      This action arises under the Administrative Procedure Act (APA), 5 U.S.C. §§ 701-706, the Higher Education Act and its amendments, 20 U.S.C. § 1001, *et seq*, the Privacy Act and its amendments 5 U.S.C. § 552a, and the U.S. Constitution, Const. Amend. V.  This Court has jurisdiction over this case as it arises under federal law. 28 U.S.C. § 1331.

9.      This Court is authorized to grant the relief requested in this case pursuant to the APA, 5 U.S.C. § 706; the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202; the Mandamus Act, 28 U.S.C. § 1361; the Higher Education Act, 20 U.S.C. § 1082; and Federal Rule of Civil Procedure 23.

10.     Venue is proper in this judicial district because three of the Named Plaintiffs reside in this district, and because a substantial part of the acts or omissions giving rise to the claim occurred in this judicial district. 28 U.S.C. §§ 1391(b)(2), 1391(e)(1).

## INTRADISTRICT ASSIGNMENT

11.     Assignment to the San Francisco/Oakland Division is appropriate because a substantial part of the events or omissions which give rise to Plaintiffs' claims occurred in this

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF

division of the district.  *See* Local Rule 3-2(c). Three of the Corinthian campuses where Named Plaintiffs enrolled and incurred the federal student loan debt at issue in this case were located in this divison of the district and two of the Named Plaintiffs currently reside in the division of the district and have done so throughout the time period at issue in this action.

## PARTIES

12.     Plaintiff Martin Calvillo Manriquez is a resident of Oakland, located in Alameda County California.

13.     Plaintiff Jamal Cornelius is a resident of Hercules, located in Contra Costa County, California.

14.     Plaintiff Rthwan Dobashi is a resident of San Jose, located in Santa Clara County, California.

15.     Plaintiff Jennifer Craig is a resident of Baldwin Park, located in Los Angeles County, California.

16.     Defendant Elisabeth DeVos is the Secretary of Education and charged with the supervision and management of all decisions and actions of the United States Department of Education.  Plaintiffs sue Secretary DeVos in her official capacity.[1]

17.     Defendant United States Department of Education is an agency of the United States within the meaning of the APA, 5 U.S.C. § 701(b)(1).  It is responsible for overseeing and implementing rules for federal student aid program.

## ALLEGATIONS COMMON TO THE CLASS

### Statutory and Regulatory Framework

*"Borrower Defense"*

18.     The Higher Education Act of 1965 and its amendments ("HEA") authorize the federal student financial aid program, often referred to as "Title IV." 20 U.S.C. § 1070, *et seq.*

---

[1] Plaintiffs allege that Secretary DeVos is responsible by statute for all official actions and activities of the Department.  As such, all allegations in this Complaint against Defendant U.S. Department of Education are made equally against Defendant DeVos.

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF

19.   The Department is responsible for overseeing and implementing rules for Title IV of the Higher Education Act, as amended, including the William D. Ford Direct Loan Program, 20 U.S.C. § 1087a, *et seq*.

20.   The Department administers various Title IV programs, including the William D. Ford Federal Direct Loan Program, 20 U.S.C. §§ 1087a-1087j.

21.   Under the Direct Loan Program, the Department directly lends money to eligible student borrowers for use at "participating institutions of higher education" as approved by the Department.

22.   All institutions approved by the Department to participate in Title IV programs enter into a Program Participation Agreement with the Department.

23.   The purpose of the Direct Loan Program is "to assist in making available the benefits of postsecondary education to eligible students[.]" 20 U.S.C. § 1070(a).

24.   The Direct Loan Program, like other Title IV programs, is an important source of financing for individuals who otherwise would not be able to afford higher education and could not meet underwriting standards of private lenders.

25.   In 1993, Congress altered the terms and conditions of Direct Loans to allow for student loan borrowers to seek cancellation of their loans on the basis of school misconduct.  103 P.L. 66, 107 Stat. 312 (amending Section 455(h) of the HEA). The statute directs that "the Secretary shall specify in regulations which acts or omissions of an institution of higher education a borrower may assert as a defense to repayment of a loan made under this part[.]" 20 U.S.C. § 1087e(h). Pursuant to this directive, the Secretary promulgated a regulation that permits a Direct Loan borrower to assert, as a defense to repayment, "any act or omission of the school attended by the student that would give rise to a cause of action against the school under applicable State law." 34 C.F.R. § 685.206(c)(1). This regulation became effective July 1, 1995.

26.   Since that time, all Direct Loans have been issued pursuant to a Master Promissory Note that informs borrowers that he or she "may assert, as a defense against collection of your loan, that the school did something wrong or failed to do something that it should have done,"

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF

provided that "the school's act or omission directly relates to your loan or to the educational services that the loan was intended to pay, and if what the school did or did not do would give rise to a legal cause of action against the school under applicable state law."

27.     A borrower defense relieves the borrower "of the obligation to repay all or part of the loan and associated costs and fees." 34 C.F.R. § 685.206(c)(2).  The Secretary is empowered to provide "further relief," which may include, without limitation, "[r]eimbursing the borrower for amounts paid toward the loan voluntarily or through enforced collection," "[d]etermining that the borrower is not in default on the loan and is eligible to receive assistance under title IV of the Act," and "[u]pdating reports to consumer reporting agencies to which the Secretary previously made adverse credit reports with regard to the borrower's Direct Loan." *Id.*

28.     The 1995 borrower defense regulation governs the loans at issue in this action, consistent with the terms of those notes.

*"Gainful Employment"*

29.     The HEA allows institutions of higher education to participate in federal student aid programs.  A proprietary institution (i.e., one that is operated as a for-profit business) is eligible to participate in Title IV programs to the extent that it provides "an eligible program of training to prepare students for gainful employment in a recognized occupation[.]" 20 U.S.C. § 1002(b)(1)(A)(i); see also 20 U.S.C. § 1088(b)(1)(A)(1).

30.     Vocational institutions and non-degree programs at public or nonprofit institutions may only receive Title IV funding for "gainful employment" programs as well. 20 U.S.C. § 1002(c)(1)(A).

31.     The Department's regulations set forth metrics by which it determines whether in fact a program prepares students for gainful employment.  34 C.F.R. Part 668, Subpart Q ("gainful employment regulation").  This regulation has an extensive and contested history, but in its present iteration, it establishes accountability metrics based on the ratio of student loan debt of a cohort of students from a specific program upon leaving or completing the program, to the earnings of that same cohort two years later ("D/E Metrics").  See 34 C.F.R. § 668.404.  Programs that do not pass

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF

the thresholds of these metrics face termination from participation in Title IV.  34 C.F.R. § 668.410.

32.     The discussion of the statutory, regulatory, and statistical basis for the GE Metrics occupies over two hundred pages in the Federal Register.  Department of Education, Final Rule, Program Integrity: Gainful Employment, 79 F.R. 64890 (Oct. 31, 2014).  The purpose of the rule, and the specific calculations mandated thereunder, is "to assess whether a GE program has indeed prepared students to earn enough to repay their loans, or was sufficiently low cost, such that students are not unduly burdened with debt, and to safeguard the Federal investment in" Title IV. 79 Fed. Reg. 64891.

33.     In order to calculate the D/E Metrics, the Department requires institutions to report information on an annual basis about students, including information needed to identify the student and institution, the program the student attended, the total amount of private and institutional debt incurred by the student, and the total amount of tuition and fees assessed against the student. 34 C.F.R. § 668.411. After the institution is given an opportunity to correct the list compiled by the Department, the Department submits the list to the Social Security Administration (SSA).  34 C.F.R. § 668.405(d).

34.     SSA returns to the Department the mean and median annual earnings of the students on the list whom SSA has matched to SSA earnings data, "in aggregate and not in individual form," and "the number, but not the identities, of students on the list that SSA could not match." Id.  SSA compares the social security numbers provided by the Department with earnings records in its Master Earnings File (MEF), a database that includes earnings reported by employers to SSA, and also by self-employed individuals to the Internal Revenue Service, which are then relayed to SSA. See 79 Fed. Reg. 64950.

35.     The Department has entered into an agreement with SSA pursuant to which this information is exchanged.

36.     The information provided by SSA to the Department must be aggregate, not individual, because SSA is barred by statute from disclosing the kind of personal data that would

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF

identify the wage earners and from disclosing their reported earnings, absent specific authorization in the Internal Revenue Code. 20 U.S.C. § 6103(a).

37.     Relatedly, Congress has barred the Department from developing, implementing, or maintaining a database of personally identifiable information.  20 U.S.C. § 1015c ("Student Unit Record Rule").  This prohibition exempts any database in use by the Department as of 2008, which is "necessary for the operation of" Title IV.   20 U.S.C. § 1015c(b).  A court ruled that a prior gainful employment regulation be set aside, because it violated the student unit record prohibition by expanding the scope of personal information collected and maintained in NSLDS.  *Association of Private Sector Colleges and Universities v. Duncan*, Case No. 11-1314 (D.D.C. March 19, 2013).

38.     In recognition of this prohibition, the 2014 gainful employment regulation restricted the scope of the data required institutions must report to the Department to only such data "as needed to make a programmatic eligibility determination[.]"  79 Fed. Reg. 64976.

**The Privacy Act**

39.     Congress adopted the Privacy Act, 5 U.S.C §552a, to "protect the privacy of individuals identified in information systems maintained by Federal agencies."  The Law "regulate[s] the collection, maintenance, use, and dissemination of information by such agencies," in order to avoid "substantial harm, embarrassment, inconvenience, or unfairness to any individual on whom information is maintained." § 552a(e)(10).

40.     In the 1980's, executive agencies were increasingly sharing individuals' personal information for the purposes of deciding or verifying individual eligibility for federal benefits. Congress accordingly amended the Privacy Act to regulate "computer matching" or the "establishing or verifying eligibility for a Federal benefit program."  *See* Pub. Law. 100-503, *The Computer Matching and Privacy Protection Act of 1988*.

41.     The 1988 Amendments aimed to ensure that data was "independently verified before any adverse action c[ould] be taken" against individuals and that "individuals . . . [were] given notice and an opportunity to contest any findings resulting from a computer match."  To

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF

effectuate these goals, the law sets forth concrete procedural requirements that must be taken before an agency can render a federal benefits decision utilizing certain data.

42.     These procedural requirements apply to "Matching Programs."  The Act defines a "Matching Program" as "any computerized comparison of two or more automated systems of records . . . for the purpose of, or continuing compliance with statutory and regulatory requirements by, applicants for, recipients or beneficiaries of, participants in, or providers of services with respect to, cash or in-kind assistance or payments under Federal benefit programs."  5 U.S.C. § 552a(a)(8)(A).

43.     "Federal benefit programs" include "payments, grants, loans, or loan guarantees to individuals."  § 552a(12).

44.     A "Matching Program" does not include "matches performed to produce aggregate statistical data without any personal identifiers." 5 U.S.C. § 552a(a)(8)(B).  However, "to qualify under this exclusion, no information resulting from the match may be produced or retained in individually identifiable form or may be used in any way to affect the rights, benefits, or privileges of any individual." House Comm. on Government Operations, *Report 100-802* (July 27, 1988); 54 Fed. Reg. 25,818, 25,823 (June 19, 1989).

45.     Matching Programs are subject to several procedural requirements, including the following, 5 U.S.C. § 552a(o-p & r-u):

     a.  The agencies involved in the matching program must have entered into a written agreement specifying the purpose, legal authority, and cost savings of the matching program;

     b.  The executive department must inform applicants for a federal benefit that matching programs may be used in verifying their applications;

     c.  The agency must notify individuals that they have the right to contest the agency's findings from the matching program before the agency takes any adverse action; and,

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF

d.  The agency must report any new or revised matching program to the House Committee on Government Operations, the Senate Committee on Governmental Affairs, and the Office of Management & Budget.

46.     Irrespective of whether it is utilizing a Matching Program, the Privacy Act also requires agencies to "collect information to the greatest extent practicable directly from the subject individual when the information may result in adverse determinations about an individual's rights, benefits, and privileges under Federal programs." 5 U.S.C. § 552a(e)(2)

47.     The Privacy Act further mandates that Departments "inform each individual whom it asks to supply information, on the form which it uses to collect the information . . . the principal purpose or purposes for which the information is intended to be used." § 552a(e)(3).

48.     For disclosures not involving Matching Programs, the Privacy Act also limits when a Department may disclose information for "routine use." § 552a(b)(3).   "Routine use" means "with respect to the disclosure of a record, the use of such record for a purpose which is compatible with the purpose for which it was collected." § 552a(a)(7).   The law imposes three key requirements on routine use.   First, the Department must publish in the Federal Register "each routine use of the records contained in the ystem, including the categories of users and the purpose of such use." §552a(e)(4)(D).   Second, the actual use of the materials must be "compatible" with the purpose for which it was collected.   § 552a(a)(7).   Third, there must be actual notice of the routine use at the time the Department collects the information from the individual. § 552a(e)(3)(C).

**Factual Background**

***Corinthian's Serious and Repeated Misconduct as Basis for Loan Discharge***

49.     Corinthian Colleges, Inc. was a large for-profit college chain headquartered in California.   It stands as a powerful and notorious example of a predatory for-profit college that cheated students and wasted taxpayer money.

50.     A 2012 report of the United States Senate's Health, Education, Labor and Pensions ("HELP") Committtee, entitled "For Profit Higher Education: The Failure to Safeagurd the Federal

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF

Investment and Ensure Student Success," as well as other studies regarding for-profit colleges, have documented abusive practices by for-profit schools that include, but are not limited to:

    a. Improperly attracting students by touting inflated graduation or employment statistics, which convey an inaccurate and misleading impression of the value of the program;

    b. Employing high-pressure sales tactics to pressure students into enrolling;

    c. Providing incomplete, inaccurate, or false information about program cost and financial aid;

    d. Falsely representing that credits earned at their institution will be transferrable to other education institutions;

    e. Misrepresenting that programs will enable completers to sit for professional licensure exams or other exams that are legal or *de facto* requirements for employment in the student's field of study; and

    f. Saddling students with debt without providing advertised career training.

51. Corinthian committed the misconduct identified by the HELP Committee Report, and more.

52. Corinthian operated schools across the country and online under the brands Everest, Heald, and WyoTech. It offered primarily certificate and associate degree programs that purported to provide training in a variety of vocations, including health care, business, criminal justice, transportation technology and maintenance, construction trades, and information technology.

53. During its peak year of 2009-10, Corinthian operated over 100 campuses in 25 states, enrolled over 110,000 students, and collected $1.7 billion in federal student aid. Over $500 million of this was in Pell Grants, a form of federal student aid for economically disadvantaged students.

54. The 2012 Senate HELP Report found that Corinthian's programs were among the highest-cost of the for-profit programs examined, and that withdrawal and default rates of Corinthian students were among the highest in the for-profit sector.

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF

55. In two examples cited by the HELP Report, a Medical Assistant diploma at Corinthian's Heald College in Fresno, California cost $22,275. A comparable program at Fresno City College cost $1,650. An associate degree in paralegal studies at Everest College in Ontario, California cost $41,149, compared to $2,392 for the same degree offered at Santa Ana College.

56. As of 2014, the population of students enrolled in Corinthian schools nationwide was 42 percent white, 35 percent African American, and 18 percent Latino. Over 70 percent of all students at Corinthian schools were female.

57. In the decade prior to its collapse, the attorneys general of twenty-three states launched investigations of and/or issued subpoenas to Corinthian concerning its predatory and deceptive recruiting and financial aid practices and their potential violation of state consumer protection laws.

58. These investigations demonstrated that Corinthian relentlessly pursued potential students—including veterans, immigrants, people of color, single parents, and first-generation college students—promising jobs and high earnings that its degrees simply did not come close to providing. In one two-week period in 2014, Corinthian spent over $600,000 to purchase advertisements for its schools on Black Entertainment Television ("BET").

59. Internal Corinthian documents describe a marketing strategy geared toward prospective students who were "isolated," "impatient," had "low self-esteem," "few people in their lives who care about them," were "stuck," and "unable to see and plan well for the future."

60. In 2007, the Attorney General of California sued Corinthian for a "persistent pattern of unlawful conduct" in the operation of its schools in California, including the promotion of falsely inflated job placement statistics and the use of other untrue and misleading statements to induce students to enroll in Corinthian schools. The case was concluded by stipulated judgment that same year. The judgment prevented Corinthian from enrolling new students in specific programs, cancelled student debt owed directly to the school, and ordered further injunctive relief related to calculation of job placement rates.

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF

61.     The Attorney General of California again sued Corinthian in 2013 for violating California law by misrepresenting job placement rates to students, using misleading advertising, and making misrepresentations to students in order to enroll them in Corinthian programs. Following submission of proof by the California Attorney General, the court entered a default judgment against Corinthian in 2016, making multiple well-documented findings of fact that Corinthian committed systemic fraud and misrepresentation. These findings of fact included, but were not limited to:

a.   That Corinthian systematically and fraudulently induced students to enroll through "untrue and/or misleading" respresentations about their likely employment outcomes; and

b.   That Corinthian issued misleading "standardized disclosures for each campus related to job placement," which were published online and given to each student in the enrollment process.

62.     Also in 2013, the Massachusetts Attorney General filed suit against Corinthian for violations of Massachusetts consumer protection law, alleging that the company misrepresented the need to enroll immediately in Corinthian schools, the school's influence and historical success in placing students in jobs, the earnings of graduates, the placement assistance provided by the school, the nature and quality of the programs offered, the transferability of credits earned at the school, the training opportunities available in school-arranged externships, and the nature and availability of financial aid.

63.     The Massachusetts Attorney General's extensive investigation of Corinthian "uncovered a program built on predation and lies," amounting to "an unrelenting scheme to secure unaffordable federal loans from vulnerable students, without providing the education, services, or opportunities promised" and "a pervasive violation of Massachusettts law."

64.     In granting summary judgment against Corinthian and for Massachusetts, the court found Corinthian liable for violating the Massachusetts Consumer Protection Act, and ordered

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF

Corinthian to pay restitution representing refunds of all costs paid by all graduates of all programs offered between July 1, 2007 and June 30, 2014.

65.    The Attorney General of Wisconsin sued Corinthian in October 2014, on the grounds that the company used deceptive marketing to lure students into its Everest Institute campus located in that state.  The Attorney General of Wisconsin's investigation showed that whereas Corinthian advertised a job placement rate of 90% and higher for its programs, some of its programs had job placement rates as low as 5%, and none as high as advertised.

66.    In 2014, the Consumer Financial Protection Bureau sued Corinthian, alleging that for years, the school had induced prospective students to enroll through false and misleading representations about its graduates' career opportunities and likelihood of obtaining jobs upon graduation, using falsely inflated job placement statistics, among other things.  In 2015, the court entered a default judgment against Corinthian, which included numerous findings that Corinthian engaged in unfair and deceptive acts on a widespread basis.

67.    The Department began its investigation of Corinthian's reported placement rates in January 2013.

68.    In January 2014, the Department requested data from Corinthian to verify its reported placement rates for every Corinthian location, for the calendar years 2010, 2011, 2012, and (when available) 2013, including a list of all students either placed or omitted from the placement calculation.

69.    Receiving no response, in June 2014 the Department of Education placed Corinthian schools on "Heightened Cash Monitoring," requiring Corinthian to wait 21 days after submitting requests to draw down federal student aid funds.

70.    In March 2015, the Department ordered Corinthian to post a letter of credit as a condition of continued participation in federal student aid programs.

71.    In April 2015, the Department fined Corinthian approximately $30 million for violating the Department's prohibition on "substantial misrepresentation," 34 C.F.R. Part 668,

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF

subpart F, by publishing falsely inflated job placement rates in 947 separate programs at its Heald College locations. The Department explained that it:

> determined that Heald College's inaccurate or incomplete disclosures were misleading to students; that they overstated the employment prospects of graduates of Heald's programs; and that current and prospective students of Heald could have relied upon that information as they were choosing whether to attend the school. Heald College provided the Department and its accreditors this inaccurate information as well.

72.     In addition, the Department found that Heald paid temporary agencies to hire its graduates to work temp jobs on its own campuses for positions as short as two days, performing tasks such as moving computers and organizing cables, and counted those graduates as placed in their field of study.  One Heald location classified a 2011 graduate of an accounting program as employed in the field on the basis of a food service job she started at Taco Bell years prior to enrolling.  Another campus counted a graduate of its business administration program as "placed in the field" based upon a seasonal clerk position she held prior to her graduation.

73.     Later that month, on April 27, 2015, Corinthian announced the closure of all of its remaining school locations.

74.     In May 2015, Corinthian filed for bankruptcy under Chapter 11.

### The Department's "Corinthian Job Placement Rate Rule"

75.     When Corinthian closed abruptly after years of documented illegal conduct, those who borrowed federal student loans to attend a Corinthian program began to assert, in unprecedented numbers, their right to loan cancellation under the Department's borrower defense regulations and the terms of their loan notes.

76.     The Department created a special process for former Corinthian students to submit a borrower defense claim, and formulated a rule to govern the adjudication of these claims.

77.     Because Corinthian schools consistently misrepresented job placement rates of its programs in a manner that would give rise to a cause of action under state law—a borrower defense—the Department's rule focuses on this type of misconduct.

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF

78.     The rule (referred to herein as "Corinthian Job Placement Rate Rule") consists of several interrelated determinations made by the Department:

    a.  First, the law that is "applicable" to the borrower defense claims submitted by Corinthian borrowers, wherever they attended, is California law;

    b.  Second, evidence establishes that Corinthian misrepresented job placement rates at specified campuses, respecting specified programs, during specified periods of time ("findings cohorts");

    c.  Third, any Corinthian borrower who submits a simple attestation form provided by the Department, or otherwise submits information sufficient to establish membership in a findings cohort has established a borrower defense; and

    d.  Fourth, the relief available to Corinthian borrowers who establish that they are members of a findings cohort is full cancellation of outstanding amounts on related loans and return of any money collected by the Department on those loans, as a matter of California law.

79.     The Corinthian Job Placement Rate Rule is consistent with prior interpretations by the Department's Office of General Counsel ("OGC") of the borrower defense regulation. Specifically, in applying the borrower defense rule, OGC has determined that the relief available to a borrower depends on the damages available under applicable state law for the violation of state law on which the borrower defense is predicated.

80.     On information and belief, the legal basis for the Corinthian Job Placement Rate Rule is codified in legal memoranda written, approved, and relied upon by the Department, including, without limitation, a May 2015 memorandum prepared by OGC, a fine action letter prepared by Federal Student Aid's Administrative Actions & Appeals Service Group, and an April 2015 document prepared by Federal Student Aid ("FSA")'s Administrative Actions & Appeals Service Group.

81.     The existence and specifics of the Corinthian Job Placement Rate Rule are clear from multiple public statements of the Department.

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF

82.     For example, a report released on September 3, 2015, by Joseph A. Smith, Jr., the Department-appointed Special Master for Borrower Defense ("Special Master"), explains that

> [b]ecause Heald was headquartered in and managed from California, the Department looked to California law and determined that Heald's misrepresentation of placement rates constituted prohibited unfair competition under California's Unfair Competition Law (UCL). Accordingly, students that relied on such misleading placement rates when they enrolled at Heald would have a cause of action under state law.

83.     The Department publicly announced the cohorts of borrowers covered by the Corinthian Job Placement Rate Rule in three stages.

84.     In June 2015, the Department announced that it had "determined that evidence of misrepresentation exists for students enrolled in a large majority of programs offered at Heald College campuses between 2010 and 2015."

85.     In November 2015, the Department announced findings of job placement rate misrepresentation at specific programs, during specific periods, offered at 20 Everest and WyoTech campuses and online programs.

86.     In March 2016, the Department announced findings of job placement rate misrepresentation at specific programs, during specific periods, offered at an additional 71 Everest and WyoTech campuses.

87.     These findings are publicly available on the Department's website and attached hereto as Exhibit A (Heald findings) and Exhibit B (Everest and WyoTech findings).

88.     The Department also makes available to the public on its website two simple forms for the purpose of establishing the applicability of the Corinthian Job Placement Rate Rule to individual borrowers, attached hereto as Exhibit C (Heald Attestation Form) and Exhibit D (Everest and WyoTech Attestation Form).

89.     As explained by the Department to the Office of Management and Budget ("OMB"):

> Student borrowers who attended the Heald College programs that the Department has found made false representations will have their loans discharged if they complete the attached attestation. These borrowers need not prove that Heald

19

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF

College's actions violated State law as the Department's findings show a State law violation.

90.     The Department reiterated that submission of the attestation was sufficient for a borrower to "confirm elibigilty for the borrower defense against repayment" under its Corinthian Job Placement Rate Rule when it later sought authorization from OMB to continue its emergency data collection from Corinthian borrowers, in order to allow

> [s]tudent borrowers who attended the Heald College programs that the Department has found made misrepresentations to have their loans discharged if they complete the attached attestation.  These borrowers need not prove that Heald College's actions violated State law as the Department's findings show a State law violation.

91.     The Corinthian Job Placement Rate Rule was further affirmed with respect to Heald borrowers in a December 2015 report by the Special Master, describing:

> the Department's determination, after consultation with the Office of the California Attorney General, that students who relied upon false or misleading placement rate disclosures in enrolling in Heald College programs would have established a BD claim *as to which relief would be granted under California law*.  The Heald Attestation Form provided by ED to student borrowers incorporated each of these elements of a claim as to which relief could be granted.

(emphasis added).

92.     Thus, the attestation form allowed the Department to determine "whether [the borrower] met the elements for relief," under the Corinthian Job Placement Rate Rule, "namely whether they were enrolled in the covered programs for the time periods for which the Department found that Heald College had misrepresented job placement rates."

93.     The Heald attestation form is four pages long.  The first page contains the following statement:

> The Department of Education has found that at various times between 2010 and 2014, Heald College published misleading job placement rates for many of its programs of study. This form is designed to expedite the process of obtaining loan forgiveness based on borrower defense to repayment for loans taken out by Heald College students to enroll in these programs.  This form covers federal Direct Loans received on or after July 1, 2010.  A list of covered programs and dates of enrollment is available at https://studentaid.gov/sa/sites/default/files/heald-findings.pdf. Please fill out this attestation ONLY IF your programs and dates of enrollment are included on this list.

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF

94.    The form contains five sections: Section I, Borrower Information; Section II, Program Information; Section III, Other Information; Section IV, Direct Loan Forbearance; and Section V, Certification.

95.    Section II prompts the borrower to select, from a predetermined list, the Heald campus and program that she attended, and the credential associated with that program.  The form asks the borrower to supply her enrollment start and end date.

96.    Section II also asks the borrower to indicate, by checking a box, that they received information about job placement rates related to their program of study prior to enrolling. It further contains the statement:

> I believed that the job placement rates related to my program of study indicated the level of quality a Heald education offered to students. I chose to enroll at Heald based, in substantial part, on the information I received about job placement rates related to my program of study and the quality of education I believed those placement rates represented.

97.    The form allows but does not require the borrower to include "document(s) with additional information to confirm that I was enrolled in the program of study at Heald College that I identified above, and was enrolled for the dates I provided above."

98.    Section III allows the borrower to "provide or attach any other information about your experience at Heald College that you believe is relevant: (2,000 characters max)."

99.    Section IV asks the borrower to indicate whether they wish their federal loans to be placed into forbearance and for collection on any federal loans in default to stop while the borrower defense claim is reviewed by the Department.

100.    Section V asks the borrower to sign and date an attestation of truthfulness, subject to the penalties set forth in 18 U.S.C. § 1001.

101.    Following Section V, there is a "Privacy Act Notice."  That notice states:

> the principal purposes for collecting the information on this form, including your SSN, are to verify your identity, to determine your eligibility to receive a loan or a benefit on a loan (such as a deferment, forbearance, discharge, or forgiveness) under the Direct Loan Program, FFEL, or Perkins Loan Programs, to permit the servicing of your loan(s), and, if it becomes necessary, to locate you and to collect and report on your loan(s) if your loan(s) becomes delinquent or defaults. We also

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF

use your SSN as an account identifier and to permit you to access your account information electronically. The information in your file may be disclosed, on a case-by-case basis or under a computer matching program, to third parties as authorized under routine uses in the appropriate systems of records notices. The routine uses of this information include, but are not limited to, its disclosure to federal, state, or local agencies, to private parties such as relatives, present and former employers, business and personal associates, to consumer reporting agencies, to financial and educational institutions, and to guaranty agencies in order to verify your identity, to determine your eligibility to receive a loan or a benefit on a loan, to permit the servicing or collection of your loan(s), to enforce the terms of the loan(s), to investigate possible fraud and to verify compliance with federal student financial aid program regulations, or to locate you if you become delinquent in your loan payments or if you default. To provide default rate calculations, disclosures may be made to guaranty agencies, to financial and educational institutions, or to state agencies. To provide financial aid history information, disclosures may be made to educational institutions. To assist program administrators with tracking refunds and cancellations, disclosures may be made to guaranty agencies, to financial and educational institutions, or to federal or state agencies. To provide a standardized method for educational institutions to efficiently submit student enrollment statuses, disclosures may be made to guaranty agencies or to financial and educational institutions. To counsel you in repayment efforts, disclosures may be made to guaranty agencies, to financial and educational institutions, or to federal, state, or local agencies. In the event of litigation, we may send records to the Department of Justice, a court, adjudicative body, counsel, party, or witness if the disclosure is relevant and necessary to the litigation.

102.     The Department indicated in the Federal Register that the collection of information in the attestation form "will allow the Department of Education to inform borrowers and loan servicers of the information needed to review and adjudicate requests for relief under borrower defense regulations." 80 Fed. Reg. 32944-45 (June 10, 2015).

103.     The attestation form does not solicit information from an individual borrower about their earnings. Nor does it seek information regarding either the "value" of having attended Corinthian, or the harm caused by Corinthian's illegal behavior.

104.     The attestation form for Everest and WyoTech borrowers is identical in all material respects to the Heald attestation form, although it clarifies that the application covers all "federal Direct Loans (including Parent PLUS loans issued to parents of Everest and WyoTech students) received on or after July 1, 2010)."

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF

105.    The Universal Borrower Defense Application, another Department-created, OMB-approved form used by some Corinthian borowers to apply for loan cancellation, contains a Privacy Act notice identical in all material respects to the attestation forms.  It, too, does not solicit information from an individual borrower about their earnings, the "value" of their education, or the harm caused by Corinthian's illegal behavior.

***The Department's Application of the Corinthian Job Placement Rate Rule***

106.    From its inception until January 20, 2017, the Department consistently applied the Corinthian Job Placement Rate Rule to grant borrower defense relief to individuals who attended the specified programs during the periods of time identified by the Department.

107.    The Corinthian Job Placement Rate Rule took effect as early as June 2015, when the Department sought and received emergency clearance from OMB to take certain actions with respect to Corinthian borrowers.

108.    Whereas the Department had received only 5 claims for borrower defense in the previous 20 years, "[o]ver the last several months, the Department has received over 1,000 such claims due to a building debt activism movement as well as the notoriety of Corinthian's collapse, creating a need for a clearer process for potential claimants."

109.    The Department recognized that "borrowers have a right to assert a defense to repayment claim," and in light of the fact "that the Department has made findings against a number of CCI's former programs," the Department "has a legal responsibility to timely provide" relief by "set[ting] up a process to review and adjudicate" the claims of former Corinthian students.

110.    The Corinthian Job Placement Rate Rule was the first and primary means that the Department used to ensure that student borrowers injured by Corinthian would, in the words of Arne Duncan, former Secretary of Education, "get every penny of the debt relief [they] are entitled to[.]"

111.    The Department recognized that, out of the tens of thousands of borrower defense claims it had received, the clearest, simplest claims to resolve were those submitted under the Corinthian Job Placement Rate Rule:

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF

Wherever possible, the Department will rely on evidence established by appropriate authorities in considering whether whole groups of students (for example, an entire academic program at a specific campus during a certain time frame) are eligible for borrower defense relief.  This will simplify and expedite the relief process, reducing the burden on borrowers.

112.    The Department intended the Corinthian Job Placement Rate Rule to be an "expedited" and "streamlined" process. The Rule was a means to "fast track relief based on legal findings for large groups of students," so that there would be "no need for these students to make any individual showing that they were affected by the school's fraud," according to Ted Mitchell, former Under Secretary of Education.

113.    Between June 2015 and June 30, 2016, the Department's borrower defense process was administered by the Special Master in conjunction with FSA, the Office of the Under Secretary, and the Office of General Counsel of the Department.

114.    In his first report, issued in September 2015, the Special Master affirmed that the Corinthian Job Placement Rate Rule cases were the low hanging fruit of the pending applications for loan discharge under borrower defense because "both facts and law are clear."  Thus, "[t]he clearest claims at present are claims from Heald College students using the Attestation Form created by the Department that meet the criteria set forth in that form."

115.    Each time that the Special Master submitted claims to the Under Secretary for approval pursuant to the Corinthian Job Placement Rate Rule, he recommended, and the Under Secretary approved, relief according to the rule—complete cancellation and a return of any money paid to the Department on the loans.

116.    During the Special Master's tenure, the Department approved approximately 3,787 claims pursuant to the Corinthian Job Placement Rate Rule.

117.    As of July 1, 2016—the termination of the Special Master's appointment—there were approximately 22,800 claims for borrower defense pending at the Department.

118.    Beginning July 1, 2016, the Department's borrower defense process was administered by the Borrower Defense Unit, a division of the Enforcement Unit created within

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF

FSA, in conjunction with the Office of the Under Secretary, the Office of General Counsel, and the Business Operations Unit of FSA.

119.    The Borrower Defense Unit continued to process claims according to Corinthian Job Placement Rate Rule, and integrated the Rule into its operating procedures.

