**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARTIN CALVILLO MANRIQUEZ, JAMAL CORNELIUS, RTHWAN DOBASHI, and JENNIFER CRAIG on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>ELISABETH DEVOS, in her official capacity as Secretary of the United States Department of Education,<br><br>And<br><br>THE UNITED STATES DEPARTMENT OF EDUCATION,<br><br>*Defendants.* | Case Number: 3:17-cv-07210-SK<br><br>**JOINT NOTICE RE: THE COURT'S MAY 25, 2018 ORDER** |

On June 11, 2018, the Court held a case management conference at which it indicated that it intended to clarify the preliminary injunction it issued on May 25, 2018, *see* ECF No. 60 (the "May 25 PI Order") and, to that end, ordered the parties to "submit a joint document with proposed language regarding the scope of injunction" by June 15, 2018. ECF No. 68.

The parties submit the instant filing in response to the Court's request, without waiving any objections to the May 25 PI Order. Because the parties could not agree on proposed language, they independently submit their proposals for the Court, as follows:

**PLAINTIFFS' PROPOSED LANGUAGE:**

On May 25, 2018, the Court issued an Order Granting in Part and Denying in Part Plaintiff's Motion for Preliminary Injunction ("Order"). ECF No. 60. The Court found that the "Average Earnings Rule," was "invalid," *id.* at 32, and **ENJOINED** the Defendants "from using the Average Earnings Rule as it currently exists," *id.* at 36. The Court likewise temporarily

**ORDERED** the Defendants "to cease all efforts to collect debts from Plaintiffs." The Court now **CLARIFIES** that Order as follows:

1. For the purposes of the Order, "Plaintiff" means an individual who borrowed a federal student loan to finance the cost of enrollment in a Corinthian program included on "the Lists," *id.* at 4, whose Corinthian-related federal student loan(s) have not been cancelled or discharged in their entirety;

2. Defendants are **ENJOINED** from engaging in any collection activity concerning any of Plaintiff's Corinthian-related federal student loans;

3. The Court **VACATES** all adjudications under the Average Earnings Rule resulting in less than 100% cancellation of a borrower's loan(s) and **ORDERS** Defendants to place or cause to be placed into forbearance all associated loans unless a borrower requested or requests that a loans not be placed in forbearance;

4. To the extent Defendants assert that the Department is unable to ascertain whether an individual is a Plaintiff without a loan cancellation application from that individual, the Court **ORDERS** the Department to consult its programmatic-level data and its various documentation establishing a borrower's eligibility under its Job Placement Rate Findings Claims. *See* Plaintiffs' Attachment A ("Borrower Defense Unit Claims Review Protocol") at p.4; ECF No. 46-1 at 3 ("[T]he Department sent information to 47 state attorneys general . . . [that] included each enrollee's program, campus, credential level, and date of first enrollment."); and,

5. Nothing in this order prohibits Defendants from fully discharging the loans of any borrower.

**DEFENDANTS' PROPOSED LANGUAGE:** [1]

On May 25, 2018, the Court entered an order granting in part Plaintiffs' request for preliminary injunction, enjoining the Secretary ("Secretary") of the Department of Education ("Department") from using the "Average Earnings Rule as it currently exists," and "temporarily" ordering the Secretary to "cease all efforts to collect debts from Plaintiffs until the Court can determine the proper course of action." ECF No. 60 at 36-37 (the "May 25 PI Order").

On June 11, 2018, the Court indicated its intent to extend its May 25 PI Order beyond the named Plaintiffs in this case. In particular, the Court requested that the parties propose language reflecting the Court's opinion about the appropriate preliminary relief for two groups of borrowers: (1) those who have already received partial discharge determinations pursuant to the "Average Earnings Rule," and (2) those who are members of Plaintiffs' putative class but have not yet submitted individually-signed applications for borrower defense. In addition, the Court established a schedule for Class Certification briefing (pursuant to which the Court will determine who should be considered a "Plaintiff" in this case going forward), which does not conclude until August 7, 2018.

In light of the foregoing, the Court clarifies the intended scope of its May 25 Order as follows:

1. With respect to individuals who borrowed a Direct Loan to finance the cost of enrollment in a program covered by the Department's job placement rate misrepresentation findings for Corinthian schools, and who have had their borrower defense claims adjudicated under the "Average Earnings Rule" and received a partial, rather than a full, discharge of a Direct Loan, the Department **SHALL**, pending a final determination on the merits, halt any collection activity on the relevant loan and provide forbearance to the borrower.

---

[1] Defendants note that the Plaintiffs have attached a document with their proposed language ("Plaintiffs' Attachment A"). Defendants have not had an opportunity to fully review this document or verify its authenticity or relevance.

2. The Court understands that until a borrower actually applies for borrower defense relief, there exists no mechanism for either the Department or the Court to determine (1) which borrowers are eligible for relief based on the Department's Corinthian job placement rate misrepresentation findings; and (2) which borrowers are entitled to forbearance while the Department makes relief determinations. This is because the Department does not have complete information regarding borrowers' attendance at particular Corinthian programs and it relies, in part, on student borrowers to provide specific information about the campus they attended, and the specific dates of their enrollment, in order to ascertain potential eligibility. Moreover, the Department depends on borrowers to affirm multiple facts that are pre-requisites for borrowers' eligibility, including that the borrower received information from Corinthian on job placement rates and that they enrolled in Corinthian "in substantial part" in reliance on the information received about those rates. In the absence of submitted borrower defense attestations or analogous applications providing this information, the Department cannot determine who is eligible for relief. Plaintiffs' Attachment A confirms these points, *see* Plaintiffs' Attachment A at 4 (requiring, as a condition to determining eligibility for borrower defense relief based on the Department's job placement rate findings, that the Department "[v]erify the borrower signed the form and made the required attestation of reliance"). The Plaintiffs also rely on a statement in an amicus brief submitted by state attorneys general, which reflects those states' characterization of the Department's data and the source of the data rather than any statement by the Department. Therefore, to the extent Plaintiffs seek relief on behalf of borrowers who have not yet submitted attestations or equivalent applications for borrower defense, such request is **DENIED**.

Dated: June 15, 2018                    Respectfully submitted,


    /s/ Joshua D. Rovenger
_____


Noah Zinner
Megumi Tsutsui
HOUSING & ECONOMIC RIGHTS ADVOCATES
PO Box 29435
Oakland, CA 94604
Tel.: (510) 271-8443
Fax: (510) 280-2448

Eileen M. Connor
Toby R. Merrill
Joshua D. Rovenger
LEGAL SERVICES CENTER OF HARVARD LAW SCHOOL
122 Boylston Street
Jamaica Plain, MA 02130
Tel.: (617) 390-3003
Fax: (617) 522-0715

*Counsel for Plaintiffs*


    /s/ R. Charlie Merritt
_____


Karen S. Bloom
R. Charlie Merritt (VA # 89400)
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. NW
Washington, DC 20530
Tel: (202) 616-8098
Fax: (202) 616-8460

_____

*Counsel for Defendants*

Page **6** of **6**
JOINT NOTICE AND PROPOSED ORDERS RE: THE COURT'S MAY 25, 2018 ORDER
Case Number: 3:17-cv-07210-SK