United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN CALVILLO MANRIQUEZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ELISABETH DEVOS, et al.,<br><br>Defendants. | Case No. 17-cv-07210-SK<br><br>**AMENDED ORDER REGARDING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Regarding Docket Nos. 35, 60 |

The Court modifies the previous Order granting in part and denying in part Plaintiffs' motion for preliminary injunction. (Dkt. 60)

The Court therefore **DENIES WITHOUT PREJUDICE** Plaintiffs' request for preliminary injunction to the extent that Plaintiffs seek an order requiring the Secretary to implement the Corinthian Rule in assessing claims under the borrower defense rule, filed by borrowers who attended schools on the Lists, defined as the two lists of covered programs and dates of enrollment covered by the attestation forms. (Dkt. 35-6, Exs. 6, 7, 8, 9.)

The Court **ENJOINS** the Secretary and Department of Education from using the Average Earnings Rule as it currently exists, to the extent that the Secretary relies upon information provided by the Social Security Administration in violation of the Privacy Act.

The Secretary and the Department of Education **ARE ORDERED** to cease all efforts to collect debts from Plaintiffs and any other borrower who has successfully completed an attestation form (Dkt. 35-6, Exs. 8, 9) until the Court can determine the proper course of action:

A. Past Claimants - With respect to any individual who borrowed a Direct Loan to finance the cost of enrollment in a program on the Lists and during the dates of enrollment covered by the attestation forms (Dkt. 35-6, Exs. 6, 7, 8, 9), and who was given only partial relief under the Average Earnings Rule, the Secretary and Department of

Education **ARE ORDERED** to halt any collection activity on the relevant loan and **ARE ORDERED** provide forbearance to any such borrower.

B. Current Claimants - With respect to any individual who borrowed a Direct Loan to finance the cost of enrollment in a program on the Lists and during the dates of enrollment covered by the attestation forms (Dkt. 35-6, Exs. 6, 7, 8, 9), and who has not yet been given any relief or decision for the borrower defense, the Secretary and Department of Education **ARE ORDERED** to halt any collection activity on the relevant loan and **ARE ORDERED** to provide forbearance to any such borrower.

C. Future Claimants - With respect to any individual who borrowed a Direct Loan to finance the cost of enrollment in a program on the Lists and during the dates of enrollment covered by the attestation forms (Dkt. 35-6, Exs. 6, 7, 8, 9), and who has not yet submitted an attestation form, the Secretary and Department of Education **ARE ORDERED** not to engage in any collection activity on the relevant loan and **ARE ORDERED** to provide forbearance to any such borrower. The Secretary and Department of Education may determine whether the claimant is eligible for relief; i.e., whether the claimant actually borrowed a Direct Loan to finance the cost of enrollment in a program on the Lists and during the dates of enrollment covered by the attestation forms (Dkt. 35-6, Exs. 6, 7, 8, 9) and whether the claimant successfully completed the attestation forms.

When the Secretary implements a new methodology for determining relief under the borrower defense rule, the Secretary may seek relief from the Court from this Order.

Nothing in this Order prohibits the Secretary from fully discharging the loans of any borrower who successfully completed or who successfully completes an attestation form. (Dkt. 35-6, Exs. 8, 9.)

**IT IS SO ORDERED**.

Dated: June 19, 2018



SALLIE KIM
United States Magistrate Judge