CHAD A. READLER
Acting Assistant Attorney General

ALEX G. TSE
Acting United States Attorney

MARCIA BERMAN
Assistant Branch Director

KAREN S. BLOOM
Senior Counsel
R. CHARLIE MERRITT
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
20 Massachusetts Ave. NW
Washington, D.C. 20530
Telephone: (202) 616-8098
Facsimile: (202) 616-8460
E-mail: karen.s.bloom@usdoj.gov

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARTIN CALVILLO MANRIQUEZ, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ELISABETH DEVOS, in her official capacity as Secretary of Education, and the UNITED STATES DEPARTMENT OF EDUCATION <br><br> Defendants. | Case No. 3:17-cv-7210-SK <br><br> **REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR CLARIFICATION OF AMENDED ORDER REGARDING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** <br><br> Date: September 17, 2018[1] <br> Time: 9:30 a.m. <br> Place: Courtroom A, 15th Floor <br> 450 Golden Gate Avenue, San Francisco, CA <br> Judge: Hon. Sallie Kim |

---

[1] Defendants have respectfully requested that the Court decide this motion on the papers submitted, without oral argument, pursuant to Civil L-R 7-1(b).

Defendants' Reply in Support of Motion for Clarification of Amended Order
Regarding Plaintiffs' Motion for Preliminary Injunction
Case No. 3:17-cv-7210-SK

1

In our June 29, 2018 motion for clarification, ECF No. 75 ("Defs.' Mot."), Defendants sought clarification with respect to one specific set of borrowers referenced in the Court's Amended Order Regarding Plaintiffs' Motion for Preliminary Injunction, ECF No. 70 ("Amended Order"): those identified in category "C" as "Future Claimants." In particular, Defendants noted that the Amended Order was unclear with respect to whether the Court intended to enjoin collection activity with respect to such "Future Claimants" who "have not yet submitted the requisite attestation forms to Defendants." Defs.' Mot. at 4. In seeking this clarification, Defendants did not intend, as Plaintiffs suggest, to "replace" or in any way alter or disturb "the existing directives in sub-points (A) and (B) of the Court's Amended Order." Pls.' Resp. to Defs.' Mot. for Clarification at 2, ECF No. 78 ("Pls.' Resp."). Thus, Defendants believe that the language in their proposed order, clarifying that Defendants are not required to take any action "with respect to individuals who have not yet submitted an attestation form," *see* ECF No. 75-1, is sufficiently clear to resolve the ambiguity in the Court's Amended Order. Defendants, however, have conferred with Plaintiffs, and the Parties jointly propose the following clarifying language:[2]

> It is hereby ordered that Defendants' motion is granted with respect to future claimants. The Court's amended order regarding Plaintiffs'' Motion for Preliminary Injunction (ECF. No. 70) remains in full effect and the Court clarifies that subpoint (c) regarding future claimants only requires the Department of Education to stop any collection effort and to provide forbearance once a future claimant submits a facially valid attestation form. Nothing herein shall prevent the Secretary and the Department of Education from issuing denials where the Department determines that the claimant did not actually borrow a Direct Loan to finance the cost of enrollment in a program on the Lists for the dates of enrollment covered by the Lists. See ECF No. 35-6, Ex. 6, 7.

Defendants object, however, to Plaintiffs' contention that Defendants are not complying with the Court's preliminary injunction. *See* Pls.' Resp. at 2. As an initial matter, Plaintiffs' request that this Court order Defendants to answer specific questions and provide additional information is procedurally improper. First, it exceeds the scope of the motion to which Plaintiffs purport to respond, by both demanding additional relief unrelated to that motion and submitting the declarations of individuals who, unlike the "Future Claimants" about whom Defendants

---

[2] Although Plaintiffs consent to this proposed language, they requested that this filing reiterate Plaintiffs' concerns about Defendants' compliance with the Court Order. *See* ECF No. 78 at 2.

