CHAD A. READLER
Acting Assistant Attorney General

ALEX G. TSE
Acting United States Attorney

MARCIA BERMAN
Assistant Branch Director

KAREN S. BLOOM
Senior Counsel
R. CHARLIE MERRITT
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
20 Massachusetts Ave. NW
Washington, D.C. 20530
Telephone: (202) 616-8098
Facsimile: (202) 616-8460
E-mail: robert.c.merritt@usdoj.gov

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARTIN CALVILLO MANRIQUEZ, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ELISABETH DEVOS, in her official capacity as Secretary of Education, and the UNITED STATES DEPARTMENT OF EDUCATION <br><br> Defendants. | No. 3:17-cv-7210-SK <br><br> **DEFENDANTS' MOTION TO STAY CERTAIN PROCEEDINGS PENDING APPEAL** <br><br> Date: September 17, 2018 <br> Time: 9:30 a.m. <br> Place: Courtroom A, 15th Floor <br> 450 Golden Gate Avenue, San Francisco, CA <br> Judge: Hon. Sallie Kim |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on September 17, 2018, at 9:30 a.m., before the Honorable Sallie Kim, in Courtroom A of the 15th Floor of the Philip E. Burton Courthouse and Federal Building, 450 Golden Gate Avenue, San Francisco, California, 94102, Defendants Elisabeth DeVos, in her official capacity as Secretary of Education, and the United States Department of Education ("Department"), by and through undersigned counsel, will move the Court to stay certain further proceedings in this case pending appellate review of this Court's Order Granting in Part and Denying in Part Plaintiffs' Motion for Preliminary Injunction, ECF No. 60, and its Amended Order Regarding Plaintiffs' Motion for Preliminary Injunction, ECF No. 70. Defendants respectfully request that the Court decide this motion on the papers submitted, without oral argument, pursuant to Civil L.R. 7-1(b).

## MOTION FOR STAY

Defendants hereby move to stay further proceedings in this case pending appellate review, with one exception: briefing and a hearing related to Plaintiffs' Motion for Class Certification. The reasons for this Motion are set forth in the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

On May 25, 2018, the Court granted in part and denied in part Plaintiffs' motion for a preliminary injunction. *See* ECF No. 60 ("May 25 Order"). As relevant here, the Court determined that Plaintiffs "are likely to succeed on the merits of their argument that the Privacy Act bars the Department's disclosure of information about applicants to the Social Security Administration and the receipt and use of information from the Social Security Administration." *Id.* at 21. As a result, the Court temporarily granted Plaintiffs' request to enjoin the Secretary from engaging in any efforts "to collect Plaintiffs' loans," and ordered the Secretary "to cease all efforts to collect debts from Plaintiffs until the Court can determine the proper course of action." *Id.* at 37. Defendants have appealed this ruling, and Plaintiffs have indicated that they would also be "consider[ing] cross-appellate rights." *See* Trans. of June 11, 2018 Hearing at 23. Defendants therefore move to stay certain proceedings in this Court pending resolution of any appeal in the Ninth Circuit.

As explained below, Defendants' notice of appeal, ECF No. 81, divested the Court of jurisdiction over issues involved in that appeal. And even with respect to issues not directly implicated in the appeal, a decision by the Ninth Circuit is likely to provide substantial guidance to this Court and the parties in resolving issues. Proceeding in the absence of such guidance would be inefficient, waste the resources of the Court and the parties, and potentially result in inconsistent rulings that may need to be corrected in light of the Ninth Circuit's forthcoming decision. Plaintiffs, in contrast, will not be harmed by a stay pending appeal because the Court's preliminary injunction remains in place. The Court should, therefore, grant Defendants' motion to stay certain proceedings pending appeal.

## BACKGROUND

In 2015, following the collapse of Corinthian Colleges, Inc. ("Corinthian"), student borrowers who attended Corinthian-operated schools began seeking relief under the Department of Education's "borrower defense" regulation, which allows a borrower to "assert as a defense against repayment, any act or omission of the school attended by the student that would give rise to a cause of action against the school under applicable State law." 34 C.F.R. § 685.206(c)(1). Upon a determination that a borrower defense claim is successful, the Secretary of Education notifies the borrower that s/he is relieved of the obligation to repay "all or part" of the affected loan and associated costs. *Id.* § 685.206(c)(2).

