1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CHAD A. READLER
Acting Assistant Attorney General

ALEX G. TSE
Acting United States Attorney

MARCIA BERMAN
Assistant Branch Director

KAREN S. BLOOM
Senior Counsel
R. CHARLIE MERRITT
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
20 Massachusetts Ave. NW
Washington, D.C. 20530
Telephone: (202) 616-8098
Facsimile: (202) 616-8460
E-mail: robert.c.merritt@usdoj.gov

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN CALVILLO MANRIQUEZ, *et al.*, | No.  3:17-cv-7210-SK |
| Plaintiffs, | **REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STAY CERTAIN PROCEEDINGS PENDING APPEAL** |
| v. | Date: September 17, 2018[1] |
| ELISABETH DEVOS, in her official capacity as Secretary of Education, and the UNITED STATES DEPARTMENT OF EDUCATION | Time: 9:30 a.m. Place: Courtroom A, 15th Floor 450 Golden Gate Avenue, San Francisco, CA Judge: Hon. Sallie Kim |
| Defendants. | |

---

[1] Defendants have respectfully requested that the Court decide this straightforward motion on the papers submitted, without oral argument, pursuant to Civil L-R 7-1(b).  This would be an especially efficient and appropriate course now that the Court has vacated the hearing on Plaintiffs' class certification motion, previously scheduled for the same day.  *See* ECF No. 86.

Plaintiffs concede that the parties' cross motions for summary judgment should be stayed pending the Ninth Circuit's decision on Defendants' preliminary injunction appeal, and thus that no decision on the merits can issue until that appeal has concluded. *See* Pls.' Opp. to Defs.' Mot. to Stay Certain Proceedings Pending Appeal ("Opp.") at 1, ECF No. 84. Moreover, the Court has already entered a preliminary injunction freezing all of the harm it deemed to be irreparable and related to the only claim on which the Court determined that Plaintiffs were likely to succeed – the Privacy Act claim. Plaintiffs are entitled to no further relief while this case is pending and thus will suffer no concrete harm if all proceedings are stayed pending appeal. On the other hand, proceeding with any "peripheral litigation," *id*. at 1, during the pendency of the appeal would be an inefficient drain on both the parties' and the Court's resources where, depending on the outcome of the appeal, litigation regarding those matters could be altered or obviated entirely. Accordingly, the Court should adopt the common sense approach of staying further proceedings before it pending the Ninth's Circuit's expedited[2] resolution of the pending appeal. *See, e.g.*, *Youngevity Int'l v. Smith*, 2018 WL 3426266, at *1 (S.D. Cal. July 16, 2018) ("[A] district court has broad discretion to decide whether a stay is appropriate to promote economy of time and effort for itself, for counsel, and for litigants." (citation omitted)).

Plaintiffs' primary, indeed only, argument in opposition to Defendants' requested stay is that they will be harmed by "any delay" in the resolution of this litigation, and that the Court can "mitigate" that harm by "addressing issues unrelated to the appeal." Opp. at 1, 2. But the Court has already entered a preliminary injunction that has, in the Court's estimation, "frozen" all the harm that it can at this preliminary stage of the litigation, Trans. of June 11, 2018 Hearing at 13, ECF No. 76 – *i.e.*, the harm that would result from the Department's collection activity during the pendency of this litigation before a decision on the merits can be rendered. *See Trump v. IRAP*, 137 S. Ct. 2080, 2087 (2017) ("The purpose of . . . interim equitable relief is not to conclusively

---

[2] Plaintiffs assert, citing the median time for disposition of *all* Ninth Circuit appeals, that the appeal will delay resolution of their case "for a year or more." Opp. at 2 and n.3. As even Plaintiffs recognize, however, preliminary injunction appeals are expedited in the Ninth Circuit, and the fact that Defendants have requested a mere 15-day extension of time to file their opening brief, *see* Unopposed Motion to Extend Time, *Manriquez v. DeVos*, No. 18-16375 (9th Cir. July 30, 2018), does not prevent the appeal from proceeding on an expedited basis.

determine the rights of the parties, but to balance the equities as the litigation moves forward."). While Plaintiffs assert that they are suffering additional harm resulting from the Department's "failure to discharge [Plaintiffs' allegedly] unlawful loans," Opp. at 3, a full loan discharge is nothing less than the ultimate relief Plaintiffs seek in this lawsuit. *See, e.g.*, Pls.' Am. Compl., Prayer for Relief(M), ECF No. 58 (requesting order compelling the Department "immediately to process applications and grant discharges to members of the class"). As Defendants have argued, that type of relief is inappropriate at this stage, and the Court has rightly rejected Plaintiffs' repeated attempts to secure ultimate merits relief in the guise of their preliminary injunction motion. *See, e.g.*, *Taiebat v. Scialabba*, 2017 WL 747460, at *3 (N.D. Cal. Feb. 27, 2017) (denying preliminary injunction where the plaintiff sought a mandatory injunction that was "not temporary or preliminary, but rather is the exact same ultimate relief he seeks in his petition" because, "it is generally inappropriate for a federal court at the preliminary-injunction stage to give a final judgment on the merits"). Thus, Plaintiffs have already secured all of the relief to which they have demonstrated their entitlement at this preliminary stage of the litigation. And they agree that the ultimate resolution of this case on the merits should be delayed pending the Ninth Circuit's decision, a delay which will occur whether or not the Court grants Defendants' motion and stays further proceedings.

