UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN CALVILLO MANRIQUEZ, et al., <br> Plaintiffs, <br> v. <br> ELISABETH DEVOS, et al., <br> Defendants. | Case No. 17-cv-07210-SK <br><br> **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STAY CERTAIN PROCEEDINGS PENDING APPEAL** <br><br> Regarding Docket No. 82 |

Defendant Elisabeth DeVos in her official capacity as Secretary of the United States Department of Education (the "Secretary") moves to stay certain further proceedings in this case pending appellate review of this Court's order granting in part and denying in part Plaintiffs' motion for preliminary injunction. (Dkt. 82.) Pursuant to Civil Local Rule 7-1(b), the Court finds that the motion is appropriate for decision without oral argument and that the motion is taken under submission and decided on the papers. The Court **GRANTS IN PART** and **DENIES IN PART** the Secretary's motion to stay.

## BACKGROUND

This matter arises out of the claims of 100,000 students who attended schools operated and owned by Corinthian Colleges, Inc. ("Corinthian"), who sought or seek relief from their student loans from the Department of Education ("Department"), and who challenge the Secretary's method for determining whether the students are eligible for relief. Plaintiffs allege that the Department created a rule – the "Corinthian Job Placement Rate Rule" or "Corinthian Rule" – that provided full relief from federal loans for students who attended Corinthian schools during a specific period of time. (Dkt. 60.) The Secretary, applying the Corinthian Rule, identified students who had attended Corinthian schools during a specific time period and created a system

in which those students could submit an attestation form in which they sought relief from their federal loans. (Dkt. 60.)

Plaintiffs allege that the Secretary abandoned the Corinthian Rule and instead implemented a new rule in which the Secretary instead granted partial to full relief for borrowers who had attended the Corinthian schools. (Dkt. 60.) There is no dispute that the Secretary created and used a new methodology, which Plaintiffs name the "Average Earnings Rule," to determine which borrowers are entitled to relief from their student loans and how much relief they should obtain. (Dkt. 60.) There is also no dispute that the Secretary used information obtained from the Social Security Administration in implementing the Average Earning Rule. (Dkt. 60.) Plaintiffs allege that the Secretary's action in obtaining information from the Social Security Administration violates the Privacy Act of 1974, 5 U.S.C. § 552a. (Dkt. 58, ¶¶ 279-302.)

Plaintiffs sought, among other forms of relief, full relief for all students who had attended the Corinthian schools during the designated time period. (Dkt. 58, ¶ 257.) Plaintiffs posited several other, independent reasons why the Secretary's abandonment of the Corinthian Rule is illegal: (1) the action is arbitrary, capricious, and unlawful, (2) the action constitutes arbitrary, unlawful retroactive lawmaking in violation of 5 U.S.C. §§ 706(2)(A) and (C), and (3) the action is a violation of due process. (Dkt. 58, ¶¶ 279, 303-319.) In addition, Plaintiffs attacked the Secretary's inaction during a long period of time when the Corinthian Rule was not in place but the Secretary provided no relief. Plaintiffs challenged that inaction as the unlawful withholding of agency action and unreasonably delayed agency action. (Dkt. 58, ¶¶ 280-296.)

On May 25, 2018, the Court granted in part and denied in part Plaintiffs' motion for preliminary injunction. (Dkt. 60.) The Court held that Plaintiffs are likely to succeed on the merits of their argument that the Privacy Act bars the disclosure and exchange of confidential borrower information between the Department and the Social Security Administration ("SSA"). (Dkt. 60.) However, the Court found that Plaintiffs were not likely to succeed on the merits of Plaintiffs' other claims. (Dkt. 60.)

The Court thus granted Plaintiffs' request to enjoin the Secretary from engaging in collection efforts of Plaintiffs' loans using the Average Earnings Rule and ordered the Secretary

1    "cease all efforts to collect debts from Plaintiffs and any other borrower who has successfully
2    completed an attestation form." (Dkt. 70.)  The Court also ordered the Secretary to halt any action
3    to collect a loan from Plaintiffs and other students who fall into the previously-identified groups
4    and ordered the Secretary to provide forbearance to that group of students.  (Dkt. 70.)

