UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN CALVILLO MANRIQUEZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ELISABETH DEVOS, et al.,<br><br>Defendants. | Case No. 17-cv-07210-SK<br><br>**ORDER GRANTING MOTION FOR CLASS CERTIFICATION AND APPPOINTMENT OF CLASS REPRESENTATIVES**<br><br>Regarding Docket No. 47 |

Plaintiffs move for class certification and appointment of class representatives, and Defendants do not oppose the motion but seek to modify the definition of the class. (Dkts. 47, 91.) Having reviewed the parties' papers and the case file, and having heard oral argument, the motion is GRANTED with the modification that Defendants request.

**BACKGROUND**

This matter arises out of the claims of approximately 110,000 students who attended schools operated and owned by Corinthian Colleges, Inc. ("Corinthian"), who sought or seek relief from their student loans from the Department of Education ("Department"), and who challenge the method developed by Secretary DeVos ("Secretary") for determining whether the students are eligible for relief.

Plaintiffs allege that, before 2017, the Department used a process that Plaintiffs call the "Corinthian Job Placement Rate Rule" or "Corinthian Rule" by which the Department provided full relief from federal loans to students who attended certain Corinthian programs. (Dkts. 35, 47.) Between 2010 to 2014, Corinthian made false and misleading statements regarding Corinthian's job placement rates. (*Id.*) A summary of the relevant programs and related dates of enrollment were posted on the Department's website in two documents referred to as the "Lists." (Dkt. 35-6.)

Students who met attended the programs identified on the Lists could submit an attestation form seeking relief from their federal loans. (Dkts. 35, 47.)

Starting on January 20, 2017, the Secretary stopped processing claims under the Corinthian Rule. (*Id.*) After abandoning the Corinthian Rule, the Secretary implemented a new rule in which the Secretary instead granted partial to full relief for borrowers who had attended the Corinthian schools. (*Id.*) There is no dispute that the Secretary created and used a new methodology, which Plaintiffs named the "Average Earnings Rule," to determine which borrowers are entitled to relief from their student loans and how much relief they should obtain. (Dkt. 60.) There is also no dispute that the Secretary used information obtained from the Social Security Administration in implementing the Average Earning Rule. (Dkt. 60.) Plaintiffs allege that the Secretary's action in obtaining information from the Social Security Administration violates the Privacy Act of 1974, 5 U.S.C. § 552a. (Dkt. 58, ¶¶ 279-302.)

Plaintiffs sought, among other forms of relief, full relief for all students who had attended the Corinthian schools during the designated time period. (Dkt. 58, ¶ 257.) Plaintiffs posited several other, independent reasons why the Secretary's abandonment of the Corinthian Rule is illegal: (1) the action is arbitrary, capricious, and unlawful, (2) the action constitutes arbitrary, unlawful retroactive lawmaking in violation of 5 U.S.C. §§ 706(2)(A) and (C), and (3) the action is a violation of due process. (Dkt. 58, ¶¶ 279, 303-319.) In addition, Plaintiffs attacked the Secretary's inaction during a long period of time when the Corinthian Rule was not in place but the Secretary provided no relief. (Dkt. 58, ¶¶ 280-296.) Plaintiffs challenged that inaction as the unlawful withholding of agency action and unreasonably delayed agency action. (*Id.*)

On May 25, 2018, the Court granted in part and denied in part Plaintiffs' motion for preliminary injunction. (Dkt. 60.) The Court granted Plaintiffs' request to enjoin the Secretary from engaging in collection efforts of Plaintiffs' loans using the Average Earnings Rule and ordered the Secretary "cease all efforts to collect debts from Plaintiffs and any other borrower who has successfully completed an attestation form." (Dkt. 70.) The Court also ordered the Secretary to halt any action to collect a loan from Plaintiffs and other students who fall into the previously-identified groups and ordered the Secretary to provide forbearance to that group of students. (Dkt.

2

70.)

In turn, the Secretary appealed the Court's ruling to the Ninth Circuit Court of Appeal. (Dkt. 81.) Subsequently, with the exception of the current motion, the Court stayed the proceedings pending appeal before the Ninth Circuit. (Dkt. 88)

**A.      Plaintiffs' Motion for Class Certification and the Secretary's Response**

Plaintiffs seek certification of a class represented by Plaintiffs Jamal Cornelius, Rthwan Dobashi, and Jennifer Craig.[1] The Secretary does not oppose the motion on the condition that the class definition does not refer to the Corinthian Rule, the existence of which the Secretary disputes. (Dkt. 91, p.2.) Plaintiffs agreed to exclude reference to the Corinthian Rule, although the parties did not agree upon the scope of the class. (Dkt. 92, p. 2.) As described below, the parties also disagree on the treatment of future claimants.

