JOSEPH JARAMILLO (SBN 178566)
jjaramillo@heraca.org
NATALIE LYONS (SBN 293026)
nlyons@heraca.org
HOUSING & ECONOMIC RIGHTS ADVOCATES
1814 Franklin Street, Suite 1040
Oakland, CA 94612
Tel.: (510) 271-8443
Fax: (510) 868-4521

EILEEN M. CONNOR (SBN 248856)
econnor@law.harvard.edu
TOBY R. MERRILL (*Pro Hac Vice*)
tmerrill@law.harvard.edu
JOSHUA D. ROVENGER (*Pro Hac Vice*)
jrovenger@law.harvard.edu
LEGAL SERVICES CENTER OF HARVARD LAW SCHOOL
122 Boylston Street
Jamaica Plain, MA 02130s
Tel.: (617) 390-3003
Fax: (617) 522-0715

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN CALVILLO MANRIQUEZ, JAMAL CORNELIUS, RTHWAN DOBASHI, and JENNIFER CRAIG on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>ELISABETH DEVOS, in her official capacity as Secretary of the United States Department of Education,<br><br>And | Case Number: C 17-cv-07210-SK<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO LIFT STAY OF PROCEEDINGS AND TO ENFORCE PRELIMINARY INJUNCTION**<br><br>Date: August 19, 2019<br>Time: 9:30 a.m.<br>Ctrm: Courtroom C, 15th Floor<br>Judge: Sallie Kim<br><br>Date Filed: July 15, 2019 |

NOTICE OF MOTION AND MOTION TO LIFT STAY AND
TO ENFORCE PRELIMINARY INJUNCTION                               Case No. 17-cv-07210-SK

| | |
|---|---|
| 1 | THE UNITED STATES DEPARTMENT OF EDUCATION, |
| 2 | |
| 3 | *Defendants.* |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# NOTICE OF MOTION

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT on August 19, 2019 at the U.S. District Courthouse, 450 Golden Gate Avenue, Courtroom A, 15th Floor, San Francisco, CA 94102, before the Honorable Sallie Kim, Plaintiffs will, and hereby do move the Court to lift the stay of proceedings it entered on August 30, 2018. *See* ECF No. 88. In the alternative, Plaintiffs seek a partial lifting of the stay. Plaintiffs also seek an order enforcing the preliminary injunction currently in place prohibiting the Department of Education from collecting on Plaintiffs. Plaintiffs' motion is based on this submission, the accompanying declarations and exhibits, the pleadings and other documents on file in this case, and any argument presented to the Court.

The Department of Education currently takes no position on the motion but intends to file a response.

## RELIEF REQUESTED (CIVIL L.R. 7-2(B)(3))

Plaintiffs request that this Court lift the stay of proceedings it entered on August 30, 2019, *see* ECF No. 88, or, alternatively, that the Court lift the stay as to Counts I-IV of Plaintiffs' First Amended Complaint. ECF No. 58. Plaintiffs also ask that the Court enforce the preliminary injunction, ECF No. 60, 70 & 89, by requiring the Department of Education to file periodic status reports with the Court that detail the loan repayment status of all class members.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION AND BACKGROUND**

Plaintiffs, a class of former Corinthian students (Students), have challenged the failure of the Department of Education (Department) to fully discharge their federal student loans. They claim that the Department is bound by a rule it adopted (the Corinthian Rule), by which they are entitled to complete loan cancellation. Counts I-IV of their Amended Complaint pertain to this rule (the Corinthian Rule Counts). Under this framework, the Department identified, reached out to, and solicited personal information from members of the class. It then granted loan cancellation to approximately 27,000 students.

In early 2017, the Department abandoned the Corinthian Rule and replaced it with one that relies on data about certain individuals' earnings. Plaintiffs challenge this new rule on its own terms in Counts V-VII of their Amended Complaint (the Average Earnings Rule Counts). Unlike its predecessor, this new methodology leaves in place the loans of most Students.

The state of California, too, filed a related case challenging the abandonment of the Corinthian Rule, and also asserted (among other counts) that the Department was unreasonably delaying agency action, and engaging in unlawful retroactive agency action. *California v. DeVos*, No. 17-710-6, ECF No. 1 (hereinafter *Cal. Docket* No). After the Court dismissed California's first complaint, *id.* at No. 36, the State filed an amended complaint and added a count for unlawful withholding, *id.* at No. 37.

