JOSEPH JARAMILLO (SBN 178566)
jjaramillo@heraca.org
NATALIE LYONS (SBN 293026)
nlyons@heraca.org
HOUSING & ECONOMIC RIGHTS ADVOCATES
1814 Franklin Street, Suite 1040
Oakland, CA 94612
Tel.: (510) 271-8443
Fax: (510) 868-4521

EILEEN M. CONNOR (SBN 248856)
econnor@law.harvard.edu
TOBY R. MERRILL (*Pro Hac Vice*)
tmerrill@law.harvard.edu
JOSHUA D. ROVENGER (*Pro Hac Vice*)
jrovenger@law.harvard.edu
LEGAL SERVICES CENTER OF HARVARD LAW SCHOOL
122 Boylston Street
Jamaica Plain, MA 02130
Tel.: (617) 390-3003
Fax: (617) 522-0715

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MARTIN CALVILLO MANRIQUEZ, JAMAL CORNELIUS, RTHWAN DOBASHI, and JENNIFER CRAIG, on behalf of themselves and all others similarly situated, <br><br> *Plaintiffs*, <br><br> v. <br><br> ELISABETH DEVOS, in her official capacity as Secretary of the United States | Case Number: C 17-cv-07210-SK <br><br> **DECLARATION OF ERICA MAUPIN IN SUPPORT OF PLAINTIFFS' MOTION** |

Department of Education,                 )
                                         )
And                                      )
                                         )
THE UNITED STATES DEPARTMENT OF          )
EDUCATION,                               )
                                         )
          *Defendants.*              )
                                         )
                                         )
                                         )

I, Erica Maupin (formerly Clark), make this declaration in support of Plaintiffs' Motion to Lift Stay of Proceedings and to Enforce Preliminary Injunction.

I do declare and say as follows:

1. I am a class member in the above-captioned case and I submit this declaration in support of Plaintiffs' Motion to Lift Stay of Proceedings and to Enforce Preliminary Injunction.

2. I have personal knowledge of the following facts, and if called as a witness, I could and would testify to them.

3. After seeing a commercial for Corinthian's Everest college in 2011, I decided to enroll in the Paralegal Associates program in April 2011.

4. I attended Everest online, through the Tampa campus.

5. I borrowed federal Direct Loans to pay for my attendance at this program.

6. I submitted my borrower defense to the Department on or around May 1, 2015.

7. I asked that my loans be placed in administrative forbearance at some point before April 2018. Before April 2018, they were placed in forbearance status.

8. On March 1, 2018, the Department sent me an email stating that only 50% of my loans from Everest would be discharged.

9. On July 3, 2019, I received an email from FedLoan Servicing telling me that my "Monthly Bill is now available," and that my "account is due for a payment on July 24, 2019."

10. I opened the monthly bill and it stated that I owed $264.74 by July 24, 2019. The bill breaks out the various amounts that I owe for each loan. It includes the Direct Loans I borrowed to attend Everest.

11. This caught me by surprise and caused me significant confusion and panic. I would have difficulty making this payment.

12. With the assistance of the Project on Predatory Student Lending and the Debt Collective organization, I called FedLoan Servicing on July 10, 2019. Thomas Gokey from the Debt Collective was also on the call.

13. During the call, I learned that the bills were not a mistake and that my loans were in repayment. Upon my request, the representative told me that they would apply a new administrative forbearance lasting for another 12-month period.

14. During that conversation, I came to understand why my loans went back into repayment. I had an administrative forbearance in place and that forbearance was time-limited and set to expire in July 2019. I came to understand that Federal Student Aid requested that my servicer place my loans in forbearance for a time period longer than the current forbearance. I understand that this request was made by Federal Student Aid on or around April 22, 2018. This is shortly after the Debt Collective filed a brief in this litigation, containing information about my personal experience with Everest and borrower defense. I learned that my loan servicer's system automatically rejected the second forbearance as

duplicative or somehow impermissible in light of the fact that my loans were already in forbearance status.

15. I came away from this conversation with FedLoan with the understanding that many other borrowers in my position could be affected by the way that the computer system works. Even if Federal Student Aid requests that an account be placed in a long forbearance, the computer system will reject that request if there is already a forbearance in place.

16. Attached as Exhibit 1 is a true and correct copy of an email I received from FedLoan Servicing on July 3, 2019.

17. Attached as Exhibit 2 is a true and correct copy of a monthly bill I received on July 3, 2019.

18. Attached as Exhibit 3 is a true and correct copy of an email the Department of Education sent to me partially denying my borrower defense.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 15, 2019

Erica Maupin (formerly Clark)