# Attachment 5



April 1, 2019

RE: Borrower Defense Forbearances/ Stopped Collection Activity Requests

Dear Federal Loan Servicers and Debt Management Collection System (DMCS):

As you are aware, we have a new platform—the Customer Engagement Management System (CEMS)—which handles forbearances and stop collection requests for borrowers with pending borrower defense applications. To implement the new platform, we issued CR 4753. The CR instructed you that, after implementation, you would apply forbearance/ stopped collection activity request indefinitely until we provide you notice to the contrary. Aside from the proper administration of our programs, it is essential that these contractual requirements be honored to ensure that we are compliant with court orders.

Nevertheless, we have identified borrowers who should have been in forbearance/ stopped collection activity who were not. To assist you in complying with your contractual requirement and court orders, and to respect court orders, we have sent you a notice of borrowers for who we could not confirm that you have complied with your contractual requirements. If a borrower about whom you receive notice whom made a payment because of your error, you must refund that payment to the payer. While our initial notice focuses on your requirements regarding the court order, we may need to send you additional notices to ensure that all borrowers have their rights respected. We expect that we will not need to send this notice again.

For the impacted borrowers you must adhere to the requirements in CR 4753, in which you agreed to:

- Apply a non-capping administrative forbearance to the borrower listed in the attached file to cover or resolve any prior delinquency and to bring the borrower current.
- Keep the borrower on forbearance until we instruct you to remove the forbearance.
- If the borrower is currently in deferment or in $0.00 IDR plan, to keep the borrower in that deferment or plan. If that deferment or plan ends prior to FSA instructing you to remove the forbearance, you must apply an administrative forbearance after the deferment/plan ends so the borrower remains in forbearance until we instruct you to remove the forbearance.
- If applicable and consistent with the above, refund payments that the borrower made due to forbearance or stopped collection lapse.

We appreciate, but expect your diligence in ensuring that you comply with your servicing contracts and court orders.

Sincerely,

Borrower Defense Team



830 First Street, NE, Washington, DC 20202
StudentAid.gov



April 8, 2019

RE: Borrower Defense Forbearances/ Stopped Collection Activity Requests

Dear Federal Loan Servicers and Debt Management Collection System (DMCS):

As you are aware, we have a new platform—the Customer Engagement Management System (CEMS)—which handles forbearances and stop collection requests for borrowers with pending borrower defense applications. To implement the new platform, we issued *CR4753: FSA CEMS Borrower Defense Enhancements Impacting Servicers*. The CR instructed that, after implementation, servicers would apply forbearance/ stopped collection activity requests indefinitely until FSA provides a notice to the contrary. Aside from the proper administration of our programs, it is essential that these responsibilities be honored to ensure that the U.S. Department of Education (ED) remains compliant with court orders and borrowers' wishes when applying for borrower defense.

Nevertheless, FSA identified borrowers that opted into forbearance/ stopped collection activity that do not appear to be in the aforementioned forbearance status. To assist in complying with the new CR, especially as it relates to applications submitted under the legacy process and helping FSA comply with ED's court orders as to ED's borrower defense process, FSA already sent servicers a notice of borrowers for who opted into forbearance or stopped collection activity, but for whom FSA could not confirm that the borrowers are in the proper status. If a borrower, who otherwise should have been in forbearance, made a payment due to a lapse in forbearance or in stopped collection activity status, we are asking servicers to refund that payment to the payer. While FSA's initial notice focused on borrowers that are subject to an existing court order, FSA may need to send the servicers additional notices to ensure that borrowers' forbearance and payment elections are respected. If FSA anticipates needing to perform mass updates similar to this in the future, FSA will provide advance notice when possible and streamline the mass update process into the platform to ease the burden on servicer resources.

For the impacted borrowers, each servicer's responsibility is:

- To apply a non-capping administrative forbearance to any borrowers covered by the CR in order to cover or resolve any prior delinquency and to bring the borrower current.
- To keep the borrower on forbearance until FSA instructs servicer to remove the forbearance.
- If the borrower is currently in deferment or in $0.00 IDR plan, to keep the borrower in that deferment or plan. If that deferment or plan ends prior to FSA instructing servicer to remove the forbearance, the servicer must apply an administrative forbearance after the deferment/plan ends so the borrower remains in forbearance until FSA instruct servicer to remove the forbearance.
- If applicable and consistent with the above, to refund payments that the borrower made due to forbearance or stopped collection lapse.
- The borrower may continue to make voluntary payments if desired; these payments do not need to be refunded to the borrower. FSA respects a borrower's right to continue to make voluntary payments while an application for borrower defense is pending.

FSA appreciate your efforts and diligence in ensuring servicers continue to fulfill the requirements related to borrower defense applications and help ED comply any relevant court orders.

Sincerely,

Borrower Defense Team



830 First Street, NE, Washington, DC 20202
StudentAid.gov