JOSEPH H. HUNT
Assistant Attorney General

DAVID L. ANDERSON
United States Attorney

MARCIA BERMAN
Assistant Branch Director

R. CHARLIE MERRITT
KEVIN P. HANCOCK
Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
919 East Main Street, Suite 1900
Richmond, VA 23219
Telephone: (202) 514-4964
Fax: (804) 819-7417
E-mail: robert.c.merritt@usdoj.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN CALVILLO MANRIQUEZ, *et al.*, | No. 3:17-cv-7210-SK |
| Plaintiffs, | |
| v. | **JOINT SCHEDULING PROPOSAL** |
| UNITED STATES DEPARTMENT OF EDUCATION and BETSY DEVOS, in her official capacity as Secretary of Education, | |
| Defendants. | |

On October 8, 2019, the Court entered an Order lifting the stay in this case and directing the parties to "submit a joint scheduling proposal no later than October 21, 2019." Order at 2, ECF No. 118 ("October 8 Order"). The parties, including in *California v. Dep't of Educ.*, 3:17-cv-07106 (N.D.Cal.), collectively, met and conferred, and were able to agree on some, but not all, aspects of a schedule for further proceedings. Accordingly, the parties set forth a joint scheduling proposal for events on which they agree, as well as their respective schedule proposals for events about which they do not agree, below.

## I.     Joint Scheduling Proposal

The parties agree that Plaintiffs will withdraw, in light of the schedule proposed below, their motion for a declaration that documents are not privileged, ECF No. 80. The parties also jointly propose the following schedule for additional proceedings:

- Defendants' will file their answer to Plaintiffs' amended complaint by November 20, 2019.
- Plaintiffs will file any motion to complete or supplement the administrative record, or to challenge any privilege assertion in the record, within 21 days of Defendants' lodging of the administrative record and privilege log.
- After resolving all disputes related to the administrative record, the parties will meet and confer regarding a summary judgment briefing schedule.

The parties set forth their respective proposals about the aspects of a schedule about which they could not agree below.

## I.     Plaintiffs' Proposal

The parties agree that the administrative record in this case will largely mirror the one in the related case, *California v. Dep't of Educ.*, 3:17-cv07106 (N.D. Cal.), and that the disposition of the pending Motion to Complete the Record in that case will impact the schedule here. Plaintiffs therefore propose two schedules to account for the various possible outcomes of *California's* motion and to get on the same schedule as the *California* case.

- If the Court finds that the *California* record is complete: Defendants should file the administrative record and privilege log by November 8, 2019.

- If the Court finds that the *California* record is incomplete: Defendants should file the completed administrative record and privilege log within 6 weeks of the Court's order.

**II.      Defendants' Proposal**

The Administrative Record in this case will be substantially similar to the record Defendants produced in the related case, *California v. Dep't of Educ.*, 3:17-cv-7106 ("*California*").  Consistent with this Court's order in that case, issued in response to California's motion to complete the administrative record, Defendants are prepared to produce a privilege log "clearly explaining the nature of each document withheld from the record" on the basis of privilege and "which privilege is asserted for each document withheld from the record." *California*, Amended Order at 3, ECF No. 81.

In the *California* case, the Court permitted the parties to propose two schedules, "one assuming the Court finds that the administrative record is already complete, and one assuming that the Court finds that the administrative record is incomplete." *California*, Order at 1, ECF No. 78. Defendants understand that the Court desires the related cases to proceed on the same track, and, to that end, propose alternative schedules conditioned on whether the Court orders completion of the administrative record in the *California* case.

If the Court finds that the *California* administrative record is complete:  Defendants can agree to certify and lodge the administrative record in this case by November 8, 2019, as Plaintiff proposes.  Defendants acknowledge that in *California*, the Court ordered Defendants to produce a privilege log for the entire administrative record by October 25, 2019. *California*, Amended Order at 1, ECF No. 81.  For the reasons explained in Defendants' motion to extend that deadline, Defendants need significantly more time in order to produce such a privilege log. *See California*, No. 3:17-cv-7106, Motion to Extend, ECF No. 85 ("*California* Extension Motion").  In short, the Department must conduct some level of review of the approximately 54,000 documents it collected when compiling the *California* administrative record, determine which documents were excluded on the basis of privilege (as opposed to the basis that they were not considered, directly or indirectly, by the relevant decisionmaker), and log each privileged document by explaining, per the Court's Order, the nature of each document, which privilege is asserted, and whether each

document has been produced in response to a FOIA request.  *Id*. at 3-4.  Consistent with their request in *California*, Defendants respectfully submit that they be given until January 10, 2020 to produce a privilege log covering the Department's entire administrative record, assuming the Court does not order the Department to complete the record in any way.

