UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN CALVILLO MANRIQUEZ, JASON SPENCER, RTHWAN DOBASHI, and JENNIFER CRAIG on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>ELISABETH DEVOS, in her official capacity as Secretary of the United States Department of Education,<br><br>And<br><br>THE UNITED STATES DEPARTMENT OF EDUCATION,<br><br>*Defendants*. | Case Number: C 17-cv-07210-SK<br><br>**JOINT SUBMISSION OF PLAN TO ADMINISTER SANCTIONS** |

On October 24, 2019, the Court found Defendants in civil contempt of the preliminary injunction issued in this case. ECF No. 130.  Defendants requested payment from some of the potential class members Defendants have identified in their compliance reports, in some instances collecting payments from them, both involuntary and voluntary.  Additionally, Defendants reported negative information about some potential class members to consumer reporting agencies. ECF No. 130 at 6.  The Court ordered a monetary sanction of $100,000, to be paid by Defendants to a fund administered by counsel for Plaintiffs. *Id.* The Court contemplated that some portion of the fund will be used for administrative expenses. *Id.* The Court ordered the Parties to meet and confer regarding the method by which to administer the funds, and submit a proposed plan no later than December 20, 2019. ECF Nos. 130, 145 (granting extension).

On December 2, 2019, the Department filed a Compliance Report (December Report). ECF No. 156. Utilizing the information contained in the December Report, supplemented by information provided by Defendants to Plaintiffs by agreement on December 13, 2019, Plaintiffs propose the following plan for administering the fund.

Plaintiffs have conferred with Defendants.  Solely for the purposes of this Joint Submission, Defendants' do not oppose Plaintiffs' proposal, but they take that position without any concession that ECF No. 130 was properly or lawfully decided, any waiver of any rights Defendants might have to contest or challenge ECF No. 130, or any admission as to the factual assertions and allegations in paragraphs 1 – 11 below.  Plaintiffs also do not waive any right to contest or challenge ECF No. 130.  As Defendants have previously reported, the set of identified *potential* class members is overinclusive, and thus the number of harmed borrowers used in this proposal likely includes non-class members. Specifically, Defendants are still in the process of

validating data related to when borrowers submitted their applications in order to remove borrowers from the impacted list who made all of their identified voluntary or involuntary payments *before* they filed their borrower defense application and were put into forbearance on that basis. Additionally, Defendants are also still in the process of reviewing the borrower defense applications of members of identified potential class members to remove borrowers whose applications do not rely on the Department's job placement rate findings. Accordingly, Defendants submit that the number of harmed borrowers used for purposes of this proposal should be adjusted downward as non-class members are excluded from the number of harmed borrowers.

**Universe of Affected Individuals**

The December Report indicates that, contrary to the Department's instructions to its loan servicers, payment was requested from over 45,000 individuals, including class members. Within this total, the December Report provides information on the number and identity of potential class members who experienced specific types of harm flowing from the borrowers being placed in the wrong repayment status: involuntary payment (i.e., loan debt collection through means such as administrative wage garnishment or tax refund offset), voluntary payment, and negative credit reporting. According to that report:

- 2,358 potential class members experienced involuntary collection;
- 14,611 potential class members submitted payments;
- 5,901 potential class members had negative reports made to credit reporting agencies.[1]

---

[1] Some individuals experienced multiple types of harm.

Information provided by Defendants on December 13, 2019, shows that the Department has refunded $21,851,964.50 to individuals in relation to the unlawful collection. Approximately twice as much was refunded to borrowers who made voluntary payments as to borrowers who faced involuntary collections.[2] The total amount refunded may be less than the total amount collected in violation of the injunction, because, as of the date Defendants provided Plaintiffs with this information, Defendants had not refunded all amounts collected, as explained in the December Report.  However, as Defendants have previously advised, the group of identified potential class members is overinclusive, and so the number of potential class members who received refunds likely includes non-class members who necessarily did not have funds collected in violation of the injunction. Because Defendants do not have ready access to information about the total amount collected in violation of the injunction, this plan relies on information about the amounts refunded.

