JOSEPH JARAMILLO (SBN 178566)
jjaramillo@heraca.org
NATALIE LYONS (SBN 293026)
nlyons@heraca.org
HOUSING & ECONOMIC RIGHTS
ADVOCATES
1814 Franklin Street, Suite 1040
Oakland, CA 94612
Tel.: (510) 271-8443
Fax: (510) 868-4521

EILEEN M. CONNOR (SBN 248856)
econnor@law.harvard.edu
TOBY R. MERRILL (*Pro Hac Vice*)
tmerrill@law.harvard.edu
LEGAL SERVICES CENTER OF
HARVARD LAW SCHOOL
122 Boylston Street
Jamaica Plain, MA 02130
Tel.: (617) 390-3003
Fax: (617) 522-0715

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN CALVILLO MANRIQUEZ, JASON SPENCER, RTHWAN DOBASHI, and JENNIFER CRAIG on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>ELISABETH DEVOS, in her official capacity as Secretary of the United States Department of Education,<br><br>And<br><br>THE UNITED STATES DEPARTMENT OF EDUCATION,<br><br>*Defendants*. | Case Number: C 17-cv-07210-SK<br><br>**DECLARATION OF TOBY MERRILL, ESQ.** |

I, Toby Merrill, make this declaration in connection with Plaintiffs' Motion for Reconsideration of Order Regarding Sanctions, *Calvillo Manriquez v. DeVos*, No. 17-cv-07106, ECF No. 130.

I do declare and say as follows:

1. I am an attorney at the Project on Predatory Student Lending (Project) of the Legal Services of Harvard Law School. My office has been appointed to represent the certified class in this action, and I have been admitted to practice *pro hac vice*, and have appeared as counsel, in this case.

2. On December 13, 2019, I received via email from defense counsel a spreadsheet with information about certain members of the class. This spreadsheet was provided pursuant to an agreement between counsel, as set forth in Plaintiffs' Unopposed Administrative Motion for Second Extension of Time to File Plan for Sanctions, ECF 153 (Nov. 27, 2019); granted by ECF 154 (Dec. 2, 2019).

3. The spreadsheet was attached to an email from defense counsel, explaining the contents of the spreadsheet: "[F]or each borrower identified as impacted [by collection in violation of the injunction] in the December compliance report, the amount each such borrower has been refunded based on payments made voluntarily or involuntarily, as well as information about when such payments occurred. Specifically, the spreadsheet lists the last date each borrower made a payment and whether the borrower made a payment in each month since May 2018."

4. Defense counsel further explained: "There are some borrowers for whom the spreadsheet does not list refund information. This is for one of three reasons. First, some borrowers

never actually made a payment in the first place and were therefore not due a refund. Second, some borrowers had not had their refunds processed at the time the spreadsheet was generated. ED believes it will be able to provide refund information for this small number of borrowers by the end of next week. Third, ED has determined, for reasons explained it its reports, that making a refund may be detrimental to some borrowers (e.g., because their loans had already been paid off in full or because they had opted out of forbearance)."

5. I reviewed the spreadsheet, "Manriquez Payments Histories FINAL 20191213 no SSNs," and determined the following information:

   a. The most recent date of collection listed on the spreadsheet is December 9, 2019.
   b. The spreadsheet identifies 21 individuals as having been collected from by the Department in December 2019.
   c. The first month of collection identified in the spreadsheet is May 2018.
   d. The spreadsheet identifies 1373 individuals as having been collected from by the Department in May 2018.
   e. The spreadsheet indicates that the Department has refunded a total of $23,616,523.16 to class members from whom it collected in violation of the injunction. In my assessment, however, this is an overcount by $1,764,588.66 of the amount refunded, because 478 individuals experienced both voluntary and involuntary collection. The total amount refunded to each person is listed in both tabs of the spreadsheet. After removing duplicate reports of refunds associated with the same individual, in my assessment the total amount refunded to class members

is $21,851,964.50. Without additional information about the amount collected, as opposed to refunded, from individuals, it is not possible for me to determine how much of a refund should be attributed to voluntary versus involuntary collection, for the 478 individuals who experienced both types of collection. Thus, the totals for each category of collection are also overstated.

    f. The spreadsheet indicates that ED refunded a total amount of $15,320,122.67 to class members from whom it collected **voluntary payments**.

    g. The spreadsheet indicates that the mean amount that the Department refunded to those who experienced voluntary collection is $1,115.41. The single largest amount refunded to an individual who experienced voluntary collection is $53,801.25.

    h. The earliest instance of voluntary collection occurred in May 2018. The spreadsheet indicates that 136 class members made voluntary payments in May 2018. The last instance of voluntary collection occurred in December 2019. The spreadsheet indicates that 22 class members made voluntary payments in December 2019.

    i. The spreadsheet indicates that ED refunded a total amount of $8,296,400.49 to class members from whom it collected **involuntary payments**.

    j. The spreadsheet indicates that the mean amount that the Department refunded to those who experienced involuntary collection is $3,533.39. The single largest amount refunded to an individual who experienced involuntary collection is $25,881.25.

k. The earliest instance of involuntary collection occurred in May 2018. The spreadsheet indicates that 136 people experienced involuntary collection in May 2018. The most recent date of involuntary collection is December 6, 2019. The spreadsheet indicates that 22 class members experienced involuntary collection in December 2019.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 20, 2019                 _____/s Toby Merrill_____

                                                              Toby Merrill, Esq.