JOSEPH JARAMILLO (SBN 178566)
jjaramillo@heraca.org
NATALIE LYONS (SBN 293026)
nlyons@heraca.org
HOUSING & ECONOMIC RIGHTS
ADVOCATES
1814 Franklin Street, Suite 1040
Oakland, CA 94612
Tel.: (510) 271-8443
Fax: (510) 868-4521

EILEEN M. CONNOR (SBN 248856)
econnor@law.harvard.edu
TOBY R. MERRILL (*Pro Hac Vice*)
tmerrill@law.harvard.edu
MARGARET E. O'GRADY (*Pro Hac Vice*
*Application Forthcoming*)
mogrady@law.harvard.edu
LEGAL SERVICES CENTER OF
HARVARD LAW SCHOOL
122 Boylston Street
Jamaica Plain, MA 02130
Tel.: (617) 390-3003
Fax: (617) 522-0715

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN CALVILLO MANRIQUEZ, JASON SPENCER, RTHWAN DOBASHI, and JENNIFER CRAIG on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>ELISABETH DEVOS, in her official capacity as Secretary of the United States Department of Education,<br><br>and<br><br>THE UNITED STATES DEPARTMENT OF EDUCATION,<br><br>*Defendants*. | Case Number: 17-cv-7210-SK<br><br><br>**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL RECONSIDERATION** |

Reply in Support of Plaintiffs' Motion for Partial Reconsideration

Case No. 17-cv-7210-SK

## INTRODUCTION

The Court's Sanctions Order was based on the scope of Defendants' noncompliance with the Preliminary Injunction. The Court has discretion to increase the Sanctions amount based on new facts, which are as follows: At the time of the Sanctions Order in October 2019, Defendants had stated that there were approximately 16,000 borrowers affected by Defendants' noncompliance. In December 2019, Defendants disclosed that instead, over 45,000 borrowers were affected.  Defendants offer no credible facts or law to dispute Plaintiffs' clear arguments in favor of their Motion for Partial Reconsideration of the Sanctions Order:  First, when it awarded Sanctions, the Court was misinformed as to the scope of Defendants' noncompliance.  Second, Defendants' noncompliance is ongoing, as are the Plaintiffs' resulting harms.

## BACKGROUND

On October 24, 2019, the Court held Defendants in civil contempt and ordered them to pay $100,000 in monetary sanctions for their violation of the Preliminary Injunction. Order Regarding Sanctions at 6, ECF No. 130 ("Sanctions Order"); Order, ECF No. 60 (May 25, 2019) ("PI Order"); Amended Order, ECF No. 70 (June 19, 2019).  The Court determined the Sanctions amount based in part on Defendants' representation that "over 16,000 borrowers [ ] have suffered damages from Defendants' violation of the preliminary injunction[.]" Sanctions Order at 6, ECF No. 130.

On November 1, 2019, the Defendants filed a monthly compliance report and moved for leave to file a Motion for Partial Reconsideration of the Sanctions Order. First Monthly Compliance Report, ECF No. 133 at 7.  Four days later, Defendants withdrew their motion for Partial Reconsideration, identified additional affected borrowers, and stated that they could not "fairly represent" that the were in "full compliance."  ECF No. 140 at 2 (Nov. 5, 2019).

In their next compliance report on December 3, 2019, Defendants disclosed that there were over 45,000 affected borrowers, and an increase in the number of students (a) from whom the Department had collected involuntary payments, (b) who were subject to involuntary collection, and (3) against whom the Department made adverse credit reports.  Second Monthly

Reply in Support of Plaintiffs'                                                                                  Case No. 17-cv-7210-SK
Motion for Partial Reconsideration

1

Compliance Report, ECF No. 156-2; Errata, ECF No. 161 (Dec. 20, 2019) (together, "Dec. Compliance Rep."); *see also* Plaintiffs' Motion for Partial Reconsideration at 4, ECF No. 167 (Jan. 8, 2020) ("Plaintiffs' Mot.").

In light of the new material facts concerning the substantial increase in the number of affected borrowers and how they were affected, Plaintiffs filed a Motion for Partial Reconsideration of the Sanctions Order on January 8, 2020. Plaintiffs' Mot., ECF No. 167. That same day, Defendants filed their January Compliance report, which included yet *another* unexpected increase in the number of affected borrowers. Third Monthly Compliance Report at 8, ECF No. 168-2 (Jan. 8, 2020) ("Jan. Compliance Rep.").

