UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN CALVILLO MANRIQUEZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ELISABETH DEVOS, et al.,<br><br>Defendants. | Case No. 17-cv-07210-SK<br><br>**ORDER REQUIRING BRIEFING AND SETTING HEARING** |

Plaintiffs move for reconsideration of the Court's Order regarding sanctions. (Dkt. 130.) In that Order, the Court found that Defendants were in civil contempt of the Court's Order granting in part and denying in part Plaintiffs' motion for preliminary injunction, dated May 25, 2018 ("Order regarding preliminary injunction") (Dkt. 60.) The Court found Defendants in civil contempt for violating the Order regarding preliminary injunction and ordered, in relevant part, Defendants to pay a monetary sanction of $100,000 to be paid to a fund for Plaintiffs to compensate them for Defendants' violation of the Court's Order. (Dkt. 130.)

Plaintiffs now request in this motion for reconsideration that the Court issue additional sanctions because new, undisputed evidence shows that Defendants violation of the Court's Order affected approximately three times as many Plaintiffs as Defendants had previously disclosed.

In their opposition to this motion for reconsideration, Defendants argue for the first time that sovereign immunity bars imposition of monetary sanctions that are compensable in nature against the government. Defendants did not previously make that argument in briefing the issue of potential civil contempt and in fact cited case law that discussed sanctions for civil contempt that are compensatory in nature. (Dkt. 125.) In their opposition, Defendants cited and quoted *Ahearn ex rel. NLRB v. Int'l Longshore & Warehouse Union*, 721 F.3d 1122, 1131 (9th Cir. 2013)

for the proposition that a court may impose sanctions to "(1) compel or coerce obedience to a court order, and/or (2) compensate the contemnor's adversary for injuries resulting from the contemnor's noncompliance." Defendants did not argue that sovereign immunity prevents the Court from imposing sanctions against the government to compensate for injuries resulting from the violation of a court's order. Now, however, Defendants make that argument.

The Court will provide the parties an additional opportunity to brief this issue regarding the Court's ability to impose sanctions of a compensatory nature against the government for violating the Court's Order regarding preliminary injunction. Plaintiffs must file their brief, not to exceed 15 pages, by March 10, 2020. Defendants must file their opposition by March 24, 2020. There will be no reply. In particular, the parties should also respond to the following questions:

(1) Given that Defendants did not make this argument previously, are they barred from raising this argument at this stage?

(2) Do Defendants concede that contempt for coercive purposes, even if monetary, are appropriate in a case against the government?

(3) Do Defendants challenge the original Order regarding preliminary injunction imposing sanctions? If Defendants are challenging the Order regarding preliminary injunction, are they barred from challenging the order at this time?

The Court will hold a hearing on this issue on April 6, 2020 at 3:00 p.m. Parties may appear telephonically. Counsel shall contact CourtCall at 888-882-6878 to arrange their appearances.

**IT IS SO ORDERED**.

Dated: February 11, 2020

SALLIE KIM
United States Magistrate Judge