120.    The Borower Defense Unit evaluated every claim it reviewed first under the Corinthian Job Placement Rate Rule. Only if the borrower was not covered by the Rule—that is, did not attend a specific Corinthian program within an identified findings window—did the Department consider whether the borrower otherwise established a claim for discharge under borrower defense.

121.    Between July 1, 2016 and January 20, 2017, the Department approved approximately 24,500 claims under the Corinthian Job Placement Rate Rule.

122.    In October 2016, FSA issued a public report on the Department's borrower defense process, indicating that the Borrower Defense Unit's "focus has been to accelerate adjudication of the rapidly increasing number of claims based on the Department's findings concerning Corinthian's misleading job placement rates ('findings claims')."

123.    As of October 2016, the Department had received approximately 82,000 borrower defense claims.  Approximately 60 percent of these claims were covered by the Corinthian Job Placement Rate Rule.

124.    In its October 2016 report, the Department stated that between June and October 2016, the Department had approved 11,822 "findings claims" pursuant to the Corinthian Job Placement Rate Rule, and that "[a]t the current pace, the Department expects to resolve all pending eligible findings claims by spring 2017."

125.    On information and belief, each and every time the Department approved a claim pursuant to the Job Placement Rate Rule, it provided the borrower with a full cancellation of all outstanding student loan debt and a return of all money previously collected by the Department on that loan.

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF

126.   Prior to January 20, 2017, the Department did not deny any claims for borrower defense.

127.   In total, prior to January 20, 2017, the Department granted borrower defense discharges to approximately 25,000 individuals who attended Corinthian.  The vast majority of these claims (all but approximately 600) were granted pursuant to the Corinthian Job Placement Rate Rule.

128.   The Department also approved a number of claims asserted by Corinthian borrowers who were not members of a findings cohort, on the grounds that those borrowers had established a cause of action under state law (and therefore a borrower defense) because Corinthian made an express guarantee of employment, or misrepresented that credits awarded by the school would transfer to another institution.

129.   On information and belief, the legal and factual bases of the Department's decision to grant relief with respect to these two categories of non-findings claims are set forth in memoranda that specifically reference and build off of the Corinthian Job Placement Rate Rule.

***The Department's Abandonment of the Corinthian Job Placement Rate Rule***

130.   Since January 20, 2017, the Department has not approved any claims under the Corinthian Job Placement Rate Rule.

131.   This is true despite the Department's receipt of tens of thousands of attestation forms from borrowers covered by the Rule on which it has failed to act.  Many of these applications were received by the Department nearly two years ago.

132.   Public statements by senior Department officials, the Secretary of Education, the Acting Under Secretary of Education James Manning, and a report conducted by the Department's Office of Inspector General ("OIG") (Federal Student Aid's Borrower Defense to Repayment Loan Discharge Process, Dec. 8, 2017, ED-OIG/I04R0003) confirm that the Department made an affirmative decision to abandon the Corinthian Job Placement Rate Rule.

133.   In March 2017, the Acting Under Secretary formed a Borrower Defense Review Panel.

26

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF

134.    Shortly thereafter, the Review Panel placed the processing of borrower defense claims, including those under the Corinthian Job Placement Rate Rule, on indefinite pause.

135.    This pause meant that approximately 16,000 claims that the prior administration had approved pursuant to the Corinthian Job Placement Rate Rule, which had not yet gone through the mechanical discharge process, were not discharged.

136.    On May 4, 2017, the Acting Under Secretary issued a directive to the Borrower Defense Unit to cease submitting any borrower defense claims to the Acting Under Secretary for approval until "interim procedures" could be developed.

137.    On June 14, 2017, the Secretary announced that, pursuant to a "regulatory reset," she was undergoing further rulemaking on borrower defense, and delaying the borrower defense regulation that had become final during the prior administration and was set to go into effect on July 1.[2]

138.    On July 7, 2017, in reponse to questions from several members of the U.S. Senate, the Acting Under Secretary stated that, as of that date, 96,944 borrower defense claims had been received by the Department since June 2015, and 65,169 of these claims were "currently pending review, decision, or adjudication."  Of these, 45,092 "pending claims" were "associated with students who attended Corinthian."

139.    Data provided by Acting Under Secretary Manning to Senators showed that residents of California had submitted the most claims for borrower defense (25,653) and had the most claims pending (15,465) of any state.  This volume is attributable to the large number of students in California affected by Corinthian's illegal conduct.

140.    Acting Under Secretary Manning reported that between January 20, 2017 and July 7 of that year, the Department received 14,949 borrower defense claims.

---

[2] This rulemaking does not impact the loans at issue in this Complaint.  Further, the lawfulness of the Defendants' delay of the regulation has been challenged as unlawful by students, *Bauer v. DeVos*, No. 17-1330 (D.D.C., filed July 6, 2017) and a multi-state group of attorneys general, *Mass. v. U.S. Dept. of Educ.*, No. 17-1331 (D.D.C., filed July 6, 2017).

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF

141.    He further stated, "No borrower defense applications have been approved between January 20, 2017, and today."

142.    On information and belief, the Department has not "approved" any borrower defense applications under the Corinthian Job Placement Rate Rule between July 7, 2017 and the date of the filing of this Amended Complaint.

143.    Acting Under Secretary Manning advised that, as of Summer 2017, "there [were] currently no regularly produced reports provided to senior officials" concerning borrower defense, "pending the review of the borrower defense process by the new Administration."

144.    The Department's position that it is not bound by its Corinthian Job Placement Rate Rule, and decision to abandon the Rule, is further evidenced by a procurement notice it issued in August 2017.  The Department sought to "acquire added resources" in the form of outside contractors because "policy changes may necessitate certain claims already processed be revisited to assess other attributes."

145.    This procurement also acknowledged an "existing large backlog of claims from borrowers requesting relief from student loan debts," which is "largely due to a combination of [Department] outreach efforts and growing public awareness about the loan relief program, which is causing a continuous flow of new claims."

146.    Despite these outreach efforts and the "continuous flow" of new claims, since January 20, 2017, the Department has dramatically reduced the amount of internal resources devoted to processing borrower defense claims, including under the Corinthian Job Placement Rate Rule.

147.    In November 2016, the Borrower Defense Unit was staffed with 10 attorneys, a director, and 19 contracted staff.  As of September 2017, the same unit had no director, and only six contracted staff. The Department acknowledged in its procurement notice that "the FSA borrower defense unit currently lacks sufficient staff[.]"

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF

148.     According to news reports, Secretary DeVos stated, during a September 2017 speech to the Mackinac Republican Leadership Conference, "Under the previous [borrower defense] rules, all one had to do was raise his or her hands to be entitled to so-called free money."

149.     According to a news article published in the *Washington Post* on October 24, 2017, there were at that time over 87,000 applications for debt relief pending at the Department. "[P]eople within the agency who were not authorized to speak publicly" reported that "[a]t least 10,000 of those claims have been recommended for approval," but "department officials are refusing to pull the trigger."  Per this news article,

> [Departmental sources] say leadership in the Office of Federal Student Aid and the Office of the General Counsel would prefer to grant partial relief based on the debt-to-earnings data collected from vocational programs.  For example, if a former nursing student from Corinthian Colleges applied for relief, her claim could be judged based on the average salary of students in similar programs at other schools. But those familiar with the issue say there is no consensus on a path forward at the department.

150.     The Department continues to receive attestation forms and other claims for borrower defense discharge from borrowers covered by the Corinthian Job Placement Rate Rule.

151.     In its December 8, 2017 report, the Office of Inspector General recommended that the Department resume the discharge process and noted that, in order to do so, the Borrower Defense Unit would have to seek permission from the Office of the Under Secretary.

### Class Members' Reliance on Corinthian Job Placement Rate Rule

152.     To date, the Department has provided relief to approximately 24,504 individuals pursuant to the Corinthian Job Placement Rate Rule.

153.     As of July 7, 2017, the Department had received but not processed over 45,000 claims for relief from former Corinthian students.  By November 14, 2017, the Department had received but not processed over 95,000 claims.

154.     Assuming a continuation of prior trends, and in light of the outreach efforts described below, a substantial number of these pending claims are covered by the Corinthian Job Placement Rate Rule.

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF

155. More individuals who are eligible for relief under the Corinthian Job Placement Rule have applied for, and have not yet received, a borrower defense discharge than have gotten the discharge.

156. The Department estimates that approximately 50,000 former Heald College students may be eligible for loan discharge under the Corinthian Job Placement Rate Rule. When the Department announced, in November 2015, the first round of findings regarding job placement rate misrepresentation at Everest and WyoTech, it estimated that 85,000 additional students may be eligible for relief under those findings.

157. The precise number of individuals eligible for discharge under the Corinthian Job Placement Rate Rule is known to the Department.

158. On information and belief, the Department has in its possession program-level data that allows it to determine which individual borrowers are covered by the Corinthian Job Placement Rate Rule.

159. Tens of thousands of individuals who are eligible for loan relief under the Corinthian Job Placement Rate Rule have not, but may, submit a claim to the Department.

160. It is likely that additional individuals will submit claims for relief because the Department, state attorneys general, and legal aid advocates have engaged in extensive efforts to make eligible individuals aware of the Corinthian Job Placement Rate Rule and the process for submitting an attestation form.

161. The Department has conducted extensive outreach to borrowers it determined potentially eligible for loan discharge under the rule.

162. These outreach efforts began as soon as the Department made findings regarding Heald College.

163. In July 2015, the Department conducted an email outreach campaign to over 50,000 borrowers who attended Heald College since 2010 to notify them that they may be eligible for debt relief. The email provided information about eligiblity and linked to both the list of programs

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF

covered by the Department's findings and the webpage where one could fill out and submit the attestation form.

164.   Over the Special Master's one year appointment, the Department had sent over 330,000 letters via email and postal mail to former Corinthian students who were members of cohorts covered Department findings of job placement misrepresentation:

> The Department is making numerous efforts to reach borrowers who may be eligible for loan discharges under the CCI job placement rate findings, and continues to work to improve its outreach efforts. This outreach consists of multiple rounds of emails and postal mail to CCI borrowers who had their first loan disbursement as early as January 1, 2010. This includes email and postal mail to over 280,000 Everest and WyoTech borrowers and over 55,000 Heald borrowers.

165.   The Federal Student Aid Enforcement Unit, after taking over the borrower defense process over from the Special Master, conducted "ongoing outreach efforts to former students of Corinthian Colleges, Inc."

166.   In October 2016, the Department explained that the methods it employed to "inform borrowers that they may be eligible for borrower defense relief" included "expanded postal mail outreach, a Facebook advertisement pilot, a servicer pilot that relies on emails, postal mail, phone calls, and texts, and an outreach partnership with state attorneys general[.]"

167.   The Department reported that it was "working closely" with state attorneys general from 42 states and the District of Columbia to reach more borrowers covered by the Corinthian Job Placement Rate Rule. The Department noted that it

> would like to especially thank the Illinois and Maryland Attorney General's Office for their leadership and coordination of these efforts, as well as the Massachusetts Attorney General's Office, which has already gathered and submitted a large number of claims from borrowers who attended campuses in Massachusetts. The BD Unit thanks all of these state partners for their commitment to helping the eligible borrowers in their state.

168.   In spring 2017, a bipartisan group of 47 state attorneys general, using information provided by the Department, conducted outreach to inform more than 100,000 former Corinthian students who are eligible for discharge pursuant to the Corinthian Job Placement Rate Rule.

31

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF

169.    On information and belief, the Department provided these attorneys general with spreadsheets identifying specific individuals it had determined were members of findings cohorts and thus subject to the Corinthian Job Placement Rate Rule, for the purpose of conducting outreach. This outreach is ongoing.

170.    Legal aid organizations, including those representing Named Plaintiffs in this action, have conducted outreach and held clinics to make former students of Corinthian Colleges aware of their potential eligibility for loan discharge pursuant to the Corinthian Job Placement Rate Rule and borrower defense generally.

*The Department's Adoption of the "Average Earnings Rule"*

171.    On December 20, 2017, the Department re-confirmed its abandonment of the Corinthian Job Placement Rule and announced its replacement: the "Average Earnings Rule."  It did so in a press release indicating that the Department "today unveiled an improved discharge process for borrower defense to repayment (BDR) claims."  This new Rule is estimated to "cut the overall amount of relief granted to students by around 60 percent."

172.    Under the Average Earnings Rule, the Department separates the question of whether a borrower has established a defense from the question of what consequences follow from that conclusion.  After determining that a defense exists, by some undisclosed process and standard, the Department then purports to calculate the "value" of the education received by the borrower

173.    The Department evaluates a borrower defense application by comparing the average income of borrowers from the applicant's program of study with the average income data from borrowers at an undefined "peer" school with a "passing gainful employment (GE) program."  Specifically, "Students whose earnings are less than 50 percent of their peers from a passing gainful employment (GE) program will receive full relief.  Students whose earnings are at 50 percent or more of their GE program peers will receive proportionally tiered relief to compensate for the difference and make them whole."

174.    The Department's "tiers" are as follows:

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF

| CCI Earnings as a Percentage of GE Earnings | Amount of Relief |
|---|---|
| 1% to 49% | 100% |
| 50% to 59% | 50% |
| 60% to 69% | 40% |
| 70% to 79% | 30% |
| 80% to 89% | 20% |
| 90% and above | 10% |

175.    The Department also indicated that "Borrowers will be notified on a rolling basis as their discharge is finalized. The remaining pending claims will be adjudicated systemtically under the newly announced discharge process." Upon information and belief, the Department only recently began applying the Average Earnings Rule to class members.

176.    This Average Earnings Rule does not taken into account an individual's field of employment or area of study. As the Department itself has noted, "if a borrower attends a nursing program, but couldn't find a nursing job and ended up in another field, the department has no way of knowing that."

177.    The Average Earnings Rule, in choosing the "peer schools" to compare to, also does not take into account the debt that students from other schools maintain. That is, a school may "pass" the gainful employment test irrespective of its students' earnings, and thus a student from a "peer" school with lower income may not be saddled with the same debt as a Corinthian borrower.

178.    The Department has not explained how this new rule comports with its evidence and prior findings underpinning the Corinthian Job Placement Rule, or how a partial denial is justified given those findings and conclusions. Nor has the Department explained how this Rule is consistent with the Regulation's requirement that a remedy be tethered to the individual's borrower defense (e.g., to the state law claim). And, the Department has applied this Rule to individuals irrespective of any additional information or evidence that individuals have submitted for consideration.

179.    The Department has sent e-mail notifications to proposed class members informing them that their claims were partially denied.  That notification informs the borrower that: "you are entitled to foregiveness of the loans associated with your enrollment at Corinthian Colleges, Inc. ("CCI") based on the school's material misrepresentation(s) to you."  It then provides a "Relief Determination" that informs the borrower that "based on your enrollment in [specific] program, [%] of the Federal Student Aid Direct Loan amounts you received for the programs of study related to your approved claim will be discharged (forgiven).  The Department will notify your loan servicer of the approved amounts for forgiveness, and the forgiveness should be completed within the next 90-120 days."

180.    The Department also notifies applicants, without any guarantees, that "the Department will take steps to reduce the amount of interest that has accrue on your loan(s) from the time you submitted your claim."

181.    The Department's notice does not inform the applicant that she has a right to appeal the determination by filing a lawsuit in U.S. District Court.

182.    In order to obtain the data to implement this Average Earnings Rule, the Department is relying on an Information Exchange Agreement with the SSA.  This Agreement was designed to "provid[e] aggregate disclosures of earnings information to the public to assist them in evaluating institutions that participate in the federal student aid programs."  In other words, the information obtained from the Agreement would allow the public to evaluate the legitimacy of various institutions.

183.    Under this gainful employment agreement, the Department provided the SSA with the names, dates of births, social security numbers, and a requested earnings report year for students, and SSA "extract[s] their earnings data . . . and compute[s] aggregate earnings data by specific group as provided by ED for the requested earnings report year."  SSA would then send the Department aggregated data without identifying information.

184.    The Department has been using this Agreement to send the SSA personal data from Corinthian students and students at their "peer" schools.  The Department's disclosure of personal

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF

information of applicants for borrower defense to SSA is not for the purpose of calculating gainful employment rates, and the groupings of students are different than the groupings required by that regulation. The SSA has then sent back aggregated average income data for Corinthian students in specific programs and students at the "peer" school. Then, based on SSA's data, the Department decides individual borrower defense applications.

185. The Department has not released the underlying data that it is relying upon for its determinations. Nor is there information available that would permit a borrower to verify: whether the income data that the Department considered is accurate; whether the individuals selected to be included in the data actually attended specific programs; whether the "peer school" actually reflects a comparable entity; or, whether the student data considered from the "peer school" is accurate.

186. Upon information and belief, the Department lacks an information sharing agreement that specifically allows for the SSA's data to be utilized for this purpose.

187. Upon information and belief, the Department has taken this action without disclosing the program to the House Committee on Government Operations, the Senate Committee on Governmental Affairs, and the Office of Management and Budget.

188. The Department has determined proposed member's borrower defense claims without obtaining the income data directly from the individuals implicated in the calculation. Nor has the Department ever informed the individuals that their income information would be used in this manner.

***The Department's changed conduct has and will continue to cause substantial harm.***

189. The Department's outreach under the Corinthian Job Placement Rule was well justified in light of the harm that those subjected to illegal conduct and thus eligible for relief under the Corinthian Job Placement Rate Rule have suffered and continue to suffer.

190. Members of the proposed class spent their time, money, and eligiblity for federal student aid on sham programs. They did so because Corinthian lied to them, a fact which the Department's findings confirm.

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF

191.    The Department has recognized that they are entitled to a borrower defense discharge.

192.    Borrower defense discharge removes the obligation to repay the loan, restores a borrower's eligiblity for federal financial aid, removes negative credit reporting associated with the discharged loan or loans, and refunds any amount paid on the loan.

193.    Until members of the proposed class receive full discharge of their loans, the harm from Corinthian's misconduct compounds. Members of the proposed class must forgo or defer further education; they are unable to qualify for loans, or qualify only for the most predatory loans, that many require to secure basic housing and transportation needs. Members of the proposed class have impaired credit that negatively impacts their ability to obtain certain jobs and precludes them from renting certain apartments.

194.    Interest continues to accumulate on the loans of class members while claims are pending, even if a borrower requests and the Department grants an administrative forbearance during this period.

195.    The Department's abandonment of the Corinthian Job Placement Rate Rule denies members of the proposed class relief that they are entitled to.  It treats them differently from other borrowers who were granted discharges prior to the Department's abandonment of the Rule.  For example, Plaintiffs are aware of at least one instance in which a student and her mother each submitted an attestation for relief under the Rule for loans financing the daughter's program. Before January 20, 2017, the Department granted the mother full discharge of her Parent PLUS loans.  Under the Average Earnings Rule, however, the Department partially denied the daughter's claim for relief, even though the application involved loans for the exact same student and same program.

196.    The Department's actions compound the psychological distress that members of the proposed class carry, due to the fact that they are saddled with loans that Defendants have already determined to be the product of illegal behavior by Corinthian.  Now they have been lied to by both Corinthian and the federal government.

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF

197.    The Department has taken action to collect loans from members of the proposed class, including by seizing their tax refunds and wages.

198.    Because the Department has abandoned the Corinthian Job Placement Rate Rule, and is applying the Average Earnings Rule, Named Plaintiffs and members of the proposed class may not receive full discharges of their loans.

199.    Those who have applied or will apply for discharge based on the Department's Corinthian Job Placement Rate Rule, and who ultimately do not receive full discharges will be required to repay more money than had they never applied, because interest continues to accumulate while Defendants sit on the claims.

200.    Members of the proposed class who apply for, but ultimately do not receive full discharges will further be injured by the Department's abandonment of the Corinthian Job Placement Rate Rule and adoption of the Average Earnings Rule. In reliance on the Department's promise of "expedited" and "fast-track" relief, members of the proposed class have placed their loans in forbearance rather than in a repayment status, thus extending not only the amount but also the life of the loan.

201.    Many members of the proposed class are living on fixed incomes and cannot absorb the shock of the Department's bait-and-switch. After having structured their lives believing that these loans would be forgiven, many members of the proposed class will be unable to make payments when they become due. These members will face a choice between paying for their daily necessities or defaulting on their loans.

202.    Members of the proposed class who receive a partial denial based on the Department's Average Earnings Rule will be required to pay money on loans that the Department agrees were incurred in violation of state law.  They will do so as a result of a Rule that denied them full process and that infringes on rights under the Privacy Act.

## FACTS CONCERNING NAMED PLAINTIFFS

***Martin Calvillo Manriquez***

203.    Martin Calvillo Manriquez resides in Oakland, California.

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF

204.     Mr. Calvillo Manriquez first learned about WyoTech from a Corinthian recruiter who attended a career fair at Mr. Calvillo Manriquez's high school.  This recruiter, and later other Corinthian representatives, discouraged Mr. Calvillo Manriquez from attending the automotive program at a local community college that he had been considering and to instead enroll in WyoTech. They repeatedly represented to him that WyoTech provided a top-notch education that would lead to a sucessful and well-paid career in automotive technology.

205.     He enrolled in the Applied Automotive Technology Diploma program at Corinthian's WyoTech-Fremont campus on September 28, 2011.  The financing that WyoTech representatives arranged for his enrollment included two federal Direct Loans totalling $6,418.

206.     After enrolling at WyoTech, Mr. Calvillo Manriquez discovered that the quality of education was not as promised and that he would not learn the skills there that he would need to be employable. He did not have any real opportunity for the promised hands-on learning while he was enrolled. Both the equipment and the instructors were insufficient and sub-par.

207.     While he was in school, he worked at an oil change shop earning $8 an hour. His job involved changing oil and fluids, but the shop did not do any automotive repairs.  Mr. Calvillo Manriquez noticed former WyoTech students, who had completed the very same program he was currently enrolled in, coming to the oil change shop to apply for the same low-paying, non-technical job he already had—a job that did not require a certificate or any special training.

208.     Furthermore, after enrolling, Mr. Calvillo Manriquez spoke with several WyoTech automotive program graduates who told him that their WyoTech education and diploma had not helped them to get jobs in the field and instead had left them with unmanageable student loan debt.

209.     Based on this information, Mr. Calvillo Manriquez decided to withdraw from WyoTech in early 2012.  His last date of attendance was April 11, 2012.

210.     Mr. Calvillo Manriquez is a member of the findings cohort identified by the Department for the Applied Automotive Technology Diploma program at WyoTech-Fremont. As listed in Exhibit B, this findings cohort includes those who attended between July 1, 2010 and September 20, 2013.

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF

211.    Even though the Department determined that Mr. Calvillo Manriquez was misled and cheated, the Department has collected aggressively on the federal loans he obtained to enroll in WyoTech. Mr. Calvillo Manriquez is unable to afford the demanded payments.

212.    On February 2, 2016, the Department offset of Mr. Calvillo Manriquez's full 2015 tax refund, in excess of $2,000.  In July 2016, the Department began garnishing 15% of his wages.

213.    Mr. Calvillo Manriquez did not learn of the Department of Education's findings of wrongdoing by WyoTech or of his eligibilty for discharge of his federal loans until well after the Department initiated forced collection proceedings against him.

214.    Mr. Calvillo Manriquez applied for borrower defense discharge by completing and submitting the attestation form included as Exhibit D on January 3, 2017.  The Department has confirmed receiving his application on this date.

215.    On January 12, 2017, Mr. Calvillo Manriquez sent separate requests for hearing to the Department to contest the Department's garnishment of his wages and offset of his tax refund. The Department never responded to Mr. Calvillo Manriquez's requests for hearing.

216.    Shortly after Mr. Calvillo Manriquez submitted requests for hearings, the Department stopped garnishing his wages without explanation.  However, the Department again offset Mr. Calvillo Manriquez's tax refund, this time for the 2016 tax year.

217.    In total, the Department took approximately $7,500 from Mr. Calvillo Manriquez through forced collection.

218.    The Department has yet to notify Mr. Calvillo Manriquez of any decision on his application for discharge of his federal student loans.  Though he has requested forbearance on his loans while his hearing requests and application are under review, the Department continues to report these loans as defaulted to credit reporting agencies.

219.    Mr. Calvillo Manriquez's credit is impaired by the non-discharge of his Corinthian loans.  They are the only tradelines reported on his credit report, and the reporting is negative.

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF

220. Mr. Calvillo Manriquez has deferred applying for any credit transactions until these loans and the negative reports associated with them have been removed, something he anticipated would have already happened.

***Jamal Cornelius***

221. Jamal Cornelius resides in Hercules, California.

222. Mr. Cornelius became interested in Heald College shortly after completing high school, based on advertisements and recruitment promises that Heald programs would lead to a rewarding and well-paid career in information technology. He enrolled in the Information Technology-Emphasis in Network Security AAS program at Heald College's Concord, California campus on July 22, 2013.

223. To finance his enrollment in Heald College, the school arranged for Mr. Cornelius to take out a total of $25,555 in federal student loans, $6,375 in Federal Pell Grants, and $2,000.26 in private student loans originated through a proprietary Corinthian loan program.

224. In early 2015, Heald-Concord notified its students that it would be closing in short order. On or around April 9, 2015, the school told Mr. Cornelius that he had completed his program and issued him a diploma. Mr. Cornelius' Heald College transcript, which he subsequently obtained from the California Bureau of Private Postsecondary Education, states that Mr. Cornelius completed his program on April 9, 2015.

225. Mr. Cornelius tried and was unable to obtain a job in information technology and currently works in a fast food restaurant.

226. During the summer of 2016, Mr. Cornelius received a letter from the Department of Education, notifying him of its findings with respect to Heald's wrongful conduct and his eligibility for borrower defense discharge of his federal student loans.

227. Mr. Cornelius is a member of the findings cohort identified by the Department for the Information Technology-Emphasis in Network Security AAS program offered at Heald-Concord. As listed in Exhibit A, this findings cohort includes those who attended this program after July 1, 2010.

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF

228.   Shortly after receiving the Department's notice, Mr. Cornelius applied for a borrower defense discharge, using the form that the Department included with the notification letter. , a copy of which is attached as Exhibit C.

229.   Several months after his first application, Mr. Cornelius resubmitted his application to the Department because he had not heard anything regarding his first submission.  The Department subsequently confirmed that it had received an application from Mr. Cornelius' on August 24, 2016.

230.   After Mr. Cornelius' federal loans went into repayment in late 2015, he began making the demanded monthly payments of $273.64 to the Department.  Mr. Cornelius did not request forbearance on his federal student loans when he first submitted his application for discharge because he was concerned about the unpaid interest that would accumulate on his loans while his application was under review.

231.   However, the monthly payments represented a substantial hardship to Mr. Cornelius, and in November 2017, after waiting more than 14 months for the Department to review his application, he contacted the Department and his federal student loan servicer to request administrative forbearance on his loans.  The Department told Mr. Cornelius that it would take six to eight weeks for it to notify his servicer that he was eligible for administrative forbearance. The servicer told Mr. Cornelius that it could not place Mr. Cornelius in administrative forbearance unless it first received approval from the Department, but that in the interim it could offer him a less favorable forbearance program that would result in the capitalization of unpaid interest.

232.   The Department has yet to provide Mr. Cornelius with any notice of a decision on his application for discharge of his federal student loans.

*Rthwan Dobashi*

233.   Rthwan Dobashi resides in San Jose, California. He is married, has two children, and is expecting a third.

234.   Mr. Dobashi became interested in attending an automotive program at WyoTech's Fremont campus based on advertisements and recruitment promises of a rewarding and well-paid

41

career in the field. Before enrolling, Mr. Dobashi made it clear to WyoTech representatives that he wanted a program focused on high-performance automobiles. WyoTech representatives told him that he should enroll in two separate, consecutive programs in order to reach this goal.

235. Mr. Dobashi began an Applied Automotive Technology Diploma program at WyoTech's Fremont, California campus on November 10, 2011 and completed the program on February 27, 2013. Based on WyoTech's representations to him that he needed to attend a second program to learn to work on high-performance engines, Mr. Dobashi began a second diploma program at WyoTech-Fremont for Applied Automotive Technology-Advanced Diagnostics on February 28, 2013 and completed it on July 22, 2013.

236. To finance Mr. Dobashi's enrollment in these two WyoTech programs, the school arranged for him to take out a total of $22,184 in federal student loans, $11,100 in Federal Pell Grants, and $3,183.73 in private student loans originated through a proprietary Corinthian loan program.

237. Mr. Dobashi tried and failed to find employment in the field of auto repair.

238. In late March or early April of 2016, Mr. Dobashi received a letter from the California Attorney General's Office notifying him that the Department of Education had made specific findings of misconduct by Corinthian at its WyoTech-Fremont campus that covered students who attended the Applied Automotive Technology Diploma program and the Applied Automotive Technology-Advanced Diagnostics program between July 1, 2010 and September 30, 2013.

239. On April 5, 2016, Mr. Dobashi applied for a borrower defense discharge of his federal student loans using the designated "Attestation For Certain Everest and WyoTech Students Application For Borrower Defense To Repayment Loan Discharge" form provided by the Department, , a copy of which is attached as Exhibit D, and provided supporting documentation.

240. Prior to applying for borrower defense discharge of his federal student loans, Mr. Dobashi had made monthly payments on his federal student loans and private student loans related to his enrollment at WyoTech. When he applied for borrower defense discharge of his federal

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF

student loans, he requested forbearance while his application was being reviewed. On May 20, 2017, over a year after he first applied for discharge, the Department informed Mr. Dobashi that his federal loans had been put into forbearance but that they would accrue interest at an estimated amount of $76.27 per month while the forbearance was in effect.

241. After Mr. Dobashi learned about the Department's findings and his eligibility for a borrower defense discharge, he shared the information with a friend who was a former classmate. His friend submitted an attestation form, and Defendants discharged his loans nearly one year ago.

242. The Department has yet to provide Mr. Dobashi with any notice of decision on his application for discharge of his federal student loans.

243. The continued existence of Mr. Dobashi's Corithian loans is a source of stress for him and his family.

### Jennifer Craig

244. Jennifer Craig resides in Baldwin Park, California.

245. Ms. Craig first learned about Everest in early 2014 through an online search. She was looking for a program that would allow her to work in a healthcare environment that did not involve working directly with patients. She wanted to gain education and a credential that would set her on a career path beyond the minimum-wage retail jobs she had worked in to that point.

246. Recruiters for Everest repeatedly represented to her that she would be assured of a job if she enrolled and that they would assist her in securing a job in the field. They showed her placement statistics that purported to show that graduates of the program got jobs in their field.

247. Ms. Craig enrolled in the Medical Insurance Billing and Coding program at Corinthian's Everest-City of Industry Campus in or around April 2014. The financing that Everest representatives arranged for her enrollment included two federal Direct Loans totalling $9,019.

248. While she was in school, Ms. Craig worked at Fry's Electronics part-time earning $11 an hour. While there, she completed a one-month internship in her field of study. She graduated form the Everest program in February 2015, shortly before the school shut down.

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF

249.    Ms. Craig went to the school to pick up her diploma, and found that the school was locked.  There was a sign on the door that said the school had shut down.  There was a phone number listed for "Department of Education."  When she called this number, she got a recorded message that the number was no longer associated with the Department of Education.  There was no way to leave a message. She never got her diploma.

250.    Since graduation, Ms. Craig has been unable to find a job in Medical Insurance Billing and Coding. She learned after graduation that employers require one year of billing experience as a prerequisite to entry-level jobs.  She has applied for numerous positions in the field and has been denied at each one because she did not receive the requisite training through her program.  As a result, she has worked minimum wage jobs outside of this field.

251.    Ms. Craig's husband lost his job in early 2018.  Ms. Craig is not now working outside the home, because she cares for their three children, aged 15, 13, and three months.  She and her husband rely on public assistance for food.  They are unable to timely and consistently make their monthly payments for various bills. Their financial situation currently leaves them unable to fix their family's broken car or to obtain a loan for a replacement car.

252.    Ms. Craig is a member of the findings cohort identified by the Department for the Medical Insurance Billing and Coding Diploma program at Everest-City of Industry.  As listed in Exhibit B, this findings cohort includes those whose first date of enrollment fell between July 1, 2010 and September 30, 2014.

253.    Ms. Craig applied for borrower defense discharge by completing and submitting the attestation form in or around June 2016. She understood and expected that the result of submitting the form would be complete loan cancellation, which provided her some relief from the stress and anxiety that Everest caused her.

254.    On March 8, 2018, the Department of Education e-mailed Ms. Craig, informing her that her borrower defense application had been partially denied.  Despite its prior findings that Ms. Craig was entitled to a discharge as a member of the findings cohort, the Department, utizling its Average Earnings Rule, indicated that it would only discharge 20% of her loans.

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF

255. The Department of Education informed Ms. Craig that collection on the remaining 80% of her loans will soon begin.

256. Ms. Craig had anticipated that the Department of Education would forgive all of her fraudulently obtained loans. She is unable to make monthly payments on the 80% of these invalid loans. She will be forced to choose between paying for food and necessities for her family, or paying the loans. She anticipates that she will default on the loans and suffers from daily stress as a result of this situation.

## CLASS ACTION ALLEGATIONS

257. Named Plaintiffs Manriquez, Cornelius, Dobashi, and Craig file this action on behalf of themselves and all other individuals similarly situated. They seek to represent a class consisting of

> all individuals who borrowed a Direct Loan to finance the cost of enrollment in a program who are covered by the Department's Corinthian Job Placement Rate Rule, who have applied or will apply for a borrower defense, and who have not been granted the full relief provided for by the Rule.

258. For the purposes of this class definition, a borrower is "covered by the Department's Corinthian Job Placement Rate Rule" to the extent he or she borrowed a Direct Loan to finance a program within the timeframe specified by the Department on the Heald findings list attached as Exhibit A or the Everest/WyoTech findings list attached as Exhibit B.