Defendants' Reply in Support of Motion for Clarification of Amended Order
Regarding Plaintiffs' Motion for Preliminary Injunction
Case No. 3:17-cv-7210-SK

2

1 requested clarification, have already submitted borrower defense claims and received partial
2 discharge determinations. *See* ECF No. 78-1 at ¶ 20; ECF No. 78-7 at ¶ 9. Second, to the extent
3 Plaintiffs seek to have this Court take specific action – *e.g.*, to "request[] additional information
4 from Defendants," or to pose an extensive list of "[r]elevant questions," Pls.' Resp. at 2 & n.2 –
5 they are not in compliance with Civil L-R 7-1, which requires that "[a]ny written request to the
6 Court for an order must be presented" through particular means as defined by the Local Rules. *See*
7 *Banga v. First USA, NA*, Case No: 10-cv-0975 SBA, 2013 WL 12324701, at *6 (N.D. Cal. Mar.
8 29, 2013) ("Generally, any written request to the Court for an order must be presented by a duly
9 noticed motion . . . [, which] must contain, among other things, 'notice of the motion, including
10 date and time of hearing' in the first paragraph" (quoting Civil L-R 7-2(b))). A motion that fails
11 to comply with the Court's local rules "need not be considered." *Id*. (citing *Grove v. Wells Fargo*
12 *Fin. Cal., Inc.*, 606 F.3d 577, 582 (9th Cir. 2010)).

13 In any event, Defendants submit that there is no need for Court intervention at this time.
14 Only one month ago, on June 19, 2018, the Court's Amended Order required that Defendants halt
15 collection activity and provide forbearance with respect to a broad class of individuals, numbering
16 in the tens of thousands. *See, e.g.*, Ex. C. to Defs.' Opp. to Pls.' Mot. for Prelim. Inj. at 2, ECF
17 No. 42-3 (noting that as of April 1, 2018, there were more than 99,000 pending borrower defense
18 claims, the majority of which had been filed by borrowers relying on the Department's Corinthian
19 job placement rate findings, and that at that time over 9,000 claims had been adjudicated pursuant
20 to the partial discharge methodology). The Amended Order required the Department to identify
21 any individual "who borrowed a Direct Loan to finance the cost of enrollment in a program on the
22 Lists and during the dates of enrollment covered by the attestation forms," and who either (1) has
23 already been given "only partial relief under the Average Earnings Rule," or (2) "has not yet been
24 given any relief or decision for the borrower defense" asserted. Am. Order at 1-2. Immediately
25 following the Court's issuance of the Amended Order, the Department began the process of
26 identifying these individuals and working with the ten different loan servicers with which it
27 contracts to implement the requisite halts on collection or forbearance. The Department has been
28 working expeditiously to implement the Court's Amended Order and believes that this process is

Defendants' Reply in Support of Motion for Clarification of Amended Order
Regarding Plaintiffs' Motion for Preliminary Injunction
Case No. 3:17-cv-7210-SK

3

substantially completed with respect to borrowers who have received partial loan discharges. As to the "current claimants" identified in the Amended Order, the Department has and will continue to put borrowers with pending claims in forbearance and stop collections, and keep them in that status in accordance with the Court's Amended Order.

Given the volume of borrowers and servicers at issue, there may be a few, individual circumstances where the Department has not yet performed all the steps necessary to complete this process with respect to each individual borrower. Nonetheless, the Department is endeavoring to complete forthwith all of the steps necessary to fully implement the Court's Order. If an individual borrower is not in forbearance or has loans that are not in stopped collection status, and believes that he or she is covered by the Court's Order and contacts the Department or his or her servicer, the Department will act expeditiously to review the borrower's circumstances and provide forbearance and stop collections, as appropriate. There is thus no reason for this Court to order the Department to provide any additional information at this time regarding its compliance with the Court's preliminary injunction.

For the reasons set forth above, and in Defendants' motion, the Court should grant Defendants' motion for clarification.

Dated: July 20, 2018

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

*/s/* Karen S. Bloom
KAREN S. BLOOM
Senior Counsel
R. CHARLIE MERRITT
Trial Attorney (VA # 89400)
Civil Division, Federal Programs Branch
U.S. Department of Justice
20 Massachusetts Ave. NW
Washington, D.C. 20530
Telephone: (202) 514-4964
Facsimile: (202) 616-8460
E-mail: robert.c.merritt@usdoj.gov

*Attorneys for Defendants*

Defendants' Reply in Support of Motion for Clarification of Amended Order
Regarding Plaintiffs' Motion for Preliminary Injunction
Case No. 3:17-cv-7210-SK

4