In December 2017, the Department announced its adoption of a new methodology for evaluating certain types of borrower defense claims asserted by Corinthian student borrowers. Under this methodology, which Plaintiffs and the Court term the "Average Earnings Rule," a borrower's percentage of loan relief corresponds to the lack of value the borrower received from her educational program, measured by comparing the average earnings of students in specific Corinthian programs with the average earnings of graduates of comparable programs at other institutions. To apply the "Average Earnings Rule" to Corinthian borrowers, the Department identified Corinthian borrowers who had submitted claims for loan relief and sorted those borrowers into groups based on their academic programs. The Department sent the Social Security Administration (SSA) the names, Social Security numbers, and dates of birth of those borrowers

and asked SSA for aggregate earnings data for each borrower group. In return, SSA provided that aggregate earnings data to the Department "in a form that cannot be associated with, or otherwise identify, directly or indirectly, a particular individual." May 25 Order at 10. The Department used the SSA data to create a framework for affording loan relief to Corinthian students. Under the framework, borrowers in Corinthian groups whose average earnings were less than half the average earnings of comparable programs received full loan discharges. All other Corinthian borrowers approved for loan relief received partial loan discharges of 10 to 50 percent.

Four former Corinthian students filed this putative class action against the Department and its Secretary under the Administrative Procedure Act (APA), 5 U.S.C. §§ 706(1) and (2), claiming that the Average Earnings Rule violates the Privacy Act, violates their rights to due process, and is arbitrary and capricious. Plaintiffs moved for a preliminary injunction to prevent the Department from applying the Average Earnings Rule and to require the Department to return to what Plaintiffs refer to as the "Corinthian Job Placement Rate Rule," which according to Plaintiffs requires the Department to award certain qualifying Corinthian borrowers full loan discharges.[1]

On May 25, 2018, the Court granted in part and denied in part Plaintiffs' motion for a preliminary injunction, enjoining the Department from using the Average Earnings Rule. The Court held that the Department violated the Privacy Act when it disclosed Corinthian borrowers' identifying information to SSA, and that, even if the Privacy Act allows agencies to share aggregate statistical data, the statute "expressly forbids the use of that aggregate statistical data to make determinations about individuals, as the Secretary did under the Average Earnings Rule." May 25 Order at 22. The Court also found that Plaintiffs had not shown a likelihood of success on their due process, arbitrary and capricious, and retroactive rulemaking claims.

On June 11, 2018, the Court held a case management conference at which it set various litigation deadlines to govern the case going forward. In particular, it set a briefing schedule for

---

[1] The Amended Complaint and preliminary injunction motion also allege that Defendants have unlawfully withheld or unreasonably delayed implementing the "Corinthian Job Placement Rate Rule." But, as noted below, the Court found that it could not, based on the materials before it, "find that the Corinthian Rule existed in such a way that bound the Secretary" and that such "agency process without binding effect" is not reviewable under 5 U.S.C. § 551. May 25 Order at 26.

Plaintiffs' motion for class certification, pursuant to which Defendants' response is due on July 31, 2018 and Plaintiffs' reply brief is due on August 7, 2018; ordered that Defendants' response to Plaintiffs' amended complaint would be due on August 7, 2018; and ordered Defendants to file the certified administrative record "[w]ithin 60 days." *See* ECF No. 68. Subsequently, the Court set additional deadlines for briefing about whether certain documents "are not privileged and must be included as part of the administrative record." ECF No. 72. Pursuant to this order, Plaintiffs filed their motion on July 23, 2018; Defendants' response is due on August 13, 2018, and Plaintiffs' reply is due on August 27, 2018.

Defendants have filed a notice of appeal of the Court's ruling granting in part and denying in part Plaintiffs' motion for a preliminary injunction. ECF No. 81.[2] The deadline for any cross-appeal by Plaintiffs is August 7, 2018. *See* Fed. R. App. P. 4(a)(3).

Because as described above Defendants imminently face several upcoming litigation deadlines, including a response to Plaintiffs' class certification motion on July 31, the parties have stipulated to delaying nearly all currently scheduled deadlines in this case until after the Court rules on this motion to stay. This stipulation, which is being filed simultaneously with this motion, allows the Court time to consider this motion before the parties have to incur the burdens of further litigation activity that may become unnecessary if the Court grants the requested stay. Plaintiffs,