What Plaintiffs are left arguing, then, is that they will suffer some measure of harm that is attributable to the *additional* delay that would be caused by having to litigate "peripheral" issues after the Ninth Circuit reaches a decision, as opposed to now. That prejudice, to the extent it even exists, is minimal, and does not outweigh the prospect that significant resources would be wasted addressing potentially unnecessary litigation matters while the appeal is pending. *See Finder v. Leprino Foods Co.*, 2017 WL 1355104, at *4 (E.D. Cal. Jan. 20, 2017) (recognizing as factors in favor of a stay [saving] "the time to be expended on resolving questions of certification, further dispositive motions practice, giving putative class member notice of claims, and settlement discussions, all over claims that may be mooted by resolution of the appeal").

For example, filing the administrative record or deciding class certification while the appeal is pending does nothing to remedy the "ongoing" harm that Plaintiffs complain about, Opp.

at 5, but those activities could very well be affected by a Ninth Circuit decision on the Court's Privacy Act ruling.  As Defendants have represented to the Court in prior filings, the Department is continuing to assess its options for providing borrower defense relief to Corinthian borrowers in light of the Court's Privacy Act ruling.  *See, e.g.*, ECF No. 64 at 8-9.  As evidenced by its notice of appeal, the Department respectfully disagrees with that ruling and believes that, following the Ninth Circuit's decision, it will be able to resume awarding relief pursuant to its partial discharge methodology.  Should the Ninth Circuit affirm this Court's holding on the legal question of whether that methodology violates the Privacy Act, however, the Department would need to reconsider that position and continue its evaluation of alternative methods for awarding relief to Corinthian borrowers going forward.  *See id*. at 8 (noting that, in response to the Court's PI Order, the Department was, and is, "exploring the possibility of using earnings data to assess educational value in a manner that would not implicate the Privacy Act, such as by relying on publicly available earnings statistics and/or requesting individualized earnings information directly from borrowers who submitted borrower defense applications").  Were the Department to then take any additional action to award relief to Corinthian borrowers, such action would likely require a new and different administrative record and an amended complaint, which would necessarily alter the nature of any responsive pleading and potentially affect the composition of the putative class.  In short, the instant dispute could be fundamentally transformed.  Because the Ninth Circuit's resolution of Defendants' appeal could "alter the direction of current proceedings," including because it "might prompt the filing of an amended complaint," it "would be a waste of judicial and party resources to proceed . . . while the appeal is pending."  *Ass'n of Irritated Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d 1081, 1094 (E.D. Cal. 2008).

Plaintiffs' argument that their request for class certification should be resolved now because it is "relevant to the appeal," *see* Opp. at 3, does not support a contrary conclusion. Plaintiffs' argument is unpersuasive because the Court has already issued its amended preliminary injunction order, ECF No. 70, which attempts to define the scope of the injunction, and the pending appeal will be adjudicated on the already-created record.  The Court proceeding to evaluate Plaintiffs' motion for class certification while the appeal is ongoing will not change the record

being evaluated in the appeal; such consideration is therefore irrelevant to the appeal. Plaintiffs, thus, offer no persuasive argument for why the Court should expend its resources to adjudicate this issue while the appeal is ongoing. Moreover, if the Ninth Circuit's ruling might offer guidance on the appropriate scope of the injunction and/or the appropriate definition of any class, the Court should stay its consideration of this issue until it has the benefit of the Ninth Circuit's decision.

Thus, little is to be gained by requiring Defendants to respond to Plaintiffs' current amended complaint or produce an administrative record during the pendency of the appeal, and any ruling by the Court on Plaintiffs' class certification motion or motion for a declaration regarding privilege (regarding documents Plaintiffs assert should be part of the administrative record based on their case as currently pled), might be rendered unnecessary by the outcome of the appeal. Accordingly, and because Defendants' appeal will "settle" some issues and potentially "simplify others," *Landis v. N. Am. Co.*, 299 U.S. 248, 256 (1936), a stay of proceedings will facilitate the orderly course of justice and conserve resources for both the Court and the parties. For these reasons, and those set forth in Defendants' opening brief, the Court should grant Defendants' motion to stay certain proceedings pending appeal.

Dated: August 16, 2018

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

*/s/* Karen S. Bloom
KAREN S. BLOOM
Senior Counsel
R. CHARLIE MERRITT
Trial Attorney (VA # 89400)
Civil Division, Federal Programs Branch
U.S. Department of Justice
20 Massachusetts Ave. NW
Washington, D.C. 20530
Telephone: (202) 616-8098
Facsimile: (202) 616-8460

E-mail: robert.c.merritt@usdoj.gov

*Attorneys for Defendants*