5    In turn, the Secretary appealed the Court's ruling to the Ninth Circuit Court of Appeal.
6    (Dkt. 81.)  Plaintiff has not filed a cross-appeal.  The Secretary moves to stay certain proceedings
7    while the Ninth Circuit determines the pending appeal.  (Dkt. 82.)

## LEGAL STANDARD

9    An order granting or denying a motion for injunctive relief is an interlocutory order
10   immediately reviewable pursuant to 28 U.S.C. § 1292(a)(1).  *Natural Resources Defense Council*
11   *v. County of Los Angeles,* 840 F.3d 1098, 1101-02 (9th Cir. 2016).  An appeal from an
12   interlocutory order divests the district court of jurisdiction over the "aspects of the case involved
13   in the appeal."  *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982).  The district
14   court retains jurisdiction over matters except "those aspects of the case involved in the appeal."
15   *Id.*  The district court also has "broad discretion to stay proceedings as incident to its power to
16   control its own docket."  *Clinton v. Jones,* 520 U.S. 681, 706 (1997).

17   In determining whether to exercise discretion to grant a stay, a court should weigh the three
18   factors set forth in *Landis v. N. Am. Co.,* 299 U.S. 248, 254-55 (1936): "[1] the possible damage
19   which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer
20   in being required to go forward, and [3] the orderly course of justice measured in terms of the
21   simplifying or complicating of issues, proof, and questions of law which could be expected to
22   result from a stay."  *CMAX, Inc. v. Hall,* 300 F.2d 265, 268 (9th Cir. 1962) (internal citation
23   omitted).

## ANALYSIS

25   **A.    Balancing Hardships**

26   The first two *Landis* factors require consideration of the possible damage to the Plaintiffs
27   from the granting of a stay and the hardship or inequity which the Secretary may suffer if the
28   action moves forward.  *CMAX,* 300 F.2d at 268.  In other words, the Court must balance the

United States District Court
Northern District of California

hardships of the parties if the action is stayed or if the litigation proceeds. *Apple, Inc. v. Samsung Electronics Co., Ltd,* No. 11-cv-01846-LHK, 2016 WL 9021536, at *4 (N.D. Cal. Mar. 22, 2016). "[I]f there is even a fair possibility that the stay … will work damage to someone else," the party seeking the stay "must make out a clear case of hardship or inequity." *Landis,* 299 U.S. at 255.

    Plaintiffs argue that a stay of this action pending appeal will harm them, despite the fact that the preliminary injunction is in place, because the preliminary injunction did not grant them the full relief they seek in this case: full discharge of their loans. The Court halted all collection efforts and ordered the Secretary to place loans into forbearance but did not require the Secretary to provide full discharge of loans at this stage. (Dkt. 60.) Plaintiffs argue that the failure to discharge their student loans fully causes irreparable economic harm because the existence of the loans, even in forbearance, makes it impossible for Plaintiffs to obtain new loans or to obtain stable housing. (Dkt. 84 at p. 3.) Plaintiffs made these arguments in briefing the motion for preliminary injunction. (Dkt. 35.) Although Plaintiffs suffer these harms during the pendency of the litigation even if there is no stay in place, Plaintiffs appear to argue that any additional delay caused by the stay causes them irreparable harm. However, the types of harm that Plaintiffs cite are in general monetary harms. Delay of monetary recovery alone cannot serve as the foundation to deny a stay. *Lockyer v. Mirant Corp.,* 398 F.3d 1098, 1110 (9th Cir. 2005). For this reason, the additional economic harm that Plaintiffs might suffer because of a delay in the resolution of this case is not a compelling factor for Plaintiffs.

    Plaintiffs also claim that the delay works to the Secretary's advantage because the Secretary will have a greater period of time to respond to Plaintiffs' complaint and pending motions than parties are permitted by statute. (Dkt. 84 at p. 6.) While it is true that the Secretary has had additional time to respond to the Plaintiffs' filings and that the stay would provide additional time for responses, Plaintiff has not presented any factual basis for the argument that the additional time works to the benefit of the Secretary. To the extent that a stay gives additional time to a party, this argument exists in any case where there is a stay. There is no reason why this case is different from any case in which a court stays an action pending appeal of a preliminary injunction.