The Secretary also requests that the Court stay the hearing on this motion and the determination of the class certification motion pending appeal. Previously, the Court's rationale for the decision to proceed with the present motion was the possibility that Plaintiffs could be prejudiced if there was no certified class, if the Secretary challenged the scope of the Court's preliminary injunction on appeal. (Dkt. 88.) The Department now argues that, since the opening brief in the appeal does not challenge the preliminary injunction based on the failure to obtain class certification, the Court should stay the present motion. (Dkt. 91, at 3.)

**B.      The Proposed Class**

Initially, Plaintiffs defined their class as the following:

> All individuals who borrowed a Direct Loan to finance the cost of a program who are covered by the Department's Corinthian Job Placement Rate Rule, who have applied, or will apply for a borrower defense, and who have not been granted the relief provided by the Rule.

(Dkt. 47 p. 1-2.) In turn, the Secretary proposed the following class:

> All persons who borrowed a Direct Loan to finance the cost of enrollment at a program covered by the Department's job placement

---

[1] Plaintiffs do not seek to include Plaintiff Martin Calvillo-Manriquez as a class representative. (Dkts. 47 p.1; 92 p. 5.) However, Plaintiff Calvillo-Manriquez has not yet moved to withdraw as a plaintiff in this action.

3

> rate findings (*i.e.,* attended a program on the Lists, *see* ECF No. 35-6, Exs. 6 & 7), and who have not received a full discharge of associated student loan debt and a return of any money the Department collected on the loan, once they submit an attestation form or analogous application verifying (1) that they are covered by the Department's job placement rate findings (*i.e.,* attended a program on the Lists and first enrolled in that program during a time period covered by the Lists, *see* ECF No. 35-6, Exs. 6 & 7), and they relied, in substantial part, on Corinthian's misleading job placement rates in deciding to enroll.

(Dkt. 91 p. 2-3.)

Following the Secretary's briefing, Plaintiffs revised their class definition to the following:

> All individuals who borrowed a Direct Loan to finance the cost of enrollment at a program covered by the Department's job placement rate findings (*i.e.,* attending a program on the Lists) and who have not received a full discharge of associated student loan debt and a return of any money the Department collected on the loan.

(Dkt. 92, p.4.)

Here, the key difference between the competing definitions of the class that Plaintiffs and the Secretary offer is whether the condition of submitting an attestation form should be included in the description of the class now or be a limiting condition at some point in the future. Given that the submission of an attestation form was required before January 20, 2017 and that defining the class to include those who submit an attestation form does not foreclose the ability of those eligible under the Lists to submit an attestation form in the future, the Court finds that the Secretary's definition of the class to be a more accurate description of the Department's practice before January 20, 2017. Therefore, the Court adopts the class definition the Secretary provides.

However, in adopting the Secretary's definition, the Court takes no position on the Secretary's comment that at some point the Court should limit those entitled to relief to "all individuals who have submitted an application or will submit an application by a future date certain." (Dkt. 91 p.2 fn. 1.) The Court retains the power to modify the class definition at a later stage in the proceedings. Fed. R. Civ. P. 23(c)(1)(C) ("An order that grants or denies class certification may be altered or amended before final judgment.") Thus, either party can request a change later in the litigation, after discovery is complete.

## ANALYSIS

**A.     Legal Standard**

4

Class certification under Rule 23 is a two-step process. First, a plaintiff must demonstrate that the four requirements of Rule 23(a) are met: numerosity, commonality, typicality, and adequacy. "Class certification is proper only if the trial court has concluded, after a 'rigorous analysis,' that Rule 23(a) has been satisfied." *Wang v. Chinese Daily News, Inc.,* 737 F.3d 538, 542-43 (9th Cir. 2013) (quoting *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 351 (2011)). Second, a plaintiff must establish that the action meets one of the bases for certification under Rule 23(b).