On May 25, 2018, the Court found that Plaintiffs were likely to succeed on the merits of at least one of their Average Earnings Rule Counts, and that Plaintiffs would suffer irreparable injury absent a preliminary injunction of the replacement rule. ECF No. 60. The Department filed a

Notice of Appeal of the injunction on July 24, 2018, ECF No. 81, and two days later moved to stay proceedings pending the appeal, ECF No. 82. The Court partially granted that motion and stayed all matters except for Plaintiffs' Motion for Class Certification, ECF No. 88. The Court certified the Student class on October 15, 2018, ECF No. 96.

On appeal, the parties filed their respective briefs—addressing the legality of the Average Earnings Rule but not whether the Department must apply the Corinthian Rule— in September and October 2018. The Ninth Circuit heard oral argument on February 8, 2019, and subsequently requested supplemental briefing on whether the Average Earnings Rule was arbitrary and capricious. The parties filed supplemental briefs on March 5, 2019.

Shortly thereafter, the Department, through its loan servicers, notified some Students (including Named Plaintiff Dobashi) that their loans were going back into repayment. *See* Decl. of Joshua D. Rovenger (Rovenger Decl.), E-mails from Great Lakes Borrower Servicers to Rthwan Dobashi, Exs. 1 & 2. The Department admitted that this occurred because "the DMCS Servicer incorrectly processed partial Borrower Defense discharges for approximately 10k loans." Rovenger Decl., Procurement Notices, Ex. 3 at 2, 5, 8 & 11. Although the Department claimed to have fixed the problem, on July 3, 2019, FedLoan Servicing informed a class member that her loans were going back into repayment. *See* Decl. of Erica Maupin (Maupin Decl.), FedLoan Notice of Repayment, Ex. 1; Maupin Decl., FedLoan Monthly Bill, Ex.2.

Nearly a year after the Court stayed the case, the interlocutory appeal remains pending, but Students' distinct claim—whether the Department of Education (Department), in violation of Students' settled expectations, impermissibly abandoned the Corinthian Rule requiring it to fully discharge Students' federal student loans—remains in limbo. And, the Department's incomplete

compliance with the injunction renders this limbo perilous. The Court should now allow Plaintiffs to move this case forward (or, at a minimum, to move forward on the Corinthian Rule Counts), and the Court should increase its oversight of the Department's compliance with the injunction.

## II.   THE COURT SHOULD LIFT THE STAY OF PROCEEDINGS

This Court has significant discretion as to whether the case should be stayed pending appeal. The Court must balance three factors (the *Landis* factors): "[1] the possible damage which may result from the granting of a stay . . . [2] the hardship or inequity which a party may suffer in being required to go forward, and . . . [3] the orderly course of justice . . . which could be expected to result from a stay." *CMAX, Inc. v. Hall,* 300 F.3d 265, 268 (9th Cir. 1962) (internal citation omitted); *see also Landis v. N.Am. Co.*, 299 U.S. 248, 254-55 (1936). As the Department noted when seeking a stay in the related *California* case, "if the Court had concerns about the duration of the *Manriquez* appeal, the Court could mitigate any risk from this by re-evaluating the stay should the need arise." *Cal. Docket* No. 59 at 5-6. Plaintiffs respectfully submit that three intervening changes in factual circumstances warrant lifting the stay at this time.

*First*, the Court anticipated that the preliminary injunction would protect Students during a stay. ECF No. 88 at 4 ("The Court halted all collection efforts and ordered the Secretary to place loans into forbearance…."). But the Department's compliance with the injunction has proven incomplete. Indeed, in March 2019, the Department "incorrectly processed partial Borrower Defense discharges for approximately 10k loans," including for Named Plaintiff Dobashi. *See* Rovenger Decl., Exs. 1-3. After Class Members notified the Department of the violation, the Department reiterated to its servicers the terms of the Court's Order and asked that the servicers confirm the forbearance status of all applicable borrowers. Rovenger Decl., Counsel