As noted above, the parties agree that Plaintiffs will then file any motion challenging the Department's privilege assertions within 21 days of the Department's production of the privilege log.

<u>If the Court finds that the *California* administrative record is incomplete</u>:  Regardless of whether the Court orders the Department to complete the administrative record in *California*, the Department needs until January 10 to complete all the work necessary to produce a privilege log for the record that was produced in *California* and that will be produced, in substantially similar format, in this case.  If the Court orders the Department to complete the record in some fashion, such as by requiring additional searches, the Department will need additional time to conduct whatever work is required by the Court's completion order, including the logging of any additional documents on an expanded privilege log.  Because the Department has already performed extensive searches and collected a significant volume of documents in compiling the administrative record for the related cases, it is hopeful that significant additional searches will not be necessary in response to any order to complete the record.  The Department will, however, need to review the volume of documents it has already collected (more than 54,000), *see California* Extension Motion at 3, both for privilege in order to produce a privilege log and for responsiveness to any further order from the Court.  Thus, any effort to respond to an order requiring completion of the administrative record would necessarily be in addition to the efforts that are already underway to produce a privilege log for the record that has been certified in *California*.  To allow the Department sufficient time to complete this process, Defendants respectfully submit that the Department be given an additional six weeks, until February 21, to produce a "complete" administrative record and privilege log based on any further Court order.  Defendants believe the parties and the Court can revisit the propriety of that date as necessary if and when the Court orders

1    the record to be completed.[1]

2        As noted above, the parties agree that Plaintiffs will then file any motion challenging the

3    Department's privilege assertions within 21 days of the Department's production of the privilege

4    log.

5    DATED: October 21, 2019                          Respectfully submitted,

6

7                                                     */s/ Joshua D. Rovenger*

8                                                     Joseph Jaramillo
                                                      Natalie Lyons
9                                                     HOUSING & ECONOMIC RIGHTS
                                                      ADVOCATES
10                                                    PO Box 29435
                                                      Oakland, CA 94604
11                                                    Tel.: (510) 271-8443
                                                      Fax: (510) 280-2444
12

13                                                    Eileen M. Connor
14                                                    Toby R. Merrill
                                                      Joshua D. Rovenger
15                                                    LEGAL SERVICES CENTER OF
                                                      HARVARD LAW SCHOOL
16                                                    122 Boylston Street
                                                      Jamaica Plain, MA 02130
17                                                    Tel.: (617) 390-3003
                                                      Fax: (617) 522-0715
18

19                                                    *Counsel for Plaintiffs*

20
    ─────────────────────
21   [1] Defendants note that it is difficult to predict, at this time, what further work may be required in
    response to an order requiring completion of the record.  If all that is required is that the
22   Department "include the eight documents referred to in California's Motion," *see California*,
    Proposed Order at 2, ECF No. 66-5, the Department could certainly perform that task
23   expeditiously.  California also asks, however, for an order requiring the Department to "revisit and
    complete the administrative record, including searching for all documents and materials directly
24   or indirectly considered by the U.S. Department of Education in making the decision to abandon
    and replace its full-relief methodology for defrauded Corinthian borrowers."  *Id*. at 1-2.  As
25   Defendants have explained, the Department included the documents that were considered, directly
    or indirectly, in making "full-relief" discharge decisions and in adopting the partial relief
26   methodology that California alleges "abandoned" the "rule" requiring full relief, *see California*,
    Defs.' Opp'n at 2-4, 17-18, ECF No. 72.  Defendants thus believe that they have produced a
27   complete administrative record and would need further guidance from the Court to "complete" the
    record in the manner California requests.
28

JOSEPH H. HUNT
Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

*/s/ R. Charlie Merritt*
R. CHARLIE MERRITT (VA Bar # 89400)
KEVIN P. HANCOCK
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
919 East Main Street, Suite 1900
Richmond, VA 1900
(202) 616-8098 (phone)
(804) 819-7417 (fax)
robert.c.merritt@usdoj.gov

*Counsel for Defendants*