The mean amount of money refunded to potential class members following voluntary collection is $1,114.41. The mean amount of money refunded to potential class members following involuntary collection is $3,533.99. The earliest instance of each type of collection is May 2018. The Department has not provided, and Plaintiffs have not requested, information to facilitate an analysis of the amount of time between collection (voluntary or involuntary) and return of the monies collected, or the amount of time between negative credit reporting and correction of that reporting.

---

[2] The precise refunded amount attributed to voluntary and involuntary payments is unclear based on the information provided by Defendants, because some individuals faced both types of collections, and Plaintiffs only received their total amount refunded.

Page **3** of **7**

JOINT SUBMISSION OF PLAN TO                                                                               Case No. 17-cv-07210-SK
ADMINISTER SANCTIONS

**Proposed Plan**

1. A class member's experience of harm resulting from noncompliance with the Court's preliminary injunction (involuntary collection, voluntary collection, and adverse credit reporting) qualifies that individual for a distribution from the sanctions fund.

2. The fund, less administrative costs, should be divided amongst qualifying class members. N = ($100,000, the amount of sanctions fund) minus ($0, administrative costs).

3. There have been approximately 22,870 instances of potentially qualifying harm to date.

4. The types of qualifying harm warrant different levels of compensation.

5. Where a class member was subjected to involuntary collection it is likely to have caused the greatest degree of compensable harm because it can occur unexpectedly and therefore potentially disrupts the financial affairs of individuals most severely. Negative credit reporting is likely to have caused the least amount of compensable harm to class members, because the negative report is not the sole determinant of an individual's credit profile.

6. The mean amount collected represents a reasonable approximation of the relative harm to class members between those subject to involuntary and voluntary collection, with involuntary collection resulting in 3 times as much compensable harm as voluntary collection.

7. Each of the 5,901 instances of negative credit reporting for class members should be compensated, pro rata, out of 10% of N.

8. The remaining 90% of N should be divided between instances of voluntary and involuntary collection against class members, with instances of involuntary collection weighted by a factor of 3.

   a. Involuntary = 2358 instances x 3 = 7074 units

   b. Voluntary = 14,611 instances = 14,611 units

   c. Sum = 21,685 units

9. Overall, each instance of negative credit reporting for class members warrants (10% N) divided by (5901). Each instance of involuntary collection against class members warrants ((90% N) divided by (21,685)) multiplied by three. Each instance of voluntary collection against class members warrants (90% N) divided by (21,685).

10. Applying this formula, assuming zero administrative costs, each instance of negative credit reporting for class members would warrant compensation of $1.69. Each instance of involuntary collection against class members would warrant $12.45 of compensation. Each instance of voluntary collection by class members would warrant $4.15 of compensation.

11. Because the administrative cost of distributing individual payment by check would in some if not all instances be greater than the amounts to be distributed, these amounts should be applied as a credit against the loan balance of each harmed class member.

Dated: December 20, 2019                     Respectfully submitted,


                                             /s *Eileen M. Connor*

                                             Joseph Jaramillo
                                             Natalie Lyons
                                             HOUSING & ECONOMIC RIGHTS
                                             ADVOCATES
                                             1814 Franklin Street, Suite 1040
                                             Oakland, CA 94604
                                             Tel.: (510) 271-8443
                                             Fax: (510) 280-2448

                                             Eileen M. Connor
                                             Toby R. Merrill

Page **5** of **7**

JOINT SUBMISSION OF PLAN TO                                  Case No. 17-cv-07210-SK
ADMINISTER SANCTIONS

LEGAL SERVICES CENTER OF
HARVARD LAW SCHOOL
122 Boylston Street
Jamaica Plain, MA 02130
Tel.: (617) 390-3003
Fax: (617) 522-0715

*Attorneys for Plaintiffs*


　　*/s/ Kevin P. Hancock*

JOSEPH H. HUNT
Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

R. CHARLIE MERRITT (VA Bar # 89400)
KEVIN P. HANCOCK
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Telephone: (202) 514-3183
Fax: (202) 616-8470
E-mail: kevin.p.hancock@usdoj.gov

*Counsel for Defendants*