## ARGUMENT

Reconsideration is warranted because the Court did not have accurate information when it ordered the Defendants to pay $100,000 in Sanctions. The Court based its award on its belief that Defendants "violat[ed] [the] Court's Order 16,000 times." Hearing Transcript at 4:3, ECF No. 124 (Oct. 7, 2019). But we now know that at that time, Defendants had actually violated the Court's Order over 45,000 times. *See* Dec. Compliance Rep., ECF No. 156-2; Defendants' Opposition to Plaintiffs' Motion for Partial Reconsideration at 6, ECF No. 174 (Jan. 1, 2020) ("Def. Opp."). And the story is far from over. On January 15, 2020, Defendants identified *another* 24 affected borrowers, with no promise that remediation is complete, and all but conceding that additional borrowers may still be identified. *See* Jan. Compliance Rep., ECF No. 168-2 at 8.

**I. The Surprise 300% Increase in The Number of Affected Borrowers Is a "New Material Fact" That Warrants Reconsideration.**

Reconsideration of the Sanctions Order is warranted because Plaintiffs have exercised due diligence (*see* Plaintiffs' Mot. at 6, ECF No. 167) and the unexpected 300% increase in the number of borrowers after the award of Sanctions is an "emergence of a new material fact[]." Civ. L.R. 7-9(b)(2); *see also Motorola, Inc. v. J.B. Rodgers Mech. Contractors* 215 F.R.D. 581, 582 (D. Ariz. 2003) ("[A]ll of the local rules allow reconsideration based on new material facts

Reply in Support of Plaintiffs'                                                                                  Case No. 17-cv-7210-SK
Motion for Partial Reconsideration

2

that were not known."). Defendants can offer nothing of substance to rebut this simple truth. Instead, Defendants cite *Motorola* for the principle that a Motion for Reconsideration should not be "used to ask the Court to rethink what it has already thought." Opp. at 8, ECF No. 174. But here, the basis for Plaintiffs' motion is that Court "thought" it was awarding sanctions based on 16,000 affected borrowers, when in reality the number was three times higher. Sanctions Order at 6, ECF No. 130 ("Given that there are over 16,000 borrowers who have suffered damages from Defendants' violation of the preliminary injunction, and given that there may be some administrative expenses to remedy the harm, the Court finds the amount reasonable"); *see also id.* at 6 ("There is also no question that Defendants' violations harmed individual borrowers who were forced to repay loans…").

## II. Defendants Deliberately Downplay Their Noncompliance.

Because they have no reasonable basis to dispute that a threefold increase in the number of affected borrowers justifies an increase in Sanctions, Defendants resort to downplaying and mischaracterizing the reasons for and the effect of their noncompliance. They claim that the 300% increase in the number of affected borrowers was due to "certain isolated issues that had caused the Department to previously underreport the total number of borrowers" affected. Def. Opp., ECF No. 174 at 5. They dismiss the gravity of the additional collections in December 2019, stating only that they were the result of a "small number of employers." *Id.* at 1. And, of course, Defendants downplay not just the scope of their noncompliance but the very nature of the harm they caused. Defendants once again claim that harms are remediated once repayment or non-collection has commenced (*Id.* at 9), but as detailed in Plaintiffs' Motion, the economic harm to class members from Defendants' noncompliance is longstanding and wide-ranging, far exceeding the Sanctions awarded by the Court. *See* Plaintiffs' Mot. at 8-15 and accompanying exhibits, ECF No. 167.

## III. Defendants' Noncompliance is Ongoing.

Defendants' arguments against reconsideration are especially weak in light of their continued noncompliance. Since Plaintiffs filed their motion, the Defendants identified 24

Reply in Support of Plaintiffs'  
Motion for Partial Reconsideration

Case No. 17-cv-7210-SK

*additional* affected borrowers.  Opp. at 3, ECF No. 174; Jan. Compliance Rep. at 8, ECF No. 168-2.  Given these revelations, it is not surprising that Defendants make no claim to be in full compliance, but rather "current and ongoing substantial compliance." Def. Opp. at 9, ECF No. 174.  Defendants state merely that they have made "*significant progress* implementing appropriate measures to ensure such compliance *moving forward*" (*Id.* at 2 (emphasis added)), and state that their December 2, 2019 compliance report, which identified additional noncompliance, "confirmed the department's *continuing* efforts" *Id.* at 5 (emphasis added). Thus, not only did the Court have inaccurate information about the scope of Defendants' violation when it initially awarded Sanctions; the violation's scope is *continuing* to increase even as this Motion for Reconsideration is briefed.