259. The proposed class satsifies the requirements of Rule 23(a) of the Federal Rules of Civil Procedure.

> a. The class is so numerous that joinder of all members is impracticable. As previously alleged, the Department estimates that there are at least 110,000 individuals who are entitled to relief under the Corinthian Job Placement Rate Rule. Tens of thousands of individuals who are eligible for loan relief under the Corinthian Job Placement Rate Rule have not, but may, submit a claim to the Department. The Department has started applying the Average Earnings Rule to class members and has indicated that all pending claims will be decided under this

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF

Rule. Because the substantial majority of pending borrower defense applicants are from Corinthian borrowers, the Department has applied, and is likely to apply, this new rule to thousands of proposed class members;

b.  There are questions of law and fact common to the class, including without limitation:

    i.  Whether the Department's prior statements and actions concerning the eligiblity for borrower defense relief of certain Corinthian students constitutes a rule within the meaning of the APA, or otherwise binds the Department;

    ii.  Whether the Department may retroactively apply a different rule to Corinthian borrower defense applications on which it has not granted relief;

    iii.  Whether the Department has unlawfully withheld or unreasonably delayed processing claims of the Named Plaintiffs and members of the proposed class under the Job Placement Rate Rule within the meaning of the APA; and,

    iv.  Whether the Department's new Average Earnings Rule violates the Privacy Act, Named Plaintiffs and members' due process rights, and is arbitrary and capricious under the APA.

c.  The claims of Named Plaintiffs are typical of the claims of the proposed class. They each borrowed Direct Loan(s) to finance a career-training program at a Corinthian-operated school. Named Plaintiffs, like members of the proposed class, are intended beneficiaries of the Department's Corinthian Job Placement Rate Rule. They have been identified for outreach by the Department as members of a findings cohort. They, along with members of the proposed class, are injured by the Department's unlawful, unreasonable, and arbitrary abandonment of the Corinthian Job Placement Rate Rule. The Department has or will now process their claims

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF

under the Average Earnings Rule. Named Plaintiffs have been or will be injured by the Department's unlawful and unconstitutional application of the Average Earnings Rule;

d. The Named Plaintiffs are adequate representatives of the class because their interests do not conflict with the interests of the Class they seek to represent; they have retained counsel who are competent and experienced in APA and class action litigation; and because they intend to prosecute this action vigorously. Named Plaintiffs are represented by attorneys from Housing and Economic Rights Advocates ("HERA") and the Project on Predatory Student Lending of the Legal Services Center of Harvard Law School ("Project"). Together, attorneys from HERA and the Project have represented and/or advised hundreds of former Corinthian students regarding the borrower defense process. They have knowledge of and familiarity with the relevant law and regulations concerning federal student loans and borrower defense.

260. A class action is superior to other available means for the fair and efficient adjudication of the claims of Named Plaintiffs and the class. Each class member has been damaged and is entitled to recovery by reason of Defendants' impermissible actions under the APA.

261. A class action is appropriate under Federal Rule of Civil Procedure 23(b)(1). If all members of the proposed class were to challenge the Defendant's actions under the APA, it would risk establishing incompatible standards of conduct for the Defendants, vis-à-vis the handling of borrower defense claims.

262. This case is maintainable as a class action under Federal Rule of Civil Procedure 23(b)(2) because the Defendants' action in abandoning the Corinthian Job Placement Rate Rule, and its ongoing application of the Average Earnings Rule, applies generally to the class, such that final injunctive relief or corresponding declaratory relief is appropriate with respect to the class as a whole.

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF

# CAUSES OF ACTION

## COUNT 1

### Arbitrary, Capricious, and Unlawful Abandonment of the Corinthian Job Placement Rate Rule—APA §706(2)

263. Plaintiffs repeat and reallege the foregoing paragraphs as if fully set forth herein.

264. The Administrative Procedure Act provides that those "suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action" are entitled to seek judicial review. 5 U.S.C. § 702.

265. Under section 706(2) of the APA, a reviewing court "shall...hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law[.]" 5 U.S.C. § 706(2)(A). A court shall also set aside agency action that is "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right[.]" *Id.* § 706(2)(C).

266. Without adequate explanation or justification, and without notice, the Department abruptly halted its processing of claims under the Corinthian Job Placement Rate Rule. It has decided that it can change course and not honor the Rule, notwithstanding its previous determinations and actions, which include:

    a. deciding that the borrower defense claims of former Corinthian students are governed by California law;

    b. deciding that evidence supports a cause of action under California law for cohorts of borrowers;

    c. identifying with specificity the cohorts of borrowers covered by its findings;

    d. deciding that those borrowers covered by findings can supply all necessary information to receive a borrower defense discharge on a simple 4-page form;

    e. determining that the appropriate amount of relief for such borrowers under California law is a full discharge and return of any money previously collected by the Department;

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF

f.  notifying former Corinthian students of the availability and terms of the discharge; providing spreadsheets identifying specific individuals who are members of findings cohorts to attorneys general for the purposes of contacting those individuals and faciliating their applications for borrower defense discharge; and

g.  granting approximately 25,000 such applications for discharge.

267.  Since January 20, 2017, Defendants have not granted any borrower defense discharges under the Corinthian Job Placement Rate Rule, even for individuals who followed the Department's invitation to submit a simple attestation form establishing membership in a findings cohort. This fact, and other public statements and actions, confirm that the Department has made the determination that it is not bound by the Corinthian Job Placement Rate Rule.

268.  This determination constitutes "final agency action" reviewable by this Court. 5 U.S.C. § 704.

269.  This final agency action must be set aside under the APA, 5 U.S.C. § 706(2), because it is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with the law, and/or without observance of procedure required by law.

## COUNT 2

### Unlawful Retroactive Application of a Rule—APA §706(2)

270.  Plaintiffs repeat and reallege the foregoing paragraphs as if fully set forth herein.

271.  The Corinthian Job Placement Rate Rule is a "rule" within the meaning of the APA, 5 U.S.C. § 551(4).

272.  By its terms, the Rule applies to Named Plaintiffs and members of the proposed class.

273.  This Rule holds that Named Plaintiffs and members of the proposed class are eligible for a discharge pursuant to borrower defense upon providing the Department with a signed attestation form establishing that they are covered by the Department's findings, and borrowed Direct Loans.

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF

274.    The Corinthian Job Placement Rate Rule further holds that the relief warranted is full discharge of related outsanding loans and a return of money collected by the Department on those loans.

275.    The Department has provided or attempted to provide notice of the Rule, and procedures for securing a borrower defense discharge, to Named Plaintiffs and members of the proposed class, because the Department has determined that they are members of a cohort of borrowers covered by the Department's findings.

276.    Named Plaintiffs and members of the proposed class have applied, or will apply, for loan discharge under the process established by the Department for implementation of the Rule, which the Department notified or attempted to notify them of.

277.    The Department has abandoned this Rule, and will not apply it to Named Plaintiffs and members of the proposed class.  Instead, the Department has been, and will continue to apply the Average Earnings Rule to Named Plaintiffs and members of the proposed class.

278.    The Department's decision to abandon the Corinthian Job Placement Rate Rule upsets the reliance interest that the Department has created in Named Plaintiffs and members of the proposed class that they will receive full cancellation of their loans upon submitting a signed attestation form to the Department.

279.    As such, the Department's departure from this rule must be set aside as violating the APA, 5 U.S.C. §§706(2)(A) and (C). The Department cannot permissibly apply the Average Earnings Rule to Named Plaintiffs and members of the proposed class.  Application of any rule other than the Corinthian Job Placement Rate Rule would constitute arbitrary and unlawful retroactive rulemaking not authorized by statute.

## COUNT 3

### Unlawfully Withheld Agency Action—APA §706(1)

280.    Plaintiffs repeat and reallege the foregoing paragraphs as if fully set forth herein.

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF

281. Defendants have unlawfully withheld the application of the Corinthian Job Placement Rate Rule to Named Plaintiffs and members of the proposed class in violation of the APA, 5 U.S.C. § 706(1).

282. Application of the Corinthian Job Placement Rate Rule is straightforward and mechanistic.

283. The Department does not have discretion to withhold the Rule's application from Named Plaintiffs and members of the proposed class who have submitted, or will submit, applications according to the process that the Department established.

284. The Department has already exercised its discretion in making findings about Corinthian job placement rate misrepresentations, establishing findings cohorts, and determining that the signed borrower defense applications of Named Plaintiffs and members of the proposed class are:

    a. Governed by California law;

    b. Sufficient to state a claim under California law;

    c. Sufficient to establish a defense to repayment;

    d. Sufficient to warrant full loan cancellation and a return of any money collected by the Department in payment of those loans.

285. In light of these findings, the Department is unlawfully withholding the Rule, and therefore relief, from Named Plaintiffs and members of the proposed class, in pursuit of an unlawfully undertaken "regulatory reset."

286. The Court should compel the Department to process the applications of Named Plaintiffs and members of the proposed class according to the Corinthian Job Placement Rate Rule.

## COUNT 4

### Unreasonably Delayed Agency Action—APA §706(1)

287. Plaintiffs repeat and reallege the foregoing paragraphs as if fully set forth herein.

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF

288. Defendants have violated the APA, 5 U.S.C. § 706(1) because they have unreasonably delayed processing the claims of Named Plaintiffs and members of the proposed class.

289. Pursuant to the APA, a court "shall [ ] compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

290. The Department's delay in processing the applications of Named Plaintiffs, and members of the proposed class, is unreasonable in light of the Department's demonstrated ability to process claims under the Corinthian Job Placment Rate Rule.

291. Between June 30, 2016 and October 12, 2016, the Department approved 11,822 claims pursuant to the Corinthian Job Placement Rate Rule. The Department approved more than 10,000 additional claims pursuant to the Rule by January 20, 2017.

292. The Department estimated in October 2016 that it could clear the existing backlog of cases by Spring 2017.

293. Since January 20, 2017, the Department has approved zero claims pursuant to the Corinthian Job Placement Rate Rule.

294. Despite a growing backlog of claims that, as of November 2017, approached 100,000, the Department has drastically decreased the amount of staff and resources devoted to the processing of borrower defense claims since January 20, 2017. And, this staff is now focused on applying the Average Earnings Rule to class members rather than processing their claims under the Corinthian Job Placement Rate Rule.

295. The Department has not brought to conclusion the applications presented to it within a reasonable time, as required by the APA, 5 U.S.C. § 555(b).

296. Defendants' inaction and delay has harmed Named Plaintiffs and members of the proposed class.

## **COUNT 5**

### **Violation of the Privacy Act – APA § 706(2) & 5 U.S.C. § 552a**

297. Plaintiffs repeat and reallege the foregoing paragraphs as if fully set forth herein.

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF

298.     Defendants have violated the APA, 5 U.S.C. § 706(2) because they are rendering decisions about individual borrower defense applications in violation of the Privacy Act's restrictions on Matching Programs.

299.     Defendants' data sharing program with the SSA is a "Matching Program" as that term is defined in the Privacy Act, 5 U.S.C. § 552a(a)(8)(A).  The borrower defense application consistutes a "Federal benefit program" under the Privacy Act, 5 U.S.C. § 552a(a)(12).

300.     The Department and the SSA utilize a computerized comparison of at least two automated systems of records: the department's information relating to the applicants and their program, and the SSA's information relating to the individual's income.  Once the comparison is complete, the Department uses the data to determine whether a specific borrower defense applicant recieves a full discharge of their federal student loans.

301.     The Department has failed to comply with the Privacy Act's procedural requirements.  It lacks a written agreement permitting a matching program for this purpose, it is not informing applicants that a matching program will be utilized for income or in this manner, it is not notifying individuals that they have the right to contest the agency's findings from the matching program before partially denying borrower defense claims, and the Department has not reported the Matching Program to the relevant oversight bodies.

302.     The Department is processing applications under this Rule, utilizing this Matching Program, and is therefore engaging in an ongoing violation of the Privacy Act.  This violation of the Privacy Act renders the Department's new Rule arbitrary, capricious, and contrary to law.

## COUNT 6

### Violation of Due Process – APA § 706(2) & U.S. Const., Amend. V

303.     Plaintiffs repeat and reallege the foregoing paragraphs as if fully set forth herein.

304.     Plaintiffs maintain a property interest in the outcome of their borrower defense application. This interest has been established by existing rules and understandings from independent sources, including: the statutory and regulatory standards entitling individuals to a borrower defense loan discharge; the Department's repeated statements under the Corinthian Job

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF

Placement Rule; the Department's application of that Rule to 25,000 individuals; and the Department's outreach to class members informing them of their eligibility and entitlement to relief under the rule.

305. Defendants are violating Plaintiffs' right to Due Process by failing to disclose the information on which its decisions are based. Namely, Defendants have failed to release any of the underlying data or information that its decisions are based on.

306. Defendants are violating Plaintiffs' right to Due Process by failing to recognize Plaintiffs' right to appeal the borrower defense adjudication.

307. Defendants are violating Plaintiffs' right to Due Process by failing to inform Plaintiffs what the Defendants' decision would be based on, disclose what information would be relevant to its decision, and therefore provide Plaintiffs with a meaningful opportunity to present evidence to the Defendants.

308. Defendants are violating Plaintiffs right to Due Process by relying on third-party data that does not reflect Plaintiffs' circumstances.

309. These violations of Due Process render the Department's Average Earnings Rule arbitray, capricious, and contrary to law, and contrary to a "constitutional right, power, privilege, or immunity."

## **COUNT 7**

### **Arbitrary and Caprious Rulemaking – APA § 706(2)**

310. Plaintiffs repeat and reallege the foregoing paragraphs as if fully set forth herein.

311. Defendants have adopted the Average Earnings Rule which constitutes a final agency action and "rule" within the meaning of the APA, 5 U.S.C. § 551(4).

312. The Average Earnings Rule relies on aggregate employment data that lacks a rational connection between the facts before the Department on the borrower defense applications and the Department's partial denial of class members' claims.

313. The Average Earnings Rule ignores the Department's previous evidence and findings underpinning the Corinthian Job Placement Rule.

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF

314.    The Average Earnings Rule improperly relies on third-party data that does not reflect Plaintiffs' circumstances.

315.    The Average Earnings Rule applies the wrong legal standard in adjudicating borrower defense claims. Defendants based their review on whether Corinthian had made "material misrepresentation(s)" to Plaintiff, rather than whether "any act or omission of the school attended by [Plaintiff] . . . would give rise to a cause of action against the school under applicable State law."

316.    The Average Earnings Rule fails to account for evidence undermining the use of aggregate income data.

317.    In rendering decisions under the Average Earnings Rule, the Department is failing to provide a full explanation for its decision and is failing to release the underlying data for its decisions. The Department is precluded under law from disclosing the individual income data it relies upon.

318.    Defendant incorrectly concludes, as a matter of law, that it can continue to collect a portion of Plaintiffs' loans, notwithstanding Plaintiffs' valid borrower defense to repayment of these loans.

319.    All of these problems establish that the Department's Average Earnings Rule is utterly irrational, and therefore arbitrary and capricious under the APA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter a judgment in their favor and grant the following relief:

A.  Certify the class as defined in paragraph 257 pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B.  Declare that the Department's delay in processing the borrower defense claims submitted by members of the class is unreasonable;

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF

C. Declare that the Department has unlawfully withheld the application of the Corinthian Job Placement Rate Rule to the borrower defense applications submitted by members of the class;

D. Declare that the Department may not retroactively apply a rule other than the Corinthian Job Placement Rate Rule to borrower defense applications submitted by members of the class;

E. Declare that the Department's Average Earnings Rule violates the Privacy Act;

F. Declare that the Department's Average Earnings Rule violates class members' due process rights;

G. Declare that the Department's Average Earnings Rule is unlawful as it is arbitrary and capricious;

H. Set aside the Department's decision to abandon the Corinthian Job Placement Rate Rule;

I. Set aside the Department's decision to adopt the Average Earnings Rule;

J. Order the Department to vacate its application of the Average Earnings Rule to any member of the class;

K. Order the Department to stop applying its Average Earnings Rule to any member of the class;

L. Order the Department to apply the Corinthian Job Placement Rate Rule to applications for borrower defense relief submitted by members of the class;

M. Compel the Department immediately to process applications and grant discharges to members of the class pursuant to the Corinthian Job Placement Rate Rule;

N. Award reasonable costs and attorneys' fees as authorized by law; and

O. Grant such further relief as may be just and proper.

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF

Respectfully submitted,


Dated: March 17, 2018          /s/  Joshua D. Rovenger
                               Joshua D. Rovenger

                               Noah Zinner
                               Megumi Tsutsui
                               HOUSING & ECONOMIC RIGHTS
                               ADVOCATES
                               PO Box 29435
                               Oakland, CA 94604
                               Tel.: (510) 271-8443
                               Fax: (510) 280-2448

                               Eileen M. Connor
                               Toby R. Merrill
                               Joshua D. Rovenger
                               LEGAL SERVICES CENTER OF
                               HARVARD LAW SCHOOL
                               122 Boylston Street
                               Jamaica Plain, MA 02130
                               Tel.: (617) 390-3003
                               Fax: (617) 522-0715


                               *Attorneys for Plaintiffs*

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF

# EXHIBIT A

**List of Heald College Programs and Enrollment Dates Covered by Department of Education Findings**

| CAMPUS PROGRAM | ENROLLMENT ON OR AFTER |
|---|---|
| Note:  Cordova campus is listed as Rancho Cordova and Milpitas campus is listed as San Jose | |
| Heald Concord-Accounting | 2/13/2014 |
| Heald Concord-Accounting Associates 66 weeks | 2/13/2014 |
| Heald Concord-Accounting Associates 88 weeks | 2/13/2014 |
| Heald Concord-BA - Accounting | 7/1/2010 |
| Heald Concord-Business Accounting | 7/1/2010 |
| Heald Concord-Business Accounting (AAS Degree) | 7/1/2010 |
| Heald Concord-Business Accounting (Certificate) | 7/1/2010 |
| Heald Concord-Business Administration | 7/1/2010 |
| Heald Concord-Business Administration - Accounting Emphasis (AA Degree) | 7/1/2010 |
| Heald Concord-Business Administration - Accounting Emphasis (AAS Degree) | 7/1/2010 |
| Heald Concord-Business Administration - Accounting Emphasis (Diploma) | 7/1/2010 |
| Heald Concord-Business Administration – Criminal Justice | 7/1/2010 |
| Heald Concord-Business Administration - Software Technologies Emphasis (AA Degree) | 7/1/2011 |
| Heald Concord-Business Administration - Software Technologies Emphasis (AAS Degree) | 7/1/2011 |
| Heald Concord-Business Administration (AA Degree) | 7/1/2010 |
| Heald Concord-Business Administration (AAS Degree) | 7/1/2010 |
| Heald Concord-Business Administration (Diploma) | 7/1/2010 |
| Heald Concord-Business Administration 66 weeks | 2/13/2014 |
| Heald Concord-Business Administration Associates 88 weeks | 2/13/2014 |
| Heald Concord-Construction Management (AA Degree) | 7/1/2012 |
| Heald Concord-Construction Management (AAS Degree) | 7/1/2012 |
| Heald Concord-Criminal Justice (AA Degree) | 7/1/2010 |
| Heald Concord-Criminal Justice (AAS Degree) | 7/1/2010 |
| Heald Concord-Criminal Justice Admin | 7/1/2010 |
| Heald Concord-Criminal Justice Associates 66 weeks | 2/13/2014 |
| Heald Concord-Criminal Justice Associates 88 weeks | 2/13/2014 |
| Heald Concord-Dental Assisting | 7/1/2010 |
| Heald Concord-Dental Assisting (AA Degree) | 7/1/2010 |
| Heald Concord-Dental Assisting (AAS Degree) | 7/1/2010 |
| Heald Concord-Dental Assisting 66 weeks | 2/13/2014 |
| Heald Concord-Dental Assisting Associates 88 weeks | 2/13/2014 |
| Heald Concord-Entrepreneurship Associates 66 | 2/13/2014 |
| Heald Concord-Entrepreneurship Associates 88 | 2/13/2014 |
| Heald Concord-IT – Network Security | 7/1/2010 |
| Heald Concord-IT – Network Systems Admin | 7/1/2010 |
| Heald Concord-IT Network Security (AA Degree) | 7/1/2010 |
| Heald Concord-IT Network Security (AAS Degree) | 7/1/2010 |

**List of Heald College Programs and Enrollment Dates Covered by Department of Education Findings**

| CAMPUS PROGRAM | ENROLLMENT ON OR AFTER |
|---|---|
| Heald Concord-IT Network Security Associates 66 | 2/13/2014 |
| Heald Concord-IT Network Security Associates 88 | 2/13/2014 |
| Heald Concord-IT Network Systems Administration (AA Degree) | 7/1/2010 |
| Heald Concord-IT Network Systems Administration (AAS Degree) | 7/1/2010 |
| Heald Concord-Medical Administrative Assistant | 7/1/2010 |
| Heald Concord-Medical Assisting | 7/1/2010 |
| Heald Concord-Medical Assisting (AA Degree) | 7/1/2010 |
| Heald Concord-Medical Assisting (AAS Degree) | 7/1/2010 |
| Heald Concord-Medical Assisting (Diploma) | 7/1/2010 |
| Heald Concord-Medical Assisting Associates 66 | 2/13/2014 |
| Heald Concord-Medical Assisting Associates 88 | 2/13/2014 |
| Heald Concord-Medical Insurance Billing & Coding Associates | 2/13/2014 |
| Heald Concord-Medical Insurance Billing & Coding Associates 66 | 2/13/2014 |
| Heald Concord-Medical Insurance Billing and Coding | 7/1/2010 |
| Heald Concord-Medical Insurance Billing and Coding (AA Degree) | 7/1/2010 |
| Heald Concord-Medical Insurance Billing and Coding (AAS Degree) | 7/1/2010 |
| Heald Concord-Medical Office Admin | 2/13/2014 |
| Heald Concord-Medical Office Admin Associates 66 | 2/13/2014 |
| Heald Concord-Medical Office Admin Associates 88 | 2/13/2014 |
| Heald Concord-Medical Office Administration | 7/1/2010 |
| Heald Concord-Medical Office Administration (AA Degree) | 7/1/2010 |
| Heald Concord-Medical Office Administration (AAS Degree) | 7/1/2010 |
| Heald Concord-Medical Office Administration (Diploma) | 7/1/2010 |
| Heald Concord-Office Skills | 2/13/2014 |
| Heald Concord-Office Skills (Certificate) | 7/1/2011 |
| Heald Concord-Paralegal (AA Degree) | 7/1/2011 |
| Heald Concord-Paralegal (AAS Degree) | 7/1/2011 |
| Heald Concord-Paralegal Associates 66 | 2/13/2014 |
| Heald Concord-Paralegal Associates 88 | 2/13/2014 |
| Heald Concord-Pharmacy Tech Associates 88 | 2/13/2014 |
| Heald Concord-Pharmacy Technology (AA Degree) | 7/1/2012 |
| Heald Concord-Pharmacy Technology (AAS Degree) | 7/1/2012 |
| Heald Concord-Pharmacy Technology Associates 66 | 2/13/2014 |
| Heald Concord-Software Technologies Associates 66 | 2/13/2014 |
| Heald Concord-Software Technologies Associates 88 | 2/13/2014 |
|  |  |
| Heald Fresno-Accounting | 2/13/2014 |
| Heald Fresno-Accounting Associates 66 | 2/13/2014 |
| Heald Fresno-Accounting Associates 88 | 2/13/2014 |

**List of Heald College Programs and Enrollment Dates Covered by Department of Education Findings**

| CAMPUS PROGRAM | ENROLLMENT ON OR AFTER |
|---|---|
| Heald Fresno-BA - Accounting | 7/1/2010 |
| Heald Fresno-BA – Criminal Justice | 7/1/2010 |
| Heald Fresno-BA – Hospitality & Tourism | 7/1/2010 |
| Heald Fresno-BA – Sales & Marketing | 7/1/2010 |
| Heald Fresno-BA – Software Technologies | 7/1/2010 |
| Heald Fresno-Business Accounting (AAS Degree) | 7/1/2010 |
| Heald Fresno-Business Admin | 2/13/2014 |
| Heald Fresno-Business Admin Associates 66 | 2/13/2014 |
| Heald Fresno-Business Admin Associates 88 | 2/13/2014 |
| Heald Fresno-Business Administration | 7/1/2010 |
| Heald Fresno-Business Administration - Accounting Emphasis (AA Degree) | 7/1/2010 |
| Heald Fresno-Business Administration - Accounting Emphasis (AAS Degree) | 7/1/2010 |
| Heald Fresno-Business Administration - Accounting Emphasis (Diploma) | 7/1/2010 |
| Heald Fresno-Business Administration - Software Technologies Emphasis (AA Degree) | 7/1/2011 |
| Heald Fresno-Business Administration - Software Technologies Emphasis (AAS Degree) | 7/1/2011 |
| Heald Fresno-Business Administration - Software Technologies Emphasis (Diploma) | 7/1/2011 |
| Heald Fresno-Business Administration (AA Degree) | 7/1/2010 |
| Heald Fresno-Business Administration (AAS Degree) | 7/1/2010 |
| Heald Fresno-Business Administration (Diploma) | 7/1/2010 |
| Heald Fresno-Criminal Justice (AA Degree) | 7/1/2011 |
| Heald Fresno-Criminal Justice (AAS Degree) | 7/1/2011 |
| Heald Fresno-Criminal Justice Associates 66 | 2/13/2014 |
| Heald Fresno-Criminal Justice Associates 88 | 2/13/2014 |
| Heald Fresno-Entrepreneurship Associates 66 | 2/13/2014 |
| Heald Fresno-Entrepreneurship Associates 88 | 2/13/2014 |
| Heald Fresno-IT – Network Security | 7/1/2010 |
| Heald Fresno-IT – Network Systems Admin | 7/1/2010 |
| Heald Fresno-IT Network Systems Admin | 2/13/2014 |
| Heald Fresno-IT Network Systems Admin Associates 66 | 2/13/2014 |
| Heald Fresno-IT Network Systems Admin Associates 88 | 2/13/2014 |
| Heald Fresno-IT Network Systems Administration (AA Degree) | 7/1/2010 |
| Heald Fresno-IT Network Systems Administration (AAS Degree) | 7/1/2010 |
| Heald Fresno-IT Network Systems Administration (Diploma) | 7/1/2010 |
| Heald Fresno-Medical Assisting | 7/1/2010 |
| Heald Fresno-Medical Assisting (AA Degree) | 7/1/2010 |
| Heald Fresno-Medical Assisting (AAS Degree) | 7/1/2010 |
| Heald Fresno-Medical Assisting (Diploma) | 7/1/2010 |
| Heald Fresno-Medical Assisting Associates 66 | 2/13/2014 |
| Heald Fresno-Medical Assisting Associates 88 | 2/13/2014 |

**List of Heald College Programs and Enrollment Dates Covered by Department of Education Findings**

| CAMPUS PROGRAM | ENROLLMENT ON OR AFTER |
|---|---|
| Heald Fresno-Medical Insurance Billing & Coding Associates 66 | 2/13/2014 |
| Heald Fresno-Medical Insurance Billing & Coding Associates 88 | 2/13/2014 |
| Heald Fresno-Medical Insurance Billing and Coding | 7/1/2010 |
| Heald Fresno-Medical Insurance Billing and Coding (AA Degree) | 7/1/2010 |
| Heald Fresno-Medical Insurance Billing and Coding (AAS Degree) | 7/1/2010 |
| Heald Fresno-Medical Office Admin | 2/13/2014 |
| Heald Fresno-Medical Office Admin Associates 66 | 2/13/2014 |
| Heald Fresno-Medical Office Admin Associates 88 | 2/13/2014 |
| Heald Fresno-Medical Office Administration | 7/1/2010 |
| Heald Fresno-Medical Office Administration (AA Degree) | 7/1/2010 |
| Heald Fresno-Medical Office Administration (AAS Degree) | 7/1/2010 |
| Heald Fresno-Medical Office Administration (Diploma) | 7/1/2010 |
| Heald Fresno-Office Skills | 7/1/2010 |
| Heald Fresno-Office Skills (Certificate) | 7/1/2010 |
| Heald Fresno-Paralegal (AA Degree) | 7/1/2011 |
| Heald Fresno-Paralegal (AAS Degree) | 7/1/2011 |
| Heald Fresno-Paralegal Associates 66 | 2/13/2014 |
| Heald Fresno-Paralegal Associates 88 | 2/13/2014 |
| Heald Fresno-Pharmacy Tech Associates 66 | 2/13/2014 |
| Heald Fresno-Pharmacy Tech Associates 88 | 2/13/2014 |
| Heald Fresno-Pharmacy Technology (AA Degree) | 7/1/2012 |
| Heald Fresno-Pharmacy Technology (AAS Degree) | 7/1/2012 |
| Heald Fresno-Software Tech | 2/13/2014 |
| Heald Fresno-Software Tech Associates 66 | 2/13/2014 |
| Heald Fresno-Software Tech Associates 88 | 2/13/2014 |
|  |  |
| Heald Hayward-Accounting | 2/13/2014 |
| Heald Hayward-Accounting Associates 66 | 2/13/2014 |
| Heald Hayward-Accounting Associates 88 | 2/13/2014 |
| Heald Hayward-BA - Accounting | 7/1/2010 |
| Heald Hayward-BA – Criminal Justice | 7/1/2010 |
| Heald Hayward-BA – Sales & Marketing | 7/1/2010 |
| Heald Hayward-BA – Software Technologies | 7/1/2010 |
| Heald Hayward-Business Accounting | 7/1/2010 |
| Heald Hayward-Business Accounting (AAS Degree) | 7/1/2010 |
| Heald Hayward-Business Accounting (Certificate) | 7/1/2010 |
| Heald Hayward-Business Admin | 2/13/2014 |
| Heald Hayward-Business Admin Associates 66 | 2/13/2014 |
| Heald Hayward-Business Admin Associates 88 | 2/13/2014 |

**List of Heald College Programs and Enrollment Dates Covered by Department of Education Findings**

| CAMPUS PROGRAM | ENROLLMENT ON OR AFTER |
| --- | --- |
| Heald Hayward-Business Administration | 7/1/2010 |
| Heald Hayward-Business Administration - Accounting Emphasis (AA Degree) | 7/1/2010 |
| Heald Hayward-Business Administration - Accounting Emphasis (AAS Degree) | 7/1/2010 |
| Heald Hayward-Business Administration - Accounting Emphasis (Diploma) | 7/1/2010 |
| Heald Hayward-Business Administration - Sales/Marketing Emphasis (AA Degree) | 7/1/2011 |
| Heald Hayward-Business Administration - Sales/Marketing Emphasis (AAS Degree) | 7/1/2011 |
| Heald Hayward-Business Administration - Sales/Marketing Emphasis (Diploma) | 7/1/2011 |
| Heald Hayward-Business Administration - Software Technologies Emphasis (AA Degree) | 7/1/2012 |
| Heald Hayward-Business Administration - Software Technologies Emphasis (AAS Degree) | 7/1/2012 |
| Heald Hayward-Business Administration - Software Technologies Emphasis (Diploma) | 7/1/2012 |
| Heald Hayward-Business Administration (AA Degree) | 7/1/2010 |
| Heald Hayward-Business Administration (AAS Degree) | 7/1/2010 |
| Heald Hayward-Business Administration (Diploma) | 7/1/2010 |
| Heald Hayward-Construction Management (AA Degree) | 7/1/2012 |
| Heald Hayward-Construction Management (AAS Degree) | 7/1/2012 |
| Heald Hayward-Criminal Justice (AA Degree) | 7/1/2011 |
| Heald Hayward-Criminal Justice (AAS Degree) | 7/1/2011 |
| Heald Hayward-Criminal Justice Associates 66 | 2/13/2014 |
| Heald Hayward-Criminal Justice Associates 88 | 2/13/2014 |
| Heald Hayward-Dental Assisting | 7/1/2010 |
| Heald Hayward-Dental Assisting (AA Degree) | 7/1/2010 |
| Heald Hayward-Dental Assisting (AAS Degree) | 7/1/2010 |
| Heald Hayward-Dental Assisting Associates 66 | 2/13/2014 |
| Heald Hayward-Dental Assisting Associates 88 | 2/13/2014 |
| Heald Hayward-Entrepreneurship Associates 66 | 2/13/2014 |
| Heald Hayward-Entrepreneurship Associates 88 | 2/13/2014 |
| Heald Hayward-IT – Network Security | 7/1/2010 |
| Heald Hayward-IT – Network Systems Admin | 7/1/2010 |
| Heald Hayward-IT Network Security (AA Degree) | 7/1/2010 |
| Heald Hayward-IT Network Security (AAS Degree) | 7/1/2010 |
| Heald Hayward-IT Network Security Associates 66 | 2/13/2014 |
| Heald Hayward-IT Network Security Associates 88 | 2/13/2014 |
| Heald Hayward-IT Network Systems Admin | 2/13/2014 |
| Heald Hayward-IT Network Systems Admin Associates 66 | 2/13/2014 |
| Heald Hayward-IT Network Systems Admin Associates 88 | 2/13/2014 |
| Heald Hayward-IT Network Systems Administration (AA Degree) | 7/1/2011 |
| Heald Hayward-IT Network Systems Administration (AAS Degree) | 7/1/2011 |
| Heald Hayward-IT Network Systems Administration (Diploma) | 7/1/2011 |
| Heald Hayward-Medical Assisting | 7/1/2010 |