---

[2] On June 19, 2018, the Court issued an Amended Order Regarding Plaintiffs' Motion for Preliminary Injunction ("Amended Order" or "Am. Order"), ECF No. 70, which modified the Court's May 25 Order. Am. Order at 1. In its Amended Order, the Court ordered "[t]he Secretary and the Department of Education . . . to cease all efforts to collect debts from Plaintiffs and any other borrower who has successfully completed an attestation form (Dkt. 35-6, Exs. 8, 9) until the Court can determine the proper course of action:…" *Id*. On June 29, 2018, Defendants sought clarification of the scope of the Amended Order. ECF No. 75. This request is fully briefed. Though a notice of appeal has been filed, the district court retains jurisdiction to "suspend, modify, restore, or grant an injunction," Fed. R. Civ. P. 62(c), so long as it does not "materially alter the status of the case on appeal." *Mayweathers v. Newland*, 258 F.3d 930, 935 (9th Cir. 2001) (citation omitted); *see also Venen v. Sweet*, 758 F.2d 117, 120-21 n.2 (3d Cir. 1985) (noting that a district court is not without jurisdiction, during the pendency of an appeal, to "modify, restore, or grant injunctions"). This Court thus maintains jurisdiction to "clarify its original injunction," which remains in effect during the pendency of Defendants' appeal, in the limited manner that Defendants request. *See Meinhold v. U.S. Dep't of Def.*, 34 F.3d 1469, 1480 n.14 (9th Cir. 1994); *cf. Schmidt v. Lessard*, 414 U.S. 473, 477 (1974) ("Unless the trial court carefully frames its orders of injunctive relief, it is impossible for an appellate tribunal to know precisely what it is reviewing.").

however, made their agreement to the parties' stipulation contingent upon the class certification briefing continuing, notwithstanding this motion. In the absence of the stipulation, Defendants would have been required to file their response to Plaintiffs' class certification motion before this Court could enter an order postponing the deadline. *See* Civil L-R 6-3(b) (granting a party four days to file an opposition to a motion to change time). While, pursuant to this stipulation, Defendants agreed that the class certification briefing and hearing could continue, the stipulation does not prevent the Court from staying its *decision* on this issue until appellate review has concluded, and Defendants believe that the Court should do so. In any event, notwithstanding Defendants' agreement to allow this limited litigation activity to move forward, the circumstances of this case justify a stay of all other district court proceedings.

## STANDARD OF REVIEW

An appeal from an interlocutory order divests the district court of jurisdiction over "those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *see also City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001) ("[T]he filing of a notice of interlocutory appeal divests the district court of jurisdiction over the particular issues involved in that appeal."). And while an interlocutory appeal does not automatically divest the trial court of jurisdiction to continue with other phases of the case not related to the issues on appeal, *see Plotkin v. Pac. Tel. & Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982), "the District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). The Ninth Circuit has described various factors that should be considered when evaluating a motion to stay:

> Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962); *Ass'n of Irritated Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d 1081, 1094 (E.D. Cal. 2008) ("Although the filing of an interlocutory

Defendants' Motion to Stay Certain Proceedings Pending Appeal
Case No. 3:17-cv-7210-SK

6

appeal does not automatically stay proceedings in the district court, the district court has broad discretion to decide whether a stay is appropriate to promote economy of time and effort for itself, for counsel, and for litigants" (citation omitted)). As to the last factor, courts frequently grant stays pending resolution of proceedings that may "bear upon the case," because a stay is most "efficient for [the Court's] own docket and the fairest course for the parties[.]" *Levya v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).

## ARGUMENT

The factors identified by the Ninth Circuit – simplification of the issues resulting from a stay and prejudice to each party – weigh in favor of a stay.

1. A stay of the district court proceedings noted above would promote judicial economy because the Ninth Circuit's decision will provide guidance on the issues in this case, and it would be inefficient to continue proceedings in this Court without the benefit of the Ninth Circuit's ruling. This case is about the Department's evaluation of borrower defense to repayment claims, including its methodology for affording relief to Corinthian borrowers who submit such claims based on the Department's job placement rate findings. In adjudicating the instant appeal, the Ninth Circuit will evaluate whether or not the Department's chosen method for doing so (*i.e.*, the so-called "Average Earnings Rule") likely violates the Privacy Act and therefore must remain enjoined. If the district court proceedings continue while the Ninth Circuit appeal is ongoing, the parties will have to address issues that the Ninth Circuit is considering. For example, if district court proceedings are not stayed, Defendants are currently due to respond to the Amended Complaint on August 7, with summary judgment briefing likely to follow. Those filings would have to address Plaintiffs' allegations about whether the Privacy Act was violated in the Department's fashioning of the "Average Earnings Rule."

Similarly, especially if Plaintiffs cross-appeal, the Ninth Circuit will also likely have to evaluate whether Plaintiffs have established a property interest that would support a due process claim and whether, aside from the alleged Privacy Act violations, the Department's adoption and implementation of the "Average Earnings Rule" was arbitrary and capricious. These evaluations would involve a review of this Court's determination that it could not, based on the materials

before it, find that the so-called Corinthian Rule "existed in such a way that bound the Secretary." May 25 Order at 26. If this case proceeds before the district court, Defendants will have to address this exact issue – for example, in their responsive pleading and any summary judgment briefing.