1    Finally, Plaintiffs make the compelling argument that the failure to obtain a decision on the
2    provisional certification of the class may affect the likelihood of the Department's success on
3    appeal ("the Department has foreshadowed that its appeal may focus on the scope of the Court's
4    preliminary injunction and the absence of any provisionally (or fully) certified class"). (Dkt. 84 at
5    pp. 3-4.)  Given that the lack of ruling on the certification motion may affect the Ninth Circuit's
6    decision on appeal, the Court finds that Plaintiffs may be significantly harmed if the case is stayed
7    without the determination of the class certification motion.

### B. Orderly Course of Justice

The third *Landis* factor is the consideration of the "orderly course of justice measured in terms of the simplifying or complication of issues, proof, and questions of law which could be expected to result from a stay." *CMAX,* 300 F.2d at 268.  Here, the issue on appeal is the violation of the Privacy Act by the creation and use of Average Earnings Rule.  The Secretary argues that a stay would promote judicial economy because the Ninth Circuit's decision "will provide guidance on the issues of this case." (Dkt. 82 at p. 7.)  "'Considerations of judicial economy are highly relevant' in determining whether the orderly course of justice weights in favor of a stay." *Apple,* 2016 WL 9021536, at *2 (citing *Gstavson v. Mars, Inc.,* No. 13-cv-04537-LHK, 2014 WL 6986421, at *3 (N.D. Cal. Dec. 10, 2014).  Judicial economy favors a stay where "conducting further proceedings would require 'conducting a trial *that may ultimately be unnecessary'* because such proceedings could result in the unnecessary 'expenditure of judicial resources.'" *Apple,* 2016 WL 9021536, at *2 (citing *Cardenas v. AmeriCredit Fin. Servs. Inc.* No. 09-cv-04978-SBA, 2011 WL 846070, at *4 (N.D. Cal. Mar. 8, 2011) (emphasis in original).

Here, the resolution of the issue on appeal will not address all of the claims alleged by Plaintiffs, but resolution on appeal has the potential to narrow the claims before the Court.  The Secretary points out that, without a stay, the Secretary must file a responsive pleading to the Amended Complaint. (Dkt. 82 at p. 7.)  The Amended Complaint asserts a claim for violation of the Privacy Act by the Department's fashioning of the Average Earnings Rule, an issue subject to control by the Court of Appeals' decision. (*Id.*)

Plaintiffs agree that the Ninth Circuit's decision would "be relevant" to the determination

of summary judgement but urge the Court to refrain from issuing a "blanket stay" and move forward on other issues that are not before the Court of Appeal, e.g., the request for a declaration that certain documents contained in the administrative record are not privileged. (Dkt. 84 at pp. 2, 5.)

The Court finds that a stay is appropriate because the Court will be forced to address the summary judgment claims in piecemeal fashion; the Court can address the issues not on appeal but may have to wait until the issue on appeal is resolved before deciding the final relief, if any. In addition, the discovery issues that remain might be different if the Court addresses the case as a whole rather than only addressing in part. However, the Court does not find that a complete stay is appropriate. There are two issues pending before the Court which are separate from the issues on appeal and can be resolved while the preliminary injunction is on review: (1) the Plaintiffs' motion for provisional certification of the class, and (2) the Secretary's motion for clarification of the amended preliminary injunction order.

## CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART** and **DENIES IN PART** the Secretary's motion for stay and **STAYS** the case with the exception of the following proceedings:

1. The Court will hear Plaintiffs' motion to certify class (Dkt. 47) on October 15, 2018. Defendant shall submit any opposition to the motion by September 17, 2018. Plaintiffs may file a reply no later than September 24, 2018.

2. The Court will address the Secretary's motion for clarification of amended order regarding Plaintiffs' preliminary injunction (Dkt. 75).

All other proceedings are **STAYED** pending resolution of the appeal or until further order of the Court.

**IT IS SO ORDERED**.

Dated: August 30, 2018

_____
SALLIE KIM
United States Magistrate Judge