### B. Plaintiff Has Satisfied Rule 23(a)

#### 1. Numerosity (Rule 23(a)(1))

The numerosity requirement is satisfied when a plaintiff shows that "the class is so numerous that joinder of all members would be impracticable." Fed. R. Civ. P. 23(a)(1). The class is estimated at approximately 110,000 individuals. (Dkt. 35-5.) *Quezada v. Con-Way Freight Inc.,* 2012 WL 4901423, at *3 (N.D. Cal. Oct. 15, 2012) (noting that generally, classes of more than 75 members satisfy the numerosity requirement); *Cervantez v. Celestica Corp.,* 253 F.R.D. 562, 569 (C.D. Cal. 2008) ("Courts have held that numerosity is satisfied when there are as few as 39 potential class members"); *Celano v. Marriott Int'l, Inc.,* 242 F.R.D. 544, 549 (N.D. Cal. 2007) ("courts generally find that the numerosity factor is satisfied if the class comprises 40 or more members.") Rule 23(a)(1) is satisfied.

#### 2. Commonality (Rule 23(a)(2))

A class has sufficient commonality if a plaintiff establishes that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "Commonality requires that the class members' claims 'depend on a common contention that 'determination of its truth or falsity will resolve an issue that is central to the validity of each [claim] in one stroke.'" *Mazza,* 666 F.3d at 588-89 (quoting *Wal-Mart Stores v. Dukes,* 564 U.S. 338, 131 S.Ct. 2541, 2551 (2011)). "[C]ommonality requires a single significant question of law or fact." *Id.* at 589.

As previously noted, the Secretary's definition of the class provides the same relief to the class as those individuals who successfully obtained relief from their loans before January 2017. (Dkt. 47 pp. 3, 11.) Members of the class, as so defined, raise common issues of law and fact,

5

notably the propriety of the change in the Department's policies and practices after January 20, 2017, the harm to members of the class who did not receive relief from their loans after submission of an attestation form, the delay in obtaining relief from student loans, and the propriety of the Department's new process, the Average Earnings Rule.

The Court finds that Rule 23(a)(2) is satisfied.

### 3. Typicality (Rule 23(a)(3))

Typicality requires consideration of "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether the other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.,* 976 F.2d 497, 508 (9th Cir. 1992). "Typicality refers to the nature of the claim or defense of the class representative and not facts surrounding the claim or defense." *Id.* Typicality and commonality both "serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Dukes,* 131 S.Ct. at 2551, n. 5.

Plaintiffs request that the Court designate named Plaintiffs Jamal Cornelius, Rthwan Dobashi, and Jennifer Craig as class representatives.

Named Plaintiff Jamal Cornelius attended a Heald College program in information technology because recruiters told him that he could obtain a high-paying job. (Dkt. 35-2, ¶ 6.) Cornelius began his program in July 2013 and borrowed $25,555 in federal student loans and $2,000.26 in private loans. (*Id.,* ¶ 14.) Cornelius submitted an attestation form in the summer of 2016 and again in August 2016. (*Id.,* ¶¶ 16-18.) He is still waiting for a decision from the Department, and he is working at a Taco Bell in Hercules, California because he had not been able to obtain a job in the field of information technology. (*Id.,* ¶¶ 11-12, 25.)

Named Plaintiff Rthwan Dobashi attended a WyoTech program in automotive technology in Fremont, California after seeing advertisements about high paying jobs. (Dkt. 35-3, ¶ 5.) Dobashi borrowed $22,184 in federal student loans and $3,183.73 in private loans. (*Id.,* ¶ 11.) Dobashi wants to return to school but cannot do so because of the loans he has to repay. (*Id.,* ¶

6

13.) He submitted his attestation form over two years ago and has yet to receive a response from the Department. (*Id.,* ¶¶ 16, 19-21.)

Named Plaintiff Jennifer Craig attended Everest College in California after Corinthian's representative represented the success of graduates in getting jobs in medical insurance and billing. (Dkt. 35-1, 7-10.) She enrolled in April 2014 and borrowed $9,019 to pay for her education. (*Id.,* ¶¶ 10-11.) Although she completed her course of study, Craig did not get a diploma. (*Id.*, ¶¶ 18-19.) Craig submitted an attestation form, but the Department discharged only 20% without explanation or information about process of appealing decision. (*Id.,* ¶¶ 21, 23.) Craig and her husband have a very limited income, and their expenses far exceed their income. (*Id.,* at ¶¶ 26-30.)