Correspondence, Ex. 4. The Department then spent over $215,000 to attempt to correct this error that had apparently infected all Title IV servicers. *See* Rovenger Decl., Ex. 3. Nonetheless, the Department has evidently not put in place adequate controls to ensure continued compliance with the preliminary injunction since, on July 3, 2019, it notified a class member that she had a payment due at the end of the month. *See* Maupin Decl., Ex. 1-2.[1]

When the Court previously evaluated the first *Landis* factor, it explained that it had "halted all collection efforts and ordered the Secretary to place loans into forbearance," and so only considered the "additional economic harm that Plaintiffs might suffer because of a delay in the resolution of this case." ECF No. 88 at 4; *see also Landis*, 299 U.S. at 254-55. But, the Department's inability to fully comply with the injunction undermines the Court's premise. Thus, the stay, by prolonging resolution of Plaintiffs' claims, subjects Plaintiffs to the type of harm the Court found to constitute an irreparable injury. *Cf.* ECF No. 88 at 4 (distinguishing type of harm eliminated by the preliminary injunction from "general monetary harm").

***Second***, at the time the Court entered the stay, the future of the related case, *California v. DeVos*, No. 17-7106, was unclear. But now, the State has survived a motion to dismiss, *Cal. Docket No.* 56, the Department has answered and filed an administrative record, *id.* at No. 64 & 65, and the case is moving forward.

---

[1] Although her loans should have remained in forbearance under the Court's order, the Department allowed them to go back into repayment. Fortunately, the class member had the benefit of working with the Debt Collective organization and counsel, and thus called the Department to have her loans placed back into forbearance. *See* Maupin Decl. at ¶ 13. During that call, Ms. Maupin learned that because she had an administrative forbearance in place before the Court issued its injunction, FedLoan's computer system merely kept that forbearance in place (even though it was set to expire in July 2019) rather than extend it indefinitely pending this litigation. *Id.* at ¶ 14. Ms. Maupin also came away from the conversation with the impression that many other borrowers could be affected by this same issue. *Id.* at ¶ 15.

As the Court recognized, "considerations of judicial economy are highly relevant" to the question of whether to grant or deny a stay. ECF No. 88 at 5 (discussing third *Landis* factor). The stay is no longer serving the purpose of avoiding potentially unnecessary proceedings, because the California case requires those issues be reached. *Cf. id.* at 6 (disfavoring addressing Plaintiffs claims in "piecemeal fashion"). Notably, the Court denied the motion as to Claims I-III in California's operative complaint, *Cal. Docket* No. 59; those are the same ones that overlap with Students' Corinthian Rule Counts.

The Department's answer and administrative record confirm the overlap. As will be the case here, the lodged administrative record in the *California* case includes documents relating to the formation of both the Corinthian Rule and the Average Earnings Rule. *Cal. Docket* No. *65*. The record also portends the same dispute that Plaintiffs have already initiated in this case, *see* ECF No. 80 (Plaintiffs' Motion for Declaration that Documents are Not Privileged), because the lodged record does *not* include various memoranda that expressly explain that the Corinthian Rule provided for full relief. Similarly, any briefing over the sufficiency of certain responses in the Department's answer will be relevant in both cases. *See, e.g., Cal. Docket* No. 64 at ¶ 57 (answering the allegation that the Department previously employed a specific interpretation of the borrower defense regulation as a "legal conclusion").

Nor would moving forward prejudice Defendants. In *California*, the Department argued that a stay was needed or it might have to re-file pleadings after the appeal. *Cal. Docket* No. 59 at 5-6. The Court rejected the Department's request for a stay. For good reason. As in *California,* the Ninth Circuit's decision will not (indeed, it cannot) impact whether the Department agrees or disagrees with an alleged fact in this case. And, the Ninth Circuit's decision will not (again, it

cannot) impact what documents explain or evidence the Department's creation and abandonment of the Corinthian Rule.

Conversely, if the cases did not move forward together, the Court would not hear from Plaintiffs the first time it considers central issues in the cases (including whether the administrative record needs to be supplemented, an issue that Plaintiffs filed an initial brief on more than a year ago, *see* ECF No. 80). As the Court recognized, Students and the State have their own unique interests that each are pursuing in their respective litigation. *See Cal. Docket* No. 56 at 12 (concluding that the "State has met its burden to show that the State's mission to educate its residents and the State's financial well-being are harmed by Defendants' actions"). The Court should hear from Students the first time that it considers key questions in these cases.