### VI. Defendants' Claim of "Substantial Compliance" Is Specious and Irrelevant.

Plaintiffs' Motion for Reconsideration is *not* premised on Defendants' continuing lack of compliance, because Plaintiffs' argument for an increase in the Sanctions amount is based on Defendants' earlier misrepresentations about the number of affected borrowers. That said, Defendants' discussions of "substantial compliance" ultimately bolster Plaintiffs' position.  First, as noted above, Defendants pile caveats on top of their claim of "substantial compliance," touting their "continuing" compliance and "progress" towards compliance.  Def. Opp. at 2, 9, ECF No. 174.  Second, even if this Court were for some reason satisfied that Defendants have now reached "substantial compliance," that would not serve as a basis to deny Plaintiffs' Motion. In its Sanctions Order, the Court noted that "'substantial compliance is a defense to civil contempt that exists where there are a few minor violations despite the fact that 'every reasonable effort has been made to comply.'" Sanctions Order at 5, ECF No. 130 (internal citations omitted).  But Defendants have not made a cross-motion to reconsider the sanctions on the basis of their compliance, and they withdrew an earlier Motion for Partial Reconsideration. Opp. at 9, ECF No. 174; *see also* ECF No. 140 at 2.  Defendants cite *United States v. Bright*, 2009 U.S. Dist. LEXIS 70911, *20 (June 14, 2009) for the principle that "substantial compliance" may "purge" a contempt order, but even there, the Defendants' Motion to Purge

Reply in Support of Plaintiffs'                                                                                              Case No. 17-cv-7210-SK
Motion for Partial Reconsideration

4

was denied, because the movants had not produced the required documents and had "consistently…failed to live up to their word." Here, Defendants are doing likewise.

### V. The Sanctions Order Was Compensatory and Should Be Increased Accordingly.

Finally, Defendants mischaracterize both the nature and purpose of the Sanctions award. The Court stated that "civil contempt is coercive" and $100,000 was reasonable "[g]iven that there are over 16,000 borrowers who have suffered damages and…given that there may be some administrative expenses to remedy the harm." Sanctions Order at 6, ECF No. 130. Plaintiffs included in their Motion affidavits from borrowers to illustrate both the depth and breadth of the economic harm caused by Defendants' violation of the Preliminary Injunction. Plaintiffs' Mot. at 8-15 and accompanying exhibits, ECF No. 167. Nowhere do Plaintiffs seek, as Defendants claim, "consequential damages that are a different in kind from the Court's compensatory sanction" or "unbounded, individualized compensatory damages." Opp. at 10-11, ECF No. 174. Rather, Plaintiffs are informing this Court that the scope of the harm caused by Defendants' noncompliance is of a far greater scale than previously understood, both because of the 300% increase in the number of affected borrowers, and the longstanding effects of noncompliance even where the Defendants have successfully processed appropriate refunds and corrected adverse credit reports. *Id.* Defendants also claim that the Sanctions Award was simply "rough justice" and was meant to cover "a limited set of harms" and "include easily quantifiable costs such as administrative expenses." Opp. at 1, ECF No. 174. But, of course, the award was compensatory, as the Defendants themselves concede, referring to "the Court's compensatory sanction." *Id*. at 11; *see also* Sanctions Order at 6, ECF No. 130.

Defendants' Opposition attempts to obscure what is in fact quite clear: On October 20, 2019, when the Court issued its Sanctions Order, the Court and the Plaintiffs believed that there were 16,000 affected borrowers. In December 2019, Defendants informed Plaintiffs there were in fact over 45,000 affected borrowers. Since that time, the number of affected borrowers has continued to grow. Because the Court's $100,000 Sanctions Order was based on false information, reconsideration is appropriate.

Reply in Support of Plaintiffs'                                                                                                         Case No. 17-cv-7210-SK
Motion for Partial Reconsideration

5

# CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion for Partial Reconsideration of the Sanctions Order.

Dated: January 29, 2020

Respectfully submitted,

/s/ Toby R. Merrill

Joseph Jaramillo
Natalie Lyons
HOUSING & ECONOMIC RIGHTS ADVOCATES
1814 Franklin Street, Suite 1040
Oakland, CA 94604
Tel.: (510) 271-8443
Fax: (510) 280-2448

Eileen M. Connor (SBN 248856)
Toby R. Merrill (*pro hac vice*)
Margaret E. O'Grady (*pro hac vice application forthcoming*)
LEGAL SERVICES CENTER OF HARVARD LAW SCHOOL
122 Boylston Street
Jamaica Plain, MA 02130
Tel.: (617) 390-3003
Fax: (617) 522-0715

*Attorneys for Plaintiffs*

Reply in Support of Plaintiffs' Motion for Partial Reconsideration

Case No. 17-cv-7210-SK