List of Heald College Programs and Enrollment Dates Covered by Department of Education Findings

| CAMPUS PROGRAM | ENROLLMENT ON OR AFTER |
|---|---|
| Heald Hayward-Medical Assisting (AA Degree) | 7/1/2010 |
| Heald Hayward-Medical Assisting (AAS Degree) | 7/1/2010 |
| Heald Hayward-Medical Assisting Associates 66 | 2/13/2014 |
| Heald Hayward-Medical Assisting Associates 88 | 2/13/2014 |
| Heald Hayward-Medical Insurance Billing & Coding Associates 66 | 2/13/2014 |
| Heald Hayward-Medical Insurance Billing & Coding Associates 88 | 2/13/2014 |
| Heald Hayward-Medical Insurance Billing and Coding | 7/1/2010 |
| Heald Hayward-Medical Insurance Billing and Coding (AA Degree) | 7/1/2010 |
| Heald Hayward-Medical Insurance Billing and Coding (AAS Degree) | 7/1/2010 |
| Heald Hayward-Medical Office Admin | 2/13/2014 |
| Heald Hayward-Medical Office Admin Associates 66 | 2/13/2014 |
| Heald Hayward-Medical Office Admin Associates 88 | 2/13/2014 |
| Heald Hayward-Medical Office Administration | 7/1/2010 |
| Heald Hayward-Medical Office Administration (AA Degree) | 7/1/2010 |
| Heald Hayward-Medical Office Administration (AAS Degree) | 7/1/2010 |
| Heald Hayward-Medical Office Administration (Diploma) | 7/1/2010 |
| Heald Hayward-Office Skills | 2/13/2014 |
| Heald Hayward-Office Skills (Certificate) | 7/1/2011 |
| Heald Hayward-Paralegal (AA Degree) | 7/1/2011 |
| Heald Hayward-Paralegal (AAS Degree) | 7/1/2011 |
| Heald Hayward-Paralegal Associates 66 | 2/13/2014 |
| Heald Hayward-Paralegal Associates 88 | 2/13/2014 |
| Heald Hayward-Pharmacy Tech Associates 66 | 2/13/2014 |
| Heald Hayward-Pharmacy Technology (AA Degree) | 7/1/2012 |
| Heald Hayward-Pharmacy Technology (AAS Degree) | 7/1/2012 |
| Heald Hayward-Pharmacy Technology Associates 88 | 2/13/2014 |
| Heald Hayward-Sales Marketing Associates 66 | 2/13/2014 |
| Heald Hayward-Software Tech | 2/13/2014 |
| Heald Hayward-Software Tech Associates 66 | 2/13/2014 |
| Heald Hayward-Software Tech Associates 88 | 2/13/2014 |
| Heald Honolulu-Accounting | 2/13/2014 |
| Heald Honolulu-Accounting Associates 66 | 2/13/2014 |
| Heald Honolulu-Accounting Associates 88 | 2/13/2014 |
| Heald Honolulu-BA - Accounting | 7/1/2010 |
| Heald Honolulu-BA – Hospitality & Tourism | 7/1/2010 |
| Heald Honolulu-BA – Sales & Marketing | 7/1/2010 |
| Heald Honolulu-BA – Software Technologies | 7/1/2010 |
| Heald Honolulu-Business Accounting | 7/1/2010 |

**List of Heald College Programs and Enrollment Dates Covered by Department of Education Findings**

| CAMPUS PROGRAM | ENROLLMENT ON OR AFTER |
|---|---|
| Heald Honolulu-Business Accounting (AAS Degree) | 7/1/2010 |
| Heald Honolulu-Business Accounting (Certificate) | 7/1/2010 |
| Heald Honolulu-Business Admin | 2/13/2014 |
| Heald Honolulu-Business Admin Associates 66 | 2/13/2014 |
| Heald Honolulu-Business Admin Associates 88 | 2/13/2014 |
| Heald Honolulu-Business Administration | 7/1/2010 |
| Heald Honolulu-Business Administration - Accounting Emphasis (AA Degree) | 7/1/2010 |
| Heald Honolulu-Business Administration - Accounting Emphasis (AAS Degree) | 7/1/2010 |
| Heald Honolulu-Business Administration - Accounting Emphasis (Diploma) | 7/1/2010 |
| Heald Honolulu-Business Administration - Hospitality/Tourism Emphasis (AA Degree) | 7/1/2011 |
| Heald Honolulu-Business Administration - Hospitality/Tourism Emphasis (AAS Degree) | 7/1/2011 |
| Heald Honolulu-Business Administration - Hospitality/Tourism Emphasis (Diploma) | 7/1/2011 |
| Heald Honolulu-Business Administration - Sales/Marketing Emphasis (AA Degree) | 7/1/2011 |
| Heald Honolulu-Business Administration - Sales/Marketing Emphasis (AAS Degree) | 7/1/2011 |
| Heald Honolulu-Business Administration - Sales/Marketing Emphasis (Diploma) | 7/1/2011 |
| Heald Honolulu-Business Administration - Software Technologies Emphasis (AA Degree) | 7/1/2011 |
| Heald Honolulu-Business Administration - Software Technologies Emphasis (AAS Degree) | 7/1/2011 |
| Heald Honolulu-Business Administration - Software Technologies Emphasis (Diploma) | 7/1/2011 |
| Heald Honolulu-Business Administration (AA Degree) | 7/1/2010 |
| Heald Honolulu-Business Administration (AAS Degree) | 7/1/2010 |
| Heald Honolulu-Business Administration (Diploma) | 7/1/2010 |
| Heald Honolulu-Construction Management (AA Degree) | 7/1/2012 |
| Heald Honolulu-Construction Management (AAS Degree) | 7/1/2012 |
| Heald Honolulu-Construction Mgmt Associates 88 | 2/13/2014 |
| Heald Honolulu-Construction Mgmt. Associates 66 | 2/13/2014 |
| Heald Honolulu-Criminal Justice (AA Degree) | 7/1/2012 |
| Heald Honolulu-Criminal Justice (AAS Degree) | 7/1/2012 |
| Heald Honolulu-Criminal Justice Associates 66 | 2/13/2014 |
| Heald Honolulu-Criminal Justice Associates 88 | 2/13/2014 |
| Heald Honolulu-Dental Assisting | 7/1/2010 |
| Heald Honolulu-Dental Assisting (AA Degree) | 7/1/2011 |
| Heald Honolulu-Dental Assisting (AAS Degree) | 7/1/2011 |
| Heald Honolulu-Dental Assisting Associates 66 | 2/13/2014 |
| Heald Honolulu-Dental Assisting Associates 88 | 2/13/2014 |
| Heald Honolulu-Electronics Tech | 2/13/2014 |
| Heald Honolulu-Electronics Tech Associates 66 | 2/13/2014 |
| Heald Honolulu-Electronics Tech Associates 88 | 2/13/2014 |
| Heald Honolulu-Electronics Technology | 7/1/2010 |
| Heald Honolulu-Electronics Technology (AA Degree) | 7/1/2010 |

**List of Heald College Programs and Enrollment Dates Covered by Department of Education Findings**

| CAMPUS PROGRAM | ENROLLMENT ON OR AFTER |
|---|---|
| Heald Honolulu-Electronics Technology (AAS Degree) | 7/1/2010 |
| Heald Honolulu-Electronics Technology (Diploma) | 7/1/2010 |
| Heald Honolulu-Entrepreneurship Associates 66 | 2/13/2014 |
| Heald Honolulu-Entrepreneurship Associates 88 | 2/13/2014 |
| Heald Honolulu-Health Info Tech Associates 66 | 2/13/2014 |
| Heald Honolulu-Health Info Tech Associates 88 | 2/13/2014 |
| Heald Honolulu-Health Information Technology | 7/1/2010 |
| Heald Honolulu-Health Information Technology (AA Degree) | 7/1/2010 |
| Heald Honolulu-Health Information Technology (AAS Degree) | 7/1/2010 |
| Heald Honolulu-Hospitality Tourism Associates 66 | 2/13/2014 |
| Heald Honolulu-IT – Network Systems Admin | 7/1/2010 |
| Heald Honolulu-IT Network Systems Admin | 7/1/2010 |
| Heald Honolulu-IT Network Systems Admin Associates 66 | 2/13/2014 |
| Heald Honolulu-IT Network Systems Admin Associates 88 | 2/13/2014 |
| Heald Honolulu-IT Network Systems Administration (AA Degree) | 7/1/2010 |
| Heald Honolulu-IT Network Systems Administration (AAS Degree) | 7/1/2010 |
| Heald Honolulu-IT Network Systems Administration (Diploma) | 7/1/2010 |
| Heald Honolulu-Medical Assisting | 7/1/2010 |
| Heald Honolulu-Medical Assisting (AA Degree) | 7/1/2010 |
| Heald Honolulu-Medical Assisting (AAS Degree) | 7/1/2010 |
| Heald Honolulu-Medical Assisting Associates 66 | 2/13/2014 |
| Heald Honolulu-Medical Assisting Associates 88 | 2/13/2014 |
| Heald Honolulu-Medical Office Admin | 2/13/2014 |
| Heald Honolulu-Medical Office Admin Associates 66 | 2/13/2014 |
| Heald Honolulu-Medical Office Admin Associates 88 | 2/13/2014 |
| Heald Honolulu-Medical Office Administration | 7/1/2010 |
| Heald Honolulu-Medical Office Administration (AA Degree) | 7/1/2010 |
| Heald Honolulu-Medical Office Administration (AAS Degree) | 7/1/2010 |
| Heald Honolulu-Medical Office Administration (Diploma) | 7/1/2010 |
| Heald Honolulu-Networking Tech CCNA Associates 22 | 2/13/2014 |
| Heald Honolulu-Networking Technology with an Emphasis in CCNA Curriculum (AAS Degree) | 7/1/2011 |
| Heald Honolulu-Networking Technology with an Emphasis in CCNA Curriculum (Certificate) | 7/1/2011 |
| Heald Honolulu-Networking Technology with an Emphasis in CCNP Curriculum (AAS Degree) | 7/1/2011 |
| Heald Honolulu-Networking Technology with an Emphasis in CCNP Curriculum (Certificate) | 7/1/2011 |
| Heald Honolulu-NT – Cisco | 7/1/2010 |
| Heald Honolulu-Office Skills | 7/1/2010 |
| Heald Honolulu-Office Skills (Certificate) | 7/1/2010 |
| Heald Honolulu-Paralegal (AAS Degree) | 2/13/2014 |
| Heald Honolulu-Paralegal Associates 66 | 2/13/2014 |

**List of Heald College Programs and Enrollment Dates Covered by Department of Education Findings**

| CAMPUS PROGRAM | ENROLLMENT ON OR AFTER |
|---|---|
| Heald Honolulu-Paralegal Associates 88 weeks | 2/13/2014 |
| Heald Honolulu-Pharmacy Tech Associates 66 | 2/13/2014 |
| Heald Honolulu-Pharmacy Tech Associates 88 | 2/13/2014 |
| Heald Honolulu-Pharmacy Technology (AA Degree) | 7/1/2012 |
| Heald Honolulu-Pharmacy Technology (AAS Degree) | 7/1/2012 |
| Heald Honolulu-Sales & Marketing Associates 66 | 2/13/2014 |
| Heald Honolulu-Software Tech | 2/13/2014 |
| Heald Honolulu-Software Tech Associates 66 | 2/13/2014 |
| Heald Honolulu-Software Tech Associates 88 | 2/13/2014 |
| Heald Honolulu-Web Design | 7/1/2010 |
| | |
| Heald Modesto-Accounting Associates 66 | 2/13/2014 |
| Heald Modesto-Accounting Associates 88 | 2/13/2014 |
| Heald Modesto-Business Admin Associates 66 | 2/13/2014 |
| Heald Modesto-Business Administration Associates 88 | 2/13/2014 |
| Heald Modesto-Criminal Justice (AAS Degree) | 7/1/2012 |
| Heald Modesto-Criminal Justice Associates 66 | 2/13/2014 |
| Heald Modesto-Criminal Justice Associates 88 | 2/13/2014 |
| Heald Modesto-Dental Assisting (AAS Degree) | 7/1/2011 |
| Heald Modesto-Dental Assisting Associates 66 | 2/13/2014 |
| Heald Modesto-Dental Assisting Associates 88 | 2/13/2014 |
| Heald Modesto-Medical Assisting (AAS Degree) | 7/1/2011 |
| Heald Modesto-Medical Assisting Associates 66 | 2/13/2014 |
| Heald Modesto-Medical Assisting Associates 88 | 2/13/2014 |
| Heald Modesto-Medical Insurance Billing & Coding Associates 66 | 2/13/2014 |
| Heald Modesto-Medical Insurance Billing & Coding Associates 88 | 2/13/2014 |
| Heald Modesto-Medical Insurance Billing and Coding (AAS Degree) | 7/1/2012 |
| Heald Modesto-Medical Office Admin Associates 66 | 2/13/2014 |
| Heald Modesto-Medical Office Admin Associates 88 | 2/13/2014 |
| Heald Modesto-Paralegal Associates 66 | 2/13/2014 |
| Heald Modesto-Paralegal Associates 88 | 2/13/2014 |
| | |
| Heald Portland-Accounting 66 | 2/13/2014 |
| Heald Portland-Accounting Associates 88 | 2/13/2014 |
| Heald Portland-BA - Accounting | 7/1/2010 |
| Heald Portland-BA – Criminal Justice | 7/1/2010 |
| Heald Portland-Business Admin | 2/13/2014 |
| Heald Portland-Business Admin Associates 66 | 2/13/2014 |
| Heald Portland-Business Admin Associates 88 | 2/13/2014 |

**List of Heald College Programs and Enrollment Dates Covered by Department of Education Findings**

| CAMPUS PROGRAM | ENROLLMENT ON OR AFTER |
|---|---|
| Heald Portland-Business Administration | 7/1/2010 |
| Heald Portland-Business Administration - Accounting Emphasis (AA Degree) | 7/1/2010 |
| Heald Portland-Business Administration - Accounting Emphasis (AAS Degree) | 7/1/2010 |
| Heald Portland-Business Administration (AA Degree) | 7/1/2010 |
| Heald Portland-Business Administration (AAS Degree) | 7/1/2010 |
| Heald Portland-Construction Management (AA Degree) | 7/1/2012 |
| Heald Portland-Construction Management (AAS Degree) | 7/1/2012 |
| Heald Portland-Criminal Justice (AA Degree) | 7/1/2011 |
| Heald Portland-Criminal Justice (AAS Degree) | 7/1/2011 |
| Heald Portland-Criminal Justice Admin | 7/1/2010 |
| Heald Portland-Criminal Justice Associates 66 | 2/13/2014 |
| Heald Portland-Criminal Justice Associates 88 | 2/13/2014 |
| Heald Portland-Dental Assisting Associates 66 | 2/13/2014 |
| Heald Portland-Dental Assisting Associates 88 | 2/13/2014 |
| Heald Portland-Entrepreneurship Associates 66 | 2/13/2014 |
| Heald Portland-Entrepreneurship Associates 88 | 2/13/2014 |
| Heald Portland-IT – Network Systems Admin | 7/1/2010 |
| Heald Portland-IT Network Systems Admin Associates 66 | 2/13/2014 |
| Heald Portland-IT Network Systems Admin Associates 88 | 2/13/2014 |
| Heald Portland-IT Network Systems Administration (AA Degree) | 7/1/2010 |
| Heald Portland-IT Network Systems Administration (AAS Degree) | 7/1/2010 |
| Heald Portland-Medical Assisting | 7/1/2010 |
| Heald Portland-Medical Assisting (AA Degree) | 7/1/2010 |
| Heald Portland-Medical Assisting (AAS Degree) | 7/1/2012 |
| Heald Portland-Medical Assisting (Diploma) | 7/1/2010 |
| Heald Portland-Medical Assisting Associates 66 | 2/13/2014 |
| Heald Portland-Medical Assisting Associates 88 | 2/13/2014 |
| Heald Portland-Medical Insurance Billing & Coding Associates 66 | 2/13/2014 |
| Heald Portland-Medical Insurance Billing & Coding Associates 88 | 2/13/2014 |
| Heald Portland-Medical Insurance Billing and Coding | 7/1/2010 |
| Heald Portland-Medical Insurance Billing and Coding (AA Degree) | 7/1/2010 |
| Heald Portland-Medical Insurance Billing and Coding (AAS Degree) | 7/1/2010 |
| Heald Portland-Medical Office Admin | 2/13/2014 |
| Heald Portland-Medical Office Admin Associates 66 | 2/13/2014 |
| Heald Portland-Medical Office Admin Associates 88 | 2/13/2014 |
| Heald Portland-Medical Office Administration | 7/1/2010 |
| Heald Portland-Medical Office Administration (AA Degree) | 7/1/2010 |
| Heald Portland-Medical Office Administration (AAS Degree) | 7/1/2010 |
| Heald Portland-Medical Office Administration (Diploma) | 7/1/2010 |

**List of Heald College Programs and Enrollment Dates Covered by Department of Education Findings**

| CAMPUS PROGRAM | ENROLLMENT ON OR AFTER |
|---|---|
| Heald Portland-Office Skills | 2/13/2014 |
| Heald Portland-Office Skills (Certificate) | 7/1/2011 |
| Heald Portland-Paralegal (AA Degree) | 7/1/2011 |
| Heald Portland-Paralegal (AAS Degree) | 7/1/2011 |
| Heald Portland-Paralegal Associates 66 | 2/13/2014 |
| Heald Portland-Paralegal Associates 88 | 2/13/2014 |
| Heald Portland-Pharmacy Tech Associates 66 | 2/13/2014 |
| Heald Portland-Pharmacy Tech Associates 88 | 2/13/2014 |
| Heald Portland-Pharmacy Technology (AA Degree) | 7/1/2012 |
| Heald Portland-Pharmacy Technology (AAS Degree) | 7/1/2012 |
|  |  |
| Heald Rancho Cordova-Accounting | 2/13/2014 |
| Heald Rancho Cordova-Accounting Associates 66 | 2/13/2014 |
| Heald Rancho Cordova-Accounting Associates 88 | 2/13/2014 |
| Heald Rancho Cordova-BA - Accounting | 7/1/2010 |
| Heald Rancho Cordova-BA – Criminal Justice | 7/1/2010 |
| Heald Rancho Cordova-Business Admin | 2/13/2014 |
| Heald Rancho Cordova-Business Admin Associates 66 | 2/13/2014 |
| Heald Rancho Cordova-Business Admin Associates 88 | 2/13/2014 |
| Heald Rancho Cordova-Business Administration | 7/1/2010 |
| Heald Rancho Cordova-Business Administration - Accounting Emphasis (AA Degree) | 7/1/2010 |
| Heald Rancho Cordova-Business Administration - Accounting Emphasis (AAS Degree) | 7/1/2010 |
| Heald Rancho Cordova-Business Administration - Accounting Emphasis (Diploma) | 7/1/2010 |
| Heald Rancho Cordova-Business Administration (AA Degree) | 7/1/2010 |
| Heald Rancho Cordova-Business Administration (AAS Degree) | 7/1/2010 |
| Heald Rancho Cordova-Business Administration (Diploma) | 7/1/2010 |
| Heald Rancho Cordova-Construction Management (AA Degree) | 7/1/2012 |
| Heald Rancho Cordova-Construction Management (AAS Degree) | 7/1/2012 |
| Heald Rancho Cordova-Criminal Justice (AA Degree) | 7/1/2010 |
| Heald Rancho Cordova-Criminal Justice (AAS Degree) | 7/1/2010 |
| Heald Rancho Cordova-Criminal Justice Associates 66 | 2/13/2014 |
| Heald Rancho Cordova-Criminal Justice Associates 88 | 2/13/2014 |
| Heald Rancho Cordova-Entrepreneurship Associates 66 | 2/13/2014 |
| Heald Rancho Cordova-Entrepreneurship Associates 88 | 2/13/2014 |
| Heald Rancho Cordova-IT – Network Security | 7/1/2010 |
| Heald Rancho Cordova-IT Network Security (AA Degree) | 7/1/2010 |
| Heald Rancho Cordova-IT Network Security (AAS Degree) | 7/1/2010 |
| Heald Rancho Cordova-IT Network Security Associates 66 | 2/13/2014 |
| Heald Rancho Cordova-IT Network Security Associates 88 | 2/13/2014 |

**List of Heald College Programs and Enrollment Dates Covered by Department of Education Findings**

| CAMPUS PROGRAM | ENROLLMENT ON OR AFTER |
|---|---|
| Heald Rancho Cordova-Medical Assisting | 7/1/2010 |
| Heald Rancho Cordova-Medical Assisting (AA Degree) | 7/1/2010 |
| Heald Rancho Cordova-Medical Assisting (AAS Degree) | 7/1/2010 |
| Heald Rancho Cordova-Medical Assisting Associates 66 | 2/13/2014 |
| Heald Rancho Cordova-Medical Assisting Associates 88 | 2/13/2014 |
| Heald Rancho Cordova-Medical Insurance Billing & Coding Associates 66 | 2/13/2014 |
| Heald Rancho Cordova-Medical Insurance Billing & Coding Associates 88 | 2/13/2014 |
| Heald Rancho Cordova-Medical Insurance Billing and Coding | 7/1/2010 |
| Heald Rancho Cordova-Medical Insurance Billing and Coding (AA Degree) | 7/1/2010 |
| Heald Rancho Cordova-Medical Insurance Billing and Coding (AAS Degree) | 7/1/2010 |
| Heald Rancho Cordova-Medical Office Admin | 2/13/2014 |
| Heald Rancho Cordova-Medical Office Admin Associates 66 | 2/13/2014 |
| Heald Rancho Cordova-Medical Office Admin Associates 88 | 2/13/2014 |
| Heald Rancho Cordova-Medical Office Administration | 7/1/2010 |
| Heald Rancho Cordova-Medical Office Administration (AA Degree) | 7/1/2010 |
| Heald Rancho Cordova-Medical Office Administration (AAS Degree) | 7/1/2010 |
| Heald Rancho Cordova-Medical Office Administration (Diploma) | 7/1/2010 |
| Heald Rancho Cordova-Office Skills | 7/1/2010 |
| Heald Rancho Cordova-Office Skills (Certificate) | 7/1/2010 |
| Heald Rancho Cordova-Paralegal (AA Degree) | 7/1/2011 |
| Heald Rancho Cordova-Paralegal (AAS Degree) | 7/1/2011 |
| Heald Rancho Cordova-Paralegal Associates 66 | 2/13/2014 |
| Heald Rancho Cordova-Paralegal Associates 88 | 2/13/2014 |
| Heald Rancho Cordova-Pharmacy Tech Associates 66 | 2/13/2014 |
| Heald Rancho Cordova-Pharmacy Tech Associates 88 | 2/13/2014 |
| Heald Rancho Cordova-Pharmacy Technology (AA Degree) | 7/1/2012 |
| Heald Rancho Cordova-Pharmacy Technology (AAS Degree) | 7/1/2012 |
|  |  |
| Heald Roseville-Accounting | 2/13/2014 |
| Heald Roseville-Accounting Associates 66 | 2/13/2014 |
| Heald Roseville-Accounting Associates 88 | 2/13/2014 |
| Heald Roseville-BA - Accounting | 7/1/2010 |
| Heald Roseville-BA – Criminal Justice | 7/1/2010 |
| Heald Roseville-Business Accounting (AAS Degree) | 7/1/2010 |
| Heald Roseville-Business Accounting (Certificate) | 7/1/2010 |
| Heald Roseville-Business Admin | 2/13/2014 |
| Heald Roseville-Business Admin 66 | 2/13/2014 |
| Heald Roseville-Business Admin Associates 88 | 2/13/2014 |
| Heald Roseville-Business Administration | 7/1/2010 |

**List of Heald College Programs and Enrollment Dates Covered by Department of Education Findings**

| CAMPUS PROGRAM | ENROLLMENT ON OR AFTER |
|---|---|
| Heald Roseville-Business Administration - Accounting Emphasis (AA Degree) | 7/1/2010 |
| Heald Roseville-Business Administration - Accounting Emphasis (AAS Degree) | 7/1/2010 |
| Heald Roseville-Business Administration - Accounting Emphasis (Diploma) | 7/1/2010 |
| Heald Roseville-Business Administration (AA Degree) | 7/1/2010 |
| Heald Roseville-Business Administration (AAS Degree) | 7/1/2010 |
| Heald Roseville-Business Administration (Diploma) | 7/1/2010 |
| Heald Roseville-Construction Management (AA Degree) | 7/1/2012 |
| Heald Roseville-Construction Management (AAS Degree) | 7/1/2012 |
| Heald Roseville-Criminal Justice (AA Degree) | 7/1/2010 |
| Heald Roseville-Criminal Justice (AAS Degree) | 7/1/2010 |
| Heald Roseville-Criminal Justice Associates 66 | 2/13/2014 |
| Heald Roseville-Criminal Justice Associates 88 | 2/13/2014 |
| Heald Roseville-Entrepreneurship Associates 66 | 2/13/2014 |
| Heald Roseville-Entrepreneurship Associates 88 | 2/13/2014 |
| Heald Roseville-IT – Network Security | 7/1/2010 |
| Heald Roseville-IT – Network Systems Admin | 7/1/2010 |
| Heald Roseville-IT Network Security (AA Degree) | 7/1/2010 |
| Heald Roseville-IT Network Security (AAS Degree) | 7/1/2010 |
| Heald Roseville-IT Network Security Associates 66 | 2/13/2014 |
| Heald Roseville-IT Network Security Associates 88 | 2/13/2014 |
| Heald Roseville-Medical Assisting | 7/1/2010 |
| Heald Roseville-Medical Assisting (AA Degree) | 7/1/2010 |
| Heald Roseville-Medical Assisting (AAS Degree) | 7/1/2010 |
| Heald Roseville-Medical Assisting Associates 66 | 2/13/2014 |
| Heald Roseville-Medical Assisting Associates 88 | 2/13/2014 |
| Heald Roseville-Medical Insurance Billing & Coding Associates 66 | 2/13/2014 |
| Heald Roseville-Medical Insurance Billing & Coding Associates 88 | 2/13/2014 |
| Heald Roseville-Medical Insurance Billing and Coding | 7/1/2010 |
| Heald Roseville-Medical Insurance Billing and Coding (AA Degree) | 7/1/2010 |
| Heald Roseville-Medical Insurance Billing and Coding (AAS Degree) | 7/1/2010 |
| Heald Roseville-Medical Office Admin | 2/13/2014 |
| Heald Roseville-Medical Office Admin Associates 66 | 2/13/2014 |
| Heald Roseville-Medical Office Admin Associates 88 | 2/13/2014 |
| Heald Roseville-Medical Office Administration | 7/1/2010 |
| Heald Roseville-Medical Office Administration (AA Degree) | 7/1/2010 |
| Heald Roseville-Medical Office Administration (AAS Degree) | 7/1/2010 |
| Heald Roseville-Medical Office Administration (Diploma) | 7/1/2010 |
| Heald Roseville-NT – Cisco | 7/1/2010 |
| Heald Roseville-Office Skills (Certificate) | 7/1/2012 |

**List of Heald College Programs and Enrollment Dates Covered by Department of Education Findings**

| CAMPUS PROGRAM | ENROLLMENT ON OR AFTER |
|---|---|
| Heald Roseville-Paralegal (AA Degree) | 7/1/2011 |
| Heald Roseville-Paralegal (AAS Degree) | 7/1/2011 |
| Heald Roseville-Paralegal Associates 66 | 2/13/2014 |
| Heald Roseville-Paralegal Associates 88 | 2/13/2014 |
| Heald Roseville-Pharmacy Tech Associates 66 | 2/13/2014 |
| Heald Roseville-Pharmacy Tech Associates 88 | 2/13/2014 |
| Heald Roseville-Pharmacy Technology (AA Degree) | 7/1/2012 |
| Heald Roseville-Pharmacy Technology (AAS Degree) | 7/1/2012 |
|  |  |
| Heald Salinas-Accounting | 2/13/2014 |
| Heald Salinas-Accounting Associates 66 | 2/13/2014 |
| Heald Salinas-Accounting Associates 88 | 2/13/2014 |
| Heald Salinas-BA - Accounting | 7/1/2010 |
| Heald Salinas-BA – Criminal Justice | 7/1/2010 |
| Heald Salinas-Business Accounting (Certificate) | 7/1/2010 |
| Heald Salinas-Business Admin | 2/13/2014 |
| Heald Salinas-Business Admin Associates 66 | 2/13/2014 |
| Heald Salinas-Business Administration | 7/1/2010 |
| Heald Salinas-Business Administration - Accounting Emphasis (AA Degree) | 7/1/2010 |
| Heald Salinas-Business Administration - Accounting Emphasis (AAS Degree) | 7/1/2010 |
| Heald Salinas-Business Administration - Accounting Emphasis (Diploma) | 7/1/2010 |
| Heald Salinas-Business Administration (AA Degree) | 7/1/2010 |
| Heald Salinas-Business Administration (AAS Degree) | 7/1/2010 |
| Heald Salinas-Business Administration (Diploma) | 7/1/2010 |
| Heald Salinas-Business Administration Associates 88 | 2/13/2014 |
| Heald Salinas-Criminal Justice (AA Degree) | 7/1/2010 |
| Heald Salinas-Criminal Justice (AAS Degree) | 7/1/2010 |
| Heald Salinas-Criminal Justice Associates 66 | 2/13/2014 |
| Heald Salinas-Criminal Justice Associates 88 | 2/13/2014 |
| Heald Salinas-Entrepreneurship Associates 66 | 2/13/2014 |
| Heald Salinas-Entrepreneurship Associates 88 | 2/13/2014 |
| Heald Salinas-Medical Assisting | 2/13/2014 |
| Heald Salinas-Medical Assisting (AA Degree) | 7/1/2010 |
| Heald Salinas-Medical Assisting (AAS Degree) | 7/1/2010 |
| Heald Salinas-Medical Assisting (Diploma) | 7/1/2010 |
| Heald Salinas-Medical Assisting Associates 66 | 7/1/2010 |
| Heald Salinas-Medical Assisting Associates 88 | 2/13/2014 |
| Heald Salinas-Medical Insurance Billing & Coding Associates 66 | 2/13/2014 |
| Heald Salinas-Medical Insurance Billing & Coding Associates 88 | 2/13/2014 |

**List of Heald College Programs and Enrollment Dates Covered by Department of Education Findings**

| CAMPUS PROGRAM | ENROLLMENT ON OR AFTER |
| --- | --- |
| Heald Salinas-Medical Insurance Billing and Coding | 7/1/2010 |
| Heald Salinas-Medical Insurance Billing and Coding (AA Degree) | 7/1/2010 |
| Heald Salinas-Medical Insurance Billing and Coding (AAS Degree) | 7/1/2010 |
| Heald Salinas-Medical Office Admin | 2/13/2014 |
| Heald Salinas-Medical Office Admin Associates 66 | 2/13/2014 |
| Heald Salinas-Medical Office Admin Associates 88 | 2/13/2014 |
| Heald Salinas-Medical Office Administration | 7/1/2010 |
| Heald Salinas-Medical Office Administration (AA Degree) | 7/1/2010 |
| Heald Salinas-Medical Office Administration (AAS Degree) | 7/1/2010 |
| Heald Salinas-Medical Office Administration (Diploma) | 7/1/2010 |
| Heald Salinas-Office Skills | 7/1/2010 |
| Heald Salinas-Office Skills (Certificate) | 7/1/2010 |
| Heald Salinas-Paralegal (AA Degree) | 7/1/2011 |
| Heald Salinas-Paralegal (AAS Degree) | 7/1/2011 |
| Heald Salinas-Paralegal Associates 66 | 2/13/2014 |
| Heald Salinas-Paralegal Associates 88 | 2/13/2014 |
| Heald Salinas-Pharmacy Tech Associates 66 | 2/13/2014 |
| Heald Salinas-Pharmacy Tech Associates 88 | 2/13/2014 |
| Heald Salinas-Pharmacy Technology (AA Degree) | 7/1/2012 |
| Heald Salinas-Pharmacy Technology (AAS Degree) | 7/1/2012 |
|  |  |
| Heald San Francisco-Accounting | 2/13/2014 |
| Heald San Francisco-Accounting Associates 66 | 2/13/2014 |
| Heald San Francisco-Accounting Associates 88 | 2/13/2014 |
| Heald San Francisco-BA - Accounting | 7/1/2010 |
| Heald San Francisco-BA – Criminal Justice | 7/1/2010 |
| Heald San Francisco-BA – Software Technologies | 7/1/2010 |
| Heald San Francisco-Business Accounting | 7/1/2010 |
| Heald San Francisco-Business Accounting (AAS Degree) | 7/1/2010 |
| Heald San Francisco-Business Accounting (Certificate) | 7/1/2010 |
| Heald San Francisco-Business Admin | 2/13/2014 |
| Heald San Francisco-Business Admin Associates 66 | 2/13/2014 |
| Heald San Francisco-Business Admin Associates 88 | 2/13/2014 |
| Heald San Francisco-Business Administration | 7/1/2010 |
| Heald San Francisco-Business Administration - Accounting Emphasis (AA Degree) | 7/1/2010 |
| Heald San Francisco-Business Administration - Accounting Emphasis (AAS Degree) | 7/1/2010 |
| Heald San Francisco-Business Administration - Accounting Emphasis (Diploma) | 7/1/2010 |
| Heald San Francisco-Business Administration - Software Technologies Emphasis (AA Degree) | 7/1/2012 |
| Heald San Francisco-Business Administration - Software Technologies Emphasis (AAS Degree) | 7/1/2012 |