Rather than having the parties and the Court waste time and resources briefing and considering issues that are to be determined imminently by the Ninth Circuit (or taking other action that would likewise be affected by an appellate ruling), the more prudent and efficient course is to wait for the Ninth Circuit's ruling before proceeding to any such briefing and/or consideration, if such activities even remain necessary at that point. *See Regents of the Univ. of Cal. v. U.S. Dep't of Homeland Sec.*, 2018 WL 1210551, at *5 (N.D. Cal. Mar. 8, 2018) ("Because of the pendency of appellate review over the government's threshold jurisdictional arguments, this order postpones the deadline for completion of the administrative record until forty-two calendar days after any final appellate ruling that the agency action is reviewable."); *Washington v. Trump*, 2017 WL 1050354, at *5 (W.D. Wash. March 17, 2017) (granting a stay and concluding "[t]he more efficient course" was to "'wait for a decision from the Ninth Circuit" which might "resolve the primary issues"); *cf. Britton v. Co-op Banking Grp.*, 916 F.2d 1405, 1412 (9th Cir. 1990) (explaining that an appeal of an interlocutory order deprives the district court of jurisdiction over the matters that are the subject of the appeal). Moreover, a Ninth Circuit decision could change "the applicable law or the relevant landscape of facts that need to be developed" in such a way that a ruling by this Court in the interim may be nullified or may need to be made anew. *Washington v. Trump*, 2017 WL 1050354, at *5. Therefore, awaiting the Ninth Circuit's decision would reduce the risk of unnecessary or inconsistent rulings that would then have to be unwound or disentangled. A stay, therefore, is most "efficient for [the Court's] own docket and the fairest course for the parties[.]" *Levya*, 593 F.2d at 863.

2. Even if only certain issues were appealed to the Ninth Circuit, a general stay of district court proceedings (except as to the class certification briefing and hearing, per the parties' stipulation) would be warranted. Resolution of the appeal need not "settle every question of . . . law" to justify a stay. *Landis v. N. Am. Co.*, 299 U.S. 248, 256 (1936). It is sufficient that the appeal is likely to "settle" some issues and "simplify" others, *id.*, such that a stay will facilitate the

orderly course of justice and conserve resources[3] for both the Court and the parties. *See Unitek Solvent Servs., Inc. v. Chrysler Grp. LLC*, 2014 WL 12576648, at *4 (D. Haw. Jan. 14, 2014) (granting stay of proceedings pending appeal of decision on preliminary injunction based in part on recognition that "the Ninth Circuit could provide guidance regarding the issues on appeal, which would preserve resources for both the parties and the Court"); *Fairview Hosp. v. Leavitt*, 2007 WL 1521233, at *3 n.7 (D.D.C. May 22, 2007) (granting stay pending resolution of another matter that would likely settle or simplify issues even though it 'would not foreclose the necessity of litigation in [the stayed] case"); *In re Literary Works in Elec. Databases Copyright Litig.*, 2001 WL 204212, at *3 (S.D.N.Y. Mar. 1, 2001) (same); *see also Lockyer v. Mitrant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005) ("[T]he prospect of narrowing the factual and legal issues" counsels in favor of a stay).

3. In contrast to the large and potentially wasteful drain on resources that will result if this case proceeds before an appeal/s is resolved, Plaintiffs will not be significantly harmed by the proposed stay. The preliminary injunction remains in place in this case, and thus Plaintiffs would suffer minimal, if any, harm from a stay pending appeal. The Court itself has indicated this. *See* Trans. of June 11, 2018 Hearing at 12 ("I feel like I've frozen things now and I'm going to keep freezing them so there's not going to be any harm to the Plaintiffs while we're deciding these issues"), 13 ("I've frozen as much as I probably can at the stage where we're trying to figure out what to do"). Indeed, a stay of proceedings would avoid the need for Plaintiffs to devote resources to briefing issues that may ultimately be rendered moot or unnecessary by the Ninth Circuit's decision. And even if Plaintiffs could conceive of some harm, it would not outweigh the harm to Defendants from denying a stay.

---

[3] Denying Defendants' motion and allowing district court proceedings to go on could also cause an unnecessary expenditure of time and resources because Plaintiffs have indicated they may seek discovery. *See* Pls.' Mot. for Class Cert. Or, in the Alternative, Limited Class Discovery, ECF No. 47.

## **CONCLUSION**

For the foregoing reasons, the Court should grant Defendants' motion to stay certain further proceedings pending appeal.

Dated: July 26, 2018

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

/s/ R. Charlie Merritt
KAREN S. BLOOM
Senior Counsel
R. CHARLIE MERRITT
Trial Attorney (VA # 89400)
Civil Division, Federal Programs Branch
U.S. Department of Justice
20 Massachusetts Ave. NW
Washington, D.C. 20530
Telephone: (202) 616-8098
Facsimile: (202) 616-8460
E-mail: robert.c.merritt@usdoj.gov

*Attorneys for Defendants*