All three named Plaintiffs received information describing graduates' success in obtaining jobs in their chosen fields, but none of them were able to obtain successful positions in their areas of study after they completed their programs. All three owe significant sums of money in student loan debt for attending a Corinthian program included on the Lists, and all three have submitted attestation forms to the Department. Nevertheless, they have either received partial relief or are waiting to learn if they will obtain relief from their student loans. All three have sustained similar injuries to each other and the class.

Therefore, the Court finds that named Plaintiffs Jamal Cornelius, Rthwan Dobashi, and Jennifer Craig satisfy Rule 23(a)(3).

### 4. Adequacy of Representation (Rule 23(a)(4))

Rule 23(a)(4) requires that the class representative "fairly and adequately protect the interests of the class," and Rule 23(a)(4) is satisfied if the proposed representative plaintiff does not have conflicts of interest with the proposed class and if the proposed class is represented by qualified and competent counsel. *Ellis v. Costco Wholesale Corp.,* 285 F.R.D. 492, 535 (N.D. Cal. 2012) (citation omitted). There is no indication that counsel has any conflict with any class members or that either named Plaintiffs or their counsel will fail to prosecute the action vigorously. Defendants do not oppose the certification motion or raise any conflict. So far, counsel has vigorously pursued the claims, and Plaintiffs have submitted declarations to assist in

1 obtaining injunctive relief.

2 The Court finds that Plaintiffs satisfy Rule 23(a)(4).

**C.     Rule 23(b)(2).**

Plaintiffs in this action contend that the putative class satisfies Rule 23(b)(2), which requires the Court to find that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Rule 23(b)(2) requirements "are unquestionably satisfied when members of a putative class seek uniform injunctive or declaratory relief from policies or practices that are generally applicable to the class as a whole." *Parsons v. Ryan,* 754 F.3d 657, 688 (9th Cir. 2014) (citing *Rodriguez v. Hayes,* 591 F.3d 1105, 1125 (9th Cir. 2011)). "That inquiry does not require an examination of the viability or bases of the class members' claims for relief, does not require that the issues common to the class satisfy a Rule (b)(3)-like predominance test, and does not require a finding that all members of the class have suffered identical injuries." *Id.* (footnote omitted). "Rather, as the text of the rule makes clear, this inquiry asks only whether 'the party opposing the class has acted or refused to act on the grounds that apply generally to the class.'" *Id.* (quoting Fed. R. Civ. P. 23(b)(2)).

Defendants refuse to continue the same process and policies that discharged Corinthian student loan debt before January 20, 2017. Defendants' refusal applies to every member of the class, who previously could expect discharge and reimbursement upon submission of an attestation form. Given the uniformity of the injury and relief sought in response to Defendants' actions, the Court finds that Plaintiffs satisfy Rule 23(b)(2).

**D.     Defendants' Request to Stay the Motion**

Defendants ask the Court to stay the present motion with the remainder of the case pending the Ninth Circuit's decision on the appeal of the Court's preliminary injunction given that the scope of the injunction was not one of the grounds cited by Defendants in their opening brief on appeal. Therefore, Defendants argue that Plaintiffs will not be prejudiced if the class certification motion is delayed. However, Defendants fail to note that the Court of Appeals may *sua sponte* find the scope of the injunction and the status of Plaintiffs' motion for certification relevant and

8

potentially prejudicial to Plaintiffs' position. The motion for class certification has been pending on the Court's calendar since April 19, 2018. (Dkt. 47.) The Court sees no reason to delay its decision any further. The request to stay the determination is DENIED.

## CONCLUSION

For the reasons set forth above, the Court certifies the following class:

> All persons who borrowed a Direct Loan to finance the cost of enrollment at a program covered by the Department's job placement rate findings (*i.e.,* attended a program on the Lists, *see* ECF No. 35-6, Exs. 6 & 7), and who have not received a full discharge of associated student loan debt and a return of any money the Department collected on the loan, once they submit an attestation form or analogous application verifying that they are covered by the Department's job placement rate findings (*i.e.,* attended a program on the Lists and first enrolled in that program during a time period covered by the Lists, *see* ECF No. 35-6, Exs. 6 & 7) and that they relied, in substantial part, on Corinthian's misleading job placement rates in deciding to enroll.

The Court further appoints as class representatives named Plaintiffs Jamal Cornelius, Rthwan Dobashi, and Jennifer Craig as class representatives.

**IT IS SO ORDERED**.

Dated: October 15, 2018

_____
SALLIE KIM
United States Magistrate Judge