***Third***, it has been nearly a year since the Department filed its notice of appeal and since the Court stayed the case. This limbo continues to harm Students by *delaying* their ability to challenge the Department's *delay* in providing relief. Although at the time of the stay it was possible to be optimistic that the appeal would resolve earlier than the Plaintiffs' predicted, we no longer have to guess. The appeal is taking a substantial amount of time and there is no obvious end date in sight. Conversely, Defendants will not suffer significant prejudice if this case moves forward together with the *California* case.

### III. THE COURT SHOULD ENFORCE THE PRELIMINARY INJUNCTION BY REQUIRING THE DEPARTMENT TO SUBMIT PERIODIC COMPLIANCE REPORTS

An injunction affords the prevailing party a "right[]" to its enforcement, and the district court must take actions necessary to "vindicat[e]" that right. *Salazar v. Buono*, 559 U.S. 700, 712-13 (2010). During an appeal of a preliminary injunction, the Court retains jurisdiction to "suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to

bond or otherwise as it considers proper for the security of the rights of the adverse party," Fed. R. Civ. P. 62(d), and to take appropriate action to "to preserve the status quo.," *Natural Res. Def. Council v. Sw. Marine, Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001). "Where there is prima facie evidence of non-compliance, the district court is empowered to enforce the injunction." *Ollier v. Sweetwater Union High Sch. Dist.*, No. 07CV714-L JMA, 2014 WL 1028431, at *2 (S.D. Cal. Mar. 17, 2014), *citing Armstrong v. Brown*, 857 F.Supp.2d 919, 951 (N.D.Cal.2012) (granting motion to enforce).

The Department violated the injunction in March and April when it "incorrectly processed partial Borrower Defense discharges for approximately 10k loans" and started to notify borrowers that their loans were coming due. *See* Rovenger Decl., Exs. 1-3. Although Plaintiffs then provided the Department the space to fix that violation and to prevent future ones, *id.* at Ex. 4, the Department has apparently failed in its efforts. As noted, the Department violated the injunction again on July 3, 2019, when it informed a class member that her loans were falling out of forbearance and going back into repayment. *See* Maupin Decl., Exs. 1 & 2.

Given these incidents, additional Court enforcement to guarantee compliance with the injunction is needed. Specifically, the Court should follow the path of other courts and require the Department to file status reports detailing the loan repayment status of each class member. *See, e.g.*, *Ramos v. Nielsen*, 336 F.Supp.3d 1075, 1108-09 (N.D. Cal. 2018) (requiring status report within 15 days of the injunction on the steps taken to ensure compliance with the Court's order). This mild oversight is a first and reasonable step to ensure that the Department has placed all class members' loans into forbearance and that their loans remain in forbearance while this case remains pending.

## IV. CONCLUSION

The Court stayed this case nearly one year ago, and timing for resolution of the appeal remains uncertain. Events over the past year have altered the *Landis* balance and call for the Court to move this case forward and to increase its oversight of the Department's compliance with the injunction. It should therefore either lift the stay entirely or partially lift the stay as to Students' Corinthian Rule Counts. And, it should enforce the injunction by requiring the Department to file status reports with the Court.

Dated: July 15, 2019                                Respectfully submitted,


                                                    /s *Joshua D. Rovenger*


                                                    Joseph Jaramillo
                                                    Natalie Lyons
                                                    HOUSING & ECONOMIC RIGHTS
                                                    ADVOCATES
                                                    PO Box 29435
                                                    Oakland, CA 94604
                                                    Tel.: (510) 271-8443
                                                    Fax: (510) 280-2448

                                                    Eileen M. Connor
                                                    Toby R. Merrill
                                                    Joshua D. Rovenger
                                                    LEGAL SERVICES CENTER OF
                                                    HARVARD LAW SCHOOL
                                                    122 Boylston Street
                                                    Jamaica Plain, MA 02130
                                                    Tel.: (617) 390-3003
                                                    Fax: (617) 522-0715


                                                    *Attorneys for Plaintiffs*