**List of Heald College Programs and Enrollment Dates Covered by Department of Education Findings**

| CAMPUS PROGRAM | ENROLLMENT ON OR AFTER |
|---|---|
| Heald San Francisco-Business Administration - Software Technologies Emphasis (Diploma) | 7/1/2012 |
| Heald San Francisco-Business Administration (AA Degree) | 7/1/2010 |
| Heald San Francisco-Business Administration (AAS Degree) | 7/1/2010 |
| Heald San Francisco-Business Administration (Diploma) | 7/1/2010 |
| Heald San Francisco-Construction Management (AA Degree) | 7/1/2012 |
| Heald San Francisco-Construction Management (AAS Degree) | 7/1/2012 |
| Heald San Francisco-Construction Mgmt Associates 66 | 2/13/2014 |
| Heald San Francisco-Construction Mgmt Associates 88 | 2/13/2014 |
| Heald San Francisco-Criminal Justice (AA Degree) | 7/1/2010 |
| Heald San Francisco-Criminal Justice (AAS Degree) | 7/1/2010 |
| Heald San Francisco-Criminal Justice Admin | 7/1/2010 |
| Heald San Francisco-Criminal Justice Associates 66 | 2/13/2014 |
| Heald San Francisco-Criminal Justice Associates 88 | 2/13/2014 |
| Heald San Francisco-Electronics Technology | 7/1/2010 |
| Heald San Francisco-Entrepreneurship Associates 66 | 2/13/2014 |
| Heald San Francisco-Entrepreneurship Associates 88 | 2/13/2014 |
| Heald San Francisco-IT – Network Security | 7/1/2010 |
| Heald San Francisco-IT – Network Systems Admin | 7/1/2010 |
| Heald San Francisco-IT Network Security (AA Degree) | 7/1/2010 |
| Heald San Francisco-IT Network Security (AAS Degree) | 7/1/2010 |
| Heald San Francisco-IT Network Security Associates 66 | 2/13/2014 |
| Heald San Francisco-IT Network Security Associates 88 | 2/13/2014 |
| Heald San Francisco-IT Network Systems Admin | 2/13/2014 |
| Heald San Francisco-IT Network Systems Admin Associates 66 | 2/13/2014 |
| Heald San Francisco-IT Network Systems Admin Associates 88 | 2/13/2014 |
| Heald San Francisco-IT Network Systems Administration (AA Degree) | 7/1/2010 |
| Heald San Francisco-IT Network Systems Administration (AAS Degree) | 7/1/2010 |
| Heald San Francisco-IT Network Systems Administration (Diploma) | 7/1/2010 |
| Heald San Francisco-Medical Assisting | 7/1/2010 |
| Heald San Francisco-Medical Assisting (AA Degree) | 7/1/2010 |
| Heald San Francisco-Medical Assisting (AAS Degree) | 7/1/2010 |
| Heald San Francisco-Medical Assisting (Diploma) | 7/1/2010 |
| Heald San Francisco-Medical Assisting Associates 66 | 2/13/2014 |
| Heald San Francisco-Medical Assisting Associates 88 | 2/13/2014 |
| Heald San Francisco-Medical Insurance Billing & Coding Associates 66 | 2/13/2014 |
| Heald San Francisco-Medical Insurance Billing & Coding Associates 88 | 2/13/2014 |
| Heald San Francisco-Medical Insurance Billing and Coding | 7/1/2010 |
| Heald San Francisco-Medical Insurance Billing and Coding (AA Degree) | 7/1/2010 |
| Heald San Francisco-Medical Insurance Billing and Coding (AAS Degree) | 7/1/2010 |

**List of Heald College Programs and Enrollment Dates Covered by Department of Education Findings**

| CAMPUS PROGRAM | ENROLLMENT ON OR AFTER |
|---|---|
| Heald San Francisco-Medical Office Admin | 2/13/2014 |
| Heald San Francisco-Medical Office Admin Associates 66 | 2/13/2014 |
| Heald San Francisco-Medical Office Admin Associates 88 | 2/13/2014 |
| Heald San Francisco-Medical Office Administration | 7/1/2010 |
| Heald San Francisco-Medical Office Administration (AA Degree) | 7/1/2010 |
| Heald San Francisco-Medical Office Administration (AAS Degree) | 7/1/2010 |
| Heald San Francisco-Medical Office Administration (Diploma) | 7/1/2010 |
| Heald San Francisco-NT – Windows System Admin | 7/1/2010 |
| Heald San Francisco-Office Skills | 7/1/2010 |
| Heald San Francisco-Office Skills (Certificate) | 7/1/2010 |
| Heald San Francisco-Paralegal (AA Degree) | 7/1/2011 |
| Heald San Francisco-Paralegal (AAS Degree) | 7/1/2011 |
| Heald San Francisco-Paralegal Associates 66 | 2/13/2014 |
| Heald San Francisco-Paralegal Associates 88 | 2/13/2014 |
| Heald San Francisco-Pharmacy Tech Associates 66 | 2/13/2014 |
| Heald San Francisco-Pharmacy Tech Associates 88 | 2/13/2014 |
| Heald San Francisco-Pharmacy Technology (AA Degree) | 7/1/2012 |
| Heald San Francisco-Pharmacy Technology (AAS Degree) | 7/1/2012 |
| Heald San Francisco-Software Tech | 2/13/2014 |
| Heald San Francisco-Software Tech Associates 66 | 2/13/2014 |
| Heald San Francisco-Software Tech Associates 88 | 2/13/2014 |
|  |  |
| Heald San Jose-Accounting | 2/13/2014 |
| Heald San Jose-Accounting Associates 66 | 2/13/2014 |
| Heald San Jose-Accounting Associates 88 | 2/13/2014 |
| Heald San Jose-BA - Accounting | 7/1/2010 |
| Heald San Jose-BA – Criminal Justice | 7/1/2010 |
| Heald San Jose-Business Accounting | 7/1/2010 |
| Heald San Jose-Business Admin | 2/13/2014 |
| Heald San Jose-Business Admin Associates 88 | 2/13/2014 |
| Heald San Jose-Business Administration | 7/1/2010 |
| Heald San Jose-Business Administration - Accounting Emphasis (AA Degree) | 7/1/2010 |
| Heald San Jose-Business Administration - Accounting Emphasis (AAS Degree) | 7/1/2010 |
| Heald San Jose-Business Administration - Accounting Emphasis (Diploma) | 7/1/2010 |
| Heald San Jose-Business Administration (AA Degree) | 7/1/2010 |
| Heald San Jose-Business Administration (AAS Degree) | 7/1/2010 |
| Heald San Jose-Business Administration (Diploma) | 7/1/2010 |
| Heald San Jose-Business Administration Associates 66 | 2/13/2014 |
| Heald San Jose-Construction Management (AA Degree) | 7/1/2012 |

**List of Heald College Programs and Enrollment Dates Covered by Department of Education Findings**

| CAMPUS PROGRAM | ENROLLMENT ON OR AFTER |
|---|:---:|
| Heald San Jose-Construction Management (AAS Degree) | 7/1/2012 |
| Heald San Jose-Criminal Justice (AA Degree) | 7/1/2011 |
| Heald San Jose-Criminal Justice (AAS Degree) | 7/1/2011 |
| Heald San Jose-Criminal Justice Associates 66 | 2/13/2014 |
| Heald San Jose-Criminal Justice Associates 88 | 2/13/2014 |
| Heald San Jose-Electronics Tech | 2/13/2014 |
| Heald San Jose-Electronics Tech Associates 66 | 2/13/2014 |
| Heald San Jose-Electronics Tech Associates 88 | 2/13/2014 |
| Heald San Jose-Electronics Technology | 7/1/2010 |
| Heald San Jose-Electronics Technology (AA Degree) | 7/1/2010 |
| Heald San Jose-Electronics Technology (AAS Degree) | 7/1/2010 |
| Heald San Jose-Electronics Technology (Diploma) | 7/1/2010 |
| Heald San Jose-Entrepreneurship Associates 66 | 2/13/2014 |
| Heald San Jose-Entrepreneurship Associates 88 | 2/13/2014 |
| Heald San Jose-IT – Network Security | 7/1/2010 |
| Heald San Jose-IT Network Security (AA Degree) | 7/1/2010 |
| Heald San Jose-IT Network Security (AAS Degree) | 7/1/2010 |
| Heald San Jose-IT Network Security Associates 66 | 2/13/2014 |
| Heald San Jose-IT Network Security Associates 88 | 2/13/2014 |
| Heald San Jose-Marketing & Sales | 7/1/2010 |
| Heald San Jose-Medical Assisting | 7/1/2010 |
| Heald San Jose-Medical Assisting (AA Degree) | 7/1/2010 |
| Heald San Jose-Medical Assisting (AAS Degree) | 7/1/2010 |
| Heald San Jose-Medical Assisting Associates 66 | 2/13/2014 |
| Heald San Jose-Medical Assisting Associates 88 | 2/13/2014 |
| Heald San Jose-Medical Insurance Billing & Coding Associates 66 | 2/13/2014 |
| Heald San Jose-Medical Insurance Billing & Coding Associates 88 | 2/13/2014 |
| Heald San Jose-Medical Insurance Billing and Coding | 7/1/2010 |
| Heald San Jose-Medical Insurance Billing and Coding (AA Degree) | 7/1/2010 |
| Heald San Jose-Medical Insurance Billing and Coding (AAS Degree) | 7/1/2010 |
| Heald San Jose-Medical Office Admin | 2/13/2014 |
| Heald San Jose-Medical Office Admin Associates 66 | 2/13/2014 |
| Heald San Jose-Medical Office Admin Associates 88 | 2/13/2014 |
| Heald San Jose-Medical Office Administration | 7/1/2010 |
| Heald San Jose-Medical Office Administration (AA Degree) | 7/1/2010 |
| Heald San Jose-Medical Office Administration (AAS Degree) | 7/1/2010 |
| Heald San Jose-Medical Office Administration (Diploma) | 7/1/2010 |
| Heald San Jose-Office Skills | 7/1/2010 |
| Heald San Jose-Office Skills (Certificate) | 7/1/2010 |

**List of Heald College Programs and Enrollment Dates Covered by Department of Education Findings**

| CAMPUS PROGRAM | ENROLLMENT ON OR AFTER |
|---|---|
| Heald San Jose-Paralegal (AA Degree) | 7/1/2011 |
| Heald San Jose-Paralegal (AAS Degree) | 7/1/2011 |
| Heald San Jose-Paralegal Associates 66 | 2/13/2014 |
| Heald San Jose-Paralegal Associates 88 | 2/13/2014 |
| Heald San Jose-Pharmacy Tech Associates 66 | 2/13/2014 |
| Heald San Jose-Pharmacy Tech Associates 88 | 2/13/2014 |
| Heald San Jose-Pharmacy Technology (AA Degree) | 7/1/2012 |
| Heald San Jose-Pharmacy Technology (AAS Degree) | 7/1/2012 |
|  |  |
| Heald Stockton-Accounting | 2/13/2014 |
| Heald Stockton-Accounting Associates 66 | 2/13/2014 |
| Heald Stockton-Accounting Associates 88 | 2/13/2014 |
| Heald Stockton-BA - Accounting | 7/1/2010 |
| Heald Stockton-BA – Criminal Justice | 7/1/2010 |
| Heald Stockton-Business Admin | 2/13/2014 |
| Heald Stockton-Business Admin Associates 66 | 2/13/2014 |
| Heald Stockton-Business Admin Associates 88 | 2/13/2014 |
| Heald Stockton-Business Administration | 7/1/2010 |
| Heald Stockton-Business Administration - Accounting Emphasis (AA Degree) | 7/1/2010 |
| Heald Stockton-Business Administration - Accounting Emphasis (AAS Degree) | 7/1/2010 |
| Heald Stockton-Business Administration - Accounting Emphasis (Diploma) | 7/1/2010 |
| Heald Stockton-Business Administration (AA Degree) | 7/1/2010 |
| Heald Stockton-Business Administration (AAS Degree) | 7/1/2010 |
| Heald Stockton-Business Administration (Diploma) | 7/1/2010 |
| Heald Stockton-Construction Management (AA Degree) | 7/1/2012 |
| Heald Stockton-Construction Management (AAS Degree) | 7/1/2012 |
| Heald Stockton-Criminal Justice (AA Degree) | 7/1/2011 |
| Heald Stockton-Criminal Justice (AAS Degree) | 7/1/2011 |
| Heald Stockton-Criminal Justice Associates 66 | 2/13/2014 |
| Heald Stockton-Criminal Justice Associates 88 | 2/13/2014 |
| Heald Stockton-Dental Assisting | 7/1/2010 |
| Heald Stockton-Dental Assisting (AA Degree) | 7/1/2010 |
| Heald Stockton-Dental Assisting (AAS Degree) | 7/1/2010 |
| Heald Stockton-Dental Assisting Associates 66 | 2/13/2014 |
| Heald Stockton-Dental Assisting Associates 88 | 2/13/2014 |
| Heald Stockton-Entrepreneurship Associates 66 | 2/13/2014 |
| Heald Stockton-Entrepreneurship Associates 88 | 2/13/2014 |
| Heald Stockton-IT – Network Systems Admin | 7/1/2010 |
| Heald Stockton-IT Network Systems | 2/13/2014 |

**List of Heald College Programs and Enrollment Dates Covered by Department of Education Findings**

| CAMPUS PROGRAM | ENROLLMENT ON OR AFTER |
|---|---|
| Heald Stockton-IT Network Systems Admin Associates 66 | 2/13/2014 |
| Heald Stockton-IT Network Systems Admin Associates 88 | 2/13/2014 |
| Heald Stockton-IT Network Systems Administration (AA Degree) | 7/1/2010 |
| Heald Stockton-IT Network Systems Administration (AAS Degree) | 7/1/2010 |
| Heald Stockton-IT Network Systems Administration (Diploma) | 7/1/2010 |
| Heald Stockton-Medical Assisting | 7/1/2010 |
| Heald Stockton-Medical Assisting (AA Degree) | 7/1/2010 |
| Heald Stockton-Medical Assisting (AAS Degree) | 7/1/2010 |
| Heald Stockton-Medical Assisting (Diploma) | 7/1/2010 |
| Heald Stockton-Medical Assisting Associates 66 | 2/13/2014 |
| Heald Stockton-Medical Assisting Associates 88 | 2/13/2014 |
| Heald Stockton-Medical Insurance Billing & Coding Associates 66 | 2/13/2014 |
| Heald Stockton-Medical Insurance Billing & Coding Associates 88 | 2/13/2014 |
| Heald Stockton-Medical Insurance Billing and Coding | 7/1/2010 |
| Heald Stockton-Medical Insurance Billing and Coding (AA Degree) | 7/1/2010 |
| Heald Stockton-Medical Insurance Billing and Coding (AAS Degree) | 7/1/2010 |
| Heald Stockton-Medical Office Admin | 2/13/2014 |
| Heald Stockton-Medical Office Admin Associates 66 | 2/13/2014 |
| Heald Stockton-Medical Office Admin Associates 88 | 2/13/2014 |
| Heald Stockton-Medical Office Administration | 7/1/2010 |
| Heald Stockton-Medical Office Administration (AA Degree) | 7/1/2010 |
| Heald Stockton-Medical Office Administration (AAS Degree) | 7/1/2010 |
| Heald Stockton-Medical Office Administration (Diploma) | 7/1/2010 |
| Heald Stockton-Network Tech | 2/13/2014 |
| Heald Stockton-Network Tech Associates 22 | 2/13/2014 |
| Heald Stockton-Networking Technology - Microsoft Emphasis (AAS Degree) | 7/1/2011 |
| Heald Stockton-Networking Technology - Microsoft Emphasis (Certificate) | 7/1/2011 |
| Heald Stockton-NT – Cisco | 7/1/2010 |
| Heald Stockton-Office Skills | 7/1/2010 |
| Heald Stockton-Office Skills (Certificate) | 7/1/2010 |
| Heald Stockton-Paralegal (AA Degree) | 7/1/2011 |
| Heald Stockton-Paralegal (AAS Degree) | 7/1/2011 |
| Heald Stockton-Paralegal Associates 66 | 2/13/2014 |
| Heald Stockton-Paralegal Associates 88 | 2/13/2014 |
| Heald Stockton-Pharmacy Tech Associates 66 | 2/13/2014 |
| Heald Stockton-Pharmacy Tech Associates 88 | 2/13/2014 |

# EXHIBIT B

**List of Everest/WyoTech Programs and Enrollment Dates Covered by Department of Education Findings**
**Updated June 15, 2016**

| STATE | CAMPUS/PROGRAM | FIRST DATE OF ENROLLMENT |
|---|---|---|
| CA | Everest Alhambra-Business Operations (Diploma) | 7/1/2010 – 9/30/2013 |
| CA | Everest Alhambra-Dental Assistant (Diploma) | 7/1/2010 – 9/30/2014 |
| CA | Everest Alhambra-Massage Therapy (Diploma) | 7/1/2011 – 9/30/2014 |
| CA | Everest Alhambra-Medical Administrative Assistant (Diploma) | 7/1/2010 – 9/30/2014 |
| CA | Everest Alhambra-Medical Assistant (Diploma) | 7/1/2010 – 9/30/2014 |
| CA | Everest Alhambra-Medical Insurance Billing and Coding (Diploma) | 7/1/2010 – 9/30/2014 |
| CA | Everest Alhambra-Pharmacy Technician (Diploma) | 7/1/2010 – 9/30/2013 |
| | | |
| CA | Everest Anaheim-Criminal Justice (Associate) | 7/1/2013 – 9/30/2014 |
| CA | Everest Anaheim-Dental Assistant (Diploma) | 7/1/2010 – 9/30/2014 |
| CA | Everest Anaheim-Medical Assistant (Diploma) | 7/1/2010 – 9/30/2014 |
| CA | Everest Anaheim-Medical Insurance Billing and Coding (Diploma) | 7/1/2010 – 9/30/2013 |
| | | |
| CA | Everest City of Industry-Business Management/Administrative Assistant (Diploma) | 7/1/2010 – 9/30/2014 |
| CA | Everest City of Industry-Criminal Justice (Associate) | 7/1/2012 – 9/30/2014 |
| CA | Everest City of Industry-Dental Assistant (Diploma) | 7/1/2010 – 9/30/2014 |
| CA | Everest City of Industry-Massage Therapy (Diploma) | 7/1/2010 – 9/30/2014 |
| CA | Everest City of Industry-Medical Assistant (Diploma) | 7/1/2010 – 9/30/2013 |
| CA | Everest City of Industry-Medical Insurance Billing and Coding (Diploma) | 7/1/2010 – 9/30/2014 |
| CA | Everest City of Industry-Pharmacy Technician (Diploma) | 7/1/2010 – 9/30/2014 |
| | | |
| CA | Everest Gardena-Dental Assistant (Diploma) | 7/1/2010 – 9/30/2014 |
| CA | Everest Gardena-Massage Therapy (Diploma) | 7/1/2010 – 9/30/2014 |
| CA | Everest Gardena-Medical Assistant (Diploma) | 7/1/2010 – 9/30/2014 |
| CA | Everest Gardena-Medical Insurance Billing and Coding (Diploma) | 7/1/2011 – 9/30/2014 |
| CA | Everest Gardena-Pharmacy Technician (Diploma) | 7/1/2011 – 9/30/2014 |
| | | |
| CA | Everest Hayward-Massage Therapy (Diploma) | 7/1/2010 – 9/30/2014 |
| CA | Everest Hayward-Medical Administrative Assistant (Diploma) | 7/1/2010 – 9/30/2014 |
| CA | Everest Hayward-Medical Assistant (Diploma) | 7/1/2010 – 9/30/2014 |
| CA | Everest Hayward-Medical Insurance Billing and Coding (Diploma) | 7/1/2011 – 9/30/2014 |
| | | |
| CA | Everest Los Angeles Wilshire-Dental Assistant (Diploma) | 7/1/2010 – 9/30/2014 |
| CA | Everest Los Angeles Wilshire-Massage Therapy (Diploma) | 7/1/2010 – 9/30/2014 |
| CA | Everest Los Angeles Wilshire-Medical Administrative Assistant (Diploma) | 7/1/2010 – 9/30/2014 |
| CA | Everest Los Angeles Wilshire-Medical Assistant (Diploma) | 7/1/2010 – 9/30/2014 |
| CA | Everest Los Angeles Wilshire-Medical Insurance Billing and Coding (Diploma) | 7/1/2010 – 9/30/2014 |
| CA | Everest Los Angeles Wilshire-Pharmacy Technician (all credential levels) | 7/1/2010 – 9/30/2014 |
| | | |
| CA | Everest Ontario-Dental Assistant (Diploma) | 7/1/2010 – 9/30/2014 |
| CA | Everest Ontario-Massage Therapy (Diploma) | 7/1/2011 – 9/30/2014 |
| CA | Everest Ontario-Medical Administrative Assistant (Diploma) | 7/1/2010 – 9/30/2014 |

| CA | Everest Ontario-Medical Assistant (Diploma) | 7/1/2010 – 9/30/2014 |
|----|---------------------------------------------|----------------------|
| CA | Everest Ontario-Medical Insurance Billing and Coding (Diploma) | 7/1/2010 – 9/30/2014 |
| CA | Everest Ontario-Pharmacy Technician (Diploma) | 7/1/2010 – 9/30/2014 |
| | | |
| CA | Everest Ontario Metro-Accounting (Associate) | 7/1/2010 – 9/30/2014 |
| CA | Everest Ontario Metro-Applied Management (Bachelor) | 7/1/2011 – 9/30/2014 |
| CA | Everest Ontario Metro-Business (Associate) | 7/1/2010 – 9/30/2014 |
| CA | Everest Ontario Metro-Business (Bachelor) | 7/1/2010 – 9/30/2014 |
| CA | Everest Ontario Metro-Business Administration (AAS) | 7/1/2010 – 9/30/2014 |
| CA | Everest Ontario Metro-Criminal Justice (Associate) | 7/1/2010 – 9/30/2014 |
| CA | Everest Ontario Metro-Criminal Justice (Bachelor) | 7/1/2010 – 9/30/2014 |
| CA | Everest Ontario Metro-Nursing (Associate) | 7/1/2012 – 9/30/2014 |
| CA | Everest Ontario Metro-Paralegal (Associate) | 7/1/2010 – 9/30/2014 |
| | | |
| CA | Everest Reseda-Dental Assistant (Diploma) | 7/1/2010 – 9/30/2014 |
| CA | Everest Reseda-Massage Therapy (Diploma) | 7/1/2010 – 9/30/2014 |
| CA | Everest Reseda-Medical Administrative Assistant (Diploma) | 7/1/2010 – 9/30/2014 |
| CA | Everest Reseda-Medical Assistant (Diploma) | 7/1/2010 – 9/30/2014 |
| CA | Everest Reseda-Medical Insurance Billing and Coding (Diploma) | 7/1/2010 – 9/30/2014 |
| CA | Everest Reseda-Pharmacy Technician (Diploma) | 7/1/2010 – 9/30/2014 |
| CA | Everest Reseda-Surgical Technologist (Diploma) | 7/1/2010 – 9/30/2014 |
| | | |
| CA | Everest San Bernardino-Business (Associate) | 7/1/2012 – 9/30/2014 |
| CA | Everest San Bernardino-Criminal Justice (Associate) | 7/1/2011 – 9/30/2012; 7/1/2013 – 9/30/2014 |
| CA | Everest San Bernardino-Dental Assistant (Diploma) | 7/1/2010 – 9/30/2014 |
| CA | Everest San Bernardino-Electrician (Diploma) | 7/1/2010 – 9/30/2014 |
| CA | Everest San Bernardino-Massage Therapy (Diploma) | 7/1/2010 – 9/30/2014 |
| CA | Everest San Bernardino-Medical Administrative Assistant (Diploma) | 7/1/2010 – 9/30/2014 |
| CA | Everest San Bernardino-Medical Assistant (Diploma) | 7/1/2010 – 9/30/2014 |
| | | |
| CA | Everest San Francisco-Dental Assistant (Diploma) | 7/1/2010 – 9/30/2014 |
| CA | Everest San Francisco-Massage Therapy (Diploma) | 7/1/2010 – 9/30/2014 |
| CA | Everest San Francisco-Medical Assistant (Diploma) | 7/1/2011 – 9/30/2014 |
| CA | Everest San Francisco-Pharmacy Technician (Diploma) | 7/1/2010 – 9/30/2014 |
| | | |
| CA | Everest San Jose-Dental Assistant (Diploma) | 7/1/2010 – 9/30/2014 |
| CA | Everest San Jose-Massage Therapy (Diploma) | 7/1/2010 – 9/30/2014 |
| CA | Everest San Jose-Medical Administrative Assistant (Diploma) | 7/1/2010 – 9/30/2014 |
| CA | Everest San Jose-Medical Assistant (Diploma) | 7/1/2010 – 9/30/2014 |
| CA | Everest San Jose-Medical Insurance Billing and Coding (Diploma) | 7/1/2011 – 9/30/2014 |
| | | |
| CA | Everest Torrance-Medical Assistant (Diploma) | 7/1/2012 – 9/30/2014 |
| CA | Everest Torrance-Pharmacy Technician (Diploma) | 7/1/2012 – 9/30/2014 |
| | | |
| CA | Everest West Los Angeles-Criminal Justice (Associate) | 7/1/2013 – 9/30/2014 |
| CA | Everest West Los Angeles-Dental Assistant (Diploma) | 7/1/2010 – 9/30/2014 |
| CA | Everest West Los Angeles-Massage Therapy (Diploma) | 7/1/2011 – 9/30/2014 |
| CA | Everest West Los Angeles-Medical Administrative Assistant (Diploma) | 7/1/2010 – 9/30/2014 |
| CA | Everest West Los Angeles-Medical Assistant (Diploma) | 7/1/2010 – 9/30/2014 |

| CA | Everest West Los Angeles-Medical Insurance Billing and Coding (Diploma) | 7/1/2010 – 9/30/2014 |
|---|---|---|
| CA | Everest West Los Angeles-Paralegal (Associate) | 7/1/2013 – 9/30/2014 |
| CA | Everest West Los Angeles-Pharmacy Technician (Diploma) | 7/1/2010 – 9/30/2014 |
| | | |
| CA | WyoTech Fremont-Applied Automotive Technology  - Advanced Diagnostics Concentration (Diploma) | 7/1/2010 – 9/30/2013 |
| CA | WyoTech Fremont-Applied Automotive Technology (Diploma) | 7/1/2010 – 9/30/2013 |
| CA | WyoTech Fremont-Automotive Technology/ Concentration in Automotive Diagnostics (Associate) | 7/1/2010 – 9/30/2014 |
| CA | WyoTech Fremont-Automotive Technology/ Concentration in Service Management (Associate) | 7/1/2010 – 9/30/2014 |
| CA | WyoTech Fremont-Commercial Heating Ventilation and Air Conditioning (CHVAC) (Diploma) | 7/1/2011 – 9/30/2014 |
| CA | WyoTech Fremont-Electrician (Diploma) | 7/1/2011 – 9/30/2012 |
| CA | WyoTech Fremont-Heating Ventilation and Air Conditioning (HVAC) (Diploma) | 7/1/2011 – 9/30/2013 |
| CA | WyoTech Fremont-Motorcycle Technician (Diploma) | 7/1/2011 – 9/30/2014 |
| CA | WyoTech Fremont-Plumbing Technology (Diploma) | 7/1/2011 – 9/30/2012 |
| CA | WyoTech Fremont-Residential Heating Ventilation and Air Conditioning (HVAC) (Diploma) | 7/1/2011 – 9/30/2014 |
| | | |
| CA | WyoTech Long Beach-Automotive Technician (Diploma) | 7/1/2010 – 9/30/2014 |
| CA | WyoTech Long Beach-Automotive Technology (Diploma) | 7/1/2010 – 9/30/2014 |
| CA | WyoTech Long Beach-Electrician (Diploma) | 7/1/2010 – 9/30/2014 |
| CA | WyoTech Long Beach-Heating Ventilation and Air Conditioning (HVAC) (Diploma) | 7/1/2010 – 9/30/2013 |
| CA | WyoTech Long Beach-Industrial Electrical Technology (Diploma) | 7/1/2010 – 9/30/2014 |
| CA | WyoTech Long Beach-Medical Assistant (Diploma) | 7/1/2010 – 9/30/2014 |
| CA | WyoTech Long Beach-Plumbing Technology (Diploma) | 7/1/2010 – 9/30/2014 |
| | | |
| CA | WyoTech West Sacramento-Automotive Technology (all credential levels) | 7/1/2010 – 9/30/2014 |
| CA | WyoTech West Sacramento-Automotive Technology and Management (Associate) | 7/1/2010 – 9/30/2014 |
| CA | WyoTech West Sacramento-Automotive Technology with Advanced Automotive Diagnostics (all credential levels) | 7/1/2010 – 9/30/2014 |
| CA | WyoTech West Sacramento-Collision/Refinishing and Upholstery Technology (Diploma) | 7/1/2010 – 9/30/2014 |
| CA | WyoTech West Sacramento-Street Rod and Custom Fabrication with Automotive Technology (Diploma) | 7/1/2010 – 9/30/2014 |
| | | |
| CO | Everest Aurora (CO)-Accounting (Associate) | 7/1/2010 – 9/30/2014 |
| CO | Everest Aurora (CO)-Business (Associate) | 7/1/2010 – 9/30/2012; 7/1/2013 – 9/30/2014 |
| CO | Everest Aurora (CO)-Criminal Justice (Associate) | 7/1/2011 – 9/30/2012; 7/1/2013 – 9/30/2014 |
| CO | Everest Aurora (CO)-Dental Assistant (Diploma) | 7/1/2011 – 9/30/2012 |
| CO | Everest Aurora (CO)-Medical Administrative Assistant (Diploma) | 7/1/2011 – 9/30/2012 |
| CO | Everest Aurora (CO)-Medical Assistant (Diploma) | 7/1/2011 – 9/30/2012 |
| CO | Everest Aurora (CO)-Medical Insurance Billing and Coding (Diploma) | 7/1/2010 – 9/30/2012; 7/1/2013 – 9/30/2014 |
| CO | Everest Aurora (CO)-Pharmacy Technician (Diploma) | 7/1/2010 – 9/30/2012 |

| | | |
|---|---|---|
| CO | Everest Colorado Springs-Accounting (Associate) | 7/1/2011 – 9/30/2014 |
| CO | Everest Colorado Springs-Business (Associate) | 7/1/2011 – 9/30/2014 |
| CO | Everest Colorado Springs-Business Accounting (Diploma) | 7/1/2011 – 9/30/2014 |
| CO | Everest Colorado Springs-Computer Information Science (Associate) | 7/1/2011 – 9/30/2014 |
| CO | Everest Colorado Springs-Criminal Justice (Associate) | 7/1/2011 – 9/30/2013 |
| CO | Everest Colorado Springs-Dental Assistant (Diploma) | 7/1/2011 – 9/30/2012 |
| CO | Everest Colorado Springs-Legal Assistant/Paralegal (Associate) | 7/1/2011 – 9/30/2014 |
| CO | Everest Colorado Springs-Massage Therapy (Diploma) | 7/1/2011 – 9/30/2014 |
| CO | Everest Colorado Springs-Medical Administrative Assistant (Diploma) | 7/1/2011 – 9/30/2013 |
| CO | Everest Colorado Springs-Medical Assistant (Diploma) | 7/1/2011 – 9/30/2013 |
| CO | Everest Thornton-Accounting (Associate) | 7/1/2010 – 9/30/2014 |
| CO | Everest Thornton-Business (Associate) | 7/1/2011 – 9/30/2014 |
| CO | Everest Thornton-Business Accounting (Diploma) | 7/1/2010 – 9/30/2014 |
| CO | Everest Thornton-Criminal Justice (Associate) | 7/1/2010 – 9/30/2014 |
| CO | Everest Thornton-Medical Administrative Assistant (Diploma) | 7/1/2010 – 9/30/2014 |
| CO | Everest Thornton-Medical Assistant (Associate) | 7/1/2010 – 9/30/2014 |
| CO | Everest Thornton-Medical Assistant (Diploma) | 7/1/2010 – 9/30/2014 |
| CO | Everest Thornton-Medical Insurance Billing and Coding (Diploma) | 7/1/2010 – 9/30/2013 |
| CO | Everest Thornton-Paralegal (Associate) | 7/1/2010 – 9/30/2011; 7/1/2012 – 9/30/2013 |
| CO | Everest Thornton-Pharmacy Technician (Diploma) | 7/1/2011 – 9/30/2013 |
| CO | Everest Thornton-Surgical Technologist (Associate) | 7/1/2010 – 9/30/2014 |
| FL | Everest Brandon-Accounting (Associate) | 7/1/2010 – 9/30/2012; 7/1/2013 - 9/30/2014 |
| FL | Everest Brandon-Accounting (Bachelor) | 7/1/2010 – 9/30/2014 |
| FL | Everest Brandon-Applied Management (Associate) | 7/1/2012 – 9/30/2014 |
| FL | Everest Brandon-Business (Associate) | 7/1/2010 – 9/30/2014 |
| FL | Everest Brandon-Business (Bachelor) | 7/1/2010 – 9/30/2012; 7/1/2013 – 9/30/2014 |
| FL | Everest Brandon-Business Administration (Associate) | 7/1/2010 – 9/30/2014 |
| FL | Everest Brandon-Business Administration (Bachelor) | 7/1/2010 – 9/30/2012; 7/1/2013 – 9/30/2014 |
| FL | Everest Brandon-Business Administration (Masters) | 7/1/2010 – 9/30/2012; 7/1/2013 – 9/30/2014 |
| FL | Everest Brandon-Computer Information Science (Associate) | 7/1/2010 – 9/30/2014 |
| FL | Everest Brandon-Computer Information Science (Bachelor) | 7/1/2010 – 9/30/2014 |
| FL | Everest Brandon-Computer Office Technology and Applications (all credential levels) | 7/1/2010 – 9/30/2014 |
| FL | Everest Brandon-Criminal Justice (Associate) | 7/1/2010 – 9/30/2012; 7/1/2013 – 9/30/2014 |
| FL | Everest Brandon-Criminal Justice (Bachelor) | 7/1/2010 – 9/30/2012; 7/1/2013 – 9/30/2014 |
| FL | Everest Brandon-Criminal Justice (Masters) | 7/1/2010 – 9/30/2012 |
| FL | Everest Brandon-Massage Therapy (Diploma) | 7/1/2010 – 9/30/2014 |
| FL | Everest Brandon-Medical Administrative Assistant (Diploma) | 7/1/2010 – 9/30/2012; 7/1/2013 – 9/30/2014 |
| FL | Everest Brandon-Medical Assistant (Associate) | 7/1/2010 – 9/30/2014 |

| FL | Everest Brandon-Medical Assistant (Diploma) | 7/1/2010 – 9/30/2012; 7/1/2013 – 9/30/2014 |
|----|----|----|
| FL | Everest Brandon-Medical Insurance Billing and Coding (Associate) | 7/1/2010 – 9/30/2012; 7/1/2013 – 9/30/2014 |
| FL | Everest Brandon-Medical Insurance Billing and Coding (Diploma) | 7/1/2010 – 9/30/2014 |
| FL | Everest Brandon-Nursing (Associate) | 7/1/2010 – 9/30/2012; 7/1/2013 – 9/30/2014 |
| FL | Everest Brandon-Paralegal (Associate) | 7/1/2010 – 9/30/2012; 7/1/2013 – 9/30/2014 |
| FL | Everest Brandon-Paralegal (Bachelor) | 7/1/2010 – 9/30/2012; 7/1/2013 – 9/30/2014 |
| FL | Everest Brandon-Pharmacy Technician (Associate) | 7/1/2010 – 9/30/2014 |
| FL | Everest Brandon-Pharmacy Technician (Diploma) | 7/1/2010 – 9/30/2014 |
| FL | Everest Brandon-Radiologic Technician (Associate) | 7/1/2013 – 9/30/2014 |
| FL | Everest Brandon-Surgical Technologist (Associate) | 7/1/2010 – 9/30/2014 |
| FL | Everest Fort Lauderdale-Medical Administrative Assistant (Diploma) | 7/1/2010 – 9/30/2014 |
| FL | Everest Fort Lauderdale-Medical Assistant (Diploma) | 7/1/2010 – 9/30/2014 |
| FL | Everest Fort Lauderdale-Medical Insurance Billing and Coding (Diploma) | 7/1/2010 – 9/30/2014 |
| FL | Everest Fort Lauderdale-Patient Care Technician (Diploma) | 7/1/2010 – 9/30/2014 |
| FL | Everest Fort Lauderdale-Pharmacy Technician (Diploma) | 7/1/2010 – 9/30/2014 |
| FL | Everest Hialeah-Business (Associate) | 7/1/2012 – 9/30/2014 |
| FL | Everest Hialeah-Criminal Investigations (Associate) | 7/1/2010 – 9/30/2014 |
| FL | Everest Hialeah-Criminal Justice (Associate) | 7/1/2010 – 9/30/2011; 7/1/2012 – 9/30/2014 |
| FL | Everest Hialeah-Criminal Justice Private and Homeland Security (Diploma) | 7/1/2010 – 9/30/2011; 7/1/2012 – 9/30/2014 |
| FL | Everest Hialeah-Criminal Justice Social and Youth Services (Diploma) | 7/1/2010 – 9/30/2011; 7/1/2012 – 9/30/2014 |
| FL | Everest Hialeah-Diagnostic Card Sonogram (Associate) | 7/1/2010 – 9/30/2014 |
| FL | Everest Hialeah-Medical Administrative Assistant (Diploma) | 7/1/2010 – 9/30/2014 |
| FL | Everest Hialeah-Medical Assistant (Diploma) | 7/1/2010 – 9/30/2014 |
| FL | Everest Hialeah-Medical Insurance Billing and Coding (Associate) | 7/1/2010 – 9/30/2014 |
| FL | Everest Hialeah-Medical Insurance Billing and Coding (Diploma) | 7/1/2010 – 9/30/2014 |
| FL | Everest Hialeah-Patient Care Technician (Diploma) | 7/1/2012 – 9/30/2014 |
| FL | Everest Hialeah-Pharmacy Technician (Diploma) | 7/1/2011 – 9/30/2014 |
| FL | Everest Hialeah-Surgical Technologist (Diploma) | 7/1/2010 – 9/30/2011; 7/1/2012 – 9/30/2014 |
| FL | Everest Jacksonville-Accounting (Associate) | 7/1/2010 – 9/30/2011; 7/1/2012 – 9/30/2014 |
| FL | Everest Jacksonville-Applied Management (Associate) | 7/1/2011 – 9/30/2013 |
| FL | Everest Jacksonville-Applied Management (Bachelor) | 7/1/2010 – 9/30/2011; 7/1/2013 – 9/30/2014 |
| FL | Everest Jacksonville-Business (Associate) | 7/1/2010 – 9/30/2014 |
| FL | Everest Jacksonville-Business (Bachelor) | 7/1/2010 – 9/30/2011; 7/1/2013 – 9/30/2014 |
| FL | Everest Jacksonville-Business Administration (Associate) | 7/1/2010 – 9/30/2014 |
| FL | Everest Jacksonville-Business Administration (Bachelor) | 7/1/2010 – 9/30/2014 |

| FL | Everest Jacksonville-Business Administration (Master) | 7/1/2010 – 9/30/2014 |
|----|------------------------------------------------------|----------------------|
| FL | Everest Jacksonville-Criminal Justice (Associate) | 7/1/2010 – 9/30/2011; 7/1/2012– 9/30/2014 |
| FL | Everest Jacksonville-Criminal Justice (Bachelor) | 7/1/2010 – 9/30/2011; 7/1/2013 – 9/30/2014 |
| FL | Everest Jacksonville-Criminal Justice (Master) | 7/1/2010 – 9/30/2011; 7/1/2013 – 9/30/2014 |
| FL | Everest Jacksonville-Criminal Justice Private and Homeland Security (Diploma) | 7/1/2010 – 9/30/2011; 7/1/2012 – 9/30/2014 |
| FL | Everest Jacksonville-Massage Therapy (Diploma) | 7/1/2010 – 9/30/2011; 7/1/2012 – 9/30/2013 |
| FL | Everest Jacksonville-Medical Administrative Assistant (Diploma) | 7/1/2010 – 9/30/2011 |
| FL | Everest Jacksonville-Medical Assistant  (Diploma) | 7/1/2010 – 9/30/2011 |
| FL | Everest Jacksonville-Medical Assistant (Associate) | 7/1/2010 – 9/30/2014 |
| FL | Everest Jacksonville-Medical Insurance Billing and Coding (Diploma) | 7/1/2013 – 9/30/2014 |
| FL | Everest Jacksonville-Paralegal (Associate) | 7/1/2010 – 9/30/2011 |
| FL | Everest Jacksonville-Pharmacy Technician (Diploma) | 7/1/2010 – 9/30/2011 |
| | | |
| FL | Everest Kendall (Miami)-Applied Management (Associate) | 7/1/2012 – 9/30/2014 |
| FL | Everest Kendall (Miami)-Business (Associate) | 7/1/2012 – 9/30/2014 |
| FL | Everest Kendall (Miami)-Business Sales and Customer Design (Diploma) | 7/1/2012 – 9/30/2014 |
| FL | Everest Kendall (Miami)-Criminal Investigations (Associate) | 7/1/2012 – 9/30/2014 |
| FL | Everest Kendall (Miami)-Criminal Justice (Associate) | 7/1/2012 – 9/30/2014 |
| FL | Everest Kendall (Miami)-Criminal Justice Private and Homeland Security (Diploma) | 7/1/2012 – 9/30/2014 |
| FL | Everest Kendall (Miami)-Medical Insurance Billing and Coding (Associate) | 7/1/2010 – 9/30/2014 |
| FL | Everest Kendall (Miami)-Medical Insurance Billing and Coding (Diploma) | 7/1/2010 – 9/30/2011; 7/1/2013 – 9/30/2014 |
| FL | Everest Kendall (Miami)-Patient Care Technician (Diploma) | 7/1/2013 – 9/30/2014 |
| | | |
| FL | Everest Lakeland-Accounting (Associate) | 7/1/2011 – 9/30/2012 |
| FL | Everest Lakeland-Applied Management (Associate) | 7/1/2013 – 9/30/2014 |
| FL | Everest Lakeland-Applied Management (Bachelor) | 7/1/2011 – 9/30/2012; 7/1/2013 – 9/30/2014 |
| FL | Everest Lakeland-Business (Associate) | 7/1/2010 – 9/30/2014 |
| FL | Everest Lakeland-Business (Bachelor) | 7/1/2011 – 9/30/2014 |
| FL | Everest Lakeland-Business Administration (Associate) | 7/1/2010 – 9/30/2014 |
| FL | Everest Lakeland-Criminal Justice (Associate) | 7/1/2011 – 9/30/2014 |
| FL | Everest Lakeland-Criminal Justice (Bachelor) | 7/1/2013 – 9/30/2014 |
| FL | Everest Lakeland-Massage Therapy (Diploma) | 7/1/2012 – 9/30/2013 |
| FL | Everest Lakeland-Medical Administrative Assistant (Diploma) | 7/1/2010 – 9/30/2011; 7/1/2012 –  9/30/2014 |
| FL | Everest Lakeland-Medical Assistant (Associates) | 7/1/2010 – 9/30/2011; 7/1/2012  – 9/30/2013 |
| FL | Everest Lakeland-Medical Assistant (Diploma) | 7/1/2010 – 9/30/2011; 7/1/2012  – 9/30/2013 |
| FL | Everest Lakeland-Paralegal (Associate) | 7/1/2013 – 9/30/2014 |
| FL | Everest Lakeland-Pharmacy Technician (Diploma) | 7/1/2012 – 9/30/2014 |
| | | |

| FL | Everest Largo-Accounting (Associate) | 7/1/2010 – 9/30/2014 |
|----|---|---|
| FL | Everest Largo-Accounting (Bachelor) | 7/1/2011 – 9/30/2014 |
| FL | Everest Largo-Business (Associate) | 7/1/2011 – 9/30/2014 |
| FL | Everest Largo-Business (Bachelor) | 7/1/2010 – 9/30/2011; 7/1/2012 – 9/30/2014 |
| FL | Everest Largo-Business Administration (Associate) | 7/1/2011 – 9/30/2014 |
| FL | Everest Largo-Business Administration (Bachelor) | 7/1/2010 – 9/30/2014 |
| FL | Everest Largo-Business Administration (Master) | 7/1/2010 – 9/30/2011 |
| FL | Everest Largo-Business Office Administration (Diploma) | 7/1/2011 – 9/30/2014 |
| FL | Everest Largo-Business Sales and Customer Service (Diploma) | 7/1/2011 – 9/30/2014 |
| FL | Everest Largo-Computer Information Science (Associate) | 7/1/2010 – 9/30/2014 |
| FL | Everest Largo-Computer Information Science (Bachelor) | 7/1/2012 – 9/30/2014 |
| FL | Everest Largo-Criminal Justice (Associate) | 7/1/2010 – 9/30/2011; 7/1/2012 – 9/30/2014 |
| FL | Everest Largo-Dental Assistant (Diploma) | 7/1/2011 – 9/30/2014 |
| FL | Everest Largo-Massage Therapy (Diploma) | 7/1/2012 – 9/30/2014 |
| FL | Everest Largo-Medical Administrative Assistant (Diploma) | 7/1/2011 – 9/30/2014 |
| FL | Everest Largo-Medical Assistant (Associate) | 7/1/2011 – 9/30/2014 |
| FL | Everest Largo-Medical Assistant (Diploma) | 7/1/2011 – 9/30/2014 |
| FL | Everest Largo-Medical Insurance Billing and Coding (Associate) | 7/1/2012 – 9/30/2014 |
| FL | Everest Largo-Medical Insurance Billing and Coding (Diploma) | 7/1/2012 – 9/30/2014 |
| FL | Everest Largo-Paralegal (Associate) | 7/1/2010 – 9/30/2014 |
| FL | Everest Largo-Paralegal (Bachelor) | 7/1/2011 – 9/30/2014 |
| FL | Everest Largo-Pharmacy Technician (Diploma) | 7/1/2011 – 9/30/2014 |
|  |  |  |
| FL | Everest Melbourne-Accounting (Bachelor) | 7/1/2011 – 9/30/2014 |
| FL | Everest Melbourne-Business (Associate) | 7/1/2012 – 9/30/2013 |
| FL | Everest Melbourne-Business (Bachelor) | 7/1/2010 – 9/30/2011; 7/1/2012 – 9/30/2014 |
| FL | Everest Melbourne-Business Administration (Associate) | 7/1/2012 – 9/30/2013 |
| FL | Everest Melbourne-Business Administration (Bachelor) | 7/1/2010 – 9/30/2014 |
| FL | Everest Melbourne-Business Administration (Master) | 7/1/2011 – 9/30/2014 |
| FL | Everest Melbourne-Business Office Administration (Diploma) | 7/1/2012 – 9/30/2013 |
| FL | Everest Melbourne-Computer Information Science (Associate) | 7/1/2010– 9/30/2011 |
| FL | Everest Melbourne-Criminal Justice (Associate) | 7/1/2010 – 9/30/2011; 7/1/2012 – 9/30/2014 |
| FL | Everest Melbourne-Criminal Justice (Bachelor) | 7/1/2010 – 9/30/2011; 7/1/2012 – 9/30/2014 |
| FL | Everest Melbourne-Film and Video (Associate) | 7/1/2010 – 9/30/2014 |
| FL | Everest Melbourne-Health Care Administration (Bachelor) | 7/1/2012 – 9/30/2013 |
| FL | Everest Melbourne-Paralegal (Associate) | 7/1/2010 – 9/30/2011; 7/1/2012 – 9/30/2014 |
| FL | Everest Melbourne-Paralegal (Bachelor) | 7/1/2013 – 9/30/2014 |
| FL | Everest Melbourne-Pharmacy Technician (Associates) | 7/1/2013 – 9/30/2014 |
| FL | Everest Melbourne-Pharmacy Technician (Diploma) | 7/1/2013 – 9/30/2014 |
|  |  |  |
| FL | Everest Miami-Applied Management (Associate) | 7/1/2013 – 9/30/2014 |
| FL | Everest Miami-Business (Associate) | 7/1/2011 – 9/30/2013 |
| FL | Everest Miami-Business Office Administration (Diploma) | 7/1/2011 – 9/30/2013 |
| FL | Everest Miami-Criminal Investigations (Associate) | 7/1/2010 – 9/30/2014 |
| FL | Everest Miami-Criminal Justice (Associate) | 7/1/2010 – 9/30/2014 |

| FL | Everest Miami-Criminal Justice Private and Homeland Security (Diploma) | 7/1/2010 – 9/30/2014 |
|----|----|----|
| FL | Everest Miami-Heating. Ventilation and Air Conditioning (Diploma) | 7/1/2013 – 9/30/2014 |
| FL | Everest Miami-Medical Administrative Assistant (Diploma) | 7/1/2010 – 9/30/2011; 7/1/2012 – 9/30/2014 |
| FL | Everest Miami-Medical Assistant (Diploma) | 7/1/2010 – 9/30/2011; 7/1/2012 – 9/30/2014 |
| FL | Everest Miami-Medical Insurance Billing and Coding (Associates) | 7/1/2010 – 9/30/2011; 7/1/2012 – 9/30/2014 |
| FL | Everest Miami-Medical Insurance Billing and Coding (Diploma) | 7/1/2010 – 9/30/2011; 7/1/2012 – 9/30/2014 |
| FL | Everest Miami-Patient Care Technician (Diploma) | 7/1/2010 – 9/30/2014 |
| FL | Everest Miami-Pharmacy Technician (Diploma) | 7/1/2010 –9/30/2013 |
| | | |
| FL | Everest Orange Park-Applied Management (Associate) | 7/1/2010 – 9/30/2011; 7/1/2012 – 9/30/2013 |
| FL | Everest Orange Park-Applied Management (Bachelor) | 7/1/2010 – 9/30/2012; 7/1/2013 – 9/30/2014 |
| FL | Everest Orange Park-Business (Associate) | 7/1/2010 – 9/30/2014 |
| FL | Everest Orange Park-Business (Bachelor) | 7/1/2011 – 9/30/2014 |
| FL | Everest Orange Park-Business Office Administration | 7/1/2010 – 9/30/2014 |
| FL | Everest Orange Park-Criminal Investigations (Associate) | 7/1/2010 – 9/30/2014 |
| FL | Everest Orange Park-Criminal Justice (Associate) | 7/1/2010 – 9/30/2014 |
| FL | Everest Orange Park-Criminal Justice (Bachelor) | 7/1/2010 – 9/30/2012; 7/1/2013 – 9/30/2014 |
| FL | Everest Orange Park-Electrician (Diploma) | 7/1/2010 – 9/30/2013 |
| FL | Everest Orange Park-Heating, Ventilation and Air Conditioning (Diploma) | 7/1/2010 – 9/30/2013 |
| FL | Everest Orange Park-Medical Administrative Assistant (Diploma) | 7/1/2010 – 9/30/2013 |
| FL | Everest Orange Park-Medical Assistant (Associate) | 7/1/2010 – 9/30/2014 |
| FL | Everest Orange Park-Medical Assistant (Diploma) | 7/1/2010 – 9/30/2013 |
| FL | Everest Orange Park-Medical Insurance Billing and Coding (Associate) | 7/1/2011 – 9/30/2014 |
| FL | Everest Orange Park-Medical Insurance Billing and Coding (Diploma) | 7/1/2011 – 9/30/2014 |
| FL | Everest Orange Park-Pharmacy Technician (Diploma) | 7/1/2012 – 9/30/2014 |
| | | |
| FL | Everest Orlando North – Business (Bachelor) | 7/1/2010 – 9/30/2011; 7/1/2013 – 9/30/2014 |
| FL | Everest Orlando North-Accounting (Associate) | 7/1/2011 – 9/30/2012; 7/1/2013 – 9/30/2014 |
| FL | Everest Orlando North-Accounting (Bachelor) | 7/1/2012 – 9/30/2013 |
| FL | Everest Orlando North-Business (Associate) | 7/1/2011 – 9/30/2014 |
| FL | Everest Orlando North-Business Accounting (Diploma) | 7/1/2011 – 9/30/2012; 7/1/2013 – 9/30/2014 |
| FL | Everest Orlando North-Business Administration (Associate) | 7/1/2011 – 9/30/2014 |
| FL | Everest Orlando North-Business Administration (Bachelor) | 7/1/2010 – 9/30/2014 |
| FL | Everest Orlando North-Business Administration (Master) | 7/1/2010 – 9/30/2011; 7/1/2012 – 9/30/2014 |
| FL | Everest Orlando North-Business Sales and Customer Service (Diploma) | 7/1/2011 – 9/30/2014 |
| FL | Everest Orlando North-Computer Information Science (Associate) | 7/1/2010 – 9/30/2011; 7/1/2013 – 9/30/2014 |

| FL | Everest Orlando North-Computer Information Science (Bachelor) | 7/1/2011 – 9/30/2013 |
|----|---|---|
| FL | Everest Orlando North-Criminal Justice (Associate) | 7/1/2010 – 9/30/2011; 7/1/2012 – 9/30/2014 |
| FL | Everest Orlando North-Criminal Justice (Bachelor) | 7/1/2011 – 9/30/2012; 7/1/2013 – 9/30/2014 |
| FL | Everest Orlando North-Film and Video (Associate) | 7/1/2010 – 9/30/2012; 7/1/2013 – 9/30/2014 |
| FL | Everest Orlando North-Health Care Administration (Bachelor) | 7/1/2010 – 9/30/2011; 7/1/2013 – 9/30/2014 |
| FL | Everest Orlando North-Massage Therapy (Diploma) | 7/1/2010 – 9/30/2011 |
| FL | Everest Orlando North-Medical Administrative Assistant (Diploma) | 7/1/2010 – 9/30/2013 |
| FL | Everest Orlando North-Medical Assistant (Associate) | 7/1/2010 – 9/30/2013 |
| FL | Everest Orlando North-Medical Assistant (Diploma) | 7/1/2010 – 9/30/2013 |
| FL | Everest Orlando North-Medical Insurance Billing and Coding (Associate) | 7/1/2010 – 9/30/2011 |
| FL | Everest Orlando North-Medical Insurance Billing and Coding (Diploma) | 7/1/2010 – 9/30/2011 |
| FL | Everest Orlando North-Paralegal (Bachelor) | 7/1/2011 – 9/30/2012; 7/1/2013 – 9/30/2014 |
| FL | Everest Orlando North-Pharmacy Technician (Associate) | 7/1/2012 – 9/30/2013 |
| FL | Everest Orlando North-Pharmacy Technician (Diploma) | 7/1/2012 – 9/30/2013 |
| FL | Everest Orlando South-Accounting (Associate) | 7/1/2010 – 9/30/2012; 7/1/2013 – 9/30/2014 |
| FL | Everest Orlando South-Accounting (Bachelor) | 7/1/2010 – 9/30/2011; 7/1/2012 – 9/30/2014 |
| FL | Everest Orlando South-Applied Management (Associate) | 7/1/2012 – 9/30/2014 |
| FL | Everest Orlando South-Applied Management (Bachelor) | 7/1/2010 – 9/30/2011; 7/1/2012 – 9/30/2014 |
| FL | Everest Orlando South-Business (Associate) | 7/1/2010 – 9/30/2014 |
| FL | Everest Orlando South-Business (Bachelor) | 7/1/2010 – 9/30/2014 |
| FL | Everest Orlando South-Business Administration (Associate) | 7/1/2010 – 9/30/2014 |
| FL | Everest Orlando South-Business Administration (Bachelor) | 7/1/2010 – 9/30/2014 |
| FL | Everest Orlando South-Business Administration (Masters) | 7/1/2010 – 9/30/2012 |
| FL | Everest Orlando South-Business Sales and Customer Service (Diploma) | 7/1/2010 – 9/30/2014 |
| FL | Everest Orlando South-Computer Information Science (Associate) | 7/1/2010 – 9/30/2011; 7/1/2013 – 9/30/2014 |
| FL | Everest Orlando South-Computer Information Science (Bachelor) | 7/1/2011 – 9/30/2012 |
| FL | Everest Orlando South-Criminal Investigations (Associate) | 7/1/2010 – 9/30/2014 |
| FL | Everest Orlando South-Criminal Justice (Associate) | 7/1/2010 – 9/30/2014 |
| FL | Everest Orlando South-Criminal Justice (Bachelor) | 7/1/2010 – 9/30/2011; 7/1/2012 – 9/30/2014 |
| FL | Everest Orlando South-Criminal Justice Private and Homeland Security (Diploma) | 7/1/2010 – 9/30/2014 |
| FL | Everest Orlando South-Healthcare Administration (Bachelor) | 7/1/2012 – 9/30/2014 |
| FL | Everest Orlando South-Homeland Security (Bachelor) | 7/1/2011 – 9/30/2014 |
| FL | Everest Orlando South-Massage Therapy (Diploma) | 7/1/2010 – 9/30/2013 |
| FL | Everest Orlando South-Medical Administrative Assistant (Diploma) | 7/1/2010 – 9/30/2012; 7/1/2013 – 9/30/2014 |
| FL | Everest Orlando South-Medical Assistant (Associate) | 7/1/2010 – 9/30/2014 |
| FL | Everest Orlando South-Medical Assistant (Diploma) | 7/1/2010 – 9/30/2012; 7/1/2013 – 9/30/2014 |

| FL | Everest Orlando South-Paralegal (Associate) | 7/1/2010 – 9/30/2011 |
|----|---------------------------------------------|----------------------|
| FL | Everest Orlando South-Paralegal (Bachelor) | 7/1/2011 – 9/30/2014 |
| FL | Everest Orlando South-Pharmacy Technician (Associate) | 7/1/2010 – 9/30/2014 |
| FL | Everest Orlando South-Pharmacy Technician (Diploma) | 7/1/2010 – 9/30/2012; 7/1/2013 – 9/30/2014 |
| | | |
| FL | Everest Pompano Beach-Accounting (Associate) | 7/1/2010 – 9/30/2012; 7/1/2013 – 9/30/2014 |
| FL | Everest Pompano Beach-Accounting (Bachelor) | 7/1/2010 – 9/30/2011 |
| FL | Everest Pompano Beach-Applied Management (Associate) | 7/1/2011 – 9/30/2012; 7/1/2013 – 9/30/2014 |
| FL | Everest Pompano Beach-Applied Management (Bachelor) | 7/1/2011 – 9/30/2012; 7/1/2013 – 9/30/2014 |
| FL | Everest Pompano Beach-Business (Associate) | 7/1/2010 – 9/30/2014 |
| FL | Everest Pompano Beach-Business (Bachelor) | 7/1/2011– 9/30/2014 |
| FL | Everest Pompano Beach-Business Administration (Associate) | 7/1/2010 – 9/30/2014 |
| FL | Everest Pompano Beach-Business Administration (Bachelor) | 7/1/2011 – 9/30/2014 |
| FL | Everest Pompano Beach-Business Administration (Masters) | 7/1/2010 – 9/30/2014 |
| FL | Everest Pompano Beach-Computer Information Science (Associate) | 7/1/2011 – 9/30/2014 |
| FL | Everest Pompano Beach-Computer Information Science (Bachelor) | 7/1/2010 – 9/30/2014 |
| FL | Everest Pompano Beach-Criminal Investigations (Associate) | 7/1/2010 – 9/30/2012; 7/1/2013 – 9/30/2014 |
| FL | Everest Pompano Beach-Criminal Justice (Associate) | 7/1/2010 – 9/30/2012; 7/1/2013 – 9/30/2014 |
| FL | Everest Pompano Beach-Criminal Justice (Bachelor) | 7/1/2010 – 9/30/2014 |
| FL | Everest Pompano Beach-Criminal Justice (Master) | 7/1/2011 – 9/30/2014 |
| FL | Everest Pompano Beach-Criminal Justice Private and Homeland Security (Diploma) | 7/1/2010 – 9/30/2012; 7/1/2013 – 9/30/2014 |
| FL | Everest Pompano Beach-Homeland Security (Associate) | 7/1/2010 – 9/30/2011 |
| FL | Everest Pompano Beach-Hospitality Management (Associate) | 7/1/2010 – 9/30/2012 |
| FL | Everest Pompano Beach-Hospitality Management (Bachelor) | 7/1/2010 – 9/30/2011; 7/1/2012 – 9/30/2014 |
| FL | Everest Pompano Beach-Massage Therapy (Diploma) | 7/1/2010 – 9/30/2011; 7/1/2013 – 9/30/2014 |
| FL | Everest Pompano Beach-Medical Assistant (Associate) | 7/1/2010 – 9/30/2014 |
| FL | Everest Pompano Beach-Medical Assistant (Diploma) | 7/1/2010 – 9/30/2012 |
| FL | Everest Pompano Beach-Medical Insurance Billing and Coding (Associate) | 7/1/2010 – 9/30/2014 |
| FL | Everest Pompano Beach-Medical Insurance Billing and Coding (Diploma) | 7/1/2010 – 9/30/2012 |
| FL | Everest Pompano Beach-Paralegal (Associate) | 7/1/2010 – 9/30/2013 |
| FL | Everest Pompano Beach-Patient Care Technician (Diploma) | 7/1/2010 – 9/30/2013 |
| FL | Everest Pompano Beach-Pharmacy Technician (Diploma) | 7/1/2011 – 9/30/2013 |
| | | |
| FL | Everest Tampa-Accounting (Associate) | 7/1/2010 – 9/30/2012; 7/1/2013 – 9/30/2014 |
| FL | Everest Tampa-Accounting (Bachelor) | 7/1/2011 – 9/30/2014 |
| FL | Everest Tampa-Applied Management (Associate) | 7/1/2010 – 9/30/2011; 7/1/2013 – 9/30/2014 |
| FL | Everest Tampa-Applied Management (Bachelor) | 7/1/2010 – 9/30/2012; 7/1/2013 – 9/30/2014 |
| FL | Everest Tampa-Business (Associate) | 7/1/2010 – 9/30/2014 |

| FL | Everest Tampa-Business (Bachelor) | 7/1/2010 – 9/30/2014 |
|---|---|---|
| FL | Everest Tampa-Business Administration (Master) | 7/1/2010 – 9/30/2014 |
| FL | Everest Tampa-Computer Information Science (Associate) | 7/1/2010 – 9/30/2011; 7/1/2012 – 9/30/2014 |
| FL | Everest Tampa-Computer Information Science (Bachelor) | 7/1/2011 – 9/30/2013 |
| FL | Everest Tampa-Criminal Investigations (Associate) | 7/1/2010 – 9/30/2014 |
| FL | Everest Tampa-Criminal Justice (Associate) | 7/1/2010 – 9/30/2011; 7/1/2012 – 9/30/2014 |
| FL | Everest Tampa-Criminal Justice (Bachelor) | 7/1/2012 – 9/30/2014 |
| FL | Everest Tampa-Criminal Justice Private and Homeland Security (Diploma) | 7/1/2010 – 9/30/2011; 7/1/2012 – 9/30/2014 |
| FL | Everest Tampa-Electrician (Diploma) | 7/1/2012 – 9/30/2014 |
| FL | Everest Tampa-Heating, Ventilation and Air Conditioning (Diploma) | 7/1/2013 – 9/30/2014 |
| FL | Everest Tampa-Massage Therapy (Diploma) | 7/1/2010 – 9/30/2011; 7/1/2013 – 9/30/2014 |
| FL | Everest Tampa-Medical Administrative Assistant (Diploma) | 7/1/2010 – 9/30/2011; 7/1/2013 – 9/30/2014 |
| FL | Everest Tampa-Medical Assistant (Associate) | 7/1/2010 – 9/30/2011; 7/1/2013 – 9/30/2014 |
| FL | Everest Tampa-Medical Assistant (Diploma) | 7/1/2010 – 9/30/2011; 7/1/2013 – 9/30/2014 |
| FL | Everest Tampa-Medical Insurance Billing and Coding (Associates) | 7/1/2012 – 9/30/2013 |
| FL | Everest Tampa-Medical Insurance Billing and Coding (Diploma) | 7/1/2012 – 9/30/2013 |
| FL | Everest Tampa-Paralegal (Associate) | 7/1/2010 – 9/30/2011; 7/1/2013 – 9/30/2014 |
| FL | Everest Tampa-Paralegal (Bachelor) | 7/1/2013 – 9/30/2014 |
| FL | Everest Tampa-Pharmacy Technician (Associate) | 7/1/2010 – 9/30/2011 |
| FL | Everest Tampa-Pharmacy Technician (Diploma) | 7/1/2010 – 9/30/2011 |
| | | |
| GA | Everest Atlanta (Greenbriar)-Dental Assistant (Diploma) | 7/1/2013 – 9/30/2014 |
| GA | Everest Atlanta (Greenbriar)-Medical Administrative Assistant (Diploma) | 7/1/2013  – 9/30/2014 |
| GA | Everest Atlanta (Greenbriar)-Medical Assistant (Diploma) | 7/1/2013 – 9/30/2014 |
| GA | Everest Atlanta (Greenbriar)-Medical Insurance Billing and Coding (Diploma) | 7/1/2013 – 9/30/2014 |
| GA | Everest Atlanta (Greenbriar)-Pharmacy Technician (Diploma) | 7/1/2013 – 9/30/2014 |
| | | |
| GA | Everest Decatur-Medical Administrative Assistant (Diploma) | 7/1/2010 – 9/30/2014 |
| GA | Everest Decatur-Medical Assistant (Diploma) | 7/1/2010 – 9/30/2014 |
| GA | Everest Decatur-Medical Insurance Billing and Coding (Diploma) | 7/1/2010 – 9/30/2014 |
| GA | Everest Decatur-Respiratory Care | 7/1/2010 – 9/30/2014 |
| | | |
| GA | Everest Jonesboro-Massage Therapy (Diploma) | 7/1/2010 – 9/30/2011 |
| GA | Everest Jonesboro-Medical Administrative Assistant (Diploma) | 7/1/2010 – 9/30/2011 |
| GA | Everest Jonesboro-Medical Assistant (Diploma) | 7/1/2010 – 9/30/2011 |
| GA | Everest Jonesboro-Medical Insurance Billing and Coding (Diploma) | 7/1/2012 – 9/30/2013 |
| GA | Everest Jonesboro-Patient Care Technician (Diploma) | 7/1/2010 – 9/30/2011; 7/1/2013 – 9/30/2014 |
| GA | Everest Jonesboro-Pharmacy Technician (Diploma) | 7/1/2010 – 9/30/2011 |
| | | |
| GA | Everest Marietta-Massage Therapy (all credential levels) | 7/1/2010 – 9/30/2014 |
| GA | Everest Marietta-Medical Administrative Assistant (Diploma) | 7/1/2010 – 9/30/2011 |

| GA | Everest Marietta-Medical Assistant (Diploma) | 7/1/2010 – 9/30/2011 |
|----|----------------------------------------------|----------------------|
| GA | Everest Marietta-Medical Insurance Billing and Coding (Diploma) | 7/1/2012 – 9/30/2014 |
| GA | Everest Marietta-Surgical Technologist (Diploma) | 7/1/2010 – 9/30/2011; 7/1/2012 – 9/30/2013 |
| | | |
| GA | Everest Norcross-Dental Assistant (Diploma) | 7/1/2010 – 9/30/2011 |
| GA | Everest Norcross-Massage Therapy (Diploma) | 7/1/2011 – 9/30/2012 |
| GA | Everest Norcross-Medical Administrative Assistant (Diploma) | 7/1/2010 – 9/30/2011; 7/1/2013 – 9/30/2014 |
| GA | Everest Norcross-Medical Assistant (Diploma) | 7/1/2010 – 9/30/2011; 7/1/2013 – 9/30/2014 |
| GA | Everest Norcross-Medical Insurance Billing and Coding (Diploma) | 7/1/2010 – 9/30/2011; 7/1/2012 – 9/30/2013 |
| | | |
| IL | Everest Burr Ridge-Dental Assistant (Diploma) | 7/1/2013 – 9/30/2014 |
| IL | Everest Burr Ridge-Medical Administrative Assistant (Diploma) | 7/1/2013 – 9/30/2014 |
| IL | Everest Burr Ridge-Medical Assistant (Diploma) | 7/1/2013 – 9/30/2014 |
| IL | Everest Burr Ridge-Medical Insurance Billing and Coding (Diploma) | 7/1/2012 – 9/30/2013 |
| | | |
| IL | Everest Chicago-Dental Assistant (Diploma) | 7/1/2011 – 9/30/2014 |
| IL | Everest Chicago-Medical Administrative Assistant (Diploma) | 7/1/2010 – 9/30/2011 |
| IL | Everest Chicago-Medical Assistant (Diploma) | 7/1/2010 – 9/30/2011 |
| IL | Everest Chicago-Medical Insurance Billing and Coding (Diploma) | 7/1/2011 – 9/30/2014 |
| | | |
| IL | Everest Melrose Park-Dental Assistant (Diploma) | 7/1/2013 – 9/30/2014 |
| IL | Everest Melrose Park-Medical Administrative Assistant (Diploma) | 7/1/2013 – 9/30/2014 |
| IL | Everest Melrose Park-Medical Assistant (Diploma) | 7/1/2013 – 9/30/2014 |
| IL | Everest Melrose Park-Medical Insurance Billing and Coding (Diploma) | 7/1/2013 – 9/30/2014 |
| IL | Everest Melrose Park-Pharmacy Technician (Associate) | 7/1/2013 – 9/30/2014 |
| | | |
| IL | Everest Merrionette Park-Dental Assistant (Diploma) | 7/1/2013 – 9/30/2014 |
| IL | Everest Merrionette Park-Massage Therapy (Diploma) | 7/1/2013 – 9/30/2014 |
| IL | Everest Merrionette Park-Medical Administrative Assistant (Diploma) | 7/1/2010 – 9/30/2011; 7/1/2013 – 9/30/2014 |
| IL | Everest Merrionette Park-Medical Assistant (Diploma) | 7/1/2010 – 9/30/2011; 7/1/2013 – 9/30/2014 |
| IL | Everest Merrionette Park-Medical Insurance Billing and Coding (Diploma) | 7/1/2013 – 9/30/2014 |
| IL | Everest Merrionette Park-Pharmacy Technician (Diploma) | 7/1/2010 – 9/30/2011; 7/1/2013 – 9/30/2014 |
| | | |
| IL | Everest North Aurora (IL)-Electrician (Diploma) | 7/1/2012 – 9/30/2014 |
| IL | Everest North Aurora (IL)-Medical Administrative Assistant (Diploma) | 7/1/2010 – 9/30/2014 |
| IL | Everest North Aurora (IL)-Medical Assistant (all credential levels) | 7/1/2010 – 9/30/2014 |
| IL | Everest North Aurora (IL)-Medical Insurance Billing and Coding (Diploma) | 7/1/2011 – 9/30/2014 |
| | | |
| IL | Everest Skokie-Dental Assistant (Diploma) | 7/1/2012 – 9/30/2013 |
| IL | Everest Skokie-Medical Administrative Assistant (Diploma) | 7/1/2013 – 9/30/2014 |
| IL | Everest Skokie-Medical Assistant (Diploma) | 7/1/2013 – 9/30/2014 |

| IL | Everest Skokie-Medical Insurance Billing and Coding (Diploma) | 7/1/2010 – 9/30/2012 |
|----|----|----|
| IL | Everest Skokie-Pharmacy Technician (Associate) | 7/1/2010 – 9/30/2012; 7/1/2013 – 9/30/2014 |
| IL | Everest Skokie-Pharmacy Technician (Diploma) | 7/1/2010 – 9/30/2012; 7/1/2013 – 9/30/2014 |
| | | |
| IN | Everest Merrillville-Business Accounting (all credential levels) | 7/1/2010 – 9/30/2014 |
| IN | Everest Merrillville-Dental Assistant (Diploma) | 7/1/2010 – 9/30/2011 |
| IN | Everest Merrillville-Massage Therapy (Diploma) | 7/1/2012 – 9/30/2014 |
| IN | Everest Merrillville-Medical Administrative Assistant (Diploma) | 7/1/2010 – 9/30/2011; 7/1/2012  – 9/30/2013 |
| IN | Everest Merrillville-Medical Assistant (Diploma) | 7/1/2010 – 9/30/2011; 7/1/2012 – 9/30/2013 |
| IN | Everest Merrillville-Practical Nursing (Diploma) | 7/1/2013 – 9/30/2014 |
| | | |
| MA | Everest Brighton-Dental Assistant (Diploma) | 7/1/2010 – 9/30/2011 |
| MA | Everest Brighton-Massage Therapy (all credential levels) | 7/1/2010 – 9/30/2014 |
| MA | Everest Brighton-Medical Administrative Assistant (Diploma) | 7/1/2010 – 9/30/2014 |
| MA | Everest Brighton-Medical Assistant (Diploma) | 7/1/2010 – 9/30/2014 |
| | | |
| MA | Everest Chelsea-Dental Assistant (Diploma) | 7/1/2012 – 9/30/2013 |
| MA | Everest Chelsea-Massage Therapy (Diploma) | 7/1/2011 – 9/30/2014 |
| MA | Everest Chelsea-Medical Administrative Assistant (Diploma) | 7/1/2011 – 9/30/2014 |
| MA | Everest Chelsea-Medical Assistant (Diploma) | 7/1/2011 – 9/30/2014 |
| MA | Everest Chelsea-Medical Insurance Billing and Coding (Diploma) | 7/1/2011 – 9/30/2014 |
| | | |
| MI | Everest Dearborn-Dental Assistant (Diploma) | 7/1/2010 – 9/30/2013 |
| MI | Everest Dearborn-Massage Therapy (Associates) | 7/1/2013 – 9/30/2014 |
| MI | Everest Dearborn-Massage Therapy (Diploma) | 7/1/2013 – 9/30/2014 |
| MI | Everest Dearborn-Medical Administrative Assistant (Diploma) | 7/1/2010 – 9/30/2013 |
| MI | Everest Dearborn-Medical Assistant (Diploma) | 7/1/2010 – 9/30/2013 |
| MI | Everest Dearborn-Medical Insurance Billing and Coding (Diploma) | 7/1/2012 – 9/30/2014 |
| MI | Everest Dearborn-Patient Care Technician (Diploma) | 7/1/2013 – 9/30/2014 |
| MI | Everest Dearborn-Pharmacy Technician (all credential levels) | 7/1/2010 – 9/30/2014 |
| | | |
| MI | Everest Detroit-Massage Therapy (Diploma) | 7/1/2011 – 9/30/2014 |
| MI | Everest Detroit-Medical Administrative Assistant (Diploma) | 7/1/2011 – 9/30/2014 |
| MI | Everest Detroit-Medical Assistant (Diploma) | 7/1/2011 – 9/30/2014 |
| MI | Everest Detroit-Pharmacy Technician (Diploma) | 7/1/2011 – 9/30/2014 |
| | | |
| MI | Everest Grand Rapids-Dental Assistant (Diploma) | 7/1/2011 – 9/30/2014 |
| MI | Everest Grand Rapids-Massage Therapy (Diploma) | 7/1/2010 – 9/30/2011; 7/1/2012 – 9/30/2014 |
| MI | Everest Grand Rapids-Medical Administrative Assistant (Diploma) | 7/1/2010 – 9/30/2014 |
| MI | Everest Grand Rapids-Medical Assistant (Diploma) | 7/1/2010 – 9/30/2014 |
| MI | Everest Grand Rapids-Medical Insurance Billing and Coding (Diploma) | 7/1/2010 – 9/30/2014 |
| MI | Everest Grand Rapids-Practical Nursing (Diploma) | 7/1/2010 – 9/30/2011; 7/1/2013 – 9/30/2014 |
| | | |
| MI | Everest Kalamazoo-Business Accounting (Diploma) | 7/1/2011 – 9/30/2014 |

| MI | Everest Kalamazoo-Dental Assistant (Diploma) | 7/1/2010 – 9/30/2011; 7/1/2013 – 9/30/2014 |
|----|----|----|
| MI | Everest Kalamazoo-Massage Therapy (Diploma) | 7/1/2013 – 9/30/2014 |
| MI | Everest Kalamazoo-Medical Administrative Assistant (Diploma) | 7/1/2010 – 9/30/2012; 7/1/2013 – 9/30/2014 |
| MI | Everest Kalamazoo-Medical Assistant (Associate) | 7/1/2010 – 9/30/2012; 7/1/2013 – 9/30/2014 |
| MI | Everest Kalamazoo-Medical Assistant (Diploma) | 7/1/2010 – 9/30/2012; 7/1/2013 – 9/30/2014 |
| MI | Everest Kalamazoo-Pharmacy Technician (Associate) | 7/1/2010 – 9/30/2014 |
| MI | Everest Southfield-Computer Technology (Diploma) | 7/1/2010 – 9/30/2014 |
| MI | Everest Southfield-Electronics Computer Technology (Diploma) | 7/1/2010 – 9/30/2014 |
| MI | Everest Southfield-Massage Therapy (Diploma) | 7/1/2013 – 9/30/2014 |
| MI | Everest Southfield-Medical Administrative Assistant (Diploma) | 7/1/2010 – 9/30/2014 |
| MI | Everest Southfield-Medical Assistant (Diploma) | 7/1/2010 – 9/30/2014 |
| MI | Everest Southfield-Medical Insurance Billing and Coding (Diploma) | 7/1/2010 – 9/30/2014 |
| MN | Everest Eagan-Massage Therapy (Diploma) | 7/1/2010 – 9/30/2011; 7/1/2012 – 9/30/2014 |
| MN | Everest Eagan-Medical Administrative Assistant (Diploma) | 7/1/2010 – 9/30/2014 |
| MN | Everest Eagan-Medical Assistant (Diploma) | 7/1/2010 – 9/30/2014 |
| MN | Everest Eagan-Medical Insurance Billing and Coding (Diploma) | 7/1/2010 – 9/30/2013 |
| MN | Everest Eagan-Pharmacy Technician (Diploma) | 7/1/2010 – 9/30/2014 |
| MO | Everest Springfield-Accounting (AAS) | 7/1/2010 – 9/30/2013 |
| MO | Everest Springfield-Accounting (Associate) | 7/1/2010 – 9/30/2013 |
| MO | Everest Springfield-Accounting (Bachelor) | 7/1/2010 – 9/30/2011 |
| MO | Everest Springfield-Applied Management (Bachelor) | 7/1/2010 – 9/30/2011 |
| MO | Everest Springfield-Business Accounting (Diploma) | 7/1/2010 – 9/30/2011 |
| MO | Everest Springfield-Business Administration (AAS) | 7/1/2010 – 9/30/2014 |
| MO | Everest Springfield-Business Administration (Associate) | 7/1/2010 –9/30/2014 |
| MO | Everest Springfield-Computer Information Science (AAS) | 7/1/2011 –9/30/2014 |
| MO | Everest Springfield-Computer Information Science (Associate) | 7/1/2011 – 9/30/2014 |
| MO | Everest Springfield-Dental Assistant (Diploma) | 7/1/2010 – 9/30/2011; 7/1/2013 – 9/30/2014 |
| MO | Everest Springfield-Medical Administrative Assistant (Diploma) | 7/1/2010 – 9/30/2014 |
| MO | Everest Springfield-Medical Assistant (Associate) | 7/1/2010 – 9/30/2014 |
| MO | Everest Springfield-Medical Assistant (Diploma) | 7/1/2010 – 9/30/2014 |
| MO | Everest Springfield-Paralegal (Associate) | 7/1/2010 –9/30/2014 |
| MO | Everest Springfield-Paralegal (Bachelor) | 7/1/2010 – 9/30/2014 |
| MO | Everest St. Louis (Earth City)-Business Accounting (Diploma) | 7/1/2010 – 9/30/2014 |
| MO | Everest St. Louis (Earth City)-Dental Assistant (Diploma) | 7/1/2013 – 9/30/2014 |
| MO | Everest St. Louis (Earth City)-Massage Therapy (Diploma) | 7/1/2010 – 9/30/2011; 7/1/2013 – 9/30/2014 |
| MO | Everest St. Louis (Earth City)-Medical Administrative Assistant (Diploma) | 7/1/2010 – 9/30/2011; 7/1/2012 – 9/30/2014 |
| MO | Everest St. Louis (Earth City)-Medical Assistant (Diploma) | 7/1/2010 – 9/30/2011; 7/1/2012 – 9/30/2014 |

| MO | Everest St. Louis (Earth City)-Medical Insurance Billing and Coding (Diploma) | 7/1/2010 – 9/30/2011 |
|----|----|----|
| MO | Everest St. Louis (Earth City)-Pharmacy Technician (Diploma) | 7/1/2012 – 9/30/2013 |
| | | |
| NJ | Everest South Plainfield-Electrician (Diploma) | 7/1/2012 – 9/30/2014 |
| NJ | Everest South Plainfield-Massage Therapy (Diploma) | 7/1/2010 – 9/30/2011; 7/1/2012 – 9/30/2014 |
| NJ | Everest South Plainfield-Medical Administrative Assistant (Diploma) | 7/1/2010 – 9/30/2014 |
| NJ | Everest South Plainfield-Medical Assistant (Diploma) | 7/1/2010 – 9/30/2014 |
| NJ | Everest South Plainfield-Medical Insurance Billing and Coding (Diploma) | 7/1/2012 – 9/30/2013 |
| NJ | Everest South Plainfield-Pharmacy Technician (Diploma) | 7/1/2012 – 9/30/2013 |
| | | |
| NV | Everest Henderson-Accounting (Associate) | 7/1/2010 – 9/30/2011 7/1/2012 – 9/30/2014 |
| NV | Everest Henderson-Business (Associate) | 7/1/2012 – 9/30/2014 |
| NV | Everest Henderson-Criminal Justice – SAS | 7/1/2010 – 9/30/2014 |
| NV | Everest Henderson-Criminal Justice (Associate) | 7/1/2010 – 9/30/2014 |
| NV | Everest Henderson-Massage Therapy | 7/1/2010 – 9/30/2014 |
| NV | Everest Henderson-Nursing (Associate) | 7/1/2013 – 9/30/2014 |
| NV | Everest Henderson-Paralegal – SAS | 7/1/2010 – 9/30/2011; 7/1/2012 – 9/30/2013 |
| NV | Everest Henderson-Paralegal (Associate) | 7/1/2010 – 9/30/2011 7/1/2012 – 9/30/2013 |
| | | |
| NY | Everest Rochester-Accounting (Associate) | 7/1/2010 – 9/30/2014 |
| NY | Everest Rochester-Administrative Office Technology (Associate) | 7/1/2011 – 9/30/2013 |
| NY | Everest Rochester-Business (Associate) | 7/1/2011 – 9/30/2014 |
| NY | Everest Rochester-Business Accounting and Applications (Diploma) | 7/1/2010 – 9/30/2014 |
| NY | Everest Rochester-Business Management (Diploma) | 7/1/2010 – 9/30/2014 |
| NY | Everest Rochester-Criminal Justice (Associate) | 7/1/2010 – 9/30/2011; 7/1/2013 – 9/30/2014 |
| NY | Everest Rochester-Medical Assistant (AAS) | 7/1/2010 – 9/30/2013 |
| NY | Everest Rochester-Medical Assistant (Associate) | 7/1/2010 – 9/30/2013 |
| NY | Everest Rochester-Medical Assistant (Diploma) | 7/1/2010 – 9/30/2013 |
| | | |
| OH | Everest Columbus (Gahanna)-Dental Assistant (Diploma) | 7/1/2012 – 9/30/2014 |
| OH | Everest Columbus (Gahanna)-Medical Administrative Assistant (Diploma) | 7/1/2010 – 9/30/2014 |
| OH | Everest Columbus (Gahanna)-Medical Assistant (Diploma) | 7/1/2010 – 9/30/2014 |
| OH | Everest Columbus (Gahanna)-Medical Insurance Billing and Coding (Diploma) | 7/1/2010 – 9/30/2014 |
| OH | Everest Columbus (Gahanna)-Pharmacy Technician (Diploma) | 7/1/2011 – 9/30/2012; 7/1/2013 – 9/30/2014 |
| | | |
| OR | Everest Portland-Accounting (Associate) | 7/1/2011 – 9/30/2014 |
| OR | Everest Portland-Accounting (Diploma) | 7/1/2011 – 9/30/2014 |
| OR | Everest Portland-Administrative Medical Assistant (Diploma) | 7/1/2011 – 9/30/2014 |
| OR | Everest Portland-Business Accounting (Diploma) | 7/1/2011 – 9/30/2014 |
| OR | Everest Portland-Computer Information Science (Associate) | 7/1/2011 – 9/30/2014 |
| OR | Everest Portland-Criminal Justice (Associate) | 7/1/2011 – 9/30/2014 |

| | | |
|---|---|---|
| OR | Everest Portland-Medical Assistant (Associate) | 7/1/2011 – 9/30/2014 |
| OR | Everest Portland-Medical Assistant (Diploma) | 7/1/2011 – 9/30/2014 |
| OR | Everest Portland-Medical Insurance Billing and Coding (Diploma) | 7/1/2011 – 9/30/2013 |
| OR | Everest Portland-Network and Internet Security Specialist (Diploma) | 7/1/2011 – 9/30/2014 |
| OR | Everest Portland-Paralegal (Associate) | 7/1/2011 – 9/30/2014 |
| OR | Everest Portland-Pharmacy Technician (Associate) | 7/1/2011 – 9/30/2013 |
| OR | Everest Portland-Pharmacy Technician (Diploma) | 7/1/2011 –9/30/2014 |
| | | |
| OR | Everest Tigard- Massage Therapy (Diploma) | 7/1/2010 – 9/30/2012; 7/1/2013 – 9/30/2014 |
| OR | Everest Tigard-Massage Therapy Spa Specialist (Diploma) | 7/1/2010 – 9/30/2012; 7/1/2013 – 9/30/2014 |
| OR | Everest Tigard-Massage Therapy Sports Specialist (Diploma) | 7/1/2010 – 9/30/2014 |
| OR | Everest Tigard-Medical Assistant (Diploma) | 7/1/2011 – 9/30/2012 |
| OR | Everest Tigard-Medical Insurance Billing and Coding (Diploma) | 7/1/2011 – 9/30/2012 |
| OR | Everest Tigard-Pharmacy Technician (Diploma) | 7/1/2013 – 9/30/2014 |
| | | |
| PA | Everest Bensalem-Dental Assistant (Diploma) | 7/1/2013 – 9/30/2014 |
| PA | Everest Bensalem-Medical Assistant (Diploma) | 7/1/2013 – 9/30/2014 |
| PA | Everest Bensalem-Medical Insurance Billing and Coding (Diploma) | 7/1/2013 – 9/30/2014 |
| | | |
| PA | Everest Pittsburgh-Accounting (Associate) | 7/1/2010 – 9/30/2014 |
| PA | Everest Pittsburgh-Business (Associate) | 7/1/2010 – 9/30/2014 |
| PA | Everest Pittsburgh-Business Administration (Associate) | 7/1/2010 – 9/30/2014 |
| PA | Everest Pittsburgh-Career Access Program | 7/1/2010 – 9/30-2014 |
| PA | Everest Pittsburgh-Criminal Justice (Associate) | 7/1/2012 – 9/30/2014 |
| PA | Everest Pittsburgh-Medical Administrative Assistant (Diploma) | 7/1/2010 – 9/30/2011; 7/1/2013 – 9/30/2014 |
| PA | Everest Pittsburgh-Medical Assistant (Diploma) | 7/1/2010 – 9/30/2011; 7/1/2013 – 9/30/2014 |
| PA | Everest Pittsburgh-Medical Insurance Billing and Coding (Diploma) | 7/1/2010 – 9/30/2012; 7/1/2013 – 9/30/2014 |
| PA | Everest Pittsburgh-Paralegal (Associate) | 7/1/2010 – 9/30/2011 |
| PA | Everest Pittsburgh-Patient Care Technician (Diploma) | 7/1/2010 – 9/30/2011; 7/1/2013 – 9/30/2014 |
| PA | Everest Pittsburgh-Pharmacy Technician (Associate) | 7/1/2010 – 9/30/2011; 7/1/2012 – 9/30/2014 |
| PA | Everest Pittsburgh-Pharmacy Technician (Diploma) | 7/1/2010 – 9/30/2011; 7/1/2012 – 9/30/2014 |
| | | |
| PA | WyoTech Blairsville-Auto/Diesel Vehicle Technology (Diploma) | 7/1/2010 – 9/30/2014 |
| PA | WyoTech Blairsville-Automotive Technology and Management (Associate) | 7/1/2010 – 9/30/2014 |
| PA | WyoTech Blairsville-Automotive Technology with High Performance Power Transmission (Diploma) | 7/1/2010 – 9/30/2014 |
| PA | WyoTech Blairsville-Automotive Technology with Light Duty Diesel (Diploma) | 7/1/2010 – 9/30/2014 |
| PA | WyoTech Blairsville-Automotive Technology with Trim and Upholstery Technology (Diploma) | 7/1/2010 – 9/30/2014 |
| PA | WyoTech Blairsville-Collision/Refinishing and Upholstery Technology (Diploma) | 7/1/2011 – 9/30/2013 |

| PA | WyoTech Blairsville-Collision/Refinishing Technology and Management (Associate) | 7/1/2011 – 9/30/2014 |
|----|----|----|
| PA | WyoTech Blairsville-Diesel Technology and Management (Associate) | 7/1/2012 – 9/30/2014 |
| PA | WyoTech Blairsville-Diesel Technology with High Performance Power Transmission (Diploma) | 7/1/2012 – 9/30/2014 |
| PA | WyoTech Blairsville-Diesel/Auto Vehicle Technology (Diploma) | 7/1/2012 – 9/30/2014 |
| PA | WyoTech Blairsville-Motorsports Chassis Fabrication with Automotive Technology (Diploma) | 7/1/2011 – 9/30/2012; 7/1/2013 – 9/30/2014 |
| PA | WyoTech Blairsville-Motorsports Chassis Fabrication with Collision/Refinishing Technology (Diploma) | 7/1/2011 – 9/30/2012; 7/1/2013 – 9/30/2014 |
| PA | WyoTech Blairsville-Motorsports Chassis Fabrication with Diesel Technology (Diploma) | 7/1/2011 – 9/30/2012; 7/1/2013 – 9/30/2014 |
| PA | WyoTech Blairsville-Street Rod and Custom Fabrication with Automotive Technology (Diploma) | 7/1/2011 – 9/30/2014 |
| PA | WyoTech Blairsville-Street Rod and Custom Fabrication with Collision/Refinishing Technology (Diploma) | 7/1/2011 – 9/30/2014 |
| PA | WyoTech Blairsville-Street Rod and Custom Fabrication with Diesel Technology (Diploma) | 7/1/2011 – 9/30/2014 |
| | | |
| TX | Everest Arlington (Mid Cities)-Business (Associate) | 7/1/2010 – 9/30/2012; 7/1/2013 – 9/30/2014 |
| TX | Everest Arlington (Mid Cities)-Business Administration (Associate) | 7/1/2010 – 9/30/2014 |
| TX | Everest Arlington (Mid Cities)-Criminal Justice (Associate) | 7/1/2010 – 9/30/2011; 7/1/2013 – 9/30/2014 |
| TX | Everest Arlington (Mid Cities)-Electrical Technician (Diploma) | 7/1/2012 – 9/30/2014 |
| TX | Everest Arlington (Mid Cities)-Electrician (Diploma) | 7/1/2012 – 9/30/2014 |
| TX | Everest Arlington (Mid Cities)-Heating, Ventilation and Air Conditioning (Diploma) | 7/1/2013 – 9/30/2014 |
| TX | Everest Arlington (Mid Cities)-Medical Administrative Assistant (Diploma) | 7/1/2010 – 9/30/2011; 7/1/2013 – 9/30/2014 |
| TX | Everest Arlington (Mid Cities)-Medical Assistant (Associate) | 7/1/2010 9/30/2014 |
| TX | Everest Arlington (Mid Cities)-Medical Assistant (Diploma) | 7/1/2010 – 9/30/2011; 7/1/2013 – 9/30/2014 |
| TX | Everest Arlington (Mid Cities)-Medical Insurance Billing and Coding (Diploma) | 7/1/2010 – 9/30/2011; 7/1/2013 – 9/30/2014 |
| TX | Everest Arlington (Mid Cities)-Pharmacy Technician (Associate) | 7/1/2010 – 9/30/2011; 7/1/2013 – 9/30/2014 |
| TX | Everest Arlington (Mid Cities)-Pharmacy Technician (Diploma) | 7/1/2010 – 9/30/2011; 7/1/2013 – 9/30/2014 |
| | | |
| TX | Everest Austin-Dental Assistant (Diploma) | 7/1/2010 – 9/30/2011; 7/1/2012 – 9/30/2014 |
| TX | Everest Austin-Electrical Technician (Diploma) | 7/1/2012 – 9/30/2014 |
| TX | Everest Austin-Electrician (Diploma) | 7/1/2012 – 9/30/2014 |
| TX | Everest Austin-Heating, Ventilation and Air Conditioning (Diploma) | 7/1/2010 – 9/30/2011; 7/1/2012 – 9/30/2014 |
| TX | Everest Austin-Medical Administrative Assistant (Diploma) | 7/1/2010 – 9/30/2014 |
| TX | Everest Austin-Medical Assistant (Diploma) | 7/1/2010 – 9/30/2014 |
| TX | Everest Austin-Medical Insurance Billing and Coding (Diploma) | 7/1/2010 – 9/30/2011 |
| | | |
| TX | Everest Dallas-Business Administration (Associate) | 7/1/2011 – 9/30/2014 |

| TX | Everest Dallas-Criminal Justice (Associate) | 7/1/2012 – 9/30/2014 |
|----|---------------------------------------------|----------------------|
| TX | Everest Dallas-Medical Administrative Assistant (Diploma) | 7/1/2013 – 9/30/2014 |
| TX | Everest Dallas-Medical Assistant (Associate) | 7/1/2013 – 9/30/2014 |
| TX | Everest Dallas-Medical Assistant (Diploma) | 7/1/2013 – 9/30/2014 |
| TX | Everest Dallas-Medical Insurance Billing and Coding (Diploma) | 7/1/2011 – 9/30/2014 |
| TX | Everest Dallas-Paralegal (Associate) | 7/1/2012 – 9/30/2014 |
| | | |
| TX | Everest Fort Worth North-Business (Associate) | 7/1/2010 – 9/30/2014 |
| TX | Everest Fort Worth North-Business Administration (AAS) | 7/1/2010 – 9/30/2014 |
| TX | Everest Fort Worth North-Business Administration (AS) | 7/1/2010 – 9/30/2014 |
| TX | Everest Fort Worth North-Business Administration (Associate) | 7/1/2010 – 9/30/2014 |
| TX | Everest Fort Worth North-Criminal Justice (Associate) | 7/1/2012 – 9/30/2014 |
| TX | Everest Fort Worth North-Dental Assisting (Diploma) | 7/1/2011 – 9/30/2014 |
| TX | Everest Fort Worth North-Medical Administrative Assistant (Diploma) | 7/1/2010 – 9/30/2014 |
| TX | Everest Fort Worth North-Medical Assistant (Associate) | 7/1/2010 – 9/30/2014 |
| TX | Everest Fort Worth North-Medical Assisting (Diploma) | 7/1/2010 – 9/30/2014 |
| TX | Everest Fort Worth North-Medical Insurance Billing and Coding (Diploma) | 7/1/2010 – 9/30/2012 |
| TX | Everest Fort Worth North-Paralegal (AAS) | 7/1/2010 – 9/30/2014 |
| TX | Everest Fort Worth North-Paralegal (Associate) | 7/1/2010 – 9/30/2014 |
| TX | Everest Fort Worth North-Pharmacy Technician (Diploma) | 7/1/2010 – 9/30/2014 |
| | | |
| TX | Everest Fort Worth South-Dental Assistant (Diploma) | 7/1/2013 – 9/30/2014 |
| TX | Everest Fort Worth South-Medical Administrative Assistant (Diploma) | 7/1/2012 – 9/30/2013 |
| TX | Everest Fort Worth South-Medical Assistant (Diploma) | 7/1/2012 – 9/30/2013 |
| TX | Everest Fort Worth South-Medical Insurance Billing and Coding (Diploma) | 7/1/2012 – 9/30/2013 |
| | | |
| TX | Everest Houston (Bissonnet)-Carpentry (Diploma) | 7/1/2011 – 9/30/2014 |
| TX | Everest Houston (Bissonnet)-Electrical Technician (Diploma) | 7/1/2011 – 9/30/2014 |
| TX | Everest Houston (Bissonnet)-Heating, Ventilation and Air Conditioning (Diploma) | 7/1/2012 – 9/30/2014 |
| TX | Everest Houston (Bissonnet)-Medical Administrative Assistant (Diploma) | 7/1/2011 – 9/30/2014 |
| TX | Everest Houston (Bissonnet)-Medical Assistant (Diploma) | 7/1/2011 – 9/30/2014 |
| TX | Everest Houston (Bissonnet)-Medical Insurance Billing and Coding (Diploma) | 7/1/2011 – 9/30/2014 |
| TX | Everest Houston (Bissonnet)-Plumbing Technology (Diploma) | 7/1/2011 – 9/30/2014 |
| | | |
| TX | Everest Houston (Greenspoint)-Dental Assistant (Diploma) | 7/1/2010 – 9/30/2012; 7/1/2013 – 9/30/2014 |
| TX | Everest Houston (Greenspoint)-Medical Administrative Assistant (Diploma) | 7/1/2010 – 9/30/2012. |
| TX | Everest Houston (Greenspoint)-Medical Assistant (Diploma) | 7/1/2010 – 9/30/2012 |
| | | |
| TX | Everest Houston (Hobby)-Medical Administrative Assistant (Diploma) | 7/1/2010 – 9/30/2014 |
| TX | Everest Houston (Hobby)-Medical Assistant (Diploma) | 7/1/2010 – 9/30/2014 |
| TX | Everest Houston (Hobby)-Medical Insurance Billing and Coding (Diploma) | 7/1/2011 – 9/30/2012 |

| | | |
|---|---|---|
| TX | Everest San Antonio-Medical Administrative Assistant (Diploma) | 7/1/2010 – 9/30/2011; 7/1/2012 – 9/30/2014 |
| TX | Everest San Antonio-Medical Assistant (Diploma) | 7/1/2010 – 9/30/2011; 7/1/2012 – 9/30/2014 |
| TX | Everest San Antonio-Medical Insurance Billing and Coding (Diploma) | 7/1/2010 – 9/30/2011 |
| TX | Everest San Antonio-Pharmacy Technology (all credential levels) | 7/1/2010 – 9/30/2014 |
| | | |
| UT | Everest Salt Lake City-Applied Management (Bachelor) | 7/1/2011 – 9/30/2012; 7/1/2013 – 9/30/2014 |
| UT | Everest Salt Lake City-Computer Information Science (Bachelor) | 7/1/2013 – 9/30/2014 |
| UT | Everest Salt Lake City-Criminal Justice (Associate) | 7/1/2013 – 9/30/2014 |
| UT | Everest Salt Lake City-Criminal Justice (Bachelor) | 7/1/2011 – 9/30/2014 |
| UT | Everest Salt Lake City-Criminal Justice Private and Homeland Security (Diploma) | 7/1/2013 – 9/30/2014 |
| UT | Everest Salt Lake City-Criminal Justice Social and Youth Services (Diploma) | 7/1/2013 – 9/30/2014 |
| UT | Everest Salt Lake City-Medical Administrative Assistant (Diploma) | 7/1/2011 – 9/30/2014 |
| UT | Everest Salt Lake City-Medical Assistant (Associate) | 7/1/2011 – 9/30/2014 |
| UT | Everest Salt Lake City-Medical Assistant (Diploma) | 7/1/2011 – 9/30/2014 |
| UT | Everest Salt Lake City-Medical Insurance Billing and Coding (Diploma) | 7/1/2011 – 9/30/2013 |
| UT | Everest Salt Lake City-Paralegal (Associate) | 7/1/2011 – 9/30/2011; 7/1/2013 – 9/30/2014 |
| UT | Everest Salt Lake City-Pharmacy Technician (Associate) | 7/1/2011 – 9/30/2012; 7/1/2013 – 9/30/2014 |
| UT | Everest Salt Lake City-Pharmacy Technician (Diploma) | 7/1/2011 – 9/30/2012; 7/1/2013 – 9/30/2014 |
| | | |
| VA | Everest Arlington-Business (Associate) | 7/1/2010 – 9/30/2014 |
| VA | Everest Arlington-Business Administration (Associate) | 7/1/2010 – 9/30/2014 |
| VA | Everest Arlington-Criminal Justice (Associate) | 7/1/2010 – 9/30/2014 |
| VA | Everest Arlington-Homeland Security Specialist (Diploma) | 7/1/2010 – 9/30/2014 |
| VA | Everest Arlington-Medical Assistant (Diploma) | 7/1/2010 – 9/30/2014 |
| VA | Everest Arlington-Paralegal (Associate) | 7/1/2011 – 9/30/2014 |
| | | |
| VA | Everest Chesapeake-Accounting (Associate) | 7/1/2010 – 9/30/2013 |
| VA | Everest Chesapeake-Business (Associate) | 7/1/2010 – 9/30/2014 |
| VA | Everest Chesapeake-Business Accounting (Associate) | 7/1/2010 – 9/30/2014 |
| VA | Everest Chesapeake-Criminal Justice (Associate) | 7/1/2011 – 9/30/2013 |
| VA | Everest Chesapeake-Dental Assistant (Diploma) | 7/1/2010 – 9/30/2013 |
| VA | Everest Chesapeake-Electrician (Diploma) | 7/1/2012 – 9/30/2013 |
| VA | Everest Chesapeake-Heating, Ventilation and Air Conditioning (Diploma) | 7/1/2012 – 9/30/2013 |
| VA | Everest Chesapeake-Massage Therapy (Diploma) | 7/1/2010 – 9/30/2014 |
| VA | Everest Chesapeake-Medical Administrative Assistant (Diploma) | 7/1/2010 – 9/30/2013 |
| VA | Everest Chesapeake-Medical Assistant (Diploma) | 7/1/2010 – 9/30/2013 |
| VA | Everest Chesapeake-Medical Insurance Billing and Coding (Diploma) | 7/1/2010 – 9/30/2014 |
| VA | Everest Chesapeake-Pharmacy Technician (Diploma) | 7/1/2012 – 9/30/2013 |
| | | |

| | | |
|---|---|---|
| VA | Everest Newport News-Business (Associate) | 7/1/2010 – 9/30/2013 |
| VA | Everest Newport News-Business Accounting (Associate) | 7/1/2010 – 9/30/2014 |
| VA | Everest Newport News-Criminal Justice (Associate) | 7/1/2013 – 9/30/2014 |
| VA | Everest Newport News-Massage Therapy (Diploma) | 7/1/2010 – 9/30/2013 |
| VA | Everest Newport News-Medical Administrative Assistant (Diploma) | 7/1/2010 – 9/30/2012 |
| VA | Everest Newport News-Medical Assistant (Diploma) | 7/1/2010 – 9/30/2012 |
| VA | Everest Newport News-Medical Insurance Billing and Coding (Diploma) | 7/1/2010 – 9/30/2012 |
| | | |
| VA | Everest Tyson's Corner (McLean/Vienna)-Business Administration (Associate) | 7/1/2012 – 9/30/2014 |
| VA | Everest Tyson's Corner (McLean/Vienna)-Criminal Justice (Associate) | 7/1/2010 – 9/30/2014 |
| VA | Everest Tyson's Corner (McLean/Vienna)-Massage Therapy (Diploma) | 7/1/2012 – 9/30/2014 |
| VA | Everest Tyson's Corner (McLean/Vienna)-Medical Administrative Assistant (Diploma) | 7/1/2010 – 9/30/2013 |
| VA | Everest Tyson's Corner (McLean/Vienna)-Medical Assistant (Diploma) | 7/1/2010 – 9/30/2013 |
| VA | Everest Tyson's Corner (McLean/Vienna)-Medical Insurance Billing and Coding (Diploma) | 7/1/2012 – 9/30/2014 |
| | | |
| WA | Everest Bremerton-Criminal Justice (Associate) | 7/1/2013 – 9/30/2014 |
| WA | Everest Bremerton-Dental Assistant (Diploma) | 7/1/2011 – 9/30/2012; 7/1/2013 – 9/30/2014 |
| WA | Everest Bremerton-Massage Therapy (Diploma) | 7/1/2011 – 9/30/2014 |
| WA | Everest Bremerton-Medical Administrative Assistant (Diploma) | 7/1/2011 – 9/30/2012; 7/1/2013 – 9/30/2014 |
| WA | Everest Bremerton-Medical Assistant (Diploma) | 7/1/2011 – 9/30/2012; 7/1/2013 – 9/30/2014 |
| WA | Everest Bremerton-Medical Insurance Billing and Coding (Diploma) | 7/1/2011 – 9/30/2014 |
| WA | Everest Bremerton-Pharmacy Technician (Diploma) | 7/1/2011 – 9/30/2012; 7/1/2013 – 9/30/2014 |
| | | |
| WA | Everest Everett-Dental Assistant (Diploma) | 7/1/2011 – 9/30/2012 |
| WA | Everest Everett-Medical Administrative Assistant (Diploma) | 7/1/2010 – 9/30/2012 |
| WA | Everest Everett-Medical Assistant (Diploma) | 7/1/2010 – 9/30/2012 |
| WA | Everest Everett-Medical Insurance Billing and Coding (Diploma) | 7/1/2010 – 9/30/2011; 7/1/2012 – 9/30/2013 |
| WA | Everest Everett-Pharmacy Technician (Diploma) | 7/1/2010 – 9/30/2014 |
| | | |
| WA | Everest Renton-Dental Assistant (Diploma) | 7/1/2010 – 9/30/2014 |
| WA | Everest Renton-Medical Administrative Assistant (Diploma) | 7/1/2010 – 9/30/2012; 7/1/2013 – 9/30/2014 |
| WA | Everest Renton-Medical Assistant (Diploma) | 7/1/2010 – 9/30/2012; 7/1/2013 – 9/30/2014 |
| WA | Everest Renton-Medical Insurance Billing and Coding (Diploma) | 7/1/2010 – 9/30/2014 |
| WA | Everest Renton-Pharmacy Technician (Diploma) | 7/1/2011 – 9/30/2012; 7/1/2013 – 9/30/2014 |
| | | |
| WA | Everest Seattle-Massage Therapy (Diploma) | 7/1/2010 – 9/30/2013 |
| WA | Everest Seattle-Massage Therapy Spa Specialist (Diploma) | 7/1/2010 – 9/30/2014 |

| WA | Everest Seattle-Medical Administrative Assistant (Diploma) | 7/1/2011 – 9/30/2012; 7/1/2013 – 9/30/2014 |
|----|----|----|
| WA | Everest Seattle-Medical Assistant (Diploma) | 7/1/2011 – 9/30/2012; 7/1/2013 – 9/30/2014 |
| WA | Everest Seattle-Medical Insurance Billing and Coding (Diploma) | 7/1/2011 – 9/30/2013 |
| | | |
| WA | Everest Tacoma-Dental Assistant (Diploma) | 7/1/2012 – 9/30/2014 |
| WA | Everest Tacoma-Medical Administrative Assistant (Diploma) | 7/1/2010 – 9/30/2011 |
| WA | Everest Tacoma-Medical Assistant (Diploma) | 7/1/2010 – 9/30/2011 |
| WA | Everest Tacoma-Medical Insurance Billing and Coding (Diploma) | 7/1/2013 – 9/30/2014 |
| WA | Everest Tacoma-Pharmacy Technician (Diploma) | 7/1/2010 – 9/30/2011; 7/1/2013 – 9/30/2014 |
| | | |
| WA | Everest Vancouver-Accounting (Associate) | 7/1/2010 – 9/30/2014 |
| WA | Everest Vancouver-Accounting/Business Administration (Diploma) | 7/1/2010– 9/30/2014 |
| WA | Everest Vancouver-Administrative Medical Assistant (Diploma) | 7/1/2010 – 9/30/2014 |
| WA | Everest Vancouver-Executive Assistant (Associate) | 7/1/2010 – 9/30/2012 |
| WA | Everest Vancouver-Massage Therapy (Diploma) | 7/1/2011 – 9/30/2014 |
| WA | Everest Vancouver-Massage Therapy Spa Specialist (Diploma) | 7/1/2011 – 9/30/2014 |
| WA | Everest Vancouver-Massage Therapy Sports Specialist (Diploma) | 7/1/2011 – 9/30/2014 |
| WA | Everest Vancouver-Medical Administrative Assistant (Diploma) | 7/1/2010 – 9/30/2014 |
| WA | Everest Vancouver-Medical Assistant (Associate) | 7/1/2010 – 9/30/2012 |
| WA | Everest Vancouver-Medical Assistant (Diploma) | 7/1/2010 – 9/30/2014 |
| WA | Everest Vancouver-Medical Insurance Billing and Coding (Diploma) | 7/1/2010 – 9/30/2014 |
| WA | Everest Vancouver-Paralegal/Legal Assistant (Associate) | 7/1/2010 – 9/30/2011 |
| | | |
| WI | Everest Milwaukee-Dental Assistant (Diploma) | 7/1/2012 – 9/30/2014 |
| | | |
| WV | Everest Cross Lanes-Electronics, Computer and Communication Technology (Associate) | 7/1/2010 – 9/30/2014 |
| WV | Everest Cross Lanes-Massage Therapy (Diploma) | 7/1/2013 – 9/30/2014 |
| WV | Everest Cross Lanes-Medical Administrative Assistant (Diploma) | 7/1/2010 – 9/30/2012; 7/1/2013 – 9/30/2014 |
| WV | Everest Cross Lanes-Medical Assistant (Diploma) | 7/1/2010 – 9/30/2012; 7/1/2013 – 9/30/2014 |
| | | |
| WY | WyoTech Laramie-Auto/Diesel Vehicle Technology (Diploma) | 7/1/2010 – 9/30/2014 |
| WY | WyoTech Laramie-Automotive Technology (all credential levels) | 7/1/2010 – 9/30/2014 |
| WY | WyoTech Laramie-Automotive Technology and Management (Associate) | 7/1/2010 – 9/30/2014 |
| WY | WyoTech Laramie-Automotive Technology with Trim and Upholstery Technology (Diploma) | 7/1/2010 – 9/30/2014 |
| WY | WyoTech Laramie-Collision Technology (all credential levels) | 7/1/2010 – 9/30/2014 |
| WY | WyoTech Laramie-Collision/Refinishing (all credential levels) | 7/1/2010 – 9/30/2012 |
| WY | WyoTech Laramie-Collision/Refinishing and Upholstery Technology (Diploma) | 7/1/2010 – 9/30/2012 |
| WY | WyoTech Laramie-Collision/Refinishing Technology and Management (Associate) | 7/1/2010 – 9/30/2012 |
| WY | WyoTech Laramie-Collision/Refinishing w/ St Rod & Mgmt (Diploma) | 7/1/2010 – 9/30/2012 |
| WY | WyoTech Laramie-Collision/Refinishing with Specialization in Automotive Fabrication (Diploma) | 7/1/2010 – 9/30/2012 |

| WY | WyoTech Laramie-Diesel Technician (all credential levels) | 7/1/2010 – 9/30/2014 |
|----|-----------------------------------------------------------|----------------------|
| WY | WyoTech Laramie-Diesel Technology  (all credential levels) | 7/1/2010 – 9/30/2014 |
| WY | WyoTech Laramie-Diesel Technology Advanced (Diploma) | 7/1/2010 – 9/30/2014 |
| WY | WyoTech Laramie-Diesel Technology and Management (Associate) | 7/1/2010 – 9/30/2014 |
| WY | WyoTech Laramie-Diesel Technology with Trim and Upholstery Technology (Diploma) | 7/1/2010 – 9/30/2014 |
| WY | WyoTech Laramie-Diesel/Automotive Technology (all credential levels) | 7/1/2010 – 9/30/2014 |
| WY | WyoTech Laramie-Diesel/Automotive Vehicle Technology (Diploma) | 7/1/2010 – 9/30/2014 |
| WY | WyoTech Laramie-Motorsports Chassis Fabrication with Automotive Technology (Diploma) | 7/1/2010 – 9/30/2012; 7/1/2013 – 9/30/2014 |
| WY | WyoTech Laramie-Motorsports Chassis Fabrication with Collision/Refinishing Technology (Diploma) | 7/1/2010 – 9/30/2012; 7/1/2013 – 9/30/2014 |
| WY | WyoTech Laramie-Motorsports Chassis Fabrication with Diesel Technology (Diploma) | 7/1/2010 – 9/30/2012; 7/1/2013 – 9/30/2014 |
| WY | WyoTech Laramie-Street Rod and Custom Fabrication with Automotive Technology (Diploma) | 7/1/2010 – 9/30/2011; 7/1/2012 – 9/30/2014 |
| WY | WyoTech Laramie-Street Rod and Custom Fabrication with Collision/Refinishing Technology (Diploma) | 7/1/2010 – 9/30/2011; 7/1/2012 – 9/30/2014 |
| WY | WyoTech Laramie-Street Rod and Custom Fabrication with Diesel Technology (Diploma) | 7/1/2010 – 9/30/2011; 7/1/2012 – 9/30/2014 |

# EXHIBIT C



# UNITED STATES DEPARTMENT OF EDUCATION

ATTESTATION FOR CERTAIN HEALD COLLEGE STUDENTS
APPLICATION FOR BORROWER DEFENSE TO REPAYMENT LOAN DISCHARGE

FORM APPROVED
OMB NO: 1845-0132
Exp. 12/31/2015

---

The Department of Education has found that at various times between 2010 and 2014, Heald College published misleading job placement rates for many of its programs of study. This form is designed to expedite the process of obtaining loan forgiveness based on borrower defense to repayment for loans taken out by Heald College students to enroll in these programs. This form covers federal Direct Loans received on or after July 1, 2010. A list of covered programs and dates of enrollment is available at https://studentaid.ed.gov/sa/sites/default/files/heald-findings.pdf. Please fill out this attestation ONLY IF your program and dates of enrollment are included on this list.

Heald College students who did not attend programs where the Department of Education found misleading job placement rates, or whose decision to enroll was not influenced by those job placement rates, may still be eligible for loan forgiveness based on borrower defense to repayment. Additional instructions to file a claim for loan forgiveness can be found at studentaid.ed.gov.

**Instructions:** Please complete this form. To sign the form, insert a digital image of your signature in the appropriate field below or print a hard copy of the form and sign. Submit your form and all supplementary documents referenced in question #4 via email to FSAOperations@ed.gov or mail to Department of Education, PO Box 429060, San Francisco, CA 94142.

## SECTION I: BORROWER INFORMATION

First Name

Middle Name

Last Name

Date of Birth

Social Security Number *(last 4 digits)*

Telephone Number

Email Address

Home Address

City

State

Zipcode

I, _____ _____ , attest to the following:

I am submitting this attestation and additional materials in support of my application for a borrower defense to repayment discharge of my Direct Loans under 34 C.F.R. § 685.206 (c).

## SECTION II: PROGRAM INFORMATION

If you enrolled in more than one covered Heald program, you will need to complete the following for each covered program you attended. For example, if you were a criminal justice student in 2011 and returned in 2012 for an accounting program, you should complete the first Campus Program section based on your enrollment in criminal justice and the second Campus Program section based on your enrollment in accounting. If you have more than one program, click the Add Campus Program button that appears at the bottom of the Campus Program section.

**Note:** This form applies to students who enrolled in a program after misleading placement rates were published for the program. A list of covered programs and dates of enrollment is available at https://studentaid.ed.gov/sa/sites/default/files/heald-findings.pdf. **The earliest enrollment date covered is July 1, 2010.**

| CAMPUS PROGRAM | | |
|---|---|---|
| **Campus** | **Enrollment Start Date\*** (MM/YYYY) | **Enrollment End Date\*** (MM/YYYY) |
| | | |

| Program Name | | Credential | |
|---|---|---|---|
| | | | |

1. Prior to my enrollment in this Heald College program, I received information about job placement rates related to my program of study through one or more of the following ways (check each that applies)

   ☐ Brochures advertising Heald College's academic programs or other printed materials, including those provided by Heald College representatives or recruiters;

   ☐ Emails, online materials, or online disclosures from or by Heald College.

2. I believed that the job placement rates related to my program of study indicated the level of quality a Heald education offered to students. I chose to enroll at Heald based, in substantial part, on the information I received about job placement rates related to my program of study and the quality of education I believed those placement rates represented.

3. I applied for and received a federal Direct Loan to cover the cost of attendance of the Heald program in which I enrolled.

4. As an attachment to this attestation, I have included documents(s) with additional information to confirm that I was enrolled in the program of study at Heald College that I identified above, and was enrolled for the dates I provided above. (Suggested documents include transcripts and registration documents indicating your specific program of study at Heald College and dates of enrollment.) The document(s) I have attached are:

   _____

   ☐ \*Select the check box if you had multiple periods of enrollment in a program, that is, if you enrolled in a program but subsequently discontinued enrollment, and then reenrolled in the same program at a later date, please provide all start and end dates applicable to this program. *(Deselect the check box to remove any enrollment dates added in error.)*

| Add Campus Program | Remove Campus Program |
|---|---|

| **SECTION III: OTHER INFORMATION** |
|---|

Please provide or attach any other information about your experience at Heald College that you believe is relevant: *(2,000 characters max)*

_____

## SECTION IV: DIRECT LOAN FORBEARANCE

By completing this form, you are eligible to have all of your federal loans placed into forbearance and for collections on any federal loans in default to stop while your claim is reviewed by the Department of Education.  Please read the following information carefully before making your selection below.

During any period that your loans are in forbearance, you do not have to make payments on those loans, and the loans will not go into default.  If your loans are already in default, collections will stop. This will continue until the loan discharge review process is completed. Your servicer will notify you when your loan has been placed into forbearance or stopped collections. Until you receive that notice, you should continue to make payments.

The forbearance or stopped collections will affect all of a borrower's federal loans, including loans that are **not** eligible for discharge through this form, such as Federal Family Education Loans (FFEL), loans taken out to attend a Heald College program not on the enclosed list of covered programs, or loans taken out to attend another institution.

**Note that interest will continue to accrue on _all_ of these federal loans, including subsidized loans, during the forbearance or stopped collections period.**

If you want the forbearance or stopped collections to apply only to those loans that may be eligible for a discharge using this form (federal Direct Loans received on or after July 1, 2010 to attend Heald College programs covered by the enclosed list), you must notify your loan servicer.  At any time during the forbearance or stopped collections period, you may voluntarily make payments on your loans, including payments for accrued interest, or end the forbearance or stopped collections by contacting your servicer.

If your claim made using this form is successful, your federal Direct Loans borrowed to attend a covered Heald College program will be discharged.  Also at that time, the forbearance or stopped collections period for your other federal loans will end. You will be responsible for repaying these other remaining loans, including interest that accrued during the forbearance or stopped collections period, under the terms of your promissory note.

If your claim is denied, you will not receive a discharge of any of your loans and the forbearance or stopped collections period will end for all of your loans.  You will be responsible for repaying these loans, including interest that accrued during the forbearance or stopped collections period, under the terms of your promissory note.

☐   Yes, I want my federal loans to be placed in forbearance and for collections to stop on any loans in default while my loan discharge claim is reviewed.

☐   No, I do **not** want my federal loans to be placed in forbearance and for collections to stop on any loans in default while my loan discharge claim is reviewed.

## SECTION V: CERTIFICATION

By signing this attestation I certify that:

I have read and understand all of the information in this form.

I agree to provide, upon request, testimony, a sworn statement, or other documentation reasonably available to me that demonstrates to the satisfaction of the Department of Education or its designee that I meet the qualifications for borrower defense to repayment loan discharge.

All of the information I provided is true and complete to the best of my knowledge and I agree, if asked, to provide information reasonably available to me to the Department of Education that will verify the accuracy of my completed attestation.

I understand that the Department of Education has the authority to verify information reported on this application with other federal or state agencies or other entities. I authorize the Department of Education, along with its agents and contractors, to contact me regarding this request at the phone number above using automated dialing equipment or artificial or prerecorded voice or text messages.

I understand that if I purposely provided false or misleading information on this application, I may be subject to the penalties specified in 18 U.S. Code § 1001.

**Signature** _____    **Date** _____

*Privacy Act Notice.* The Privacy Act of 1974 (5 U.S.C. 552a) requires that the following notice be provided to you: The authorities for collecting the requested information from and about you are §421 *et seq.*, §451 *et seq.* and §461 *et seq.* of the Higher Education Act of 1965, as amended (20 U.S.C. 1071 *et seq.*, 20 U.S.C. 1087(a) *et seq.*, and 20 U.S.C. 1087(a) *et seq.*, and the authorities for collecting and using your Social Security Number (SSN) are §428B(f) and §484(a)(4) of the HEA (20 U.S.C. 1078-2(f) and 20 U.S.C. 1091(a)(4) and 31 U.S.C. 7701(b). Participating in the William D. Ford Federal Direct Loan (Direct Loan) Program, the Federal Family Education Loan (FFEL) Program, or the Federal Perkins Loan (Perkins Loan) Program, and giving us your SSN are voluntary, but you must provide the requested information, including your SSN, to participate. The principal purposes for collecting the information on this form, including your SSN, are to verify your identity, to determine your eligibility to receive a loan or a benefit on a loan (such as a deferment, forbearance, discharge, or forgiveness) under the Direct Loan Program, FFEL, or Perkins Loan Programs, to permit the servicing of your loan(s), and, if it becomes necessary, to locate you and to collect and report on your loan(s) if your loan(s) becomes delinquent or defaults. We also use your SSN as an account identifier and to permit you to access your account information electronically. The information in your file may be disclosed, on a case-by-case basis or under a computer matching program, to third parties as authorized under routine uses in the appropriate systems of records notices. The routine uses of this information include, but are not limited to, its disclosure to federal, state, or local agencies, to private parties such as relatives, present and former employers, business and personal associates, to consumer reporting agencies, to financial and educational institutions, and to guaranty agencies in order to verify your identity, to determine your eligibility to receive a loan or a benefit on a loan, to permit the servicing or collection of your loan(s), to enforce the terms of the loan(s), to investigate possible fraud and to verify compliance with federal student financial aid program regulations, or to locate you if you become delinquent in your loan payments or if you default. To provide default rate calculations, disclosures may be made to guaranty agencies, to financial and educational institutions, or to state agencies. To provide financial aid history information, disclosures may be made to educational institutions. To assist program administrators with tracking refunds and cancellations, disclosures may be made to guaranty agencies, to financial and educational institutions, or to federal or state agencies. To provide a standardized method for educational institutions to efficiently submit student enrollment statuses, disclosures may be made to guaranty agencies or to financial and educational institutions. To counsel you in repayment efforts, disclosures may be made to guaranty agencies, to financial and educational institutions, or to federal, state, or local agencies. In the event of litigation, we may send records to the Department of Justice, a court, adjudicative body, counsel, party, or witness if the disclosure is relevant and necessary to the litigation. If this information, either alone or with other information, indicates a potential violation of law, we may send it to the appropriate authority for action. We may send information to members of Congress if you ask them to help you with federal student aid questions. In circumstances involving employment complaints, grievances, or disciplinary actions, we may disclose relevant records to adjudicate or investigate the issues. If provided for by a collective bargaining agreement, we may disclose records to a labor organization recognized under 5 U.S.C. Chapter 71. Disclosures may be made to our contractors for the purpose of performing any programmatic function that requires disclosure of records. Before making any such disclosure, we will require the contractor to maintain Privacy Act safeguards. Disclosures may also be made to qualified researchers under Privacy Act safeguards.

*Paperwork Reduction Act Notice.* According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless such collection displays a valid OMB control number. The valid OMB control number for this information collection is 1845-0132. Public reporting burden for this collection of information is estimated to average 1 hour per response, including time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. The obligation to respond to this collection is required to obtain or retain a benefit (20 U.S.C. 1087e(h)). If you have comments or concerns regarding the status of your individual submission of this application, please contact FSAOperations@ed.gov.

# EXHIBIT D



## UNITED STATES DEPARTMENT OF EDUCATION

ATTESTATION FOR CERTAIN EVEREST AND WYOTECH STUDENTS
APPLICATION FOR BORROWER DEFENSE TO REPAYMENT LOAN DISCHARGE

FORM APPROVED
OMB NO: 1845-0132
Exp. 11/30/2018

---

The Department of Education has found that at various times between 2010 and 2014, Everest Institute, Everest College, and Everest University ("Everest"), and WyoTech published misleading job placement rates for many of its programs of study. This form is designed to expedite the process of obtaining loan forgiveness based on borrower defense to repayment for loans taken out by Everest and WyoTech students to enroll in these programs. This form covers federal Direct Loans (including Parent PLUS loans issued to parents of Everest and WyoTech students) received on or after July 1, 2010. A list of covered programs and dates of enrollment is available at https://studentaid.ed.gov/ev-wy-findings. Please fill out this attestation ONLY IF your program and dates of enrollment are included on this list.

Everest and WyoTech students who did not attend programs where the Department of Education found misleading job placement rates, or whose decision to enroll was not influenced by those job placement rates, may still be eligible for loan forgiveness based on borrower defense to repayment. Additional instructions to file a claim for loan forgiveness can be found at https://studentaid.ed.gov/sa/repay-loans/forgiveness-cancellation/borrower-defense.

**Instructions:** Please complete this form. To sign the form, insert a digital image of your signature in the appropriate field below or print a hard copy of the form and sign. Submit your form and all supplementary documents referenced in question #4 via email to FSAOperations@ed.gov or mail to Department of Education, PO Box 194407, San Francisco, CA 94119.

### SECTION I: BORROWER INFORMATION

First Name

Middle Name

Last Name

Date of Birth

Social Security Number *(last 4 digits)*

Telephone Number

Email Address

Home Address

City

State

Zipcode

I, _____ _____ , attest to the following:

I am submitting this attestation and additional materials in support of my application for a borrower defense to repayment discharge of my Direct Loans under 34 C.F.R. § 685.206 (c).

### SECTION II: PROGRAM INFORMATION

If you enrolled in more than one covered Everest/WyoTech program, you will need to complete the following for each covered program you attended. For example, if you were a criminal justice student in 2011 and returned in 2012 for an accounting program, you should complete the first Campus Program section based on your enrollment in criminal justice and the second Campus Program section based on your enrollment in accounting.

If you have more than one program, click the Add Campus Program button that appears at the bottom of the Campus Program section.

**Note**: This form applies to students who enrolled in a program after misleading placement rates were published for the program. A list of covered programs and dates of enrollment is available at https://studentaid.ed.gov/ev-wy-findings. The earliest enrollment date covered is July 1, 2010.

| CAMPUS PROGRAM | | |
|---|---|---|
| **Campus** | **Enrollment Start Date*** (MM/YYYY) | **Enrollment End Date*** (MM/YYYY) |
| | | |

| Program Name | | Credential | |
|---|---|---|---|
| | | | |

1.  Prior to my enrollment in this Everest/WyoTech program, I received information about job placement rates related to my program of study through one or more of the following ways (check each that applies)

    ☐ Brochures advertising Everest/WyoTech academic programs or other printed materials, including those provided by Everest/WyoTech representatives or recruiters;

    ☐ Emails, online materials, or online disclosures from or by Everest/WyoTech.

2.  I believed that the job placement rates related to my program of study indicated the level of quality an Everest/WyoTech education offered to students. I chose to enroll at Everest/WyoTech based, in substantial part, on the information I received about job placement rates related to my program of study and the quality of education I believed those placement rates represented.

3.  I applied for and received a federal Direct Loan to cover the cost of attendance of the Everest/WyoTech program in which I enrolled.

4.  As an attachment to this attestation, I have included documents(s) with additional information to confirm that I was enrolled in the program of study at Everest/WyoTech that I identified above, and was enrolled for the dates I provided above. (Suggested documents include transcripts and registration documents indicating your specific program of study at Everest/WyoTech and dates of enrollment.) The document(s) I have attached are:

    _____

☐  *Select the check box if you had multiple periods of enrollment in a program, that is, if you enrolled in a program but subsequently discontinued enrollment, and then reenrolled in the same program at a later date, please provide all start and end dates applicable to this program. *(Deselect the check box to remove any enrollment dates added in error.)*

| Add Campus Program | Remove Campus Program |
|---|---|

| SECTION III: OTHER INFORMATION |
|---|

Please provide or attach any other information about your experience at Everest/WyoTech that you believe is relevant: *(2,000 characters max)*

_____

## SECTION IV: DIRECT LOAN FORBEARANCE

By completing this form, you are eligible to have all of your federal loans placed into forbearance and for collections on any federal loans in default to stop while your claim is reviewed by the Department of Education. Please read the following information carefully before making your selection below.

During any period that your loans are in forbearance, you do not have to make payments on those loans, and the loans will not go into default. If your loans are already in default, collections will stop. This will continue until the loan discharge review process is completed. Your servicer will notify you when your loan has been placed into forbearance or stopped collections. Until you receive that notice, you should continue to make payments.

The forbearance or stopped collections will affect all of a borrower's federal loans, including loans that are **not** eligible for discharge through this form, such as Federal Family Education Loans (FFEL), loans taken out to attend an Everest and/or WyoTech program not on the enclosed list of covered programs, or loans taken out to attend another institution.

**Note that interest will continue to accrue on all of these federal loans, including subsidized loans, during the forbearance or stopped collections period.**

If you want the forbearance or stopped collections to apply only to those loans that may be eligible for a discharge using this form (federal Direct Loans received on or after July 1, 2010 to attend Everest and/or WyoTech programs covered by the enclosed list), you must notify your loan servicer. At any time during the forbearance or stopped collections period, you may voluntarily make payments on your loans, including payments for accrued interest, or end the forbearance or stopped collections by contacting your servicer.

If your claim made using this form is successful, your federal Direct Loans borrowed to attend a covered Everest/WyoTech program will be discharged. Also at that time, the forbearance or stopped collections period for your other federal loans will end. You will be responsible for repaying these other remaining loans, including interest that accrued during the forbearance or stopped collections period, under the terms of your promissory note.

If your claim is denied, you will not receive a discharge of any of your loans and the forbearance or stopped collections period will end for all of your loans. You will be responsible for repaying these loans, including interest that accrued during the forbearance or stopped collections period, under the terms of your promissory note.

☐ Yes, I want my federal loans to be placed in forbearance and for collections to stop on any loans in default while my loan discharge claim is reviewed.

☐ No, I do **not** want my federal loans to be placed in forbearance and for collections to stop on any loans in default while my loan discharge claim is reviewed.

## SECTION V: CERTIFICATION

By signing this attestation I certify that:

I agree to provide, upon request, testimony, a sworn statement, or other documentation reasonably available to me that demonstrates to the satisfaction of the Department of Education or its designee that I meet the qualifications for borrower defense to repayment loan discharge.

All of the information I provided is true and complete to the best of my knowledge and I agree, if asked, to provide information reasonably available to me to the Department of Education that will verify the accuracy of my completed attestation.

I understand that the Department of Education has the authority to verify information reported on this application with other federal or state agencies or other entities. I authorize the Department of Education, along with its agents and contractors, to contact me regarding this request at the phone number above using automated dialing equipment or artificial or prerecorded voice or text messages.

I understand that if I purposely provided false or misleading information on this application, I may be subject to the penalties specified in 18 U.S. Code § 1001.

Signature _____     Date _____

*Privacy Act Notice.* The Privacy Act of 1974 (5 U.S.C. 552a) requires that the following notice be provided to you: The authorities for collecting the requested information from and about you are §421 *et seq.*, §451 *et seq.* and §461 *et seq.* of the Higher Education Act of 1965, as amended (20 U.S.C. 1071 *et seq.*, 20 U.S.C. 1087a *et seq.*, and 20 U.S.C. 1087a *et seq.*, and the authorities for collecting and using your Social Security Number (SSN) are §428B(f) and §484(a)(4) of the HEA (20 U.S.C. 1078-2(f) and 20 U.S.C. 1091(a)(4) and 31 U.S.C. 7701(b). Participating in the William D. Ford Federal Direct Loan (Direct Loan) Program, the Federal Family Education Loan (FFEL) Program, or the Federal Perkins Loan (Perkins Loan) Program, and giving us your SSN are voluntary, but you must provide the requested information, including your SSN, to participate. The principal purposes for collecting the information on this form, including your SSN, are to verify your identity, to determine your eligibility to receive a loan or a benefit on a loan (such as a deferment, forbearance, discharge, or forgiveness) under the Direct Loan Program, FFEL, or Perkins Loan Programs, to permit the servicing of your loan(s), and, if it becomes necessary, to locate you and to collect and report on your loan(s) if your loan(s) becomes delinquent or defaults. We also use your SSN as an account identifier and to permit you to access your account information electronically. The information in your file may be disclosed, on a case-by-case basis or under a computer matching program, to third parties as authorized under routine uses in the appropriate systems of records notices. The routine uses of this information include, but are not limited to, its disclosure to federal, state, or local agencies, to private parties such as relatives, present and former employers, business and personal associates, to consumer reporting agencies, to financial and educational institutions, and to guaranty agencies in order to verify your identity, to determine your eligibility to receive a loan or a benefit on a loan, to permit the servicing or collection of your loan(s), to enforce the terms of the loan(s), to investigate possible fraud and to verify compliance with federal student financial aid program regulations, or to locate you if you become delinquent in your loan payments or if you default. To provide default rate calculations, disclosures may be made to guaranty agencies, to financial and educational institutions, or to state agencies. To provide financial aid history information, disclosures may be made to educational institutions. To assist program administrators with tracking refunds and cancellations, disclosures may be made to guaranty agencies, to financial and educational institutions, or to federal or state agencies. To provide a standardized method for educational institutions to efficiently submit student enrollment statuses, disclosures may be made to guaranty agencies or to financial and educational institutions. To counsel you in repayment efforts, disclosures may be made to guaranty agencies, to financial and educational institutions, or to federal, state, or local agencies. In the event of litigation, we may send records to the Department of Justice, a court, adjudicative body, counsel, party, or witness if the disclosure is relevant and necessary to the litigation. If this information, either alone or with other information, indicates a potential violation of law, we may send it to the appropriate authority for action. We may send information to members of Congress if you ask them to help you with federal student aid questions. In circumstances involving employment complaints, grievances, or disciplinary actions, we may disclose relevant records to adjudicate or investigate the issues. If provided for by a collective bargaining agreement, we may disclose records to a labor organization recognized under 5 U.S.C. Chapter 71. Disclosures may be made to our contractors for the purpose of performing any programmatic function that requires disclosure of records. Before making any such disclosure, we will require the contractor to maintain Privacy Act safeguards. Disclosures may also be made to qualified researchers under Privacy Act safeguards.

*Paperwork Reduction Act Notice.* According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless such collection displays a valid OMB control number. The valid OMB control number for this information collection is 1845-0132. Public reporting burden for this collection of information is estimated to average 1 hour per response, including time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. The obligation to respond to this collection is required to obtain or retain a benefit (20 U.S.C. 1087e(h)). If you have comments or concerns regarding the status of your individual submission of this application, please contact FSAOperations@ed.gov.